Greg Morgan
2010 W. Ave K #427
Lancaster, CA 93536
Telephone: (661) 943-8517
Fax: (661) 339-0412
Pro Se

Case: 1:07-cv-01748
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Labor-ERISA

JURY ACTION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREG MORGAN,<br><br>    Plaintiff,<br><br>Vs.,<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>And,<br><br>SUSAN MARMET<br>(as an individual),<br><br>    Defendants. | Case No.:<br><br>**ORIGINAL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Violation of FLSA, 29 U.S.C. § 207 (a) (1) (Failure to pay overtime)<br><br>2. Violation of FLSA, 29 U.S.C. § 215 (a) (3) (Unlawful discharge, retaliation)<br><br>3. Violation of FEHA, California Government Code § 12940 *et seq*, (Unlawful discharge, harassment, retaliation) to Defendant Susan Marmet as a person and/or individual |

## ORIGINAL COMPLAINT

1.   Plaintiff Greg Morgan, was during all times material herein, an employee of defendant Federal Aviation Administration (hereinafter, "FAA"), employed by defendant as an "Air Traffic Control Specialist" at defendant's High Desert TRACON, Edwards Air Force Base, California. Plaintiff Greg Morgan, brings this suit for back overtime wages owed to him by defendant FAA, and for other relief, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., (hereinafter, "FLSA") and as more fully described in the "PRAYER FOR RELIEF." Plaintiff also sues Susan Marmet as a person and individual for violations of

California Government Code § 12940 *et seq*, occurring outside the course and scope of her employment duties.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343 (a) (4), 28 U.S.C. § 1491 (a) (1), 28 U.S.C. § 1367 (a), and 28 U.S.C. § 1346 (a) (2).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 (e) because this action is a civil action for monetary damages, including liquidated damages, brought by plaintiffs against the FAA, pursuant to the FLSA, the FAA is an agency within the government of the United States of America. The FAA maintains its headquarters in the District of Columbia.

## PARTIES

4. Greg Morgan ("plaintiff") was during all times material herein, an employee of defendant employed at the FAA's, High Desert TRACON, Edwards Air Force Base, California, as an Air Traffic Control Specialist, and was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203 (e).

5. Defendant FAA is, and at all times material herein has been, an "employer" and a "public agency" within the meaning of the FLSA. 29 U.S.C. §§ 203 (d) (defining FAA as an "public agency"), and 203 (x) (defining "public agency").

## FACTS

6. Plaintiff was during all times material herein, was not a law enforcement officer.

7. Plaintiff, during all times material herein did not perform, "law enforcement activities" pursuant to 29 U.S.C. § 207 (k).

8. Plaintiff, during all times material herein, was subject to the coverage of the FLSA; i.e., plaintiff during all times material herein was FLSA non-exempt.

9. Plaintiff was during all times material herein, covered by a collective bargaining agreement between the National Air Traffic Controllers Association ("NATCA"), and the United States "Department of Transportation, Federal Aviation Administration" that specifically excludes

1  FLSA-based claims from the collective bargaining agreement's negotiated grievance procedure
2  and/or reserved plaintiff's rights to any and all applicable statutory appeal procedures.
3  10. To the extent such was required by law, plaintiff has exhausted all administrative remedies.
4  11. Defendant FAA, at all times material herein requires its Air Traffic Control Specialists to
5  possess and maintain a medical clearance and such medical clearance is a requirement for
6  continued employment with FAA as an Air Traffic Control Specialist.
7  12. Defendant FAA, at all times material herein had a regulation, policy, practice or custom
8  which required Air Traffic Control Specialists to re-certify the medical clearance on a periodic
9  basis and at FAA's expense.
10 13. Defendant FAA, at all times material herein, from time to time, requires Air Traffic Control
11 Specialists to obtain and produce medical information and/or documentation from their treating
12 physicians in furtherance of the medical clearance.

## COUNT ONE

14. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to thirteen above.
15. On or about the week of February 16, 2005, defendant ordered and/or required and/or suffered and/or permitted plaintiff to work in excess of 40 hours per week, to obtain and produce to defendant, medical information and/or documentation from his treating physician in furtherance of the medical clearance.
16. Plaintiff did perform such work which defendant ordered and/or required and/or suffered and/or permitted such work to have been performed. See "EXHIBIT ONE" attached hereto and incorporated by reference.
17. Plaintiff was not compensated as required by law, defendant has failed to pay compensation to plaintiff as required by law for such time actually worked, forty-five minutes.
18. By failing to compensate plaintiff for any of the overtime work performed, as described above, defendant has violated the FLSA, 29 U.S.C. § 207 (a) (1).
19. Defendant's violation of the FLSA was willful.

