FILED

SEP 28 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Greg Morgan
2010 W. Ave K #427
Lancaster, CA 93536
Telephone: (661) 943-8517
Fax: (661) 339-0412
Pro Se

Case: 1:07-cv-01748
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Labor-ERISA

JURY ACTION

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**GREG MORGAN,**

**Plaintiff,**

**Vs.,**

**FEDERAL AVIATION ADMINISTRATION,**

**And,**

**SUSAN MARMET (as an individual),**

**Defendants.**

**Case No.:**

**ORIGINAL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. Violation of FLSA, 29 U.S.C. § 207 (a) (1) (Failure to pay overtime)
2. Violation of FLSA, 29 U.S.C. § 215 (a) (3) (Unlawful discharge, retaliation)
3. Violation of FEHA, California Government Code § 12940 *et seq*, (Unlawful discharge, harassment, retaliation) to Defendant Susan Marmet as a person and/or individual

**ORIGINAL COMPLAINT**

1. Plaintiff Greg Morgan, was during all times material herein, an employee of defendant Federal Aviation Administration (hereinafter, "FAA"), employed by defendant as an "Air Traffic Control Specialist" at defendant's High Desert TRACON, Edwards Air Force Base, California. Plaintiff Greg Morgan, brings this suit for back overtime wages owed to him by defendant FAA, and for other relief, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., (hereinafter, "FLSA") and as more fully described in the "PRAYER FOR RELIEF." Plaintiff also sues Susan Marmet as a person and individual for violations of

California Government Code § 12940 *et seq*, occurring outside the course and scope of her employment duties.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343 (a) (4), 28 U.S.C. § 1491 (a) (1), 28 U.S.C. § 1367 (a), and 28 U.S.C. § 1346 (a) (2).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 (e) because this action is a civil action for monetary damages, including liquidated damages, brought by plaintiffs against the FAA, pursuant to the FLSA, the FAA is an agency within the government of the United States of America. The FAA maintains its headquarters in the District of Columbia.

**PARTIES**

4. Greg Morgan ("plaintiff") was during all times material herein, an employee of defendant employed at the FAA's, High Desert TRACON, Edwards Air Force Base, California, as an Air Traffic Control Specialist, and was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203 (e).

5. Defendant FAA is, and at all times material herein has been, an "employer" and a "public agency" within the meaning of the FLSA. 29 U.S.C. §§ 203 (d) (defining FAA as an "public agency"), and 203 (x) (defining "public agency").

**FACTS**

6. Plaintiff was during all times material herein, was not a law enforcement officer.

7. Plaintiff, during all times material herein did not perform, "law enforcement activities" pursuant to 29 U.S.C. § 207 (k).

8. Plaintiff, during all times material herein, was subject to the coverage of the FLSA; i.e., plaintiff during all times material herein was FLSA non-exempt.

9. Plaintiff was during all times material herein, covered by a collective bargaining agreement between the National Air Traffic Controllers Association ("NATCA"), and the United States "Department of Transportation, Federal Aviation Administration" that specifically excludes

FLSA-based claims from the collective bargaining agreement's negotiated grievance procedure and/or reserved plaintiff's rights to any and all applicable statutory appeal procedures.

10. To the extent such was required by law, plaintiff has exhausted all administrative remedies.

11. Defendant FAA, at all times material herein requires its Air Traffic Control Specialists to possess and maintain a medical clearance and such medical clearance is a requirement for continued employment with FAA as an Air Traffic Control Specialist.

12. Defendant FAA, at all times material herein had a regulation, policy, practice or custom which required Air Traffic Control Specialists to re-certify the medical clearance on a periodic basis and at FAA's expense.

13. Defendant FAA, at all times material herein, from time to time, requires Air Traffic Control Specialists to obtain and produce medical information and/or documentation from their treating physicians in furtherance of the medical clearance.

**COUNT ONE**

14. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to thirteen above.

15. On or about the week of February 16, 2005, defendant ordered and/or required and/or suffered and/or permitted plaintiff to work in excess of 40 hours per week, to obtain and produce to defendant, medical information and/or documentation from his treating physician in furtherance of the medical clearance.

16. Plaintiff did perform such work which defendant ordered and/or required and/or suffered and/or permitted such work to have been performed. See "EXHIBIT ONE" attached hereto and incorporated by reference.

17. Plaintiff was not compensated as required by law, defendant has failed to pay compensation to plaintiff as required by law for such time actually worked, forty-five minutes.

18. By failing to compensate plaintiff for any of the overtime work performed, as described above, defendant has violated the FLSA, 29 U.S.C. § 207 (a) (1).

