Greg Morgan
2010 W. Ave K #427
Lancaster, CA 93536
Telephone: (661) 943-8517
Fax: (661) 339-0412
Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREG MORGAN, | Case No.: |
| Plaintiff, | ATTACHMENT TO ORIGINAL COMPLAINT |
| Vs., | 1. EXHIBIT ONE |
| FEDERAL AVIATION ADMINISTRATION, | 2. EXHIBIT TWO<br>3. EXHIBIT THREE<br>4. EXHIBIT FOUR |
| And, | 5. EXHIBIT FIVE<br>6. DECLARATION OF GREG MORGAN |
| SUSAN MARMET (as an individual), | |
| Defendants. | |

EXHIBIT ONE, documentation of medical work;

EXHIBIT TWO, plaintiff's letter of March 18, 2005, requesting payment for work;

EXHIBIT THREE, FAA's response to plaintiff's letter of March 18, 2005, stating that the overtime issue will be addressed shortly;

EXHIBIT FOUR, FAA's questions regarding overtime;

EXHIBIT FIVE, Termination Checklist for requesting overtime;

Declaration of Greg Morgan.

07 1748
FILED
SEP 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OPS D. 8'11

# E10 Employees
## FAA Form 7230.4-2 Sign-In Sheet

Printed on 1/7/2005

Wednesday, February 16, 2005

| Name | Shift | Initials | IN | OUT | HRS | NON DUTY | LV | OJT HRS | REMARKS |
|---|---|---|---|---|---|---|---|---|---|
| Alexander, C | 07:00 / 15:00 | OM | OM 0700 | 1501 | 8 | | | | |
| Alwardt, D | RDO | DV | | | | | | | |
| Awana, R | 08:00 / 16:00 | RA | RA 0652 | 1552 | 9TU | | | ICRE | ICRE Bay |
| Awana, R | 07:00/1600 13:00/21:00 | RK | RK 0652 | 1552 | 9 | | VCRE | xx 1-31 | ICRE COL |
| Bytheway, D | RDO | BS | | | | | | | |
| Ceruti, E | 12:00 / 20:00 | CE | CE 12:00 | 2000 | 8TO | | | | AL ALTER PHYS PHY ZLA NON |
| Dalton, F | 10:00 / 18:00 | FD | FD 1000 | 2000 | 10 d | | | | JOT TX 2-16-05 |
| Hambrick, D | RDO | DA | | | | | | | |
| Iversen, G | 15:00 / 23:00 | IG | | | | | 8 S | | FMLA SL 2/13/05 |
| Kotsifakis, N | 06:00 / 14:00 | NY | | | | | 8S NY | | TX 2-15-05 |
| Landon, S | 13:00/2100 08:00/16:00 | XL | XL 1315 | 2115 | 8TO | | | | NY 1-31 |
| Long, R | 07:00 / 15:00 | ZV | ZV 0715 | 1515 | 8 | | | | |
| Morgan, G | 06:00 / 14:00 | PG | PG 0545 | 1430 | 8.45 | | | | .45 OT MEDICAL |
| Purpus, T | RDO | TJ | | | | | | | |
| Runsvold, R | 14:00 / 22:00 | RJ | RJ 1415 | 2215 | 8TO | | | | |
| Schmidt, D | 22:30 / 06:30 | DX | DX 2230 | 0630 | 8to | | | | SNKB |
| Shinar, L | 0900-1700 07:00/15:00 | EE | EE 0745 | 1645 | 8TO | | | | |
| Sperling, F | 15:00 / 23:00 | EF | | | | | 8S | DX | CE |
| Staabs, A | RDO | AN | | | | | | | |
| Turner, G | 14:00 / 22:00 | KK | KK 1350 | 2150 | 8TO | | | | |
| Whalen, D | 0500/1600 07:00/15:00 | XX | | | | | 8S SL | xx 1-31 | |

