**Greg Morgan**
**2010 W. Ave K #427**
**Lancaster, CA 93536**
**Telephone: (661) 339-9684**
**Fax: (661) 952-1902**
**Email: greg@morganclan.mobi**
**Pro Se**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,** | **Case No.:** 1-07-cv-01748 (RMU) |
| **Plaintiff,** | **PLAINTIFFS' MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS (COUNT ONE AND COUNT TWO)** |
| **v.** | |
| **FEDERAL AVIATION ADMINISTRATION, et al.,** | |
| **Defendants.** | |

## PLAINTIFFS' MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT HIS MOTION FOR JUDGMENT ON THE PLEADINGS

This is an action for relief for violation of Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., and FEHA, California Government Code Section 12940 *et seq*., to secure Plaintiff's statutory rights, to redress certain agency wrongs inflicted upon him and to hold those responsible accountable for their conduct.

With regard to count one and count two, the Defendant, the Federal Aviation Administration has failed to deny the essential factual elements and its legal theories being unsustainable as a matter of law, thus has failed to support any reasons why judgment should not be taken against

1

it. Accordingly, Plaintiff seeks entry of judgment on the pleadings ordering the relief as provided in the original complaint as to 'COUNT ONE" and "COUNT TWO."[1]

---

## 1) TABLE OF CONTENTS

*1)*   *TABLE OF CONTENTS*................................................................... *2*

*2)*   *TABLE OF CASES* ........................................................................ *3*

*3)*   *FACTUAL SUMMARY*................................................................. *6*

*4)*   *LEGAL STANDARD*.................................................................... *7*

*5)*   *ARGUMENT*................................................................................ *8*

  **I.**   **The Basis Of Defendant's Legal Theory For All Their Defenses** _____ **8**

  **II.**   **The Defendant's Legal Theory Fails As A Matter Of Law For Multiple Reasons _ 10**

  a.   Congress Stripped The DOT Of Any And All Employment Authority Over Plaintiff, He Therefore Cannot Possibly Be An Employee Of The DOT_____ 12

  b.   The Legislative History Of The Act Clearly Demonstrates Congressional Intent To Exempt FAA Employee's From The DOT _____ 13

  c.   The Secretary Of Transportation May Not "Employ" FAA Employee's As Defendant's Assert. The "Notwithstanding" Clause Was Necessary To Deal With Potential Conflicts Between The Implementation Of An Independent Personnel Management System By The FAA And Federal Personnel Laws In Both Title 5 And Title 49_____ 16

  d.   Applying This Circuit's *Morrison* Test, Defendant's Position Is Unsustainable And Meritless_____ 20

  **III. Judgment On The Pleadings Is Proper, Facts To The Law_____ 22**

---

[1] "COUNT THREE" is preserved for later action.

    a.   Because There Is No Material Fact In Dispute Pertaining To 'COUNT ONE" Judgment On The Pleadings Is Proper _____ 22

    b.   Because There Is No Material Fact In Dispute Pertaining To 'COUNT TWO" Judgment On The Pleadings Is Proper_____ 25

*6)*    ***CONCLUSION*** ................................................................................. **28**

## 2) TABLE OF CASES

### Cases

*Allen v. MSPB*, 127 F.3d 1074 (Fed. Cir. 1997) ........................................ 12

*Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003) ........................................ 24

*Anagnost v. Garvey*, 170 F.3d 704 (7th Cir. 1999) ........................................ 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 7

*Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179 (8th Cir. 1975) ................................. 25

*Brock v. Richardson*, 812 F.2d 121 (3d Cir. 1987) ........................................ 25

*Brodowy v. United States*, 482 F.3d 1370 (Fed. Cir. 2007) ................................. 21

*Chambers v. Harrington,* 111 U.S. 350 (1884) ........................................ 27

*Dale v. Exec. Office of the President*, 164 F. Supp. 2d 22 (D.D.C. 2001) ................................. 7

*E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621 (D.C. Cir. 1997) ................................. 8

*Edmond v. U.S.*, 520 U.S. 651 (1997) ........................................ 17

*EEOC v. Romeo Cmty. Schools*, 976 F.2d 985 (6th Cir. 1992) ................................. 25

*EEOC v. White & Son Enters.*, 881 F.2d 1006 (11th Cir. 1989) ................................. 26

*Forrester v. Roth's I. G. A. Foodliner, Inc.*, 646 F.2d 413 (9th Cir. 1981) ................................. 24

*Haile-Iyanu v. Cent. Parking Sys. of Va., Inc.*, 2007 U.S. Dist. LEXIS 48153 ................................. 25

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ................................. 20

*Holzapfel v. Town of Newburgh, NY*, 145 F.3d 516 (2d Cir. 1998)................................ 24

*In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914 (D.D.C.

1994) .......................................................................................................................... 8

*Karahalios v. National Fed'n of Fed. Employees, Local 1263,* 489 U.S. 527 (1989) ................. 19

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994).................................... 8

*Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429 (D.C. Cir 1976) ................................ 24

*Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999) ...................................................... 25

*Love v. RE/MAX of America, Inc.*, 738 F.2d 383 (10th Cir. 1984)................................ 26

*Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221 (D.C. Cir. 1993) ...................... 8

*Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5 (D.C. Cir. 2001)................................ 20

*Mumbower v. Callicott*, 526 F.2d 1183 (8th Cir. 1975) ................................................ 24

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992) .......................................... 24

*Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995) ......................................... 24

*Pabst v. Okla. Gas & Elec. Co.*, 228 F.3d 1128 (10th Cir. 2000) ................................. 24

*Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483 (D.C. Cir. 1992) ....................................... 7

*Reich v. Dep't of Conservation and Natural Res.*, 28 F.3d 1076 (11th Cir. 1994) ...................... 24

*Scott v. Sunrise Healthcare Corp.*, 195 F.3d 938 (7th Cir. 1999) ............................... 25

*Summers v. Howard Univ.*, ) 127 F. Supp. 2d 27 (D.D.C. 2000) ................................. 23

*Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590 (1944).................... 23

*Thomas v. Slater*, 48 F.Supp.2d 32 (D.D.C. 1999) ...................................................... 13

*Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290 (1985) ...................... 24

*United States v. Morton,* 467 U.S. 822 (1984)............................................................. 27

*United States v. Rosenwasser*, 323 U.S. 360 (1945)..................................................... 24

*Valerio v. Putnam Associates Inc.*, 173 F.3d 35 (1st Cir. 1999).................................................. 25

*Whalen v. United States*, 80 Fed. Cl. 685 (2008)........................................................ 22

*Whitman v. DOT*, 547 U.S. 512 (2006)........................................................... 10, 27

**Statutes**

10 U.S.C. §§ 1601 ........................................................................................... 19

12 U.S.C. § 1701c ........................................................................................... 19

13 U.S.C. § 23 ............................................................................................... 19

16 U.S.C. § 590d ............................................................................................ 18

19 U.S.C. § 2072 ............................................................................................ 19

20 U.S.C. § 3461 ............................................................................................ 19

21 U.S.C. § 393 ............................................................................................. 19

22 U.S.C. § 2581 ............................................................................................ 19

28 U.S.C. 1331 ......................................................................................... 10, 22, 27

28 U.S.C. § 1491(a)(1).................................................................................... 9, 22

28 U.S.C. § 1746 ............................................................................................. 8

29 U.S.C. § 201 .............................................................................................. 1

29 U.S.C. § 203(e)(1)................................................................................... 22, 28

29 U.S.C. § 203(e)(2)(A)(ii) ............................................................................... 9

29 U.S.C. § 203(g) .......................................................................................... 23

29 U.S.C. § 207(a) ................................................................................... passim

29 U.S.C. § 215(a)(3)................................................................................ 25, 27, 28

29 U.S.C. § 216(b)................................................................................... 22, 27, 28

38 U.S.C. § 7 401 ........................................................................................... 19

42 U.S.C. § 913 ................................................................................................................... 19

49 U.S.C. § 106 ............................................................................................................ passim

49 U.S.C. § 106(a) ................................................................................................ 10, 11, 12

49 U.S.C. § 106(f) ........................................................................................................ passim

49 U.S.C. § 106(f)(2)(A)(i) ............................................................................................... 19

49 U.S.C. § 106(f)(2)(D) ................................................................................................... 12

49 U.S.C. § 323 ............................................................................................................ passim

49 U.S.C. § 323(a) ................................................................................................ 11, 19, 20

49 U.S.C. § 40122(g)(1) ............................................................................................. passim

5 U.S.C. § 105 ....................................................................................................................... 9

7 U.S.C. § 64 ....................................................................................................................... 18

California Government Code Section 12940 ........................................................................ 1

Pub. L. 104-50 .................................................................................................................... 13

Pub.L. 89-670 ..................................................................................................................... 14

## Rules

Fed.R.Civ.P. 12(b)(6) ........................................................................................................... 7

Fed.R.Civ.P. 12(c) ................................................................................................................ 7

## Regulations

29 C.F.R. § 785.11 ............................................................................................................. 23

## 3)  FACTUAL SUMMARY

The Plaintiff in this action was an employee of the Federal Aviation Administration

("FAA") formerly employed as air traffic controller ("ATCS") at High Desert TRACON,

Edwards Air Force Base, California. The Fair Labor Standards Act ("FLSA") requires payment for overtime when an employee worked more than forty hours per week. On February 15, 2005, Plaintiff was instructed to obtain and produce certain medical documents from his private physician so that he could remain qualified under the terms of his employer mandated qualification standards. Complaint ¶¶ 11 – 12 and Answer ¶¶ 11 – 12.

Plaintiff complied and later that evening he returned producing the medical documents to the designated supervisor. Thereafter, Plaintiff documented according to proscribed standards, a claim for 45 minutes of overtime. Not receiving compensation for the work performed, on or about March 18, 2005, Plaintiff sent letter to Susan Marmet. Ms. Marmet was primarily responsible for payroll administration. See Complaint at declaration of Greg Morgan (hereinafter, "DecGm"), ¶ 4 and "EXHIBIT THREE." Rather than pay the overtime, Plaintiff was fired for making the claim. See Complaint at ¶ 23 and Answer at ¶ 23.

## 4) LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 12(c), this Court grants a motion for judgment on the pleadings, as with here, Defendant's admission show "no material fact is in dispute and that [Plaintiff] is entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992). The standard for reviewing a motion for judgment on the pleadings is the same as that applied to a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). *Dale v. Exec. Office of the President*, 164 F. Supp. 2d 22, 24 (D.D.C. 2001). A complaint is required to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ___ (2007).

In evaluating a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the Plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the [Plaintiff] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Under 28 U.S.C. § 1746, "any matter is required or permitted to be … proved … such matter may… be … proved … which is subscribed by him, as true under penalty of perjury, and dated …." See 28 U.S.C. § 1746; see also *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

## 5) ARGUMENT

### I.  The Basis Of Defendant's Legal Theory For All Their Defenses

This Motion for Judgment on the Pleadings turns on a single legal defense, Defendant's assertion that "the only proper Defendant in this law suit" is the "Department of Transportation" (Answer at ¶ 1) and not the named party as provided in the original complaint, the "Federal Aviation Administration." Complaint at ¶ 5.

In creating the argument that the "U.S. Department of Transportation" is the proper party, Defendants are seeking to avoid liability through asserting for purposes of this action, Plaintiff's prior employer <u>was not the FAA</u>. Upon that erroneous position therefore, Defendants assert that Plaintiff's employer was for FLSA purposes, the "U.S. Department of Transportation" which

being an "executive agency" as defined pursuant to 5 U.S.C. § 105, the complaint would be

ultimately against the "United States Government." See Answer at ¶ 1. Were this true, this Court

would lack jurisdiction as jurisdiction would fall to the U. S. Court of Federal Claims. See 28

U.S.C. § 1491(a)(1) (stating that the United States Court of Federal Claims shall have

jurisdiction to render judgment upon any claim against the "United States"…).

