**Greg Morgan**
**2010 W. Ave K #427**
**Lancaster, CA 93536**
**Telephone: (661) 339-9684**
**Fax: (661) 952-1902**
**Email: greg@morganclan.mobi**
**Pro Se**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**FEDERAL AVIATION ADMINISTRATION, et al.,**<br><br>　　　　　**Defendants.** | **Case No.:** 1-07-cv-01748 (RMU)<br><br>**PLAINTIFFS' APPENDIX IN SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS (COUNT ONE AND COUNT TWO)** |

**PLAINTIFFS' APPENDIX IN SUPPORT OF HIS MOTION FOR JUDGMENT**

**ON THE PLEADINGS (COUNT ONE AND COUNT TWO)**

_____

# 1)  STATUTES RELEVANT TO PLAINTIFF'S CAUSES OF ACTION

**I.  Statutes Declaring Plaintiff's Employee Status-Not Of The DOT, And Declaring The Administrator, FAA Is Plaintiff's Employer**

**a)  49 U.S.C. § 106(a)**, declares the relationship of the FAA to the DOT. 49 U.S.C. § 106(a) provides:

    The Federal Aviation Administration is an administration in the Department of Transportation. See 49 U.S.C. § 106(a).

b) **49 U.S.C. § 106(b)**, declares the authority of the Administrator and limits his/her relationship to the Secretary of Transportation vis the Department of Transportation. 49 U.S.C. § 106(b) provides:

    The head of the Administration is the Administrator... Except as provided in subsection (f) or in other provisions of law, the Administrator reports directly to the Secretary of Transportation. See 49 U.S.C. § 106(b).

c) **49 U.S.C. § 106(f)(2)(A)(i),** establishes Plaintiff is an employee of the Administrator FAA, and in addition, the statute severs any and all relationship with the DOT. 49 U.S.C. § 106(f)(2)(A)(i) provides and declares:

    The Administrator— is the final authority for carrying out all functions, powers, and duties of the Administration relating to—the … employment of all … employees of the Administration.[1] See 49 U.S.C. § 106(f)(2)(A)(i).

d) **49 U.S.C. § 106(f)(2)(A)(iv),** establishes the basis for the terms of Plaintiff employment with the FAA and reiterates again Plaintiff's status as an employee of the Administrator, FAA free of the DOT. 49 U.S.C. § 106(f)(2)(A)(iv) provides and declares:

    The Administrator— is the final authority for carrying out all functions, powers, and duties of the Administration relating to any obligation imposed on the Administrator, or power conferred on the Administrator, by the Air Traffic Management System Performance Improvement Act of 1996 (or any amendment made by that Act). See 49 U.S.C. § 106(f)(2)(A)(iv).

---

[1] This is a highly distinguishable and controlling element in the law. As discussed later for example, were Plaintiff and employee of the "U.S. Department of Transportation" as Defendants urge, he therefore *would not have been* an **employed** employee of the FAA but rather would have been an **appointed** employee pursuant to e.g., 49 U.S.C. § 323(a). Section 323(a) provides in relevant part: "The Secretary of Transportation may **appoint** and fix the pay of officers and employees of the Department of Transportation…."See 49 U.S.C. § 323(a), emphasis added.

e) **49 U.S.C. § 106(f)(2)(D),** reiterates the independence of the FAA for any matter which the Administrator is the final authority. 49 U.S.C. § 106(f)(2)(D) provides and declares:

> The Administrator—except as otherwise provided for in this title, and notwithstanding any other provision of law, shall not be required to coordinate, submit for approval or concurrence, or seek the advice or views of the Secretary or any other officer or employee of the Department of Transportation on any matter with respect to which the Administrator is the final authority. See 49 U.S.C. § 106(f)(2)(D).

f) **49 U.S.C. §§ 40122(g) and (g)(1),** declares Plaintiff's employment terms, specifically, as an employee of the Administrator, FAA, he is not subject to the provision of Title V as well as any other "Federal personnel laws" such as those promulgated by the DoT under Title 49. 49 U.S.C. §§ 40122(g) and (g)(1) provides:

> Personnel Management System.— In general.— In consultation with the employees of the Administration and such non-governmental experts in personnel management systems as he may employ, and notwithstanding the provisions of title 5 and other Federal personnel laws, the Administrator shall develop and implement, not later than January 1, 1996, a personnel management system for the Administration that addresses the unique demands on the agency's workforce. Such a new system shall, at a minimum, provide for greater flexibility in the hiring, training, compensation, and location of personnel. See 49. 49 U.S.C. §§ 40122(g) and (g)(1).

g) **49 U.S.C. § 40122(g)(2),** reiterates that Plaintiff is not subject to Title V except those sections specifically reserved and subject to the specified conditions being met, gains an 'as an employee for the purposes of' status needed to invoke the reserved provisions. 49 U.S.C. § 40122(g)(2) provides and declares:

> Applicability of title 5.— The provisions of title 5 shall not apply to the new personnel management system developed and implemented pursuant to paragraph (1). See 49 U.S.C. § 40122(g)(2).

