**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GREG A. MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C. A. No. 07- 01748 (RMU)** |
| | ) | |
| **U.S. DEPARTMENT OF TRANSPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR**
**SUMMARY JUDGMENT, AND OPPOSITION TO**
**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant in the above-captioned case, through its under-signed attorneys, respectfully moves this Court to dismiss this case on the grounds that it is barred by the doctrine of *res judicata*. Fed. R. Civ. P. 12(b)(6). This case is barred, because the United States Court of Appeals for the Federal Circuit entered judgment in the Defendant's favor based on the same facts that Plaintiff raises in the present case. Morgan v. Department of Transportation, Docket No. 2007-3201, 2008 WL 5000276, *slip op.* (Fed. Cir. November 24, 2008). For this and other reasons, Defendant also opposes plaintiff's Motion for Judgment on the Pleadings. Because documents outside of the pleadings are presented in support of this motion, Defendant also moves for summary judgment pursuant to Fed. R. Civ. P. 56.[1] A memorandum in support of this motion, a statement of material facts not in dispute, and a proposed Order are filed herewith.

Plaintiff should take notice that any factual assertions contained in the accompanying documents in support of defendant's motion will be accepted by the Court as true unless the

---

[1] Although case law in this jurisdiction establishes that a moving party need not convert a Fed. R. Civ. P. 12(b)(6) motion to dismiss into a motion for summary judgment in a case like this which relies on administrative and judicial precedent, Defendant does so here in an abundance of caution, should the Court believe otherwise. See e.g., Covad Commc'ns. Co. v. Bell Atl. Corp. 407 F.3d 1220, 1222 (D.C. Cir. 2005) (a court may refer to other opinions in considering a Rule 12(b)(6) motion); Conecuh-Monroe Cmty. Action Agency v. Bowen, 852 F.2d 581, 583 (D.C. Cir. 1988) (taking judicial notice of an administrative decision).

plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in

defendant's attachments.  See Neal v. Kelly, 963 F.2d 453. 457 (D.C. Cir. 1992); see Fed. R.

Civ. P. 56(e), which provides as follows:

> (1)    *In General.*  A supporting and opposing affidavit must be
> made on personal knowledge, set forth such facts that would be
> admissible in evidence, and show that the affiant is competent
> to testify to the matters stated.  If a paper or part of a paper is
> referred to in an affidavit, a sworn or certified copy must be
> attached to or served with the affidavit.  The court may permit
> an affidavit to be supplemented or opposed by depositions,
> answers to interrogatories, or additional affidavits.

> (2)    *Opposing Party's Obligation to Respond.*  When a motion
> for summary judgment is properly made and supported, an
> opposing party may not rely merely on allegations or denials in
> its own; rather, its response must—by affidavits or as
> otherwise provided in this rule—set out specific facts showing
> a genuine issue for trial.  If the opposing party does not so
> respond, summary judgment should, if appropriate, be entered
> against that party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREG A. MORGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 07- 01748 (RMU)** |
| | ) |
| **U.S. DEPARTMENT OF TRANSPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT, AND OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant moves to dismiss this case on the grounds that it is barred by the doctrine of res

judicata, because plaintiff has brought the identical action before in Morgan v. Department of

Transportation, Docket No. 2007-3201, 2008 WL 5000276, *slip op.* (Fed. Cir. November 24, 2008).

For the Court's convenience, a copy of the Morgan decision is attached as Exhibit 1.  The Court

dismissed the appeal with prejudice on the merits, and made factual findings about issues that this

Court would be required to address in this case. The doctrine of res judicata bars the present action

and requires dismissal of the case.  For this and other reasons, defendant also opposes plaintiff's

Motion for Judgment on the Pleadings.

### I.      Procedural Background

#### A.      Plaintiff's First Unsuccessful Attempt at Litigating the Instant Case.

In October 2005, Defendant removed Plaintiff from his employment with the Federal

Aviation Administration (FAA).  Plaintiff appealed his removal to the Merit Systems Protection

Board (MSPB), alleging whistleblower retaliation and uncompensated overtime.  The MSPB

sustained the removal action. <u>Morgan v. Department of Transportation</u>, Docket No. SF-0752-06-

0090-I-1 (July 14, 2006). Exhibit 2, hereto.  Specifically, the Administrative Judge determined that

Plaintiff threatened to kill a coworker, worked beyond shift without authorization and had not been

subjected to retaliation because of his whistleblower disclosures. <u>Id.</u> at 18, 22, and 27.  This decision

became the final Board decision on March 22, 2007.  <u>Id.</u>

Plaintiff appealed the final MSPB decision to the United States Court of Appeals for the

Federal Circuit. <u>Morgan v. Department of Transportation</u>, Docket No. 2007-3201, 2008 WL

5000276, *slip op.* (Fed. Cir., November 24, 2008).  In his appeal, Plaintiff argued that the FAA and

not the Department of Transportation (DOT) was the appropriate respondent. <u>Morgan</u>, *supra*, 2008

WL at *4, FN. 1.  Rejecting Plaintiff's argument, the Court affirmed the MSPB decision.

