Exhibit 1

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3201

GREG A. MORGAN,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

Greg A. Morgan, of Lancaster, California, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

*Exhibit 1*

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3201

GREG A. MORGAN,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752060090-I-1

DECIDED: November 24, 2008

Before NEWMAN and SCHALL, Circuit Judges, and PATEL, District Judge.[*]

PER CURIAM

## DECISION

Greg A. Morgan appeals the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Federal Aviation Administration ("FAA" or "Agency") removing him from his position based upon two charges: (1) indirectly threatening a co-worker and (2) claiming unauthorized overtime. Morgan v. Dep't of Trans., 105 M.S.P.R. 647 (2007) (Table) ("Final Decision"). We affirm.

---

[*]    Honorable Marilyn H. Patel, District Judge, United States District Court for the Northern District of California, sitting by designation.

DISCUSSION

I.

Prior to his removal, Mr. Morgan was employed as an Air Traffic Control Specialist at the FAA's High Desert Terminal Radar Approach Control facility at Edwards Air Force Base. On September 30, 2005, the FAA removed Mr. Morgan for indirectly threatening a co-worker and for working beyond his scheduled shift without authorization, and then claiming overtime. The events giving rise to these charges were as follows:

On February 16, 2005, Mr. Morgan was scheduled to work until 1:45 pm but he failed to sign-out. Consequently, his supervisor annotated the log sheet to indicate that Mr. Morgan had left at the end of his scheduled shift. During his next shift, Mr. Morgan changed the log sheet to indicate that he signed out at 2:30 pm and that he had worked forty-five minutes of overtime. According to Mr. Morgan, on February 16, one of his supervisors, Susan Marmet, ordered him to obtain a medical document before his next shift, and the forty-five minutes he claimed was spent doing that.

On February 22, 2005, Mr. Morgan met with another supervisor and a union representative, Roy Awana, to discuss the February 16, 2005 incident. Mr. Morgan was questioned about the forty-five minutes of unauthorized overtime and given a proposed five-day suspension letter, stemming from another separate incident. After the meeting, Mr. Morgan and Mr. Awana went into the union office, where Mr. Morgan stated, in addition to various expletives, that he was going to kill one of his supervisors, Frank Ceruti. Mr. Morgan and Mr. Ceruti apparently had a long-term history of conflict. According to Mr. Awana, when Mr. Morgan stated that he would kill Mr. Ceruti, "the

words came from his whole being; the words came out like a roar." Mr. Awana then called the FAA Administrator's Hotline to report Mr. Morgan's threat. On July 27, 2005, Mr. Morgan was issued a Notice of Proposed Removal for the above incidents and he was subsequently removed on September 30, 2005.

II.

Mr. Morgan appealed his removal to the Board. On July 14, 2006, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision, sustaining Mr. Morgan's removal for indirectly threatening a co-worker and claiming unauthorized overtime. Morgan v. Dep't of Trans., SF-0752-06-0090-I-1, slip op. (M.S.P.B. July 14, 2006) ("Initial Decision"). The AJ explained that, while Mr. Morgan denied making the threatening remarks, the preponderance of evidence, including several sworn statements by Mr. Awana, showed that Mr. Morgan indirectly threatened to kill Mr. Ceruti. Additionally, the AJ determined that the preponderance of evidence showed that Mr. Morgan claimed forty-five minutes of overtime without authorization. The AJ also ruled that the FAA's penalty of removal was reasonable and not in retaliation for whistleblowing, which would, if true, violate the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified at various sections of 5 U.S.C.) ("WPA"). The Initial Decision became the final decision of the Board on March 22, 2007, when the Board denied Mr. Morgan's petition for review. Final Decision. This appeal followed. We have jurisdiction over his appeal pursuant to 28 U.S.C. §1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Mr. Morgan makes several arguments on appeal; we address them in turn.

IV.

