1  Greg Morgan
   2010 W. Ave K #427
2  Lancaster, CA 93536
   Telephone: (661) 339-9684
3  Fax: (661) 952-1902
   Email: greg@morganclan.mobi
4  Pro Se

5

6

7
## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA
8

9  | GREG MORGAN, | **Case No.:** 1-07-cv-01748 (RMU) |
   | --- | --- |
10 | Plaintiff, | **PLAINTIFFS' REPLY MEMORANDUM TO HIS MOTION FOR JUDGMENT ON THE PLEADINGS (COUNT ONE AND COUNT TWO)** |
11 | v. | |
12 | FEDERAL AVIATION ADMINISTRATION, et al., | |
13 | | |
14 | Defendants. | |

15

16

17
## PLAINTIFFS' REPLY MEMORANDUM

## TO HIS MOTION FOR JUDGMENT ON THE PLEADINGS
18

19
## (COUNT ONE AND COUNT TWO)

20

21

22

23

24

25

# TABLE OF CONTENTS

**I.   Legal Standard** .................................................................................................... **2**

**II.   RELEVANT PROCEDURAL HISTORY** .......................................................... **3**

**III.   ARGUMENT** ...................................................................................................... **4**

    **A.**    **A Non-Party  Has No Rights In This Action** ................................................ **4**

    **B.**    **Defendant Federal Aviation Administration Had A Duty To Respond To Plaintiff's Motion For Judgment On The Pleadings; It Did Not** ............................. **7**

    **C.**    **The Non-Party's 12(B)(6) Motion Is Improper** ........................................ **8**

    **D.**    **There Was A Complete Failure To Plead Res Judicata As An Affirmative Defense** ......................................................................................................... **9**

    **E.**    **Likewise, Fed.R.Civ.P. 12(B)(6) Was Also Not Plead** ............................ **10**

    **F.**    **MSPB Has No Jurisdiction To Decide FLSA Claims Thus Res Judicata Does Not Apply** ......................................................................................................... **11**

    **G.**    **Even If Res Judicata Applies, Congress Has Waived It In These Circumstances** **14**

**IV.  CONCLUSION** ................................................................................................. **15**

## I.   <u>Legal Standard</u>

Under Fed.R.Civ.P. 12(c), a motion for judgment on the pleadings must be granted where "no material fact is in dispute and that [Plaintiff] is entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992). In evaluating a motion for judgment on the pleadings, the court may only consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint[1] and the answer. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Under Fed.R.Civ.P. 8(c), affirmative defenses to an action such as estoppel and res judicata, <u>*must*</u> be plead in the named defendant's answer, or it is lost not only to a later

---

[1] In the instant action, the complaint incorporated several attachments, including a 28 U.S.C. § 1746 compliant declaration, not only attesting that the facts stated in the complaint were true (sworn pleading) but also provided additional or supplementary facts.

1  dispositive motion, but also to the entire case. The rule provides in relevant part: In responding to

2  a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

3  …estoppel; res judicata…. See Fed.R.Civ.P. 8(c); *Dole v. Williams Enters., Inc.*, 876 F.2d 186,

4  189 (D.C. Cir. 1989) "[a] party's failure to plead an affirmative defense . . . generally results in

5  the waiver of that defense and its *exclusion from the case.*" The D.C. Circuit holds in no

6  uncertain terms that "Rule 8(c) means what it says: a party must first raise its affirmative

7  defenses in a responsive pleading before it can raise them in a dispositive motion." *Harris v.*

8  *Sec'y of the Dep't of Veterans Affairs*, 126 F.3d 339, 343, 345 (D.C. Cir. 1997).

9       Under Fed.R.Civ.P. 12(b), a named defendant must assert every defense to a claim for

10  relief *in their answer* or may by motion *before answer*, assert a defense such as failure to state a

11  claim upon which relief can be granted. The rule provides in relevant part: Every defense to a

12  claim for relief in any pleading must be asserted in the responsive pleading [otherwise] a party

13  may assert the following defenses by motion … (6) failure to state a claim upon which relief can

14  be granted … A motion asserting any of these defenses must be made before pleading…. See

15  Fed.R.Civ.P. 12(b) & 12(b)(6). *"Res judicata* is an affirmative defense that is generally pleaded

16  in a defendant's answer, but is also ***properly*** brought in a ***pre-answer*** Rule 12(b)(6) motion…."

