**Greg Morgan**
**2010 W. Ave K #427**
**Lancaster, CA 93536**
**Telephone: (661) 339-9684**
**Fax: (661) 952-1902**
**Email: greg@morganclan.mobi**
**Pro Se**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,** | **Case No.:** 1-07-cv-01748 (RMU) |
| **Plaintiff,** | **PLAINTIFFS' FIRST MOTION, POINTS OF LAW AND AUTHORITIES FOR A 30 DAY ENLARGEMENT OF TIME TO REPLY TO "DEPARTMENT OF" TRANSPORATION" MOTION PURSUANT TO Fed.R.Civ.P. 12(b)(6)** |
| **v.** | |
| **FEDERAL AVIATION ADMINISTRATION, et al.,** | |
| **Defendants.** | |

**PLAINTIFFS' FIRST MOTION, POINTS OF LAW AND AUTHORITIES FOR A 30 DAY ENLARGEMENT OF TIME TO REPLY TO "DEPARTMENT OF" TRANSPORATION" MOTION PURSUANT TO Fed.R.Civ.P. 12(b)(6)**

## I.  PURPOSE

As set forth below, pending before this Court are two dispositive motions. The first is **Plaintiff's Motion for Judgment on the Pleadings** (01/26/2009). The second is a non-party, "U.S. DEPARTMENT OF TRANSPORATION" (herein after "non-party") filed a Motion for Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and alternatively, Summary Judgment (02/09/2009).

Because Plaintiff's motion is properly set before this Court and the non-party's motion is not, additional time is needed to allow this Court to determine Plaintiff's rights and issues presented by his motion and reply and to take action. Additionally time is needed to address the

1  non-party's ("U.S. DEPARTMENT OF TRANSPORATION") motion not properly set before

2  the Court and allow the Court to take corrective action. The outcome of **Plaintiff's Motion for**

3  **Judgment on the Pleadings** is materially important as for instance, because the non-party has

4  no standing before this Court in this action, at threshold, does Plaintiff need to or should he even

5  submit a reply? Accordingly, an extension of time is appropriate, as the docket shows, Plaintiff's

6  Motion for Judgment on the Pleadings being filed first, and the Court can decide Plaintiff's

7  Motion and which effect would render any reply to the non-party's Fed.R.Civ.P. 12(b)(6) motion

8  moot.

9  **II.   RELEVANT PROCEDURAL HISTORY**

10         On or about:

11  09/28/2007    Plaintiff, Greg Morgan filed his original complaint and summons in the

12                instant action naming the defendant parties as the Federal Aviation

13                Administration and as an individual, one Susan Marmet;

14  03/28/2008    The named Defendants, the Federal Aviation Administration and Susan

15                Marmet filed late their collective answer;

16  01/26/2009    Plaintiff, Greg Morgan moved the Court for an order for Judgment on the

17                Pleadings;

18  02/09/2009    A ***non-party*** and without any process, claimed by conduct realized

19                through injecting itself into this action asserting it was the "Defendant's"

20                here and calling itself "U.S. Department of TRANSPORATION" filed a

21                purported response to Plaintiff's Motion for Judgment on the Pleadings,

22                titled: "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION

23                FOR JUDGMENT ON THE PLEADINGS" asking the Court to take

24                notice of and "SEE DOCKET ENTRY # 8.";

25

02/14/2009[1]   Plaintiff filed his "REPLY MEMORANDUM TO HIS MOTION FOR
JUDGMENT ON THE PLEADINGS (COUNT ONE AND COUNT
TWO)."

### III. POINTS OF LAW, AUTHORITY

Pursuant to this Court's Standing Order Number 5, while discouraged, upon showing of "good cause" the Court will consider motions for extension of time that:

a. are filed at least 4 business days[2] prior to the deadline the motion is seeking to extend; and

b. include:

i. the number of previous extensions of time granted;

ii. the good cause supporting the motion;

iii. a statement of the effect that the granting of the motion will have on existing deadlines;

iv. for a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply; and

v. a statement of the opposing party's position on the motion.

### IV. ARGUMENT IN SUPPORT OF MOTION FOR 30 DAY EXTENSION

**A. Number of Previous Extensions of Time Granted**

There have been no previous extensions of time

---

[1] Due to time zone differences, the Response was submitted on 02/13/2009.

[2] Plaintiff was unable to comply due to the time spent in preparing the response motion and due to the very recent birth of his child.

