UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREG A. MORGAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1748 (RMU) |
| FEDERAL AVIATION ADMINISTRATION, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

After a year of virtual inactivity on both sides, the parties have filed two motions. Plaintiff has filed a Motion for Judgment on the Pleadings. Docket Entry # 7.  Defendants have moved to dismiss or for summary judgment based on *res judicata* or *collateral estoppel*.  Docket Entry # 8.[1]  Defendants' motion is based on the fact that Plaintiff pursued his claims through the Merit Systems Protection Board to the United States Court of Appeals for the Federal Circuit, which denied his appeal in November 2008.  Docket Entry # 8.  Thus, after the Agency filed its answer in this case, the Federal Circuit entered judgment against Plaintiff on the same facts and issues raised in the present case.  Id.; see also Morgan v. Department of Transportation, Docket No. 2007-3201, 2008 WL 5000276, slip op. (Fed. Cir. November 24, 2008).  For this reason, Defendants respectfully moves this Court to permit the amendment of the Answer pursuant to Federal Rules of Civil Procedure (FRCP) 15(a). seeks to amend its answer to include the

---

[1] Defendants have captioned their dispositive motion as Morgan v. "Department of Transportation," not Federal Aviation Administration is part of the Department.  Plaintiff takes umbrage with this caption change.  Should the Court believe that the Department of Transportation is required to formally amend the caption of this case to reflect the proper party, Defendants will seek to do so.

affirmative defenses of res judicata and collateral estoppel.  Although these defenses are not "among the defenses which under FRCP 12(h) are waived if not raised in the original pleading," and there is precedent that they may be raised even on appeal  See e.g. Stevens v. Stover, 702 F. Supp. 302, 305 (D.D.C. 1988). and   , respectfully, in an abundance of caution Defendants are moving to amend the Answer.  Said Amended Answer is lodged as an attachment to this motion.  Exhibit 1.  A memorandum in support of this motion and proposed Order are filed herewith.

        Respectfully submitted,


        _____/s/_____
        JEFFREY A. TAYLOR , D.C. Bar # 498610
        United States Attorney


        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney


        _____/s/_____
        CLAIRE WHITAKER, D.C. Bar # 354530
        Assistant United States Attorney
        United States Attorneys Office
        Civil Division
        555 4th Street, N.W., Room E-4204
        Washington, D.C. 20530
        (202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
GREG A. MORGAN,                     )
                                    )
             Plaintiff,             )
                                    )
v.                                  )   Civil Action No. 07-1748 (RMU)
                                    )
FEDERAL AVIATION                    )
ADMINISTRATION, et al.,             )
                                    )
             Defendants.            )
_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

Defendants move to amend its answer to the Plaintiff''s complaint on the grounds that an intervening decision, Morgan v. Department of Transportation, Docket No. 2007-3201, 2008 WL 5000276, slip op. (Fed. Cir. November 24, 2008), supports the inclusion of additional affirmative defenses in the answer to Plaintiff''s complaint. For this and other reasons, Defendant seeks to amend its answer.

### Procedural History

On September 28, 2007, Plaintiff filed a complaint in this Court. On March 28, 2008, Defendant filed a timely answer to the complaint.[2] On November 24, 2008, the United States Court of Appeal for the Federal Circuit entered judgment in the Defendant''s favor based on the same facts that Plaintiff raises in the present case. See Docket Entry # 8 (Morgan v. Department

_____

[2] In his reply to Defendants' Opposition to Plaintiff's Motion for Judgment on the Pleadings, Plaintiff argues that Defendants were late in answering the complaint. However, as the attached declaration from the Civil Process Clerk in the Civil Division of the U.S. Attorney's Office for the District of Columbia reflects, the due date to answer was March 28, 2008, the date the answer was filed (Docket Entry # 2).

of Transportation, Docket No. 2007-3201, 2008 WL 5000276, slip op. (Fed. Cir. November 24, 2008).

