# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| GREG A. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1748 (RMU) |
| | ) | |
| FEDERAL AVIATION | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## ANSWER

Defendants, the Federal Aviation Administration and Susan Marmet, by and through its

undersigned counsel, hereby answers Plaintiffs' Complaint for Relief for Violation of Fair Labor

Standards Act (FLSA) and FEHA, California Government Code Section 12940 et seq. as

follows:

### FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of the complaint.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief may be based.

### THIRD DEFENSE

Plaintiff's money damages claims exceed the jurisdictional amount under the Little

Tucker Act.

### FOURTH DEFENSE

Sovereign Immunity for state law claims has not been waived in this case.

## FIFTH DEFENSE

The only proper defendant in this law suit is the U.S. Department of Transportation. Accordingly, the named defendants should be dismissed.

## SIXTH DEFENSE

Plaintiff action is barred by the doctrines of *res judicata* and *collateral estoppel*.

## SEVENTH DEFENSE

In response to the numbered and unnumbered paragraphs of the complaint, Defendants admit, deny and aver as follows:

1.  The allegations contained in paragraph 1 are Plaintiff's characterization of his cause of action to which no answer is required.  To the extent that the paragraph is deemed to contain allegations of fact, they are denied.  The proper defendant in this matter is the U.S. Department of Transportation of which the Federal Aviation Administration is a modal organization. This paragraph contains Plaintiffs' request for relief to which no answer is required.

## JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 are Plaintiff's characterization of this action and conclusions of law to which answers are not required.  To the extent that the paragraph is deemed to contain allegations of fact, they are denied.

3.      The allegations contained in paragraph 3 are Plaintiffs' characterization of this action and conclusions of law to which answers are not required.   Defendant U.S. Department of Transportation admits that it maintains its headquarters in Washington, D.C.

**PARTIES**

4.   Admitted.

5.   Admitted.  As previously noted, the U.S. Department of Transportation is the proper defendant.

**FACTS**

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.   Denied, except to state that during all relevant times,  Plaintiff was a member of a bargaining unit represented by the National Air Traffic Controllers Association  ("NATCA"), a labor organization and exclusive representative, as defined in 5 U.S.C. §§ 7103(a)(4) and (16). During all relevant times, NATCA and the U. S. Department of Transportation, Federal Aviation Administration ("DOT/FAA") were parties to a collective bargaining agreement dated September 2003.  The agreement does not specifically exclude FLSA-based claims from the negotiated grievance procedure.  Plaintiff's employment was terminated on or about September 2005.

10.  This paragraph purports to be a conclusion of law to which no response is necessary.

11. Admitted.

12. Admitted.

13. Admitted.

**COUNT ONE**

14. Defendants re-allege and incorporate by reference the averments contained in

paragraphs one to thirteen above.

15.   Denied in part.   Defendants deny that it ordered and/or required and/or suffered and/or permitted plaintiff to work in excess of 40 hours per week.  Defendants admit that it advised Plaintiff to obtain medical information in order to maintain his medical clearance.

16. Denied.  Defendants deny that it ordered and/or required and/or suffered and/or permitted plaintiff to work in excess of 40 hours per week.

17.   Denied.  Defendants deny that it ordered and/or required and/or suffered and/or permitted plaintiff to work in excess of 40 hours per week.

18.   Denied.

19.   Denied.

## COUNT TWO

20.   Defendants re-allege and incorporate by reference the averments contained in paragraphs one to nineteen above.

21.   Denied.  To the extent that a letter is attached to the complaint that purports to support Plaintiff's averments in paragraph 21, that letter is the best evidence of its contents.

22.   Admitted as to the contents of the March 21, 2005 letter from Susan Marmet to Plaintiff.

23. Admitted that Plaintiff was discharged, and avers that Exhibit Five is the best evidence of its content.

24.   Defendants can neither admit nor deny.

25.   Denied.

26   Denied.

27.  Denied.

## **COUNT THREE, (Susan Marmet)**

28.  Defendants re-allege and incorporate by reference the averments contained in paragraphs one to twenty-seven above.

29.   The allegations contained in paragraph 29 are Plaintiff's characterization of this action and conclusions of law to which answers are not required.

30.   Admitted.  During all relevant times, Susan Marmet was employed by the Federal Aviation Administration at the High Desert Terminal Radar Approach Control  Radar ("TRACON"), Edwards Air Force Base, California, as a second line supervisor and was acting within the scope of her employment as a supervisor.

31.  Denied.

32. Defendants can neither admit nor deny, but state that the medical documents are the best evidence of their content.

33.  Denied.

34.  Paragraph 33 contains conclusions of law to which no response is required.  To the extent that a response is deemed necessary, this Court lacks jurisdiction of any state law claims being asserted in this law suit.

34.  Denied.

35.  Denied.

## **PRAYER FOR RELIEF**

36 - 44.  Paragraphs 36 to 44 represent Plaintiff's Prayer for Relief to which no response is required.  To the extent that a response is deemed necessary, denied.

## DEMAND FOR JURY TRIAL

Plaintiff is not entitled to a jury trial in this case.

Defendants deny each and every allegation of the complaint in this case that is not expressly admitted in this Answer.

WHEREFORE, Defendants request the Court enter a judgment:

a.      Dismissing Plaintiff's complaint with prejudice; and

b.      Awarding Defendants costs and such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137