## COUNT TWO

3

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to nineteen above.

21. On or about March 18, 2005, plaintiff sent letter complaining the lack of payment for such work which defendant ordered and/or required and/or suffered and/or permitted plaintiff to perform. See "EXHIBIT TWO" attached hereto and incorporated by reference.

22. On or about March 21, 2005, responding to plaintiff's letter of March 18, 2005, defendant, through its officers, employee's and/or agents replied: "In regard to your requested overtime, this issue will be addressed shortly." See "EXHIBIT THREE" attached hereto and incorporated by reference.

23. Thereafter, on or about September 30, 2005, defendant discharged plaintiff (terminated plaintiff's employment) predominately upon a charge: "Working beyond shift without authorization to do so and then claiming it as overtime." See "EXHIBIT FIVE" attached hereto and incorporated by reference.

24. Plaintiff has and continues to institute and/or caused to be instituted proceedings related to Chapter 8 of Title 29 and has testified and/or will continue to testify in such proceedings.

25. Plaintiff asserts and alleges that defendant discriminated and continues to discriminate against plaintiff according to proof at trial.

26. By discharging plaintiff and/or discriminating against plaintiff for complaining and/or instituting and/or causing to be instituted proceedings related to Chapter 8 of Title 29 and/or for testifying in any such proceedings, as described above, defendant has violated the FLSA, 29 U.S.C. § 215 (a) (3).

27. Defendant's violation of the FLSA was willful.

### COUNT THREE, (Susan Marmet as an individual)

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to twenty-seven above.

29. California Government Code § 12940 *et seq*, (the California Fair Employment and Housing Act, hereinafter "FEHA") makes it unlawful, for any person to take adverse actions against employees who complain about discrimination and/or harassment at work.

30. Defendant Susan Marmet (hereinafter "Marmet") was at all times material a supervisor and/or agent of FAA.

31. Marmet at all times relevant to this charge, was not acting in the course and/or scope of her employment.

32. The medical documents previously mentioned and obtained by plaintiff, contained specific complaints to his physician of past events relating to retaliation and/or discrimination and/or harassment by Marmet to plaintiff for which diagnosed medical condition, "combat fatigue."

33. Marmet received and/or reviewed the medical documents previously mentioned or otherwise was knowledgeable of and/or became knowledgeable of the content therein.

34. By discharging plaintiff and/or discriminating and/or harassment against plaintiff and/or participating in the discharge and/or discrimination and/or harassment of plaintiff for complaining and/or instituting and/or causing to be instituted proceedings related to FEHA and/or for testifying in any such proceedings, as described above, defendant Marmet has violated the FEHA, California Government Code § 12940 *et seq*.

35. Defendant Marmet's violation of the FEHA was willful

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF requests that this Court:**

36. **AS TO COUNT ONE**: Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award those damages against the defendant and in favor of the plaintiffs, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law; and

37. **AS TO COUNT TWO**: Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award plaintiff employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages, including but not limited to back pay, leave, overtime, differential(s), premium pay, awards, retirement loss, medical, insurance, absence, night, Sunday and holiday compensation, liquidated damages and interest under the FLSA and/or any other law, rule or

1  regulation from the date of the discharge until the judgment herein is paid pursuant to 29 U.S.C.

2  § 216 (b), plus such pre-judgment interest as may be allowed by law; and

3  38.  **AS TO COUNT THREE:** That this Court exercise it supplemental jurisdiction pursuant to

4  28 U.S.C. § 1367 (a) over all claims against Marmet as a person and/or individual; and

5  39.  That this Court decree and declare that Marmet was not acting with the scope of her

6  employment specific to the acts complained of under FEHA; and

7  40.  That this Court award General and Compensatory damages as defendant Marmet, in the

8  amount of two hundred fifty thousand dollars for each deprivation of FEHA to plaintiff

9  identified in this cause of action; Punitive Damages as to defendant Marmet, Reasonable

10  attorney fees, investigation fees and expert witnesses' fees and all other costs pursuant to

11  relevant statutory authority for violations of FEHA; and

12  41.  **AS TO COUNTS ONE AND TWO**: Award plaintiff's counsel (if any) reasonable