19. Defendant's violation of the FLSA was willful.

**COUNT TWO**

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to nineteen above.

21. On or about March 18, 2005, plaintiff sent letter complaining the lack of payment for such work which defendant ordered and/or required and/or suffered and/or permitted plaintiff to perform. See "EXHIBIT TWO" attached hereto and incorporated by reference.

22. On or about March 21, 2005, responding to plaintiff's letter of March 18, 2005, defendant, through its officers, employee's and/or agents replied: "In regard to your requested overtime, this issue will be addressed shortly." See "EXHIBIT THREE" attached hereto and incorporated by reference.

23. Thereafter, on or about September 30, 2005, defendant discharged plaintiff (terminated plaintiff's employment) predominately upon a charge: "Working beyond shift without authorization to do so and then claiming it as overtime." See "EXHIBIT FIVE" attached hereto and incorporated by reference.

24. Plaintiff has and continues to institute and/or caused to be instituted proceedings related to Chapter 8 of Title 29 and has testified and/or will continue to testify in such proceedings.

25. Plaintiff asserts and alleges that defendant discriminated and continues to discriminate against plaintiff according to proof at trial.

26. By discharging plaintiff and/or discriminating against plaintiff for complaining and/or instituting and/or causing to be instituted proceedings related to Chapter 8 of Title 29 and/or for testifying in any such proceedings, as described above, defendant has violated the FLSA, 29 U.S.C. § 215 (a) (3).

27. Defendant's violation of the FLSA was willful.

**COUNT THREE, (Susan Marmet as an individual)**

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to twenty-seven above.

29. California Government Code § 12940 *et seq*, (the California Fair Employment and Housing Act, hereinafter "FEHA") makes it unlawful, for any person to take adverse actions against employees who complain about discrimination and/or harassment at work.

30. Defendant Susan Marmet (hereinafter "Marmet") was at all times material a supervisor and/or agent of FAA.

31. Marmet at all times relevant to this charge, was not acting in the course and/or scope of her employment.

32. The medical documents previously mentioned and obtained by plaintiff, contained specific complaints to his physician of past events relating to retaliation and/or discrimination and/or harassment by Marmet to plaintiff for which diagnosed medical condition, "combat fatigue."

33. Marmet received and/or reviewed the medical documents previously mentioned or otherwise was knowledgeable of and/or became knowledgeable of the content therein.

34. By discharging plaintiff and/or discriminating and/or harassment against plaintiff and/or participating in the discharge and/or discrimination and/or harassment of plaintiff for complaining and/or instituting and/or causing to be instituted proceedings related to FEHA and/or for testifying in any such proceedings, as described above, defendant Marmet has violated the FEHA, California Government Code § 12940 *et seq*.

35. Defendant Marmet's violation of the FEHA was willful

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF requests that this Court:**

36. **AS TO COUNT ONE**: Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award those damages against the defendant and in favor of the plaintiffs, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law; and

37. **AS TO COUNT TWO**: Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award plaintiff employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages, including but not limited to back pay, leave, overtime, differential(s), premium pay, awards, retirement loss, medical, insurance, absence, night, Sunday and holiday compensation, liquidated damages and interest under the FLSA and/or any other law, rule or

regulation from the date of the discharge until the judgment herein is paid pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law; and

38. **AS TO COUNT THREE:** That this Court exercise it supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over all claims against Marmet as a person and/or individual; and

39. That this Court decree and declare that Marmet was not acting with the scope of her employment specific to the acts complained of under FEHA; and

40. That this Court award General and Compensatory damages as defendant Marmet, in the amount of two hundred fifty thousand dollars for each deprivation of FEHA to plaintiff identified in this cause of action; Punitive Damages as to defendant Marmet, Reasonable attorney fees, investigation fees and expert witnesses' fees and all other costs pursuant to relevant statutory authority for violations of FEHA; and

41. **AS TO COUNTS ONE AND TWO**: Award plaintiff's counsel (if any) reasonable attorney's fees to be paid by the defendant under FLSA, the Equal Access to Justice Act, and/or pursuant to any other law rule or regulation; and

42. An apology by the persons responsible and/or associated with the violations of the FLSA as more fully provided herein; and

43. An order compelling FAA to expunge all records relating to the events of his discharge, and compelling the FAA to retrieve and expunge, or cause the expungement of, all such records that are in the hands of other government agencies as a result of having been transmitted or forwarded by FAA; and

44. **AS TO ALL COUNTS**: Grant to plaintiff any and all such other legal and/or equitable relief as may be just and proper

**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff herein demands a Trial by Jury.

Dated this 26th day of September, 2007

Respectfully Submitted,

By: ______________________

Greg Morgan
Plaintiff