07 1748

FILED

SEP 28 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CERTIFIED ACCURATE AND CORRECT     **EXHIBIT ONE**

MidShift: _____    DayShift: _____    EveShift: _____

Phone: 661.943.8517  
Fax:   661.718.0758

**The Morgan's**  
**2010 W. Ave K #427**  
**Lancaster, CA  93536**

Greg: gmorgan@avradionet.com  
Kathy: kmorgan@avradionet.com

March 18, 2005

FAA High Desert Tracon  
Susan Marmet  
100 E. Sparks Drive, Bldg. 2580  
Edwards AFB, CA 93524-8001

Dear Ms. Marmet,

In our most recent series of conversations regarding PP04, you stated that the reason that I was shorted of hours, was that I did not request, in advance, sick leave. I asked you whether this was a change in Agency policy concerning advance sick leave. We left off where you stated that you would look into it.

I wish to resolve the matter and I am still waiting for a response.

Additionally, I note more recently, that I was not credited with overtime for compliance with an Agency mandate. With regard to that matter, Mr. Contatore, interrogated me on the topic of the change on the sign in log, clearly searching for clues or collaborations alluding to falsification. I replied that I did not sign out, as I did not at that time know the full amount of hours worked, and subsequently and correctly stated the hours upon returning to work for a midnight shift. He appeared highly disappointed when he discovered that I was not the one responsible for the initial sign out. He then asked the silly rhetorical question when did the "Administrator speak to me personally…."

Because I have not received appropriate emoluments, or a reply, I request letter, if you believe that the positions stated are meritorious, denying the corrections. Such letter would be helpful in obtaining appropriate recourse.

In a similar event, I previously requested a correction and rather than receiving the correction, I received an accusatory letter. I fail to understand why issues must nearly always be elevated to obtain resolution. My hope is that these issues do not go the same route.

Respectfully,

Greg Morgan

07 1748  
FILED  
SEP 2 8 2007  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

EXHIBIT TWO



**U.S. Department of Transportation**

**Federal Aviation Administration**

# Memorandum

Subject: Your Letter of March 18, 2005

Date: March 21, 2005

From: Operations Manager,
High Desert TRACON

Reply to Attn. of:

To: Greg Morgan, ATCS,
High Desert TRACON

Dear Mr. Morgan:

Your reference to PP04. Apparently you misunderstood the facility's position. For clarification, you requested 8 hours of sick leave on February 1, 2005. Eight hours of sick leave was entered on the Time & Attendance (T&A) for that day. It appears that you did not have adequate sick leave to cover the sick leave requested. Since there was no other request made, the T&A program charged you leave without pay for that period of time you requested sick leave but had inadequate sick leave to use. If you wanted any other type of leave for any portion of that time it is your responsibility to make that request known. It is your responsibility to be aware of the amount of leave you have available at any time. This information is provided to you on a bi-weekly basis by way of your leave and earnings statement.

In regard to your requested overtime, this issue will be addressed shortly.

Regarding the appointment on March 23, 2005 to review the information requested in your FOIA(s); as per your agreement with Mr. Heinrich last week, due to the present security circumstances we are forced to postpone this appointment until a later, mutually agreed upon, date. This postponement will not change your rights to review this information.

Please acknowledge your receipt of this fax.

*Susan Marmet*
Susan Marmet

07-1748
FILED
SEP 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT THREE

| RECORD OF: TELEPHONE | VISIT | CONFERENCE or | TIME: 11:03 AM | DATE: February |
|---|---|---|---|---|
| NAME(s) OF PERSON (s) CONTACTED OR CONFERENCE & LOCATION ||| ROUTING ||
| Richard Contatore, Operations Supervisor, Greg Morgan, ATCS, Roy Awana, NATCA ||| SYMBOL | INITIALS |
|  ||||||
|  ||||||
| SUBJECT: Weingarten meeting for requested overtime on 2-16-2005 ||||||

DIGEST: On 2-22-2005 a Weingarten meeting was conducted with Greg Morgan, Roy Awana, NATCA and Richard Contatore, Operations supervisor. I told Mr. Morgan the subject of the meeting was to investigate his signing for overtime On 2-16-2005. I asked the following questions:

1. Why did you change your sign-out time?
Mr. Morgan's response- Because I did not sign out.

2. When did you make the change?
Mr. Morgan's response- When I came back for the Mid shift.

3. Why did you sign up for OT?
Mr. Morgan's response- Because I had a work related mandate.

4. Who approved the overtime?
Mr. Morgan's Response- I do not know yet.

5. Why did you not sign out at the end of your shift?
Mr. Morgan's response- Because I didn't know how long it would take to do this.