   29 U.S.C. § 203(e)(2)(A)(ii), provides the core rational for the Defendants erroneous legal

position (defenses). 29 U.S.C. § 203(e)(2)(A)(ii) provides in relevant part:

> "In the case of an individual employed by a public agency, such term means— any
> individual employed by the Government of the United States— … in any executive
> agency (as defined in section 105 of [title 5])…." See 29 U.S.C. § 203(e)(2)(A)(ii).

Having laid that one basic premise upon which Defendants rely, their rational follows this

course:

1. "This Court lacks jurisdiction over the subject matter of the complaint" (FIRST DEFENSE).
   This assertion intends to invoke the Tucker Act, 28 U.S.C. § 1491(a)(1) which provided in
   part, "The United States Court of Federal Claims shall have jurisdiction to render
   judgment upon any claim against the United States founded either upon the Constitution,
   or any Act of Congress…." See 28 U.S.C. § 1491(a)(1). Thus if this suit were an action
   against the "U.S. Department of Transportation" 29 U.S.C. § 203(e)(2)(A)(ii) would
   render it an action against the "United States," and therefore the "United States Court of
   Federal Claims" would have jurisdiction.

2. Plaintiff has failed to state a claim upon which relief may be based (SECOND DEFENSE).
   Similar to their "FIRST DEFENSE," Defendants' assert that the FAA as a party cannot serve
   as the basis for an FLSA action in this Court.

3. Plaintiff's money damages claims exceed the jurisdictional amount under the Little Tucker
   Act. (THIRD DEFENSE). Like the first defense, this defense depends upon the party being
   the "United States" rather than the named Plaintiff, FAA.

4. Sovereign Immunity for state law claims has not been waived in this case (FOURTH
   DEFENSE. Because for this motion, Plaintiff seeks only partial judgment on the pleadings as
   to the first two causes of action ("COUNT ONE" and "COUNT TWO"), this defense is
   irrelevant to this motion as applying only to the third cause of action ("COUNT THREE").

5. The only proper Defendant in this law suit is the U.S. Department of Transportation.
   Accordingly, the named Defendants should be dismissed. This defense is surplusage as it

merely repeats the sixth defense.

The Defendants claim that Plaintiff's employer is the United States Government is bottomed in its erroneous view that the "Federal Aviation Administration is a modal organization" of the "U.S. Department of Transportation." See Answer at ¶ 1. While it is generally true that the FAA is a subordinate administration within the Department of Transportation, such is too simplistic and overbroad and patently in opposition to the numerous statues excepting that relationship and declaring the independence of the FAA with regard to any and all employment matters and is in opposition to the express will of Congress.

There is no dispute, that FLSA claims such as these are employment matters. Because they are employment matters, the relationship of FAA to the DOT in all other matters not relating to employment is irrelevant and irrelevant to this action. The proper view is the relationship of the Plaintiff to his former employer, the FAA. Accordingly Defendants carry a heavy burden to prove the general provision they rely upon, 49 U.S.C. § 106(a) overrules the explicit exceptions provided in 49 U.S.C. § 106(f) et seq., they will not, they cannot. The court should be mindful in matters raised such as Defendant's do, it is exclusively their burden to prove its defenses, namely, that this Court looses its jurisdiction otherwise granted pursuant to 28 U.S.C. § 1331. See *Whitman v. DOT*, 547 U.S. 512, 514 (U.S. 2006). As provided next, all of Defendant's claims fail.

## II.   The Defendant's Legal Theory Fails As A Matter Of Law For Multiple Reasons

As provided previously, all of Defendant's defenses are bottomed on an attenuated and erroneous assertion that the "U.S. Department of Transportation is the proper Defendant." Answer at ¶ 1. As shown herein, Defendant's assertion is flawed, and the motion for Judgment on the Pleadings should be granted for several reasons.

1.  Although 49 U.S.C. § 106(a) declares generally, "The Federal Aviation Administration is an administration in the Department of Transportation" run by an Administrator and reports to the Secretary of Transportation, Congress expressly excepted that relationship for any matter "provided in subsection (f) or in other provisions of law." See 49 U.S.C. §§ 106(a) and 106(b). The exception in subsection (f) provides that the Administrator FAA is the final authority over all employees and employment matters.

2.  The legislative history of 49 U.S.C. § 40122(g)(1) demonstrates that Congress directed the Administrator, FAA to develop a "personnel management system" free of the constraints of the Department of Transportation and address the unique demands on the agency's workforce, "free from Title V and free from "other federal personnel laws" including those personnel laws promulgated by the Secretary of Transportation. See 49 U.S.C. § 40122(g)(1).[2]

3.  To make good on the claims that the proper party is the Department of Transportation, the Defendants would have to demonstrate the impossible. Becoming an employee of the "U.S. Department of Transportation" is a legal act where an individual receives an "appointment" in to the "U.S. Department of Transportation" and is required to execute an oath of office and such is the exercise of a power of government rooted in the Constitution. See 49 U.S.C. § 323(a). The Secretary of Transportation, unlike the Administrator FAA, does not possess the authority for "the employment of all … employees of the Administration." See and compare 49 U.S.C. § 323(a) with 49 U.S.C. § 106(f)(2)(A)(i).

---

[2] Even if the Court finds otherwise, Plaintiff alternatively asserts that suit could be maintained by naming the Defendant the Administrator FAA rather than the FAA. Thus an amendment would be appropriate.

**a.  Congress Stripped The DOT Of Any And All Employment Authority Over Plaintiff, He Therefore Cannot Possibly Be An Employee Of The DOT**

49 U.S.C. § 106(a) generally declares, "The Federal Aviation Administration is an administration in the Department of Transportation" run by an Administrator and reports to the Secretary of Transportation. However, in the preceding sentence, Congress expressly excepted that relationship stating, "Except as provided in subsection (f) or in other provisions of law." See 49 U.S.C. §§ 106(a) and 106(b).