## II. Provisions Of The FLSA Granting The Right To Sue

h) **29 U.S.C. § 203(d),** is a provision within the FLSA providing the statutory definition of "Employer" fitting comfortably as to the relationship of the Administrator to Plaintiff. 29 U.S.C. § 203(d) provides:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency…. See 29 U.S.C. § 203(d).

i) **29 U.S.C. § 203(e)(1),** is another provision of the FLSA providing the statutory definition of Plaintiff's status for purposes of this action. 29 U.S.C. § 203(e)(1) provides:

> 29 U.S.C. § 203(e)(1) Except as provided in paragraphs (2), (3), and (4), the term "employee" means any individual employed by an employer. See 29 U.S.C. § 203(e)(1).

j) **29 U.S.C. § 207(a)(1)**, mandates that Plaintiff shall be paid for any work performed in excess of forty hours in a given week. 29 U.S.C. § 207(a)(1) provides in part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).

k) **29 U.S.C. § 215(a)(3)**, broadly declares any discriminatory or retaliatory act taken against an employee such as Plaintiff is strictly prohibited. 29 U.S.C. § 215(a)(3) provides in relevant part:

> [I]t shall be unlawful for any person—to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding…. See 29 U.S.C. § 215(a)(3).

l) **29 U.S.C. § 216(b)**, grants Plaintiff a right of action against anyone who fails to compensate an employee for work in excess of forty hours, grants in the case where a discharge has occurred, "legal or equitable relief," and grants this Court the authority to hear and determine the matters raised in this action. 29 U.S.C. § 216(b) provides in relevant part:

> Damages; right of action; attorney's fees and costs; termination of right of action
> Any employer who violates the provisions of section … 207 of this title shall be liable to the employee … in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215 (a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215 (a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one … for and in behalf of himself…. See 29 U.S.C. § 216(b)**.**

### III. Statutes Granting This Court Jurisdiction Over This Action

m) **28 U.S.C. § 1331**, grants this Court jurisdiction to decide FAA's violation of Plaintiff's FLSA rights. 28 U.S.C. § 1331 provide:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331.

### IV. The Defendant's Legal Theory For All Of Their Defense

n) **29 U.S.C. § 203(e)(2)(A)(ii)**, provides the core rational for the Defendants erroneous legal position (defenses). 29 U.S.C. § 203(e)(2)(A)(ii) provides in relevant part:

> In the case of an individual employed by a public agency, such term means— any individual employed by the Government of the United States— … in any executive agency (as defined in section 105 of [title 5])…." See 29 U.S.C. § 203(e)(2)(A)(ii).

Defendants assert that Plaintiff's employer was not the FAA, but rather assert the "U.S. Department of Transportation." Upon that erroneous position therefore, Defendants assert

that Plaintiff's employer was for FLSA purposes ultimately, the "United States Government" because the "U.S. Department of Transportation" is an "executive agency" as defined pursuant to 5 U.S.C. § 105.

o) **5 U.S.C. § 105**, provides in relevant part:

> For the purpose of this title, "Executive agency" means an Executive department, a Government corporation, and an independent establishment.

Yet because Plaintiff sues the FAA in its exclusive capacity as his (former) employer, as shown a capacity which the "U.S. Department of Transportation" is not and cannot be, means this is not an action against the "United States Government" thus no Tucker or Little Tucker Act jurisdiction applies but rather 28 U.S.C. § 1331.

p) **28 U.S.C. § 1491(a)(1)**, provides in relevant part:

> "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress… for liquidated or unliquidated damages in cases not sounding in tort..." See 28 U.S.C. § 1491(a)(1).

Like the previous, Defendant's assertion that the Court of Federal Claims has jurisdiction pursuant to Tucker or Little Tucker Act (28 U.S.C. § 1346(a)(2)) jurisdiction fails not only because this action is not against the "United States Government" but also the Court of Federal Claims has no jurisdiction for any matter which sounds in tort. It is well settled that a reprisal in violation if the anti-retaliation provision within the FLSA is a tort. See e.g., *Jentoft v. United States*, 450 F.3d 1342, 1350 (Fed. Cir. 2006).

Dated: January 26, 2009

                                                Respectfully submitted,

                                                By: _____

                                                  s/Greg Morgan
                                                    Pro Se