### B.      **Plaintiff's Attempt at Relitigating His Removal Action**.

On September 28, 2007, Plaintiff filed the instant complaint.  Docket Entry #. 1 (Plaintiff's

Complaint).  In his complaint, Plaintiff alleges a violation of the Fair Labor Standards Act (FLSA)

on February 16, 2005, because the FAA allegedly required him to work forty-five minutes in excess

of 40 hours per week without compensation.  Plaintiff's Complaint ¶¶15-17.  Plaintiff also alleged

he was removed in retaliation for his raising a FLSA claim.  Plaintiff's Complaint ¶¶21-26.  Lastly,

he alleged that Susan Marmet violated the State of California anti-discrimination and anti-

harassment law, California Government Code §12940, because his medial documents reflected his

complaints of her alleged discrimination.  Plaintiff's Complaint ¶¶29-33.

### III.      **Factual Background**

### A.      **Plaintiff's Unauthorized Overtime**

Under the National Air Traffic Control Association (NATCA) collective bargaining agreement

(CBA), Article 38, Section 5, employees in the High Desert TRACON "are not eligible for

overtime pay for work in excess of eight hours in an administrative workday, except in cases where

they have been called in before the beginning, or held over beyond the end, of their scheduled

shift."  Exhibit 3 at p. 89.  On February 16, 2005, Plaintiff's request for an additional hour of duty

time after his shift was denied.  Yet, upon returning to the facility the next day, Plaintiff changed

his shift sign out time and claimed forty-five minutes of overtime for "medical."  The Federal

Circuit cited these facts in its findings and affirmance of the removal action for unauthorized

overtime.  Morgan, 2008 WL *2-3.

### B.    Plaintiff Threatened His Co-Worker

Roy K. Awana, Vice-President of the NATCA local bargaining unit in the facility, submitted

three separate sworn statements that Plaintiff threatened to kill another co-worker, Frank Ceruti.

Id.   After reviewing the record, the Federal Circuit affirmed a finding that Plaintiff had threatened

a co-worker.  Id.

### C.    Removal

Management proposed Plaintiff's removal on July 27, 2005.  The decision to remove Plaintiff

was sent to him on September 30, 2005.  The Federal Circuit affirmed the MSPB finding that the

removal was supported by clear and convincing evidence of both the unauthorized claim for

overtime and threatening a co-worker. Id. at *3-4.

## IV.  ARGUMENT

### 1.  A. Plaintiff's Complaint is Barred by *Res Judicata*.

By law, Plaintiff is not permitted the second bite of the apple that he seeks through this

complaint. This complaint must be dismissed because the plaintiff litigated the same issues,

claims and facts before the MSPB and Federal Circuit. See Ivey v. Paulson, 574 F.Supp.2d 141,

142-143 (D.D.C. 2008) (finding *res judicata* bars claims arising from the decision to terminate

plaintiff's employment that were litigated or could have been litigated before the MSPB).

Plaintiff's Federal court cases share the same nucleus of facts.  In both the present case and the Federal Circuit decision, the allegations at stake were the Plaintiff's claimed overtime on February 16, 2005; and Plaintiff's alleged termination in retaliation for his protected disclosures.  To address the propriety of Plaintiff's removal, the Federal Circuit determined the following facts: 1) Plaintiff's claimed overtime was unauthorized for February 16, 2005; 2) Plaintiff had been previously counseled and admonished for improperly claiming overtime for hours not worked; 3) the relevant Douglas factors were considered before the decision to remove Plaintiff was made; and 4) the Agency would have taken the removal action even absent his protected disclosures. Morgan, 2008 WL *2-4.