Mr. Morgan argues that the Board erred in finding that he threatened to kill Mr. Ceruti, because it misapplied the evidentiary factors outlined in Metz v. Dep't of Treasury, 780 F.2d 1001 (Fed. Cir. 1986), for determining whether a Government employee threatened someone.  In addition, Mr. Morgan contends that Metz is in conflict with Virginia v. Black, 538 U.S. 343 (2003), and therefore should not have been applied in the first place. He also seems to argue that the FAA cannot discipline him for making an indirect threat because such conduct is a criminal offense under Section 422 of the California Penal Code.  Alternatively, if the FAA can punish him for making an indirect threat, Mr. Morgan asserts that the FAA was required to, and did not, prove that he violated section 422.

Because the Board's findings of fact are supported by substantial evidence and it did not err as a matter of law in its application of the law to the facts, we affirm the Board's ruling that Mr. Morgan indirectly threatened to kill a co-worker.  The Board considered substantial evidence that showed Mr. Morgan said he was "going to kill" Mr.

Ceruti, including sworn declarations from several co-workers and corroborating written memoranda. The Board then correctly applied the Metz factors to the record evidence and concluded that all five factors weighed in favor of sustaining the charge that Mr. Morgan had made an indirect threat. While the record included a statement from Mr. Morgan claiming that he never threatened Mr. Ceruti, the Board properly considered all of the record evidence and "it is not for this Court to reweigh the evidence before the Board." Henry v. Dep't of Navy, 902 F.2d 949, 951 (Fed. Cir. 1990).

In addition, contrary to Mr. Morgan's suggestion, Metz was appropriately applied as the controlling test and is not in conflict with Black. In contrast to Black, the issue before the Board was not whether Mr. Morgan could be convicted of a crime for his threat, but rather, whether he could be disciplined by his employer. Mr. Morgan's arguments regarding California Penal Code section 422 are similarly incorrect. The FAA may discipline its employees for the kind of conduct in which Mr. Morgan engaged. It was not required to prove that Mr. Morgan violated section 422 in order to support its disciplinary decision.

Regarding the Board's finding that he claimed forty-five minutes of unauthorized overtime, Mr. Morgan argues that the Board erroneously interpreted the term "working." Additionally, he argues that Ms. Marmet authorized his overtime when she required him to obtain medical documentation on February 16, 2005. Mr. Morgan also suggests that he did not "claim" overtime but instead was merely "requesting" it.

We will not disturb the Board's finding that Mr. Morgan claimed forty-five minutes of unauthorized overtime, because the Board's findings of fact are supported by substantial evidence and it did not err as a matter of law in its application of the law to

the facts.  The Board correctly concluded that Mr. Morgan's time spent obtaining his medical documentation was time worked.  Likewise, the Board properly considered all of the record evidence, for example a declaration from Ms. Marmet, and correctly determined that Mr. Morgan was not authorized to work beyond his scheduled shift.  Not only did Mr. Morgan fail to provide any evidence that he had been approved for overtime, but Ms. Marmet—the supervisor that allegedly authorized his overtime—directly contradicted Mr. Morgan.  Indeed, Ms. Marmet stated that she did not authorize him to obtain his medical documents and, in fact, was not even at work on the day in question.  Furthermore, the Board appropriately considered all of the record evidence and found that Mr. Morgan had in fact "claimed" overtime—a decision we will not disturb by reweighing the evidence before the Board.  See, e.g., Henry, 902 F.2d at 951.

V.

Turning now to Mr. Morgan's WPA contentions, the Board determined that he failed to prove his affirmative defense of protected whistleblowing.  The Board found that Mr. Morgan proved that he made two protected disclosures: (1) a disclosure that a co-worker made "materially, false, fictitious, or fraudulent statements" in a report and (2) a disclosure related to an alleged safety issue resulting from an order by management.  In addition, the Board found that these protected disclosures were contributing factors in his removal.  Consequently, the FAA had the burden of proving, by clear and convincing evidence, that it would have removed Mr. Morgan absent the protected disclosures.  Mr. Morgan argues that the Board erred in finding clear and convincing evidence that the FAA would have removed him absent his protected disclosures.  According to Mr.