17  *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.C. Cir. 2008) (emphasis added);

18  *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) "The defendants had moved to

19  dismiss for failure to state a claim, pursuant to Rule 12(b), FED. R. CIV. P. (or in the alternative,

20  for summary judgment). But Rule 12(b) was inapplicable: the defendants had already answered

21  the complaint."

22  **II.  RELEVANT PROCEDURAL HISTORY**

23       On or about:

24

25

| | | |
|---|---|---|
| 1 | 09/28/2007 | Plaintiff, Greg Morgan filed his original complaint and summons in the |
| 2 | | instant action naming the defendant parties as the Federal Aviation |
| 3 | | Administration and as an individual, one Susan Marmet; |
| 4 | 03/28/2008 | The named Defendants, the Federal Aviation Administration and Susan |
| 5 | | Marmet filed late their collective answer; |
| 6 | 01/26/2009 | Plaintiff, Greg Morgan moved the Court for an order for Judgment on the |
| 7 | | Pleadings; |
| 8 | 02/09/2009 | A ___non-party___ to this action filed a single page memorandum in opposition |
| 9 | | to the motion for Judgment on the Pleadings titled: "DEFENDANT'S |
| 10 | | OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE |
| 11 | | PLEADINGS" asking the Court to take notice of and "SEE DOCKET |
| 12 | | ENTRY # 8." |

**III. ARGUMENT**

   **A. A Non-Party Has No Rights In This Action**

At threshold, as provided above, on or about 03/28/2008, the Parties and named Defendants, the Federal Aviation Administration and Susan Marmet (hereinafter, collectively, the "Defendants") filed late their "responsive pleading," their answer. In that answer, the designated and named Defendant's stated in pertinent part:

> "***Defendants, the Federal Aviation Administration and Susan Marmet,*** by and through its undersigned counsel, hereby answers Plaintiffs' Complaint for Relief for Violation of Fair Labor Standards Act (FLSA) and FEHA, California Government Code Section 12940 et seq. as follows:". See Answer at pg., 1, emphasis added.

Fed.R.Civ.P. 7(2) provides: "The rules governing captions and other matters of form in pleadings apply to motions and other papers." See Fed.R.Civ.P. 7(2). Fed.R.Civ.P. 10, the rule governing the "Form of Pleadings including "Caption" and "Names of Parties" provides in pertinent part: "Every pleading must have a … Rule 7(a) designation" and among the seven

1   choice in Rule 7(a) include "an answer to a complaint." The remaining part of the Fed.R.Civ.P.

2   10(a) provides in pertinent part: "[T]he title of other pleadings, after naming the *first party on*

3   *each side*, may refer *generally to other parties*." See Fed.R.Civ.P. 10(a), emphasis added.

4   Defendant's caption named "GREG MORGAN" as the first party on Plaintiff's side and named

5   their first party as, "FEDERAL AVIATION ADMINISTRATION." Thereafter generally referring

6   to the other parties, Susan Marmet, Defendant's named her as "et al."[2] See Answer at Caption.

7       In their answer, Defendant's captioning was consistent with the rules and serves as an

8   admission as who the proper party is in this action. It is recognized that Defendants claimed as

9   their fifth defense the "proper defendant in this law suit is the U.S. Department of

10   Transportation." They also requested upon that claim "the named defendants should be

11   dismissed." See Answer at pg., 2.

12       Yet, in a purported opposition to Plaintiff's Motion For Judgment on the Pleadings, a

13   non-party made submission requesting this Court to take judicial notice of its own docket stating

14   in LARGE BOLD letters and font size in violation of the standing order requiring all submission

15   be "12-point" [3], "SEE DOCKET ENTRY # 8. The non-party stated as: "U.S. DEPARTMENT

16   OF TRANSPORATION" (spelling in original) while citing this case number, unilaterally

17   declared themselves as the defendant here as demonstrated by the caption.