**B. Good Cause Supporting the Motion**

For the reasons provided in "PLAINTIFFS' REPLY MEMORANDUM TO HIS MOTION FOR JUDGMENT ON THE PLEADINGS (COUNT ONE AND COUNT TWO)" a summary of which include, a non- party filed the response to Plaintiff's Motion for Summary Judgment, filed a late Fed.R.Civ.P. 12(b)(6) motion (See *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir 2003)), failed to plead its Fed.R.Civ.P. 8(c) affirmative defenses among other things. Resolution of these issue are material to Plaintiff's rights because at threshold were this Court to untangle the multiple jurisdictional and rule violations, and if the Court were to actually exercise its discretionary authority and take Judicial Notice[3] and then convert the improper 12(b)(6) motion to motion for summary judgment, a response would be required.

An injustice is worked here because to oppose a motion for summary judgment, Plaintiff would have to assert facts in dispute, thus defeating his Motion for Judgment on the Pleadings as that motion depends upon no facts being in dispute as demonstrated in the *named* party Defendants responsive pleading (answer).

Moreover, the more sinister aspect of the non-party's motion is simply this, by what process did the non-party use other than to bully it way into this action by unilaterally injecting itself as the Defendant's? It is clear that such procedural shortcut is necessary for them because the foundation for a res judicata claim was lacking in the first instance, namely same party or privy.  The non-party by unilaterally injecting itself into this action solves that problem.

**C. Statement of the effect that the granting of the motion will have on existing deadlines**

Because there has been no pretrial conference, no deadlines have been set.

---

[3] Federal Rules of Evidence 201(c) "A court may take judicial notice…." And because the non-party's motions are not properly before the court, such notice is not mandatory. See Federal Rules of Evidence 201(d). And neither is the documents requested to be notice, authenticated.

**D.  For a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply**

Pursuant to LCvR 7(m), Plaintiff telephoned Ms. Clair Whitaker and informed her of his need to extend the deadline to reply to "U.S. DEPARTMENT OF TRANSPORATION[s]" Fed.R.Civ.P. 12(b)(6) motion and informed her he needed 30 additional days. Accordingly, the deadline to respond "U.S. DEPARTMENT OF TRANSPORATION[s]" Fed.R.Civ.P. 12(b)(6) motion would be March 23, 2009. See Declaration of Greg Morgan.

**E.  Statement of the opposing party's position on the motion**

In the telephone conversation with Ms. Clair Whitaker, she concurred with Plaintiff's request and said she would not oppose this motion for an extension of time of 30 days. However, subsequently on 02/17/2009, Plaintiff received an email from Ms. Whitaker stating:

> "I have now reviewed your reply and do not understand why you now need 30 days to respond to defendant's[4] motion.  Defendant cannot consent to such a lengthy request.  Please so indicate in your motion."

While she now fails to understand the need for 30 days, she does not withdrawal her concurrence that some extension of time is appropriate and neither does she state an amount of time that would be appropriate in her view.

**V.  CONCLUSION**

For the foregoing reasons and those set forth in Plaintiff's motion, memorandum of law and points of authorities, and Declaration of Greg Morgan supporting of his Motion for a 30 day enlargement of time, Plaintiff respectfully requests that the Court grant said motion.

---

[4] It is unclear whom she refers to as "Defendant" because her signature appears on the named and _proper party_ Defendant in this action, the Federal Aviation Administration and the _non-party_, "U.S. DEPARTMENT OF TRANSPORATION"

1    *///*

2    *///*

3    Dated: February 19, 2009

4                                          Respectfully submitted,

5                                          By: _____

6                                              s/Greg Morgan
                                             Pro Se

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DECLARATION OF GREG MORGAN IN SUPPORT OF HIS MOTION**

**FOR A 30 EXTENSION OF TIME**

I, Greg Morgan declare:

1. I have personal knowledge of the facts contained in this declaration and those facts stated therein being true, if called as a witness I am competent to testify thereto;

2. On February 16, 2009, I telephoned Ms. Clair Whitaker. In the telephone conversation, she concurred with Plaintiff's request and said she would not oppose this motion for an extension of time of 30 days;

3. Subsequently on 02/17/2009, Plaintiff received an email from Ms. Whitaker stating:

   "I have now reviewed your reply and do not understand why you now need 30 days to respond to defendant's[5] motion.  Defendant cannot consent to such a lengthy request.   Please so indicate in your motion.";

4. Recently, my wife gave birth; I now have a 2-week old daughter.

I certify under penalty of perjury that the foregoing is true and correct under the laws of the United States, 28 U.S.C. § 1746.

Executed on February 19, 2009, at Palmdale, California 93551.


By:

_____
/s Greg Morgan, Declarant.

---

[5] It is unclear whom she refers to as "Defendant" because her signature appears on the named and *proper party* Defendant in this action, the Federal Aviation Administration and the *non-party*, "U.S. DEPARTMENT OF TRANSPORATION"