## Argument

### A.   An Event That Occurred After Defendant Filed Its Answer Supports Granting Defendant Leave To Amend Its Answer.

Plaintiff is correct that FRCP 8(c) requires parties to set forth affirmative defenses, including *collateral estoppel* and *res judicata*, in its answer.  Yet, FRCP 15(a) provides that parties may amend their pleadings once as a matter of course.  In this case, Defendant has not previously amended its answer.  Under these circumstances, leave to file an amended complaint should be granted.

Even assuming for the sake of argument that Defendant must seek leave to amend, such leave is to be granted "freely," FRCP 15(a)(2),  and should be granted where there is no showing of "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Kontrick v. Ryan, 540 U.S. 443, 459 (2004) (holding that "[a]n answer may be amended to include an inadvertently omitted affirmative defense.")  In this case, the issuance of the Morgan decision, Docket No. 2007-3201, 2008 WL 5000276,  is the "type of transaction, occurrence or event that happened after the filing date of the answer" that permits this Court to allow supplementation of a defense.  FRCP 15(d).

In fact, permitting Defendant to supplement its affirmative defenses is consistent with prior precedent in this court.  In Stevens v. Stover, a former Metropolitan police officer filed a civil rights action against the federal officers involved in her arrest.  Stevens v. Stover, 702 F. Supp. 302-303 (D.D.C. 1988).  The central defense in the case was that the federal officers claimed absolute immunity with respect to common law claims and qualified immunity with

respect to constitutional claims.  Id.  The Court denied defendants claims of immunity.  Id.  Defendants appealed the issue, and at the same time, sought to amend their answer to include defenses of res judicata and collateral estoppel, because Plaintiff was barred from re-litigating issues of fact resolved by the Adverse Action Panel (AAP).  Id.   In the interim, the Supreme Court issued a decision that clarified the law relating to federal employees entitlement to immunity.  Id.  Plaintiff argued that Defendants should not be granted leave to amend their answer to add the defenses of res judicata and collateral estoppel because they should have raised these defenses when they filed their original answer.  Id.   In light of these intervening events, the Court granted Defendants leave to file an amended answer based on FRCP 15(a).  Id. at 304.  In addition, the court concluded that "*res judicata* nor *collateral estoppel* are among the defenses which under FRCP 12 (h) are waived if not raised in the original pleading."  Id., at 305.

Stevens is directly on point to the present case.  Defendant filed an answer.  Subsequently, the Federal Circuit issued a decision that made factual findings about the same actual matters that must be determined by this Court.  As a result, *collateral estoppel* or issue preclusion bars "re-litigation in a second cause of action matters of fact, which were determined in the first litigation."  McCord v. Bailey, 636 F.2d 606, 608 (D.C. Cir. 1980).[3]   Because of the

---

[3]  See also Allen v. McCurry, 449 U.S. 90, 94 (1980)(concluding that the doctrine of issue preclusion, commonly invoked under the heading of *collateral estoppel*, bars a party from re-litigating an issue of fact  that was actually litigated and necessarily decided by a final disposition on the merits in a previous litigation between the same parties); Nader v. McAuliffe, 2009 WL 30251, , *3-4 (January 7, 2009)(recognizing that the doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues, and has two distinct aspects-claim preclusion and issue preclusion (commonly known as *collateral estoppel*))

events that transpired since the filing of the answer, additional affirmative defenses are now available to Defendant that were not available when the answer was originally filed.  As a party to the Federal Circuit case, the facts that made the new affirmative defenses available are not a surprise to Plaintiff.  Permitting Defendant to amend its answer will not unduly delay the proceeding since there has not been a scheduling order issued.  There has not been any undue delay in seeking amendment and delay alone is insufficient grounds to deny a motion to amend.  For all of these reasons, including a lack of prejudice to the Plaintiff, Defendant should be granted leave to file an amended answer. See Williams v. Savage, 569 F. Supp.2d 99, (D.D.C. 2008)(holding that the goal of deciding on their merits and avoiding adjudication by technicality, Rule 15 allows for amendment "where a party who harmlessly failed to plead an affirmative defense may find satisfaction" rather than allowing the party to lose because of a minor technical mistake in its original pleading.)

## CONCLUSION

For the foregoing reasons, Defendant's request for leave to file an amended answer should be granted.

Respectfully submitted,

____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137