13  attorney's fees to be paid by the defendant under FLSA, the Equal Access to Justice Act, and/or

14  pursuant to any other law rule or regulation; and

15  42.  An apology by the persons responsible and/or associated with the violations of the FLSA as

16  more fully provided herein; and

17  43.  An order compelling FAA to expunge all records relating to the events of his discharge, and

18  compelling the FAA to retrieve and expunge, or cause the expungement of, all such records that

19  are in the hands of other government agencies as a result of having been transmitted or

20  forwarded by FAA; and

21  44.  **AS TO ALL COUNTS**: Grant to plaintiff any and all such other legal and/or equitable

22  relief as may be just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff herein demands a Trial by Jury.

Dated this 26th day of September, 2007

Respectfully Submitted,

By: _____
Greg Morgan
Plaintiff

6

1  Greg Morgan
2010 W. Ave K #427
2  Lancaster, CA 93536
Telephone: (661) 943-8517
3  Fax: (661) 339-0412
Pro Se
4

5

6

7
                    UNITED STATES DISTRICT COURT
8
                    FOR THE DISTRICT OF COLUMBIA
9

10
   GREG MORGAN,                      | Case No.:
11
              Plaintiff,              | ATTACHMENT TO ORIGINAL
12                                    | COMPLAINT
       Vs.,
13                                    | 1. EXHIBIT ONE
   FEDERAL AVIATION                   | 2. EXHIBIT TWO
14 ADMINISTRATION,                    | 3. EXHIBIT THREE
                                      | 4. EXHIBIT FOUR
15                                    | 5. EXHIBIT FIVE
              And,                    | 6. DECLARATION OF GREG MORGAN
16
   SUSAN MARMET
17 (as an individual),

18
              Defendants.
19

20
   EXHIBIT ONE, documentation of medical work;
21
   EXHIBIT TWO, plaintiff's letter of March 18, 2005, requesting payment for work;
22
   EXHIBIT THREE, FAA's response to plaintiff's letter of March 18, 2005, stating that the
23
   overtime issue will be addressed shortly;
24
   EXHIBIT FOUR, FAA's questions regarding overtime,
25
   EXHIBIT FIVE, Termination Checklist for requesting overtime;
26
   Declaration of Greg Morgan.
27
                                                              07 1748
28
                                                              FILED

                                         1                    SEP 2 8 2007

OPS
D. 8-11

# E10 Employees
## FAA Form 7230.4-2 Sign-In Sheet

Printed on 1/7/2005                                                          Wednesday, February 16, 2005

| Name | Shift | Initials | IN | OUT | HRS | NON DUTY | LV | OJT HRS | REMARKS |
|---|---|---|---|---|---|---|---|---|---|
| Alexander, C | 07:00 / 15:00 | OM | 0700 | 1501 | 8 | | | | |
| Alwardt, D | RDO | DV | | | | | | | |
| Awana, R | 08:00 / 16:00 | RA | 0652 | 1552 | 9 TU | | ICRE | | ICRE Bay |
| Awana, R | 07:00/16:00 13:00/21:00 | RK | RK 0652 | 1552 | 0 | | VCRE | XX 1-31 | ICRE COL |
| Bytheway, D | RDO | BS | | | | | | | |
| Ceruti, E | 12:00 / 20:00 | CE | 12:00 | 2000 | 8 TO | | | | AL AFTER PHYZLA @ NOON |
| Dalton, F | 10:00 / 18:00 | FD | 1000 | 2000 | 10 d | | | | JOT TY 2-16-05 |
| Hambrick, D | RDO | DA | | | | | | | |
| Iversen, G | 15:00 / 23:00 | IG | | | | | 8 S | | FMLA SL 2/13/05 |
| Kotsifakis, N | 06:00 / 14:00 | NY | | | | | 8S NY | | TY 2-15-05 |
| Landon, S | 13:00/21:00 08:00/16:00 | XL | XL 1315 | 2115 | 8 TO | | | NY 1-31 | |
| Long, R | 07:00 / 15:00 | ZV | ZV 0715 | 1515 | 8 | | | | |
| Morgan, G | 06:00 / 14:00 | PG | PG 0545 | 1430 8:45 | 8 PG | | | | .45 OT MEDICAL |
| Purpus, T | RDO | TJ | | | | | | | |
| Runsvold, R | 14:00 / 22:00 | RJ | RJ 1415 | 2215 | 8 TO | | | | |
| Schmidt, D | 22:30 / 06:30 | DX | DX 2230 | 0630 | 8 TO | | | | SNKB |
| Shinar, L | 07:00-17:00 07:00/15:00 | EE | EE 0745 | 1645 | 8 TO | | | | |
| Sperling, F | 15:00 / 23:00 | EF | | | | | 8S | DX | CIE |
| Staabs, A | RDO | AN | | | | | | | |
| Turner, G | 14:00 / 22:00 | KK | KK 1350 | 2150 | 8 TO | | | | |
| Whalen, D | 06:00/16:00 07:00/15:00 | XX | | | | | 8S SL | XX 1-31 | |