6. Did anyone give you duty time for this?
Mr. Morgan's response- The FAA administrator.

7. When did you talk to her?
Mr. Morgan's response- she spoke to me through her orders.

Mr. Morgan was also issued a letter of proposed discipline from a separate incident.

07 1748
FILED
SEP 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| CONCLUSION, ACTION TAKEN, OR REQUIRED: ||||
|---|---|---|---|
| DATE: 02/22/05 11:03 AM | TITLE: Operations Supervisor || SIGNATURE: Richard Contatore |

FAA Form 1360-33 (4/1/94) FORMERLY F A A FORM 1522

EXHIBIT FOUR

## Checklist for Possible Disciplinary Action

This document will become part of the discipline record and may later be released to the employee or union upon request.

| THE INFRACTION |
|---|
| Facility: High Desert TRACON |
| Date of Infraction: 02/16/2005   Date Management made aware of Infraction: 02/17/2005 |
| Name of Employee: Greg Morgan |
| Employee's Position or Title: Air Traffic Control Specialist |
| Describe what happened: On February 16, 2005 your shift ended at 1345 local. You did not sign out on the FAA Form 7230.4-2 as required so the supervisor signed out on your behalf at the end of your shift. When you returned to duty that night at approximately 2230 local for the mid-shift, you gathered the forms and received the relief briefing. At that time the sign out time still indicated 1345 local.

The next morning the logs were collected by the office and when payroll was entered it was noted that 45 minutes overtime was indicated on the log for you. No overtime was assigned or worked. |
| Where did it happen? High Desert TRACON, Edwards Air Force Base, California |
| Who were the witnesses? Rich Contatore, Operations Supervisor |
| Employee's preliminary explanation for the infraction (if any) [prior to holding an investigatory examination (Weingarten meeting)]  None |
| Why is the employee's preliminary explanation not acceptable? N/A |
| THE INVESTIGATION |
| Date of Weingarten Meeting: February 22, 2005 |
| Time of Weingarten Meeting: 11 a.m. |
| Place of Weingarten Meeting: High Desert TRACON, Edwards AFB, CA |
| Was employee given his rights under the contract (if applicable)? (NATCA Article 6, Section 1 or NAATS Article 65, Section 1 or NAGE Article 2, Section 4)  ☒ Yes   ☐ No |
| Was a union representative offered?  ☒ Yes   ● No |
| The employee   ☒ Accepted   ☐ Declined |
| Name of union representative present: Roy Awana |

07 1748

**FILED**

SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT FIVE

| | |
|---|---|
| Name of management person conducting meeting: Rich Contatore, Operations Supervisor | |
| Name/Title of other persons present: | |
| Record of conversation attached  ☒ Yes   ☐ No – explanation: | |
| Employee's explanation/rebuttal: When asked why you signed up for overtime you stated "because I had a work related mandate". When you were asked who approved your overtime you stated "I don't know yet". When asked who gave you duty time for this mandate you stated "The FAA Administrator". When asked when you spoke with the administrator you replied "She spoke through her orders". | |
| What did the witnesses say? | |
| Is the employee's rebuttal acceptable? (If not, why not?) A review of your answers and the other facts show that no overtime was assigned or worked for this activity. | |
| Summary of Investigation: See above | |