In "subsection (f)," Congress declared the Administrator "is the **final authority** for carrying out all functions, powers, and duties of the Administration relating to—the … **employment of all … employees** of the Administration." See 49 U.S.C. § 106(f)(2)(A)(i). In fact, to drive matters home, Congress reiterated that independence, stating "except as otherwise provided for in this title, and **notwithstanding any other provision of law**, [the Administrator] shall not be required to coordinate, submit for approval or concurrence, or seek the advice or views of the Secretary or any other officer or employee of the Department of Transportation on any matter with respect to which the Administrator is the final authority." See 49 U.S.C. § 106(f)(2)(D). The Seventh Circuit discussing section 106(f) held in *Anagnost v. Garvey*, 170 F.3d 704, 706 (7th Cir. 1999) that section 106(f) "effectively declares [DOT] and the FAA are *separate agencies* for purposes of employment"). See also, *Allen v. MSPB*, 127 F.3d 1074, 1076 (Fed. Cir. 1997) (the "[49 U.S.C. § 106(f)] clearly manifests Congress's intent to grant to the FAA the power to promulgate its own personnel system…").

The language of section 106(f)(2)(D) containing the word "notwithstanding" defeats Defendant's claim the "U. S. Department of Transportation" was Plaintiff's employer thus, the proper party to this action. The word "notwithstanding" by itself does not abrogate or exempt any law. The key in examining such clauses is to determine what law or laws may be superseded by

what conduct. The "notwithstanding any other provision of law" clause in the form of 49 U.S.C. § 106(f)(2)(D) prescribes a choice when there is a conflict between any laws described in any other part, the clause means what it says and the words "shall not" removes any lingering doubt as to any permissive character regarding the relationship of Plaintiff being an employee of the Department of Transportation as Defendant's wrongly assert.

So the Defendants claim is not even relevant to Plaintiffs' FLSA claims since Section 7 of the FLSA provides that employees who work more than forty hours in a week shall be paid for each hour over forty at a rate equal to one-and-one-half times their regular rates of pay. 29 U.S.C. § 207(a). "Employees" are defined as all persons employed by an employer including any entity engaged in commerce, various other federal agencies, and state or local governments. 29 U.S.C. §§203(e)(1), 207(a)-(e).

    **b. The Legislative History Of The Act Clearly Demonstrates Congressional Intent To Exempt FAA Employee's From The DOT**

The legislative history of 49 U.S.C. § 40122(g)(1 ) clearly manifests Congressional intent. The legislation directed the Administrator FAA, to develop a personnel management system to protect the FAA from the rigidities of the personnel system of Title 5 of the United States Code and from the control of the Department of Transportation.

49 U.S.C. § 40122(g)(1) was originally enacted as Section 347 of the Department of Transportation and Related Agencies Appropriations Act of 1996, Pub. L. 104-50 (the "Appropriations Act"). The purpose of 49 U.S.C. § 40122(g)(1) was to free FAA personnel decisions from the restrictions of being tied to the Department of Transportation and the personnel system set out in Title 5 of the United States Code. *Thomas v. Slater*, 48 F.Supp.2d 32, 34-35 (D.D.C. 1999) ("the Appropriations Act reinforces Congress' intent to have an independent

FAA [from the Secretary of Transportation] with respect to personnel matters"); *Anderson v. U.S.*, 64 Fed.Cl. 759, 764 (Fed.Cl. 2005) (authority granted by 49 U.S.C. § 4 0122(g)(1) was "to create a personnel system distinct from the usual federal GS-system").

Since 1967, the FAA had been an Administration of the Department of Transportation. 49 U.S.C. § 106; Pub.L. 89-670, §§ 3(e), 6(c)(1), 80 Stat. 932, 938. Prior to the enactment of 49 U.S.C. § 40122(g), the Department had maintained control over the personnel decisions of the FAA. 49 U.S.C. 106(f) (**1994 ed.**) ("The Secretary of Transportation controls the personnel and activities of the Administration" ).

As the Appropriations Act was working its way through Congress (as H.R. Bill No. 2002), other bills were being introduced in Congress for a general reform of the FAA. See, Congressional Record Online [wais.access.gpo.gov] [DOCID:cr04ap95-185], [DOCID:crl 5jn95-164].[3] In addition, the Senate was holding hearings on a general reform of the FAA. See, Hearing Before the Subcommittee on Aviation of the Committee on Commerce, etc, United States Senate, S.Hrg. 104- 410 (Aug. 2, 1995). In his opening comments the Chairman of the Committee, Senator McCain, noted the bureaucratic inefficiencies at the FAA involving the personnel system then applicable to the FAA. S. Hrg. 104-410 at 2.

------------------------

[3] To access the citations to the Congressional Record, in your web browser, go to the following address: www.gpoaccess.gov/help/linking.html. When at that site:

1) Choose the database for the "Congressional Record";

2) Choose the year "1995";

3) Then enter the cited DOCID number for the document.

This will then generate a link, which you should then copy and paste into your web browsers address bar.

The Senate hearings indicated that there was profound dissatisfaction with the FAA generally. Testimony suggested that the management of the FAA had severely deteriorated since 1967 when the Department of Transportation was created and the FAA had been made an administration of the Department. Senator Inhofe noted that there had been "undue interference on the part of the Department of Transportation in the internal affairs of the Federal Aviation Administration." S. Hrg. 104-410 at 9. A pending Senate bill, S. 928, would have made the FAA independent of the Department of Transportation and would have allowed the FAA to develop its own personnel system on a pilot basis. See, S. Hrg. 104-410 at 15-16 (Comments of Senator Russell). Various proposals were put forward for solving these problems, including the possibilities of privatizing the FAA or making it an independent agency. See, e.g., S. Hrg. 104-410 at 2 (Comments of Sen. McCain). Two principal problems that were identified were the Department of Transportation's management of the personnel and procurement functions of the FAA. See, e.g., S. Hrg. 104-410 at 18 (Comments of Sen. Kassebaum).