The claims in the present case necessarily require this Court to determine the same facts. Therefore, claim preclusion bars the re-litigation of these facts. See Drake v. Federal Aviation Administration, 291 F.3d 59, 66 (D.C. Cir. 2002), cert denied, 537 U.S. 1193 (2003) (concluding that two cases are considered to stem from the same cause of action "if they share the same nucleus of facts."); I.A.M. Nat'l Pension, Fund v. Indus. Gear Mfg. Co., 723 F.2d at 949 (D.C. Cir. 1983).[2]

Any general claim of harassment or discrimination, including a claim against Susan Marmet, is now barred because such claims could have been raised as defenses to the removal in the

---

[2]  See also Nader v. McAuliffe, 2009 WL 30251 (D.D.C. January 7, 2009)(holding that once "a court has decided an issue of fact or law necessary to its judgment, that decision precludes litigation of the issue in a suit on a different cause of action); Zellars v. United States, 578 F.Supp.2d 1, 3-4 (D.D.C. 2008) (holding that a single cause of action is focused on the "nucleus of facts" surrounding a transaction rather than the legal theories utilized by the parties, and that the factors to consider to determine if a claim arises from a previously litigated transaction include, in part, whether the facts are related in time, space, origin or motivation).

previous litigation.[3]  It makes no difference that Plaintiff raises a different legal theory in this

suit.  See Dynaquest Corp. v. United States Postal Service, 242 F.3d 1030, 1075 (DC Cir.

2001)(holding that under *res judicata,* a final judgment on the merits of an action precludes

parties from relitigating issues that were or could have been raised in that action); U.S. V. U.S.

Gypsum, 51 F. Supp. 613, FN. 17 (D.D.C. 1943)(holding that the test is whether the wrong for

which redress is sought is the same wrong for which redress was sought in the former suit, and

not whether the complaint sets forth grounds for relief which were not set forth in the former

complaint).  Therefore, Morgan, 2008 WL 5000276, *slip op.* (Fed. Cir. November 24, 2008),

precludes Plaintiff from litigating all of the claims raised in this present complaint, so his

complaint must be dismissed.  See e.g. Ivey, 574 F.Supp.2d at 142-143.[4]

### 2.  B.  The Allegation that the FAA is the Proper Party Defendant is Without Merit.

If the FLSA limited the definition of employer to agency, it is clear that the party

defendant in this case would be the Secretary of the Department of Transportation, the head of the

Executive Department in which Plaintiff was employed.  See e.g. Stephenson v. Simon, 427 F. Supp.

467, 470-471 (D.D.C. 1976)(finding that the defendants who were the head of the Alcohol Tobacco

and Firearms (ATF) were not the proper party defendants because the ATF was not an independent

establishment or unit, and  because 5 USC §105 defined "agency" as the 11 Executive Departments.)

---

[3] To the extent Plaintiff may be attempting to raise a claim under Title VII of the Civil Rights
Act, the record is void of any EEO protected activity and Defendant knows of none.  Moreover,
to the extent that he is attempting to raise a state court claim in this Court, he has failed to allege
the authority upon which he relies for the waiver of sovereign immunity to proceed in this Court.
Additionally, because Plaintiff's Complaint is not fairly read to include a claim against Ms.
Marmet in her personal capacity, this motion is not intended to waive any defenses Ms. Marmet
may have as an individual in this law suit if it continues beyond the dispositive motion stage.

[4] If Plaintiff attempts to argue that the Federal Circuit decision was wrong, it must be noted that the
*res judicata* consequences of the previous final decision will not be altered, even if the judgment was
wrong.  Dynaquest, 242 F.3d at 1075.

The reality is that the FLSA is not this restricted.  Instead, the FLSA defines the liable party or party

defendant as "any person acting directly or indirectly in the interest of an employer in relation to an

employee."  28 U.S.C. 203(d).   While the breadth of FLSA is an intriguing concept, the decision

about who is the party defendant in this case has no practical effect on the outcome or Plaintiff's

rights.  In fact, the collective bargaining agreement specified when overtime could be assigned and

required that it be equitably distributed.  See NATCA, Article 38, Section 1, p. 88.  As a result, the

FAA managers, including Ms. Marmet, acted within the scope of their employment as government

agents when they approved or disapproved overtime.  Accordingly, whether the DOT or FAA is the

named party is of no consequence to this law suit.

## V.  Conclusion

For the foregoing reasons, Defendant respectfully requests dismissal of the complaint and

denial of Plaintiff's Motion for Judgment on the Pleadings.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served by First-Class mail postage

prepaid to:

GREG MORGAN
2010 W. Ave K #427
Lancaster, CA 93551

on this 9th day of February, 2009.

                                          _____/s/_____
                                          CLAIRE WHITAKER
                                          Assistant United States Attorney
                                          United States Attorneys Office
                                          Civil Division
                                          555 4th Street, N.W., Room E-4204
                                          Washington, D.C. 20530
                                          (202) 514-7137