Morgan, contrary to the Board's conclusion, the evidence shows he was removed because of his disclosures.

We affirm the Board's decision that there was clear and convincing evidence that the FAA would have removed Mr. Morgan absent the protected disclosures. The Board correctly considered the substantial record evidence and applied the relevant factors, such as the strength of the evidence supporting removal and the existence and strength of any motive by agency officials to retaliate against him. See Carr v. Social Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999). Importantly, the evidence submitted in support of the serious charge of threatening to kill a co-worker was clear and convincing. See, e.g., id. at 1325-26. Accordingly, the Board properly concluded that any possible retaliatory motive was strongly outweighed by the "compelling evidence" of Mr. Morgan's serious misconduct.

VI.

We now turn to Mr. Morgan's contention that the Board improperly sustained the FAA's removal decision. We will only overturn an agency's penalty determination if it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." O'Neill v. Dep't of Hous. & Urban Dev., 220 F.3d 1354, 1365 (Fed. Cir. 2000) (quoting Villela v. Dep't of Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984)). Contrary to Mr. Morgan's arguments, the Board properly found that his removal was reasonable and that the deciding official appropriately considered the factors in Douglas v. Veterans Admin., 5 M.S.P.B. 313 (1981). The Board correctly found that the deciding official considered, among other facts, the seriousness of Mr. Morgan's misconduct, past disciplinary problems, that his job required "immense responsibility for the lives and

property of others," and that many of his co-workers became uncomfortable around Mr. Morgan.   Subsequently, the deciding official appropriately applied the Human Resources Operating Instructions ("HROI") table of penalties, which supports removal for "threatening another."   Under these circumstances, we cannot properly disturb the FAA's decision to impose the penalty of removal.

In conclusion, there is substantial evidence to support both the Board's decisions that Mr. Morgan indirectly threatened to kill a co-worker and that he claimed unauthorized overtime.   In addition, the Board did not err in finding that there was clear and convincing evidence that Mr. Morgan would have been removed regardless of his protected disclosures, which precluded his affirmative defense of whistleblowing. Finally, we find no error with the decision that the FAA's removal was an appropriate penalty for his misconduct.[1]

---

[1]      Mr. Morgan also makes two additional arguments: (1) he suggests that the Board decision should be reversed because the FAA, not the Department of Transportation ("DOT"), is the proper respondent and (2) he challenges the FAA's withdrawal of his security clearance. Both of Mr. Morgan's allegations are without merit. Regarding the issue of whether the FAA should be the proper respondent, regardless of the FAA's independence over employment matters, it is still a subordinate administration within the DOT.  49 U.S.C. § 106(a) (2008).  Consequently, the DOT has frequently been the respondent in appeals to this Court from decisions of the Board involving employees of the FAA.  See, e.g., Elmore v. Dep't of Transp., 421 F.3d 1339 (Fed. Cir. 2005); Plasai v. Dep't of Transp., 228 Fed.Appx. 976 (Fed. Cir. 2007).  In addition, any possible error would have no effect on the outcome of his appeal. Regarding Mr. Morgan's challenge to the removal of his security clearance, the Board requires an adverse personnel action to obtain jurisdiction.  The withdrawal of a security clearance alone is not an adverse action however—a fact acknowledged by Mr. Morgan himself—and therefore the Board did not possess jurisdiction to hear this contention. See 5 U.S.C. § 7512 (1989); Dep't of Navy v. Egan, 484 U.S. 518, 530 (1988). Additionally, while removal is an adverse action, Mr. Morgan was not removed because his security clearance was withdrawn.  Rather, as explained above, supra Section IV, Mr. Morgan was removed because of his own misconduct.  In short, neither of Mr. Morgan's additional arguments warrants reversing the Board's decision.

For the foregoing reasons, the final decision of the Board is <u>affirmed</u>.

No costs.