18       As the Fed.R.Civ.P. provide, an action in commenced by filing a complaint. See

19   Fed.R.Civ.P. 3. Thereafter, a Summons is prepared "name[ing] the court and the parties", then

20   the Summons must "be directed to the defendant", state the time within which the defendant

21   must appear and defend and notify the defendant that a failure to appear and defend will result in

22

---

23   [2] Additionally, the attorney representing the Defendant's certified the "foregoing Defendants'

24   Answer to Complaint was sent by the Court's Electronic Case Filing System and first class mail to plaintiff." See Answer at Certificate of Service.

25   [3] See Standing Order at ¶ 2.

1   a default judgment against the defendant for the relief demanded in the complaint." Fed.R.Civ.P.

2   4(a)(1)(A) through (G). Further, Fed.R.Civ.P. 4(i)(2) requires service of the "summons and of

3   the complaint by registered or certified mail to the agency" who is the party named as the

4   defendant. See Fed.R.Civ.P. 4(i)(2). At the commencement of an action, it is upon completion of

5   this legal process which a party named becomes a defendant.

6         Likewise, to become a party in an ongoing action, also requires the fulfillment of the

7   legal process. See e.g., Fed.R.Civ.P. 17 through 25. Most certainly, to become a party to an

8   ongoing action requires court action. Initially, because no summons and no compliant was ever

9   served upon the non-party "U.S. DEPARTMENT OF TRANSPORATION" (spelling in original)

10   the Court other than to strike, lacks jurisdiction to entertain anything provided by them.

11         However, assuming that the non-party "U.S. DEPARTMENT OF TRANSPORATION"

12   (spelling in original) could make an opposition to Plaintiff's Motion for Judgment on the

13   Pleadings, it must become and be a party in the first place. See LCvR 7(b) "an opposing *party*

14   shall serve and file a memorandum of points and authorities in opposition to the motion."

15   Emphasis added. Here, because the non-party "U.S. DEPARTMENT OF TRANSPORATION"

16   made the motion in the first place, it has done so in contravention of LCvR 7(b).

17         More violations of the Rules become apparent because as the Defendant's claimed as

18   their fifth defense the "proper defendant in this law suit is the U.S. Department of

19   Transportation" and request upon that claim "the named defendants should be dismissed." See

20   Answer at pg., 2. To do so, requires court action not unilateral action. LCvR 7(j) instructs that if

21   "U.S. DEPARTMENT OF TRANSPORATION" wants "to intervene as a party" it must do so by

22   "motion accompanied by an original of the pleading setting forth the claim or defense for which

23   intervention is sought." See LCvR 7(j). Not only did "U.S. DEPARTMENT OF

24   TRANSPORATION" fail to meet the requirements of LCvR 7(j), it also failed to meet the

25   requirement of Fed.R.Civ.P. 24. See Fed.R.Civ.P. 24(c) stating that intervention comes by

1  motion. Additionally, LCvR 7(a) requires in pertinent part that a motion "include or be
2  accompanied by a statement of the specific points of law and authority that support the motion,
3  including where appropriate a concise statement of facts." And LCvR 7(c) requires a proposed
4  order supporting the motion for intervention.

5  Accordingly, before the Court could consider the merits of "U.S. DEPARTMENT OF
6  TRANSPORATION" demand to take notice of and "SEE DOCKET ENTRY # 8" it would have
7  to ignore the fact that jurisdiction is lacking to do so, the Court would have to overlook at least
8  seven significant violation of the Federal Rule of Civil Procedure and Local Rules. See *Jessup v.*
9  *Luther*, 227 F.3d 993, fn5 (7th Cir. 2000) (affirming lower Court's striking an intervention
10 motion *sua sponte* for a single violation of the Local Rules requiring an intervener to file a
11 memorandum of law supporting the motion). The violations of the Rules identified here are
12 significant because not only is Plaintiff denied the right to challenge the propriety of the named
13 Defendants claim as who is the proper party, "U.S. DEPARTMENT OF TRANSPORATION"
14 avoids Plaintiff's well plead and supported argument that the named Defendants are the proper
15 parties.