07 1748
**FILED**
SEP 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CERTIFIED ACCURATE AND CORRECT       **EXHIBIT ONE**

MidShift: _____    DayShift: _____    EveShift: _____

| | | |
|---|---|---|
| Phone: 661.943.8517<br>Fax:   661.718.0758 | **The Morgan's**<br>**2010 W. Ave K #427**<br>**Lancaster, CA 93536** | Greg: gmorgan@avradionet.com<br>Kathy: kmorgan@avradionet.com |

March 18, 2005


FAA High Desert Tracon
Susan Marmet
100 E. Sparks Drive, Bldg. 2580
Edwards AFB, CA 93524-8001


Dear Ms. Marmet,

In our most recent series of conversations regarding PP04, you stated that the reason that I was shorted of hours, was that I did not request, in advance, sick leave. I asked you whether this was a change in Agency policy concerning advance sick leave. We left off where you stated that you would look into it.

I wish to resolve the matter and I am still waiting for a response.

Additionally, I note more recently, that I was not credited with overtime for compliance with an Agency mandate. With regard to that matter, Mr. Contatore, interrogated me on the topic of the change on the sign in log, clearly searching for clues or collaborations alluding to falsification. I replied that I did not sign out, as I did not at that time know the full amount of hours worked, and subsequently and correctly stated the hours upon returning to work for a midnight shift. He appeared highly disappointed when he discovered that I was not the one responsible for the initial sign out. He then asked the silly rhetorical question when did the "Administrator speak to me personally…."

Because I have not received appropriate emoluments, or a reply, I request letter, if you believe that the positions stated are meritorious, denying the corrections. Such letter would be helpful in obtaining appropriate recourse.

In a similar event, I previously requested a correction and rather than receiving the correction, I received an accusatory letter. I fail to understand why issues must nearly always be elevated to obtain resolution. My hope is that these issues do not go the same route.

Respectfully,

*[signature]*

Greg Morgan

07 1748
FILED
SEP 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT TWO



U.S. Department
of Transportation

Federal Aviation
Administration

# Memorandum

Subject: Your Letter of March 18, 2005

Date: March 21, 2005

From: Operations Manager,
High Desert TRACON

Reply to
Attn. of:

To: Greg Morgan, ATCS,
High Desert TRACON

Dear Mr. Morgan:

Your reference to PP04. Apparently you misunderstood the facility's position. For clarification, you requested 8 hours of sick leave on February 1, 2005. Eight hours of sick leave was entered on the Time & Attendance (T&A) for that day. It appears that you did not have adequate sick leave to cover the sick leave requested. Since there was no other request made, the T&A program charged you leave without pay for that period of time you requested sick leave but had inadequate sick leave to use. If you wanted any other type of leave for any portion of that time it is your responsibility to make that request known. It is your responsibility to be aware of the amount of leave you have available at any time. This information is provided to you on a bi-weekly basis by way of your leave and earnings statement.

In regard to your requested overtime, this issue will be addressed shortly.

Regarding the appointment on March 23, 2005 to review the information requested in your FOIA(s); as per your agreement with Mr. Heinrich last week, due to the present security circumstances we are forced to postpone this appointment until a later, mutually agreed upon, date. This postponement will not change your rights to review this information.

Please acknowledge your receipt of this fax.