| EMPLOYEE BACKGROUND | |
|---|---|
| Is this a probationary employee? ☐ Yes  ☒ No | |
| If yes, when is the end of the probationary period? | |
| EOD FAA: 2/26/85 | Number of Years Federal Service: 23 |
| EOD Current Facility: 8/30/98 | |
| History of discipline (both formal and informal): Proposed 5 day suspension; pending response of employee. Written admonishments, Coaching & Counseling sessions. | |

| PROPOSED DISCIPLINARY ACTION |
|---|
| What action do you wish to take? Removal |
| For what infraction? Falsifying Fovernment Documents or records for your own financial gain. |
| What Douglas Factors have you considered? [See attached list.] See attached. |
| What did AWP-16 indicate was the typical discipline for similar situations? No Response |
| How has your facility dealt with similar infractions in the past? This facility has had no prior similar infractions. |

2

EXHIBIT FIVE

## DECLARATION OF GREG MORGAN

I, Greg Morgan declare:

1. I have personal knowledge of the facts contained in this declaration as well as the facts contained in my "**ORIGINAL COMPLAINT**" filed by me in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA and those facts stated therein being true, if called as a witness I am competent to testify thereto;

2. In addition to the facts stated in my "**ORIGINAL COMPLAINT**" filed by me in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, additional or supplementary facts are as follows:

3. I am considered by the FAA as an FLSA non-exempt employee;

4. Susan Marmet was predominately responsible for entering payroll information into the FAA computer system. That system would alert her as to my FLSA status, thus she knew or should have known of my FLSA status;

5. Additional and/or supplementary facts pertaining to the medical documents are:

    a. On or about February 16, 2005, at approximately 10:30, Susan Marmet informed me she had received "a call from medical" and instructed me to obtain some Medical records from my doctor in order to continue the ATC medical certification;

    b. Susan Marmet stated that Rich Contatore would be the evening watch shift supervisor (approximately 13:30 through 21:30). Susan Marmet then stated and emphasized that when I returned to my evening watch I was to give the information to Contatore, and if I did not, the medical clearance would be suspended and I would not be allowed to work the midnight shift, and I would be

"sent home" and would have to come back the following morning to work an "administrative day";

c. She also indicated that I would suffer other reprisals and/or punishment. Several times in the past, she did threatened this type of reprisal and inflicted other retaliatory acts;

d. I then informed the supervisor on duty and requested that I be allowed to leave an hour early from the present shift (approximately 12:45 rather than 13:45) to fulfill the mandate given to me by Susan Marmet. The supervisor determined that he could not afforded me to leave early. When he did finally did let me leave, I went straightaway to Kaiser Medical, and retrieved the documents demanded;

e. These documents pertained to counseling which arose over stress inflicted upon me by Marmet and others. These documents contained not so flattering remarks about Susan Marmet and others. Later that evening I returned to my evening shift, and presented the documents (sealed in envelope) as instructed. I then annotated the work that I performed on the log. Marmet later reviewed the documents;

6. On or about March 18, 2005, I sent a letter complaining about the lack of payment and requested payment for the work I was told to do or otherwise mandated to do;

7. On or about March 21, 2005, Susan Marmet responded by letter stating "In regard to your requested overtime, this issue will be addressed shortly." I recall that I had also spoken to her by telephone about the request, while she is normally rude and obnoxious, on that particular day, she was exceptionally rude an obnoxious. I was quite apparent she was angry over the statements the doctors had written about her;

8. The next communication that I received over the matter, was that I was discharged from employment on September 30, 2005 upon charge for "Working beyond shift without authorization to do so, and claiming it as overtime" in violation of the FLSA. Since the discharge, Marmet has continued to harass and retaliate against me through effort to have the discharge sustained;

9. The documents attached hereto as "EXHIBIT ONE" through "EXHIBIT FIVE" are true and exact copies of the original documents maintained by me at my residence.

I certify under penalty of perjury that the foregoing is true and correct under the laws of the United States, 28 U.S.C. § 1746.

Executed on September 27, 2007, at Palmdale, California 93551.

By:

Greg Morgan, Declarant.