H.R. 2002 (which eventually was enacted as the Appropriations Act) was introduced in the House of Representatives on July 11, 1995. Congressional Record Online [wais.access.gpo.gov] [DOCID:crl ljy95-2]. When the bill was reported out of the Senate Committee on Appropriations, a provision had been added (Section 350 of the bill as reported out of Committee), requiring the Secretary of Transportation to develop and to implement a new personnel management system for the FAA. See, Congressional Record Online [wais.access.gpo.gov] [DOCID:cr09au95-15] at S 12046.

In the debates on the proposed Section 350, Senator McCain noted the ongoing Senate hearings on FAA reform and stated that it is clearly a compelling requirement to reform our procurement process as far as FAA is concerned and reform the personnel aspect of it and, very

frankly, make them at least a quasi-independent agency." Congressional Record Online [wais.access.gpo.gov] [DOCID:cr09au95-18] at S12065. Senator Hatfield noted that, although reforms of the FAA would normally not be part of an appropriations bill, the administration had pleaded that urgent reform of the FAA personnel and procurement systems were required. Id., at 12067, quoting the president of the American Association of Airport Executives, where he noted that "the existing governmental personnel and procurement rules serve as a straitjacket at the FAA."

While the original bill (H.R. 2002) provided for the Secretary of Transportation to implement a new payroll management system for the FAA, this was changed in conference between the House and Senate. Instead of the Secretary of Transportation being given that authority, it was given to the Administrator of the FAA. See, Congressional Record Online [wais.access.gpo.gov] [DOCID:cr20oc95-52], at H 10491. Thus, the authority to control personnel decisions was shifted away from the Secretary of Transportation and over to the Administrator of the FAA.

On November 15, 1995, Pub. L. 104-50 was enacted as the Appropriations Act. 347(a) of the Act became 49 U.S.C. 40122(g)(1).

> **c.   The Secretary Of Transportation May Not "Employ" FAA Employee's As Defendant's Assert. The "Notwithstanding" Clause Was Necessary To Deal With Potential Conflicts Between The Implementation Of An Independent Personnel Management System By The FAA And Federal Personnel Laws In Both Title 5 And Title 49**

As of 1995, there were personnel laws relating to employees of the Department of Transportation and the FAA that were codified outside of Title 5. *Id.* Indeed, the employees of virtually every federal agency are subject to both the general personnel laws of Title 5 and also

to more specific personnel laws codified under the title relating to the particular agency. Among the laws in Title 49, was its general personnel section, 49 U.S.C. § 323, which was entitled "Personnel." That section provided that the "Secretary of Transportation may **appoint** and fix the pay of officers and employees of the Department of Transportation and may prescribe their duties and powers." This gave the Secretary of Transportation the authority to make personnel decisions with respect to every administration under the Department's control. See e.g., *Edmond v. U.S.*, 520 U.S. 651,656 (1997).

49 U.S.C. § 106 created the FAA and that version as of 1995, provided that the Secretary of Transportation "shall carry out the duties and powers, and controls the personnel and activities, of the Administration." 49 U.S.C. §106 (1994 ed.) As noted above, one of the last amendments to H.R. 2002 to bring 49 U.S.C. § 40122(g)(1) into its final form was to impose the mandate for implementing a new personnel management system on the Administrator of the FAA rather than the Secretary of Transportation. (Later in the 104th Congress, 49 U.S.C. § 106 was amended to shift personnel decisions away from the Secretary of Transportation and over to the Administrator of the FAA. See, Pub. L. 104 -264, § 223(a), now codified at 49 U.S.C. § 106(f).

The creation of an independent personnel management system by the FAA would have conflicted with at least two sets of then-controlling statutes. The first set of such laws were those in Title 5 of the United States Code, which generally set out civil service laws to be administered by the Office of Personnel Management. The second sets of laws were the personnel laws contained within Title 49 of the United States Code, relating more specifically to the personnel relationships of employees within the Department of Transportation. See, 49 U.S.C. § 323. While Congress decided to leave the FAA as an administration of the Department of Transportation, it also decided to sever the Department's control over the FAA's personnel

functions by requiring the FAA to develop and to implement its own personnel management system. Pub. L. 104-50, § 347(a), 49 U.S.C. § 40122(g)(1).

Thus, both the provisions of Title 5 and the express "Personnel" laws in Title 49 would have conflicted with Congressional intent to require the FAA to develop and to implement its own personnel management system, free from the Department of Transportation and the personnel management system generally applicable to federal employees. Congress must have been aware of departmental personnel statutes such as 49 U.S.C. § 323 being laced throughout the United States Code and even in uncodified sections of the public laws. Congress resolved any possible conflict between 49 U.S.C. § 40122(g)(1) and such statutes by the use of the "notwithstanding" clause in Section 347 of the Appropriations Act, now codified at 49 U.S.C. § 40122(g)(1).

Section 40122(g)(1) reads:

"In consultation with the **employees** of the Administration and such non-governmental experts in personnel management systems as he may **employ**, and notwithstanding the provisions of title 5 and other Federal personnel laws, the Administrator shall develop and implement, not later than January 1, 1996, a personnel management system for the Administration that addresses the unique demands on the agency's workforce. Such a new system shall, at a minimum, provide for greater flexibility in the hiring, training, compensation, and location of personnel." See 49 U.S.C. §40122(g)(1)

Section 40122(g)(1) exemplifies the exclusivity of powers granted the Administrator where he alone can "employ" experts in personnel management derived from 49 U.S.C. § 106(f). Again, section 106(f) provides the authority of the Administrator for the employment of all … employees of the Administration."  Becoming an employee of the "U.S. Department of Transportation" as Defendant's claim, is much different, it is a legal act where an individual receives an "appointment" to the "U.S. Department of Transportation"[4] and such is the exercise

---

[4] There are dozens of such personnel laws in the United States covering every department of the federal government. See, e.g., 7 U.S.C. § 64 and 16 U.S.C. § 590d (Secretary of Agriculture

of a power of government rooted in the Constitution. See 49 U.S.C. § 323(a). The Secretary of

Transportation, unlike the Administrator FAA, does not possess the authority to "employ"

employees. See and compare 49 U.S.C. § 323(a) with 49 U.S.C. § 106(f)(2)(A)(i).