16 **B. Defendant Federal Aviation Administration Had A Duty To Respond To Plaintiff's**
17 **Motion For Judgment On The Pleadings; It Did Not**

18 LCvR 7(b) provides:

19 Within 11 days of the date of service or at such other time as the Court may direct, an
   opposing **party** shall serve and file a memorandum of points and authorities in
20 opposition to the motion. If such a memorandum is not filed within the prescribed
   time, the Court may treat the motion as conceded. See LCvR 7(b), emphasis added.
21

22 With emphasis on "party" the Local Rule calls for where in the circumstances present here, a
23 Motion for Judgment on the Pleadings is taken upon the Party named in the complaint and where
24 that same Party filed a responsive pleading (answer), that Party is obligated to respond to the
25 motion or otherwise suffer forfeiture or waiver.

1      In *Harris v. Sec'y of the Dep't of Veterans Affairs*, 126 F.3d 339, fn2 (D.C. Cir. 1997) the

2 court described the difference between a "forfeiture" (the failure to make the timely assertion of a

3 right) and a "waiver" (the intentional relinquishment or abandonment of a known right). Here

4 because the attorney(s) for the named Defendants signed their answer and were served with the

5 Motion for Judgment on the Pleadings and are the same attorney(s) who also represent the non-

6 party "U.S. DEPARTMENT OF TRANSPORATION", proves Defendants intent to "relinquish

7 or abandon" the right to respond to the merits of Plaintiff's motion.

8      Thus the named Defendants not only forfeited, they have waived their right to respond to

9 the motion as provided in the Local Rules. This leaves the Court with little to do, but enter

10 judgment against the Defendants as Plaintiff's motion is not just conceded, but intentionally

11 conceded. See also  *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 2 879 F.2d 873, 879 (D.C.

12 Cir. 1989) (holding "something … outweighs nothing every time."

13    **C.  The Non-Party's 12(B)(6) Motion Is Improper**

14      Assuming the Court considers the merits of non-party "U.S. DEPARTMENT OF

15 TRANSPORATION" demand4 to notice and explore Docket Entry #8, numerous additional

16 significant procedural violations become apparent. Docket Entry #8 consists of motion stated as:

17 "DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR

18 SUMMARY JUDGMENT, AND OPPOSITION TO PLAINTIFF'S MOTION FOR

19 JUDGMENT ON THE PLEADINGS", three exhibits, a statement of fact from "U.S.

20 DEPARTMENT OF TRANSPORATION" and a proposed order from "U.S. DEPARTMENT

21 OF TRANSPORATION".

22      The first significant procedural error occurs because an answer has been submitted in this

23 action. The motion by non-party "U.S. DEPARTMENT OF TRANSPORATION" asserts a

24 ―――――――――――――――――

25 [4] This demand is self-styled as "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS."

1    dismissal is warranted against itself (and certainly not the named Defendants)[5] pursuant to

2    Fed.R.Civ.P. 12(b)(6).

3          Fed.R.Civ.P. 12(b)(6) provides in relevant part: "A motion asserting [failure to state a

4    claim upon which relief can be granted] defenses *must be made before pleading* if a responsive

5    pleading is allowed." See Fed.R.Civ.P. 12(b)(6), emphasis added. Thus a motion pursuant to

6    Fed.R.Civ.P. 12(b)(6) at this stage is highly improper and disapproved because an answer has

7    been submitted. See *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir 2003) stating,

8    "The defendants had moved to dismiss for failure to state a claim, pursuant to Rule 12(b), FED.

9    R. CIV. P. (or in the alternative, for summary judgment). But Rule 12(b) was inapplicable: the

10   defendants had already answered the complaint"; see also *Smith-Haynie v. District of Columbia*,

11   155 F.3d 575, 578 (D.C. Cir 1998), "[W]e now explicitly hold that an affirmative defense may

12   be raised [only] by pre-answer motion under Rule 12(b)…."