*Susan Marmet*
Susan Marmet

07-1748
FILED

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT THREE

| RECORD OF:     VISIT     **CONFERENCE** or TELEPHONE | | TIME: 11:03 AM | DATE: February |
|---|---|---|---|
| NAME(s) OF PERSON (s) CONTACTED OR CONFERENCE & LOCATION | | ROUTING | |
| Richard Contatore, Operations Supervisor, Greg Morgan, ATCS, Roy Awana, NATCA | | SYMBOL | INITIALS |
| | | | |
| | | | |
| SUBJECT: Weingarten meeting for requested overtime on 2-16-2005 | | | |

DIGEST: On 2-22-2005 a Weingarten meeting was conducted with Greg Morgan, Roy Awana, NATCA and Richard Contatore, Operations supervisor. I told Mr. Morgan the subject of the meeting was to investigate his signing for overtime On 2-16-2005. I asked the following questions:

1. Why did you change your sign-out time?
Mr. Morgan's response- Because I did not sign out.

2. When did you make the change?
Mr. Morgan's response- When I came back for the Mid shift.

3. Why did you sign up for OT?
Mr. Morgan's response- Because I had a work related mandate.

4. Who approved the overtime?
Mr. Morgan's Response- I do not know yet.

5. Why did you not sign out at the end of your shift?
Mr. Morgan's response- Because I didn't know how long it would take to do this.

6. Did anyone give you duty time for this?
Mr. Morgan's response- The FAA administrator.

7. When did you talk to her?
Mr. Morgan's response- she spoke to me through her orders.

Mr. Morgan was also issued a letter of proposed discipline from a separate incident.

07 1748
FILED
SEP 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| CONCLUSION, ACTION TAKEN, OR REQUIRED: | | |
|---|---|---|
| DATE: 02/22/05 11:03 AM | TITLE: Operations Supervisor | SIGNATURE: Richard Contatore |

FAA Form 1360-33 (4/1/94) FORMERLY F A A FORM 1522

EXHIBIT FOUR

## Checklist for Possible Disciplinary Action

This document will become part of the discipline record and may later be released to the employee or union upon request.

| THE INFRACTION |
|---|
| Facility: High Desert TRACON |
| Date of Infraction: 02/16/2005   Date Management made aware of Infraction: 02/17/2005 |
| Name of Employee: Greg Morgan |
| Employee's Position or Title: Air Traffic Control Specialist |
| Describe what happened: On February 16, 2005 your shift ended at 1345 local. You did not sign out on the FAA Form 7230.4-2 as required so the supervisor signed out on your behalf at the end of your shift. When you returned to duty that night at approximately 2230 local for the mid-shift, you gathered the forms and received the relief briefing. At that time the sign out time still indicated 1345 local.<br><br>The next morning the logs were collected by the office and when payroll was entered it was noted that 45 minutes overtime was indicated on the log for you. No overtime was assigned or worked. |
| Where did it happen? High Desert TRACON, Edwards Air Force Base, California |
| Who were the witnesses? Rich Contatore, Operations Supervisor |
| Employee's preliminary explanation for the infraction (if any) [prior to holding an investigatory examination (Weingarten meeting)]  None |
| Why is the employee's preliminary explanation not acceptable?  N/A |
| THE INVESTIGATION |
| Date of Weingarten Meeting: February 22, 2005 |
| Time of Weingarten Meeting: 11 a.m. |
| Place of Weingarten Meeting: High Desert TRACON, Edwards AFB, CA |
| Was employee given his rights under the contract (if applicable)?<br>(NATCA Article 6, Section 1 or NAATS Article 65, Section 1 or NAGE Article 2, Section 4)<br>☒ Yes   ☐ No |
| Was a union representative offered?  ☒ Yes   ● No |
| The employee   ☒ Accepted   ☐ Declined |
| Name of union representative present: Roy Awana |

07 1748

FILED

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT FIVE

| | |
|---|---|
| Name of management person conducting meeting: Rich Contatore, Operations Supervisor | |
| Name/Title of other persons present: | |
| Record of conversation attached  ☒ Yes   ☐ No – explanation: | |
| Employee's explanation/rebuttal: When asked why you signed up for overtime you stated "because I had a work related mandate". When you were asked who approved your overtime you stated "I don't know yet". When asked who gave you duty time for this mandate you stated "The FAA Administrator". When asked when you spoke with the administrator you replied "She spoke through her orders". | |
| What did the witnesses say? | |
| Is the employee's rebuttal acceptable? (If not, why not?) A review of your answers and the other facts show that no overtime was assigned or worked for this activity. | |
| Summary of Investigation: See above | |