The subtle but fundamental delineation in the role of this status is buttressed with

Defendant's factual admission to the claims stated at paragraph 30 admitting that Plaintiff's then

supervisor, Susan Marmet:

> "During all relevant times, Susan Marmet was **employed by the Federal Aviation**
> Administration at the High Desert Terminal Radar Approach Control Radar
> ("TRACON"), Edwards Air Force Base, California…." See Answer at ¶ 30.

And similar admitting that Plaintiff "was during all times material herein, an employee of

Defendant employed at the FAA's, High Desert TRACON, Edwards Air Force Base,

California…." See Complaint at ¶ 4.

The significance of "appointed status" as a critical factor in the federal employment

relationship was summarized in 1978 in the legislative history of the Civil Service Reform Act,

now codified as Title 5, a provision no longer applicable to Plaintiff. See e.g., *Kizas v. Webster*,

707 F.2d 524, 535 (D.C. Cir. 1983) (stating that "federal workers serve by appointment" rather

than by private-sector notion of contract). The Federal Circuit has also explained: "[F]ederal

workers serve by appointment, and their rights are therefore a matter of legal status…." See

*Karahalios v. National Fed'n of Fed. Employees, Local 1263,* 489 U.S. 527, 535 (1989).

---

personnel powers); 10 U.S.C. §§ 1601 and 2164; 12 U.S.C. § 1701c (Secretary of Housing and
Urban Development personnel powers); 13 U.S.C. § 23 and 24 (Secretary of Commerce
personnel powers); 19 U.S.C. § 2072 (Secretary of Treasury personnel powers); 20 U.S.C. §
3461 (Secretary of Education personnel powers); 21 U.S.C. § 393 (Secretary of Health and
Human Services personnel powers); 22 U.S.C. § 2581 (Secretary of State personnel powers); 30
U.S.C. § (Secretary of Interior personnel powers); 38 U.S.C. § 7 401 (Secretary of Veterans
Affairs personnel powers); 42 U.S.C. § 913 (Secretary of Health and Human Services personnel
powers).

This shows the relationship between the FAA and DOT is an irrelevant matter because the DOT is without authority to employ, but vested with authority only to appoint. What is relevant to this action is Plaintiff's prior employment by the FAA Administrator.

### d.  Applying This Circuit's *Morrison* Test, Defendant's Position Is Unsustainable And Meritless

Applying the forgoing, this Circuit applies a four part test "economic reality" test, asking "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." The test declares a finding of an employer is based on issues related to control. See *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001); see also *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

The first question, "the power to hire and fire" is resolve against Defendant's position. 49 U.S.C. § 106(f)(2)(a)(i) provides that the Administrator FAA is the final authority for the "employment of all employees" where as, the Secretary of Transportation, unlike the Administrator, FAA, has no authority employ employees, but rather only appointment authority to his offices. See and compare 49 U.S.C. § 106(f)(2)(a)(i) with 49 U.S.C. § 323(a).

The second question, "supervised and controlled employee work schedules or conditions of employment" is resolve against Defendant's position. 49 U.S.C. § 40122(g)(1) states in relevant part, the "Administrator shall develop and implement… a personnel management system for the Administration that addresses the unique demands on the agency's workforce…[providing] for greater flexibility in the hiring, training, compensation, and location of personnel." See 49 U.S.C. § 40122(g)(1). This exclusivity provision makes clear, that the

Secretary of Transportation cannot ever, supervise or control any aspect of Plaintiff schedule and any aspect of the conditions of employment but such is only reserved to the Administrator of the FAA.

The third question, "the rate" of payment is resolved against Defendant's position. 49 U.S.C. § 106(l) states in relevant part, "In fixing compensation …[of] employees, the Administrator shall not engage in any type of bargaining, except to the extent provided for in section 40122(a)…. See 49 U.S.C. § 106(l). As to 49 U.S.C. § 40122 *et seq.*, the Federal Circuit held that section 40122 *et seq.*, the FAA's "Personnel Management System" was "money-mandating" statute. See *Brodowy v. United States*, 482 F.3d 1370, 1375 (Fed. Cir. 2007). What is clear, it is certainly not the secretaries of Transportation who "determine[s] the rate of payment" but only the Administrator of the FAA.

The fourth question, "maintaining employment records" of payment is resolved against Defendant's position. Like the reasons and authorities provided in second question, concomitant with the Administrator's exclusive duties, "hiring, training, compensation, and location of personnel under 49 U.S.C. § 40122(g)(1), follows the duties of "maintaining employment records." See 49 U.S.C. § 40122(g)(1). This exclusivity provision makes clear, that the Secretary of Transportation cannot ever, "maintain employment records" because he my only "appoint" not "employ" and only the Administrator of the FAA may employ for the FAA.