13         Accordingly, non-party "U.S. DEPARTMENT OF TRANSPORATION" has waived its

14   right (if any) to bring a Rule 12(b) motion because the motion arrives post answer. *Harris v.*

15   *Sec'y of the Dep't of Veterans Affairs*, 126 F.3d 339, fn2 (D.C. Cir. 1997).

16   **D.  There Was A Complete Failure To Plead Res Judicata As An Affirmative Defense**

17         Assuming the Court considers the merits of non-party "U.S. DEPARTMENT OF

18   TRANSPORATION" untimely Fed.R.Civ.P. 12(b)(6) motion, it must also consider the reason

19   therefore of such motion. The motion further states in pertinent part:

20         "Defendant in the above-captioned case… respectfully moves this Court to dismiss
            this case on the grounds that it is barred by the doctrine of *res judicata*. Fed. R. Civ. P.
21         12(b)(6)." See non-party Motion.

22

23         *Res judicata* like *estopple* is one of the enumerated affirmative defenses listed in

24   Fed.R.Civ.P. 8(c). "*Res judicata* is an affirmative defense that is generally pleaded in a

25   _____

     [5] Stating in pertinent part: "Defendant in the above-captioned case, through its under-signed
     attorneys, respectfully moves this Court to dismiss this case…" See non-party Motion at pg., 1.

1   defendant's answer, but is also properly brought in a _pre-answer_ Rule 12(b)(6)…." *Hemphill v.*

2   *Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008), emphasis added. The law of this

3   circuit is explicit, the D.C. Circuit holds in no uncertain terms that "Rule 8(c) means what it says:

4   a party must first raise its affirmative defenses in a responsive pleading before it can raise them

5   in a dispositive motion." *Harris v. Sec'y of the Dep't of Veterans Affairs*, 126 F.3d 339, 343, 345

6   (D.C. Cir. 1997). Because the answer does not even mention res judicata, it is now not available

7   at all.

8

9   **E.  Likewise, Fed.R.Civ.P. 12(B)(6) Was Also Not Plead**

10   However, even assuming this Court would depart from the law of the Circuit, and allow a

11   post-answer 12(b)(6) motion and allow the un-plead defense of res judicata, like the other circuit

12   cited in *Harris*, it would enter uncharted territory. For those Circuit's, the essential element

13   necessary is not the pleading thus the preservation of the Fed.R.Civ.P. 8(c) defense, it is whether

14   the particular defense to claim under Rule 12(b) was preserved. In the instant circumstance,

15   Fed.R.Civ.P. 12(b)(6) "failure to state a claim upon which relief can be granted."

16   Those Circuits which do allow post answer 12(b)(6) motion require an examination of the

17   responsive pleading, the answer, because the issue is proper notice and they hold that such notice

18   can be derived from the answer itself. See e.g., *Harris*, 126 F.3d at 343 stating "The Supreme

19   Court has explained that the purpose of the pleading requirement of Rule 8(c) "is to give the

20   opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition

21   of an estoppel would be inappropriate."" (Internal citation omitted)

22   Applying that standard here, reveals not only did the answer fail to preserve res judicata

23   under Rule 8(c) and the non-party fails to bring a Rule 12(b)(6) motion before answer, the

24   answer does not even mention "failure to state a claim upon which relief can be granted." Rather

25   the answer states only "Plaintiff has failed to state a claim upon which relief may be _based_." See

Answer at pg., 1, emphasis added. Rather examining the answer as a whole demonstrates as presented, the words "may be _based_" comport to the failed/abandoned/waived Tucker Act defense asserting this Court lacked jurisdiction (Fed.R.Civ.P. 12(b)(1)). It is well settled that res judicata is a merits claim and not a jurisdictional claim.

Accordingly, because the answer does not preserve "failure to state a claim upon which relief can be granted" pursuant to Fed.R.Civ.P. 12(b)(6), the vehicle to even consider avoidance by res judicata, it has been waived.  See *Harris v. Sec'y of the Dep't of Veterans Affairs*, 126 F.3d 339, 343, 345 (D.C. Cir. 1997).