| EMPLOYEE BACKGROUND ||
|---|---|
| Is this a probationary employee? ☐ Yes  ☒ No  If yes, when is the end of the probationary period? ||
| EOD FAA: 2/26/85 | Number of Years Federal Service: 23 |
| EOD Current Facility: 8/30/98 ||
| History of discipline (both formal and informal): Proposed 5 day suspension; pending response of employee. Written admonishments, Coaching & Counseling sessions. ||

| PROPOSED DISCIPLINARY ACTION |
|---|
| What action do you wish to take? Removal |
| For what infraction? Falsifying Fovernment Documents or records for your own financial gain. |
| What Douglas Factors have you considered? [See attached list.] See attached. |
| What did AWP-16 indicate was the typical discipline for similar situations? No Response |
| How has your facility dealt with similar infractions in the past? This facility has had no prior similar infractions. |

2

EXHIBIT FIVE

## DECLARATION OF GREG MORGAN

I, Greg Morgan declare:

1. I have personal knowledge of the facts contained in this declaration as well as the facts contained in my "**ORIGINAL COMPLAINT**" filed by me in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA and those facts stated therein being true, if called as a witness I am competent to testify thereto;

2. In addition to the facts stated in my "**ORIGINAL COMPLAINT**" filed by me in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, additional or supplementary facts are as follows:

3. I am considered by the FAA as an FLSA non-exempt employee;

4. Susan Marmet was predominately responsible for entering payroll information into the FAA computer system. That system would alert her as to my FLSA status, thus she knew or should have known of my FLSA status;

5. Additional and/or supplementary facts pertaining to the medical documents are:

    a. On or about February 16, 2005, at approximately 10:30, Susan Marmet informed me she had received "a call from medical" and instructed me to obtain some Medical records from my doctor in order to continue the ATC medical certification;

    b. Susan Marmet stated that Rich Contatore would be the evening watch shift supervisor (approximately 13:30 through 21:30). Susan Marmet then stated and emphasized that when I returned to my evening watch I was to give the information to Contatore, and if I did not, the medical clearance would be suspended and I would not be allowed to work the midnight shift, and I would be

"sent home" and would have to come back the following morning to work an "administrative day";

c. She also indicated that I would suffer other reprisals and/or punishment. Several times in the past, she did threatened this type of reprisal and inflicted other retaliatory acts;

d. I then informed the supervisor on duty and requested that I be allowed to leave an hour early from the present shift (approximately 12:45 rather than 13:45) to fulfill the mandate given to me by Susan Marmet. The supervisor determined that he could not afforded me to leave early. When he did finally did let me leave, I went straightaway to Kaiser Medical, and retrieved the documents demanded;

e. These documents pertained to counseling which arose over stress inflicted upon me by Marmet and others. These documents contained not so flattering remarks about Susan Marmet and others. Later that evening I returned to my evening shift, and presented the documents (sealed in envelope) as instructed. I then annotated the work that I performed on the log. Marmet later reviewed the documents;

6. On or about March 18, 2005, I sent a letter complaining about the lack of payment and requested payment for the work I was told to do or otherwise mandated to do;

7. On or about March 21, 2005, Susan Marmet responded by letter stating "In regard to your requested overtime, this issue will be addressed shortly." I recall that I had also spoken to her by telephone about the request, while she is normally rude and obnoxious, on that particular day, she was exceptionally rude an obnoxious. I was quite apparent she was angry over the statements the doctors had written about her;

8. The next communication that I received over the matter, was that I was discharged from employment on September 30, 2005 upon charge for "Working beyond shift without authorization to do so, and claiming it as overtime" in violation of the FLSA. Since the discharge, Marmet has continued to harass and retaliate against me through effort to have the discharge sustained;

9. The documents attached hereto as "EXHIBIT ONE" through "EXHIBIT FIVE" are true and exact copies of the original documents maintained by me at my residence.

I certify under penalty of perjury that the foregoing is true and correct under the laws of the United States, 28 U.S.C. § 1746.

Executed on September 27, 2007, at Palmdale, California 93551.

By: _____
Greg Morgan, Declarant.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Greg Morgan

8585 8

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

2010 W. Ave K #427, Lancaster, CA 93551
Tel: 661-943-8517
Fax: 661-339-0412

## DEFENDANTS

Federal Aviation Administration, (United States Government); Susan Marmet (as a person/individual)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01748
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of FLSA overtime & retaliation, 29 U.S.C. § 216 (b)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ >500,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 09-28-07   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.