Having shown the lynchpin to Defendant's defenses is erroneous, the "U.S. Department of Transportation is the proper party," Defendants remaining defenses fall in rapid succession. Because the Plaintiff was employed by the FAA which is not an "executive agency," Plaintiff therefore was not employed by the "Government of the United States." Defendant's "FIRST DEFENSE" fails as their Tucker Act claims are invalid, a prerequisite to a valid Tucker Act

claim, 28 U.S.C. § 1491(a)(1), is an action "against the United States." Not being against the "United States," this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Similarly, Defendants "THIRD DEFENSE," their Little Tucker Act argument fails for the same reason. Finally, Defendants "SECOND DEFENSE" fails because the Plaintiff was an "employee" as provided in 29 U.S.C. § 203(e)(1) and this Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331; 29 U.S.C. § 216(b) & 29 U.S.C. § 207(a).[5]

### III.  Judgment On The Pleadings Is Proper, Facts To The Law

#### a.  Because There Is No Material Fact In Dispute Pertaining To 'COUNT ONE" Judgment On The Pleadings Is Proper

The FLSA requires employers to compensate their employees at one-and-a-half times employees' regular rate of pay when they cause them to work more than forty hours a week. *See* 29 U.S.C. § 207(a)(1). There is no question that the FLSA is applicable to the FAA and Plaintiff as well. In another case, arising from similar claims and nearly identical to all other matters, the government Defendant moved for dismissal under Rule 12(b)(6). That Court denied the government Defendant motion stating, the "allegations fit comfortably within this [FLSA] template, and dismissal on grounds of failure to state a claim is not warranted." See *Whalen v. United States*, 80 Fed. Cl. 685, pg., 4 (2008). Moreover, Defendants in answer at paragraph 8, "Admitted" that "during all times material herein, [Plaintiff] was subject to the coverage of the FLSA." See Complaint at ¶ 8 and Answer at ¶ 8. Thus as a matter of fact and it has been held as a matter of law, the FLSA applies both to the employer and the employee in this action.

---

[5] The "FOURTH DEFENSE" is relevant only to "COUNT THREE" which disposition is not presently brought before this Court, but rather preserved.

In answer at paragraph 15, Defendants admit, the essential facts necessary to sustain a violation of section 207(a)(1) stating, "Defendants admit that it advised Plaintiff to obtain medical information in order to maintain his medical clearance" or work. See Answer at ¶ 15. Following the Supreme Court, this Court holds that the term ""work" in the [FLSA] to "mean physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." See *Summers v. Howard Univ.*, 127 F. Supp. 2d 27, 32 (D.D.C. 2000); citing, *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944). Defendants further admit at paragraph 12, they "had a regulation, policy, practice or custom which required Air Traffic Control Specialists to re-certify the medical clearance on a periodic basis and at FAA's expense." See Answer at ¶ 12.

Defendants do no deny their failure to pay the "forty-five" minutes of work Plaintiff spent beyond his forty hour work week obtaining the required medical documents. Rather Defendant's raise legal argument and "deny that it ordered and/or required and/or suffered and/or permitted Plaintiff to work in excess of 40 hours per week." See Answer at ¶ 16. This denial is incredible because as previously stated, Defendants admit they "advised Plaintiff to obtain medical information." Under FLSA, an employee is entitled to overtime pay if the employer "suffers or permits" the employee to work overtime. See 29 U.S.C. § 203(g); *see also* 29 C.F.R. § 785.11.[6]

The Supreme Court has repeatedly emphasized the expansive nature of that particular language, stating that "[a] broader or more comprehensive coverage of employees … would be

---

[6] "Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time." 29 C.F.R. § 785.11.

difficult to frame." *United States v. Rosenwasser*, 323 U.S. 360, 362 (1945); *see also, e.g.*, *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 300 n.21 (1985). The majority of other circuits have interpreted "suffers or permits" as requiring only that an employer "knows or has reason to believe the employee is continuing to work and the duties are an integral and indispensable part of the employee's principal work activity." *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975) (internal quotation marks and citations omitted); *see also, e.g.*, *Pabst v. Okla. Gas & Elec. Co.*, 228 F.3d 1128, 1133 (10th Cir. 2000); *Holzapfel v. Town of Newburgh, NY*, 145 F.3d 516, 524 (2d Cir. 1998); *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995); *Reich v. Dep't of Conservation and Natural Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994); *Forrester v. Roth's I. G. A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981). Moreover, the denial without more, is insufficient to overcome Plaintiff's sworn pleadings under penalty of perjury.

As to the issue of Defendant's willfulness under the FLSA, the D.C. Court of Appeals holds:

> "[A]t the  very least the employer's noncompliance is "willful" when he is cognizant of an appreciable possibility that he may be subject to the statutory requirements and fails to take steps reasonably calculated to resolve the doubt. We think, too, that the same conclusion follows when an equally aware employer consciously and voluntarily charts a course which turns out to be wrong. See *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 462-463 (D.C. Cir 1976) (*Laffey*).

Applying the *Laffey* standard, Defendants admit at complaint paragraph 8, Plaintiff "was subject to the coverage of the FLSA." See and compare, Complaint at ¶ 8 with Answer at ¶ 8. That admission alone demonstrates that the FAA was aware that they were subject of the statutory provisions of the FLSA which require overtime payment for work by an employee such as Plaintiff in excess of 40 hours in a week, but simply refused to comply with the law. See 29 U.S.C. § 207(a)(1). See also *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-9 (9th Cir. 2003), (noting that willfulness exists "where an employer disregarded the very possibility that it was violating

the [FLSA]" (internal quotation marks omitted)). Accordingly, judgment on the pleadings as to

Count One must be granted

### b. Because There Is No Material Fact In Dispute Pertaining To 'COUNT TWO" Judgment On The Pleadings Is Proper

The anti-retaliation provision of the FLSA states that it is unlawful for any person "to

discharge . . . any employee because such employee has filed any complaint[7] or instituted or

caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). In

order to establish a retaliation claim under the anti-retaliation provision of the FLSA, 29 U.S.C. §

215(a)(3), a Plaintiff must show that he "engaged in protected expression." *Scott v. Sunrise*

*Healthcare Corp.*, 195 F.3d 938, 940 (7th Cir. 1999). The Supreme Court has explained that the

FLSA is remedial and must be interpreted broadly. *Tennessee Coal, Iron & R.R. Co. v. Muscoda*

*Local No. 23*, 321 U.S. 590, 597 (1944) (explaining that the FLSA is "remedial and humanitarian

in purpose . . . [and] [s]uch a statute must not be interpreted or applied in a narrow, grudging

manner").