**F.  MSPB Has No Jurisdiction To Decide FLSA Claims Thus Res Judicata Does Not Apply**

Even in the Court were inclined to consider res judicata at this stage, it does not apply here. Under the doctrine of *res judicata,* also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Apotex, Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004). The doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Communs., Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting Restatement (Second) of Judgments at 6 (1982) (emphasis in original)). As such, it promotes the "purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Montana v. United States,* 440 U.S. 147, 153 (1979).

Thus, the doctrine res judicata precludes the parties from relitigating issues that were, or could have been, raised in the prior action, see, e.g., *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394,  398 (1981) and res judicata is applicable if: (1) The prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in

1   both cases. See *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983); *SBC*

2   *Communs., Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir. 2005).

3          On its face, everything offered by the non-party "U.S. DEPARTMENT OF

4   TRANSPORATION" even fails to establish the most basic requirement for res judicata, "same

5   parties." Assuming the Court ignore the illegal effort of the non-party as the party here, its

6   waiver its affirmative defense, its post answer effort at a Rule 12 motion, its waiver of a 12(b)(6)

7   claim, its compound multilayer judicial notice request[6], the Defendant in this action, Federal

8   Aviation Administration, was not a named party in the MSPB matter. The Court need not look

9   too far for that, "U.S. DEPARTMENT OF TRANSPORATION" statement of fact confirms

10  such.[7] And neither was there a "suit" and neither was there a "final judgment" and neither was

11  their "merits" determination.

12          To advance its erroneous res judicata claim, the non-party begins its argument in motion

13  with an erroneous foundation of law stating in part:

14          By law, Plaintiff is not permitted the second bite of the apple that he seeks through this
15          complaint. This complaint must be dismissed because the plaintiff litigated the same
            issues, claims and facts before the MSPB and Federal Circuit. See Ivey v. Paulson,
16          574 F.Supp.2d 141, 142-143 (D.D.C. 2008) (finding *res judicata* bars claims arising
            from the decision to terminate plaintiff's employment that were litigated or could have
17          been litigated before the MSPB).

18  The non-party's legal foundational error is found the FLSA which Plaintiff sues. 29 U.S.C. §

19  261(b) provides in relevant part:

20          An action to recover the liability prescribed in either of the preceding sentences
            [Section 206, 207 and 215 (a)(3)] may be maintained against any employer (including
21          a public agency) ***in any Federal or State court of competent jurisdiction*** by any one
            or more employees for and in behalf of himself or themselves and other employees
22          similarly situated. See 29 U.S.C. § 216(b), emphasis added.

23
    ─────────────────────────
24  [6] Fed.R.Evd. 201(d) does not require the Court to take "judicial notice" unless a *proper party* to
    the action so requests.

25  [7] See "U.S. DEPARTMENT OF TRANSPORATION" unsworn document titled
    "DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE."

The MSPB holds over and over again, its jurisdiction is not plenary because it is limited to those areas specifically granted by law, rule, or regulation. See 5 U.S.C. § 7701(a); *Cowan v. United States*, 710 F.2d 803, 805 (Fed. Cir. 1983). Additionally, an appellant in the MSPB has the burden of proving by preponderant evidence that the action he seeks to appeal is within the Board's jurisdiction. *See* 5 C.F.R. § 1201.56(a)(2)(i).

The MSPB is not a court; it has no jurisdiction to decide anything concerning the FLSA,[8] the law applicable to the FAA and anything regarding any overtime matter. See *Meeker v. MSPB*, 319 F.3d 1368, 1374 (Fed. Cir. 2003) holding "5 U.S.C. § 7701(c)(2)(C), gives the Board authority to consider whether any agency decision is not in accordance with law, but only with respect to agency decisions that are within the Board's jurisdiction. The Board does not have general jurisdiction to entertain any statutory challenge to an employment practice. Rather, the Board's jurisdiction is strictly confined to those matters over which it has been given jurisdiction by statute, rule, or regulation."; see also, *Whalen v. United States,* 80 Fed. Cl. 685, 688 (2008), holding the federal employment system created under Title V does not apply to the FAA but the FLSA being a law of general applicability does apply to the FAA.