This Court holds like the majority of circuits, including the First, Third, Sixth, Eighth,

Ninth, Tenth and Eleventh, that informal complaints to an employer qualify as a protected

expression under the anti-retaliation provision of the FLSA, section 215(a)(3). See *Haile-Iyanu*

*v. Cent. Parking Sys. of Va., Inc.*, 2007 U.S. Dist. LEXIS 48153 pg. 13; see also *Valerio v.*

*Putnam Associates Inc.*, 173 F.3d 35 (1st Cir. 1999); *Brock v. Richardson*, 812 F.2d 121 (3d Cir.

1987); *EEOC v. Romeo Cmty. Schools*, 976 F.2d 985 (6th Cir. 1992); *Brennan v. Maxey's*

*Yamaha, Inc.*, 513 F.2d 179 (8th Cir. 1975); *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999);

---

[7] For purposes of this motion, plaintiff addresses only the formal/informal "complaint" made to the employer through the attached letter dated March 18, 2005..

25

*Love v. RE/MAX of America, Inc.*, 738 F.2d 383 (10th Cir. 1984); *EEOC v. White & Son Enters.*, 881 F.2d 1006 (11th Cir. 1989). Thus simply the making of a claim for overtime payment to one's employer is sufficient to invoke anti-retaliation provision of the FLSA.[8]

The complaint states in relevant part:

"On or about March 18, 2005, Plaintiff sent letter complaining the lack of payment for such work which Defendant ordered and/or required and/or suffered and/or permitted Plaintiff to perform."[9] See Complaint at ¶ 21.

Defendants pointing to "EXHIBIT TWO," a letter attached and incorporated into the complaint said "that letter is the best evidence of its contents." See Answer at ¶ 21.

That letter provides in relevant part:

"I [Plaintiff] was not credited with overtime for compliance with an Agency mandate… I have not received appropriate emoluments, or a reply, I request letter, if you believe that the positions stated are meritorious, denying the corrections." See Compliant at "EXHIBIT TWO".

That letter clearly and unambiguously shows Plaintiff made assertion of rights to overtime under the FLSA. In stating whether "you believe that the positions (the denial of overtime) stated are meritorious" then requesting documentary evidence in the form of a "letter" clearly shows Plaintiff's intent to file an action adverse to the employer. Plaintiff's request for a "letter" was nothing short of the precursor to file an action adverse to the employer. The claim for overtime itself is an engagement in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.[10]

---

[8] The facts stated in *Haile-Iyanu* are indistinguishable from those in the present action.

[9] In addition to the proceeding, plaintiff also stated, "See "EXHIBIT TWO" attached hereto and incorporated by reference." Complaint at ¶ 21.

[10] Moreover, subsequent events from the previously cited action, *Whalen v. United States*, 80 Fed. Cl. 685, clearly show plaintiff has actively encouraged other employees in asserting their FLSA rights, through being a named plaintiff in that collective action which included naming

In response to the just stated overtime claim, Defendant's replied in relevant part,

> "In regards to your requested overtime, the issue will be addressed shortly." See Compliant at "EXHIBIT THREE".

Under this Court's precedents, each of the preceding admissions are more than sufficient to sustain a violation of protected expression under the anti-retaliation provision of the FLSA.[11]

Additionally, because the conduct of Defendant was tortuous invalidates their Tucker and Little Tucker Act claims which the Court of Federal Clams has no jurisdiction.[12] See e.g., *Jentoft v. United States*, 450 F.3d 1342, 1350 (Fed. Cir. 2006)

Accordingly, judgment on the pleadings as to Count Two must be granted.

---

"50 anonymously-named Air Traffic Control Specialists"  (plaintiff herein was dismissed "without prejudice" (pg 11) therein pursuant to statute, 29 U.S.C. § 1500 after Judge Lettow made finding that "allegations fit comfortably within this [FLSA] template, and dismissal on grounds of failure to state a claim is not warranted." *Id* at pg 7. See http://www.uscfc.uscourts.gov/sites/default/files/LETTOW.WHALEN031208.pdf Last checked 11-22-08.

[11] The anti-retaliation provision does not require that the matter complained of, be actually sustained.

[12] Moreover, 29 U.S.C. § 216(b) provides in relevant part: "An action to recover the liability prescribed in either of the preceding sentences [(29 U.S.C. § 207(a) and 29 U.S.C. § 215(a)(3))] may be maintained against ***any employer*** (including a public agency) in ***any Federal*** or State ***court*** of competent jurisdiction." See 29 U.S.C. § 216(b), emphasis added. The United States Supreme Court holds the term "court of competent jurisdiction" "[U]ndoubtedly means a court of general jurisdiction, whether it be a State court or a Federal court; and as the very essence of the trial is to determine rights by a regular procedure in such court, after the usual methods, which rights are dependent on the laws of the United States…." See *Chambers v. Harrington*, 111 U.S. 350, 351 (1884); *United States v. Morton*, 467 U.S. 822, 828 (1984) "The concept of a court of "competent jurisdiction," … has also been used on occasion to refer to a court's jurisdiction over the defendant's person."; see also *Whitman v. DOT*, 547 U.S. 512 (2006) (ruling that absent an explicit statutory preclusion of federal court jurisdiction, the federal courts have jurisdiction); see also 28 U.S.C. § 1331.

**6) CONCLUSION**

Plaintiff was an employee of the Administrator FAA. As such, he was **not** an employee of the "U.S. Department of Transportation" thus the Unites States Government as made possible through Defendant's argument. Even so, an employee may have more than one employer within the meaning of the FLSA under the concept of "joint employment." Because Plaintiff was an employee as defined under 29 U.S.C. § 203(e)(1), this Court has jurisdiction over FLSA claims pursuant to 28 U.S.C. 1331; 29 U.S.C. § 216(b); 29 U.S.C. § 207(a) and 29 U.S.C. § 215(a)(3). All Defendants' defenses fail. Because there is no genuine issue of any material fact, Plaintiff respectfully requests that the Court enter judgment on the pleadings as to "COUNT ONE" and "COUNT TWO" in his favor.

Dated: January 26, 2009.


Respectfully Submitted,



By;_____
/sGreg Morgan
Plaintiff, pro se.