Therefore, because jurisdiction pertaining to overtime matters rests exclusively with a federal or state court, the non-party's statement, its basis that res judicata applies, "that plaintiff litigated the same issues, claims and facts before the MSPB and Federal Circuit" is false. The first element to res judicata fails because Plaintiff had no *"chance* to litigate" his overtime claims because the MSPB is not a "forum with competent jurisdiction." See *SBC Communs., Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir. 2005).

---

[8] Likewise, the Federal Circuit Court of Appeals being only a court of review and as such cannot decide the issue either, unless the FLSA action was first presented to a district court. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1997).

### G.  Even If Res Judicata Applies, Congress Has Waived It In These Circumstances

As to any lingering doubt as to whether res judicata can be asserted or applied here, is nullified by statute. In the Complaint, Plaintiff said:

> "Greg Morgan ("plaintiff") was during all times material herein, an employee of defendant [Federal Aviation Administration] employed at the FAA's, High Desert TRACON, Edwards Air Force Base, California, as an Air Traffic Control Specialist, and was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203 (e)." See Complaint at ¶ 4.

Defendant FAA said in their responsive pleading, their answer to the above averment, "Admitted." See Answer at ¶ 4.

The Federal Circuit in *National Neighbors, Inc. v. United States*, 839 F.2d 1539 (Fed. Cir. 1988) discussing an election of forum held "Under the  Election Doctrine, only if the chosen forum has jurisdiction over the proceeding can a contractor's choice to pursue its claim in that forum be a binding election." *Id* at 1542-43. The Court determined because the forum elected had no subject matter jurisdiction in the particular circumstance, even though the matters arose from the same nucleolus of fact, res judicata could not apply. The Court stated that under the Election Doctrine, the binding election of forums is an "either-or" alternative, and, as such, does not provide a contractor with dual avenues for contesting a contracting officer's adverse decision.

Here, because it is true and admitted, that Plaintiff was an employee of the FAA, the FAA's employment laws apply to him. One such set of laws as discussed in the Motion for Judgment on the Pleadings, is 49 U.S.C. § 40122 *et seq.* Section (i) of 40122 provides such an election of forum, in fact, multiple forums. 49 U.S.C. § 40122(i) provides in relevant part: "Where a major adverse personnel action may be contested through more than one of the indicated forums … an employee must elect the forum … Nothing in this section is intended to

allow an employee to contest an action through more than one forum *__unless otherwise allowed by law__*."[9]

Clearly, 29 U.S.C. § 216(b) is such a law and allows an action be maintained against *__any employer__* *in any Federal or State court of competent jurisdiction*. Section 40122(i) serves not as an exclusivity of election, but as grants an election of multiple forums so long as another statute allows it. The Supreme Court said in *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982) that departure of "traditional rules of preclusion" do not apply where "plainly stated by Congress." And that assumes that the preclusion sought was "decided in a *court of competent jurisdiction*.

**IV. CONCLUSION**

Because Defendants' waived and forfeited their right to contest Plaintiff's Motion for Judgment on the Pleadings, and for foregoing reasons and those set forth in Plaintiff's accompanying memorandums of law and points of authorities, upon the pleadings, the original complaint and attached exhibits adopted thereto and hereto by reference, the answer, the appendix, the proposed order, the proof of service and upon such other and further matter(s) as the Court may consider in its decision of the matter supporting of his Motion for Judgment on the Pleadings, Plaintiff respectfully requests that the Court enter judgment on the pleadings as to "COUNT ONE" and "COUNT TWO" in his favor.

///

///

Dated: February 13, 2009

Respectfully submitted,

---

[9] See also *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) stating: The preeminent canon of statutory interpretation requires us to "presume that [the] legislature says in a statute what it means and means in a statute what it says there." (Citation omitted).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

By: _____

s/Greg Morgan
Pro Se