1   **Greg Morgan**
    **2010 W. Ave K #427**
2   **Lancaster, CA 93536**
    **Telephone: (661) 339-9684**
3   **Fax: (661) 952-1902**
    **Email: greg@morganclan.mobi**
4   **Pro Se**

5

6

7                        **UNITED STATES DISTRICT COURT**

                         **FOR THE DISTRICT OF COLUMBIA**
8

9   **GREG MORGAN,**                    | **Case No.:** 1-07-cv-01748 (RMU)

10              **Plaintiff,**          | **PLAINTIFFS' RESPONSE TO**
                                        | **DEFENDANT'S MOTION FOR LEAVE**
11          **v.**                      | **TO AMEND THEIR ANSWER**

12  **FEDERAL AVIATION ADMINISTRATION,**
    **et al.,**
13
                **Defendants.**
14

15

16

17  **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND**

                        **THEIR ANSWER**
18

19

20

21

22

23

24

25

1

# TABLE OF CONTENTS

I.   LEGAL STANDARD ................................................................................... 2

II.  RELEVANT PROCEDURAL HISTORY ..................................................... 4

III. ARGUMENT ............................................................................................... 5

    A.   Defendant's Are Again Wrong, The May Not Amend As A Matter Of Course ..... 5
    B.   Because An Adequate Basis To Amend The Answer Is Lacking, The Court
           Cannot Grant The Amendment .................................................................... 5
    C.   Defendant Flouting Of The Rules Must Not Be Sanctioned ....................... 7
    D.   Defendant's Have Forfeited The Right To Amend ...................................... 9
    E.   The Federal Circuit Has No Jurisdiction To Make "Factual Findings" As
           Defendant's Claim .................................................................................... 10
    F.   Flouting Rules .......................................................................................... 12
    G.   The Cases Which Defendant's Rely Are No Longer Good Law................ 13
    H.   Because A Court Has Already Ruled In Favor Of Plaintiff That He Has Stated A
           Claim For Which Relief May Be Granted, Defendant's Are Precluded From
           Relitigating The Issue A Second Time ...................................................... 15

IV.  CONCLUSION .......................................................................................... 17

## I.   <u>LEGAL STANDARD</u>

Under Fed.R.Civ.P. 8(c), affirmative defenses to an action such as estoppel and res judicata, <u>*must*</u> be plead in the named defendant's answer, or it is lost not only to a later dispositive motion, but also to the entire case. The rule provides in relevant part: In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: …estoppel; res judicata…. See Fed.R.Civ.P. 8(c); *Dole v. Williams Enters., Inc*., 876 F.2d 186, 189 (D.C. Cir. 1989) "[a] party's failure to plead an affirmative defense . . . generally results in the waiver of that defense and its *exclusion from the case.*" The D.C. Circuit holds in no uncertain terms that "Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion." *Harris v. Sec'y of the Dep't of Veterans Affairs*, 126 F.3d 339, 343, 345 (D.C. Cir. 1997).

1       Under Fed.R.Civ.P. 12(b), a named defendant must assert every defense to a claim for

2   relief *in their answer* or may by motion *before answer*, assert a defense such as failure to state a

3   claim upon which relief can be granted. The rule provides in relevant part: Every defense to a

4   claim for relief in any pleading must be asserted in the responsive pleading [otherwise] a party

5   may assert the following defenses by motion … (6) failure to state a claim upon which relief can

6   be granted … A motion asserting any of these defenses must be made before pleading…. See

7   Fed.R.Civ.P. 12(b) & 12(b)(6). *"Res judicata* is an affirmative defense that is generally pleaded

8   in a defendant's answer, but is also ***properly*** brought in a ***pre-answer*** Rule 12(b)(6) motion…."

9   *Hemphill v. Kimberly-Clark Corp*., 530 F. Supp. 2d 108, 111 (D.C. Cir. 2008) (emphasis added);

10  *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) "The defendants had moved to

11  dismiss for failure to state a claim, pursuant to Rule 12(b), FED. R. CIV. P. (or in the alternative,

12  for summary judgment). But Rule 12(b) was inapplicable: the defendants had already answered

13  the complaint."

14      Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so

15  requires." Fed.R.Civ.P. 15(a); *see Foman v. Davis,* 371 U.S. 178, 182 (1962). "Once a

16  responsive pleading is served, however, a party may amend its complaint only by leave of the

17  court or by written consent of the adverse party." See *Nat'l City Mortg. Co. v. Navarro*, 220

18  F.R.D. 102, 104 (D.D.C. 2004). However, the grant or denial of leave to amend is committed to a

19  district court's discretion. Denial of leave to amend is required where there is sufficient reason,

20  such as "undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by

21  [previous] amendments … [or] futility of amendment." *Foman,* 371 U.S. at 182.

22      Denial of leave to amend based on futility is warranted if the proposed claim would not

23  survive a motion to dismiss. *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C. Cir.

24  1996). An amended complaint is futile if it merely restates the same facts as the original

25  complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a

3

1    legal theory or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.,* 211 F.

2    Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 FED. PRAC. 3d § 15.15[3]); *Willoughby v.*

3    *Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's

4    denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

5    **II.   RELEVANT PROCEDURAL HISTORY**

6         On or about:

7    09/28/2007    Plaintiff, Greg Morgan filed his original complaint and summons in the

8                 instant action naming the defendant parties as the Federal Aviation

9                 Administration and as an individual, one Susan Marmet;

10   03/28/2008    The named Defendants, the Federal Aviation Administration and Susan

11                Marmet filed late their collective answer;

12   01/26/2009    Plaintiff, Greg Morgan moved the Court for an order for Judgment on the

13                Pleadings;

14   02/09/2009    A ***non-party*** to this action filed a single page memorandum in opposition

15                to the motion for Judgment on the Pleadings titled: "DEFENDANT'S

16                OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE

17                PLEADINGS" asking the Court to take notice of and "SEE DOCKET

18                ENTRY # 8.";

19   02/14/2009    Plaintiff, Greg Morgan submitted his Reply to an unopposed Motion for

20                Judgment on the Pleadings;

21   02/19/2009    Plaintiff, Greg Morgan submitted an unopposed Motion for Extension of

22                Time to Respond to Defendant's Motion to dismiss alternatively for

23                Summary Judgment;

24   03/05/2009    Defendants now move to correct a few of the multiple rule violation by

25                filing a Motion for Leave to File an Amended Answer.

**III. <u>ARGUMENT</u>**

**A. Defendant's Are Again Wrong, The May Not Amend As A Matter Of Course**

Defendants ask the Court to grant amendment as a matter of course stating:

> "… FRCP 15(a) provides that parties may amend their pleadings once as a matter of course. In this case, Defendant has not previously amended its answer. Under these circumstances, leave to file an amended complaint should be granted." See Defendant's Memorandum To Amend at pg., 2

At Threshold, Defendant's are again wrong, they may not amend as a matter of course pursuant to "Fed.R.Civ.P. 15(a)". Because Defendant's seek to amend their answer it is axiomatic that they may not amend as a matter of course unless as Fed.R.Civ.P. 15(a)(1)(B) provides, they do so "within 20 days after serving the pleading [original answer]…" *Id*. This Court's docket shows the original complaint was served far more than "within 20 days" and in fact was served 342 day ago.[1] The rule simply does not apply and the claim to the right to amend as a matter of course is meritless as they have failed to meet all prerequisites for amending as a matter of course. See *Nat'l City Mortg. Co. v. Navarro*, 220 F.R.D. 102, 104 (D.D.C. 2004). Consequently Defendant's may not amend as a matter of course.

**B. Because An Adequate Basis To Amend The Answer Is Lacking, The Court Cannot Grant The Amendment**

In *Calderon v. Kansas Dep't of Soc. & Rehabilitation Servs.*, 181 F.3d 1180, 1186-1187 (10th Cir. 1999) and cited approvingly by this Court in *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30, 38 (D.D.C. 2008) it was held:

> "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."

In making that holding, the Court discussed the liberal standard for granting leave to amend under *Foman*. Yet the Court also held, [t]his policy is not limitless and must be balanced against

---

[1] See Docket entry number 2, providing "03/28/2008."

1  Fed. R. Civ. P. 7(b)(1)…." Rule 7(b)(1) "governs the requirements for all motions and provides

2  that any motion "shall be made in writing, shall state with particularity the grounds therefore,

3  and shall set forth the relief or order sought."" See *Calderon*, 181 F.3d at 1186.

4      "By requiring notice to the court and the opposing party of the basis for the motion, rule

5  7(b)(1) advances the policies of reducing prejudice to either party and assuring that "the court

6  can comprehend the basis of the motion and deal with it fairly." *Id.*, citing 5 Charles Alan Wright

7  & Arthur R. Miller, Federal Practice and Procedure § 1192 at 42 (2d ed. 1990); See also *Harris*,

8  126 F.3d at 344 "…the District Court to determine the propriety of amendment on a case by case

9  basis."

10     The basis for which Defendant's seek to amend their answer is stated in their words as:

11         "Defendants have moved to dismiss or for summary judgment **based on** *res judicata*
           or *collateral estoppel*."[2] See Defendant's Motion To Amend at pg., 1, emphasis added.

12

13  Defendant's reasoning reveals that their basis for amendment is inadequate for consideration.

14  The adequacy of the basis is an independent test under Fed.R.Civ.P. 7(b)(1). Because as Rule

15  7(b)(1) requires, the basis determination occurs first, the liberal amendment standard does not yet

16  apply, and none of the reasons provided in *Foman* come into play.

17     Here again, the inner and outer parameters for the basis of the proposed amendment is stated

18  in Defendant's words as, "have moved to dismiss or for summary judgment" pursuant to

19  Fed.R.Civ.P. 12(b)(6). That is not an adequate basis to grant the motion to amend because

20  Fed.R.Civ.P. 12(b)(6) is inapplicable at this stage as they have already answered the complaint.

21  A motion under Rule 12 "must be made before pleading." See Fed.R.Civ.P. 12(b). In *Yates v.*

22  *District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003), a case exactly on point to the issue, the

23  Court held: "The defendants had moved to dismiss for failure to state a claim, pursuant to Rule

24  _____

25  [2] Referring to "Docket Entry # 8."

1   12(b), FED. R. CIV. P. (or in the alternative, for summary judgment). But Rule 12(b) was

2   inapplicable: the defendants had already answered the complaint." *Id*.

3       Because the basis for the amendment is to further an illegal Fed.R.Civ.P. 12(b)(6)

4   motion,[3] as the rules provide, as the mandate of this circuit requires, this court must not

5   recognize that a motion for leave to amend is before it.[4] See *Harris*, 126 F.3d at 345 "[W]e hold

6   that Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive

7   pleading ***before*** it can raise them in a dispositive motion." Emphasis added. See *Yates*, 324 F.3d

8   at 725; *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.C. Cir. 2008). Therefore,

9   the Court must not even consider the motion to amend let alone allow it.

10  **C. Defendant Flouting Of The Rules Must Not Be Sanctioned**

11      In further flouting of the rules, Defendant provide in their motion:

12  > "Defendants have captioned their dispositive motion as Morgan v. "Department of
13  > Transportation," not Federal Aviation Administration is part of the Department [sic].
    > Plaintiff takes umbrage with this caption change. Should the Court believe that the
14  > Department of Transportation is required to formally amend the caption of this case to
    > reflect the proper party, Defendants will seek to do so." See Defendant's Motion To
15  > Amend at pg., 1 n 1.

16      Referring to the illegal Rule 12(b)(6) motion, which Defendant's now claim ownership,

17  where in which they assumed and unilaterally imposed a position on these proceedings, that

18  under the FLSA, the Federal Aviation Administration and the Department of Transportation are

19  one in the same.

20      Yet Defendant's in their answer which they seek to amend and in their proposed

21  amendment, averred:

22

23  ──────────────

24  [3] Defendants also cite "other reasons" as the basis for the motion and without more is not a
    sufficient basis.

25  [4] Likewise, the Court must not recognize that a Fed.R.Civ.P. 12(b)(6) motion is before it.

> "The only proper defendant in this law suit is the U.S. Department of Transportation.
> Accordingly, the named defendants should be dismissed." See Answer at "Fifth
> Defense."

Thus the answer to the question weather they are "required to formally amend" is simple,

but not as they state. Under the rules, they are required to amend but not as they say, "formally

amend the caption of this case to reflect the proper party" but rather pursuant to the rules,

'motion to amend to reflect the proper party' and following that, the caption would reflect a

successful or unsuccessful effort at amendment.[5]

However, in the circumstances of this case, they cannot now do so. In his motion for

Judgment on the Pleadings, Plaintiff for example, took on squarely the issue of who the proper

party is. The mandate upon this Court is to apply a four part test "economic reality" test as

provided in *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001); see

also *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139. While Defendant's position that the

proper party here is "U.S. Department of Transportation" is unsustainable under *Morrison* as

well as the statutory law, what they didn't do, is offer rebuttal challenging Plaintiff's assertions

that the proper party is the "Federal Aviation Administration" as captioned in his complaint.

Rather, through a circuitous and unorthodox method, a complete flouting of the rules, they

unilaterally substituted the named party with their own. In short, they offered no reply to the

Motion for Judgment on the Pleadings. Because they did not, they have now waived any right to

do so.[6]

---

[5] Moreover, it is the practice of this Court that a claim asserted for the first time in a
memorandum of law is "invalid because it was not made in the original complaint or advanced in
a motion to amend." *Kilpatrick v. Paige*, 193 F. Supp. 2d 145, 158 (D.D.C. 2002); see also
*Richardson v. Gutierrez*, 477 F. Supp. 2d 22, 27 n.1 (D.D.C. 2007) (holding that "[t]o the extent"
the plaintiff "attempt[ed] to raise" a new retaliation claim, the "plaintiff failed to raise such a
claim in her amended complaint and the Court cannot consider it now").

[6] See also *Nat'l City Mortg. Co. v. Navarro*, 220 F.R.D. 102, 105 n.3 (D.D.C. 2004) (RMU)
"Under Local Civil Rule 7(b), if the opposing party fails to file a responsive memorandum of
points and authorities in opposition to a motion, the court may treat the motion as conceded. See

In *Harris*, the Court distinguished the difference of a "forfeiture" which is the failure to make the timely assertion of a right and a "waiver" which is the intentional relinquishment or abandonment of a known right. Because Defendant's had an opportunity to respond to Plaintiff's challenge to their claim that the proper party is the "U.S. Department of Transportation" but did not, they now suffer a "waiver" of that claim. *Harris*, 126 F.3d at 343 n1.

Because a "waiver" did occur, they may not now "amend … to reflect [who] the proper party" is in their view as "waiver" is not recoverable under Rule 15 or any other rule. Thus giving Defendant's leave to amend to "set forth affirmative defenses, including *collateral estoppel* and *res judicata*, in its answer" would be futile as it begs the question, who would these affirmative defenses be applied to? Certainly not the "U.S. Department of Transportation" as that claim has been waived as well as all the other "affirmative defenses" being un-opposed. Moreover, event if Defendant's were allowed to amend, the amendment is futile because the merits of their claim that the "U.S. Department of Transportation" is the proper party for FLSA purposes, is unsustainable under *Morrison* as well as the statutory law. Accordingly, Defendant's must be denied leave to amend their answer.

### D. Defendant's Have Forfeited The Right To Amend

The mandate of this circuit is clear:

> [W]e hold that Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading ***before*** it can raise them in a dispositive motion. *Harris*, 126 F.3d at 345, emphasis added.

To allow the amendment at this stage, requires the Court to violate the mandate stated in *Harris*, and allow the amendment ***after*** the dispositive motion—a dispositive motion which basis depends upon amendment. Because the mandate means what it says, the Court has no discretion

---

LCvR 7(b); *Giraldo v. DOJ*, 2002 U.S. App. LEXIS 13685, at *2 (D.C. Cir. July 8, 2002) (citing *FDIC v. Bender*, 326 U.S. App. D.C. 390, 127 F.3d 58, 68 (D.C. Cir. 1997)). Furthermore, a party who fails to file a timely response "is deemed to have waived his opposition to the [motion]." *Weil v. Seltzer*, 277 U.S. App. D.C. 196, 873 F.2d 1453, 1459 (D.C. Cir. 1989)."

to entertain an amendment occurring after the dispositive motion was filed. Thus the proposed amendment is futile.

Moreover, because the Court cannot allow an amendment post- dispositive motion, and in their own words, have now "moved to dismiss or for summary judgment ___based on___ res judicata or collateral estoppel", the Rule 12 motion must also fail. Thus again, the proposed amendment is futile.

**E.  The Federal Circuit Has No Jurisdiction To Make "Factual Findings" As Defendant's Claim**

The doctrine res judicata precludes the parties from relitigating issues that were, or could have been, raised in the prior action and res judicata is applicable if: (1) The prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved. In his respond to his Motion for Judgment on the Pleadings, Plaintiff addressing the doctrines of res judicata/collateral estoppel where matters must be decided in a Court of Competent jurisdiction. See *SBC Communs., Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005). Upon the law of this circuit, Plaintiff said,

> "The MSPB is not a court; it has no jurisdiction to decide anything concerning the FLSA, the law applicable to the FAA and anything regarding any overtime matter. See *Meeker v. MSPB*, 319 F.3d 1368, 1374 (Fed. Cir. 2003)"

To circumvent Plaintiff's argument, Defendant's now invent a different scheme, stating the "Federal Circuit issued a decision that made factual findings." Really? One need not look far for the falsity in that statement. In the attachments to their Fed.R.Civ.P. 12(b)(6), citing a decision from the Federal Circuit, that court specifically held opposite to the claim asserted by Defendant's. Specifically, at page 6 of Defendant's Exhibit 1, the Federal Circuit held "we will not disturb by reweighing the evidence before board." The Federal Circuit is not a district court and does not have any mechanisms to make "factual findings." As a court of review, they are

1   simply limited to their mandate which again is contained in page 4 of Defendant's Exhibit 1,

2   which states they are merely a court of review.

3       Because the "Federal Circuit" did not as Defendant's claim, make "factual findings" the

4   issue remains only weather the underlying decision which the Federal Circuit reviewed is

5   entitled to have preclusion apply here, the administrative decision of the MSPB.[7] In *Morrision*,

6   this circuit has already decided the issue and held "We do not accept Morrison's assertion that

7   Hanlon's right of appeal from the ruling converted the IRS determination into an adjudication of

8   Morrison's employment status under the FLSA. *Id.*, 253 F.3d at 9. In so holding, the Court stated

9   as long as "an administrative agency is acting in a judicial capacity and resolves disputed issues

10  of fact **properly before it** which the parties have had an adequate opportunity to litigate, the

11  courts have not hesitated to apply res judicata to enforce repose."

12      This demonstrates Defendant's effort to have administrative res judicata or collateral

13  estoppel applied here fails. Section 261(b) of the FLSA provides in relevant part:

14          An action to recover the liability prescribed in either of the preceding sentences
            [Section 206, 207 and 215 (a)(3)] may be maintained against any employer (including
15          a public agency) in **any Federal or State court of competent jurisdiction** by any one
            or more employees for and in behalf of himself or themselves and other employees
16          similarly situated. See 29 U.S.C. § 216(b), emphasis added.

17  The MSPB is not a court and the mere existence of review by the Federal Circuit does not divest

18  this Court of its Title III obligations to adjudicate claims which Congress granted to it.

19      In *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 109 (U.S. 1991), the

20  Supreme Court held: "Courts do not… have free rein to impose rules of preclusion, as a matter of

21  policy… the question is not whether administrative estoppel is wise but whether it is intended by

22  the legislature.… the courts may take it as given that Congress has legislated with an expectation

23

24  _____

25  [7] At the time of submitting their answer, Defendant's knew or should have known of the
    administrative decision which they now seek to use as preclusion here as that decision was
    issued nearly two years before the instant action was filed (July 14, 2006).

1   that the principle will apply except "when a statutory purpose to the contrary is evident."" *Id*.,

2   internal citation omitted.

3        Section 261(b) of the FLSA is such "statutory purpose to the contrary" and thus because

4   the MSPB has no jurisdiction to decide anything concerning the FLSA, preclusion does not

5   apply. Moreover, examination of the documents provided by Defendants to support their

6   preclusion claims reveal that nothing is even mentioned about the FLSA. Additionally, 49 U.S.C.

7   § 40122(i) provides where another law allows, an employee may contest an action through more

8   than one forum. Clearly, 29 U.S.C. § 216(b) is such a law and allows an action be maintained

9   against *any employer* *in any Federal or State court of competent jurisdiction*. The Supreme

10  Court said in *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982) held that departure of

11  "traditional rules of preclusion" do not apply where "plainly stated by Congress." Whether

12  considered separately, or collectively, administrative preclusion does not apply to section 261(b)

13  of the FLSA and Section 40122(i) of the Reform Act. Accordingly, the Court must deny

14  Defendants leave to amend their answer as it is futile.

15     **F.  Flouting Rules**

16       As noted above, the named Defendant's and proper party to this action, did not respond

17  and thus waived their right to respond to Plaintiff's Motion for Judgment on the Pleadings.

18       The named Defendant's and proper party to this action agree now that the attempt to

19  move this court for dismissal under Fed.R.Civ.P. 12(b)(6) was completely improper and without

20  merit. See Defendant's Motion for at pg., 2, stating,

21           "Plaintiff is correct that FRCP 8(c) requires parties to set forth affirmative defenses,
             including collateral estoppel and res judicata, in its answer."

22

23       Accordingly, the motion under Fed.R.Civ.P. 12(b)(6) is also improper and because that

24  motion is improper, neither can it then be "treated as one for summary judgment under Rule 56."

25  In other words, because the foundation, a proper Rule 12 motion is lacking, so is the means to

1   deliver a summary judgment. The foundation is lacking not just for the reasons conceded by the

2   Defendant's but for many other reasons even more compelling. Yet to cure these multiple

3   deficiencies, Defendant now seek to work the rules backwards by offering an after the fact

4   amendment to the answer. But by ignoring proper path, the Defendant's recklessly shortcut

5   Plaintiff's procedural protections. *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30, 35

6   (D.D.C. 2008).

7           Were the Court to grant Defendant's leave to amend there answer, they would escape the

8   threshold issue and gain a strategic advantage as to their claim of who the proper party is, and

9   contrary to any "economic reality" test mandated by the Court of Appeals for this district. As the

10  Court held in *Harris*, such practice is not approved in this district.

11          "Strategic or merely lazy circumventions of a legal process grounded in a sound policy

12  have the effect of eroding the regularized, rational character of litigation to the detriment of

13  practitioners and clients alike…. [T]his does not mean it would be unduly formalistic for the

14  District Court to deny amendment to a strategic litigant who intentionally neglected[8] to plead a

15  defense. To the contrary, denying leave to amend to such a litigant would serve, not impede, the

16  interests of substantive justice." *Harris*, 126 F.3d at 345. Accordingly, the Court must deny

17  Defendant's motion to amend their answer.

18  **G. The Cases Which Defendant's Rely Are No Longer Good Law**

19          Futility is further demonstrated because now Fed.R.Civ.P. 12(g)(2) applies. Defendant's

20  argue that pursuant to Fed.R.Civ.P. (h)(2), the "affirmative defenses of res judicata and collateral

21  estoppel … are not "among the defenses which under FRCP 12(h) are waived if not raised in the

22  original pleading."" See Defendant's Memorandum To Amend at pg., 3. That is false. To support

23

24  _____

25  [8] Again, at the time of submitting their answer, Defendant's knew or should have known of the
    administrative decision which they now seek to use as preclusion here as that decision was
    issued nearly two years before the instant action was filed (July 14, 2006).

1   that false statement, Defendant's cite *Stevens v. Stover*, 702 F.Supp. 302, 305 (D.D.C. 1988).

2   Defendant's argue that "Stevens is directly on point to the present case" concluding that because

3   the District Court Judge in that case allowed an amendment subsequent to a dispositive motion

4   and made to support the motion, this Court should do the same.  It should not.

5        First, the *Sevens* case, embraced by Defendant's and cited here to this Court was a

6   District Court Case decided <u>*NINE*</u> years before *Harris*. In deciding *Harris,* this district's Court of

7   Appeals *has* specifically overruled the holdings in *Sevens* case. E.g., see and compare, *Stevens*,

8   702 F.Supp. at 305 allowing amendment post dispositive motion with *Harris*, 126 F.3d at 345,

9   stating: "a party must first raise its affirmative defenses in a responsive pleading <u>***before***</u> it can

10  raise them in a dispositive motion."

11       Second, in the *Sevens* case, the District Court Judge there specifically allowed the

12  practice of raising affirmative defenses for the first time in dispositive motions where no

13  prejudice is shown. *Stevens*, 702 F.Supp. at 305. This practice was also overruled by *Harris*. The

14  Court of Appeals specifically rejected the notion that "permitting late raising of affirmative

15  defenses where no prejudice has occurred reduces the multifarious reasons for denying leave to

16  amend envisioned by the Court in *Foman* to the single, non-exhaustive factor of prejudice."

17  *Harris*, 126 F.3d at 345.

18       Third, the Defendant's reliance upon dicta statements in Stephens does not help them.

19  The statement which Defendants rely, "neither *res judicata* nor collateral estoppel are among the

20  defenses which under Fed. R. Civ. P. 12(h) are waived if not raised in the original pleading" is

21  not even the issue. *Stevens*, 702 F.Supp. at 305. As the *Harris* Court held, affirmative defenses

22  are governed by Rule 8(c) not Rule 12(h). Rule 8(c) provides that "a party must affirmatively

23  state any avoidance or affirmative defense" when responding to a pleading. See Fed.R.Civ.P.

24  8(c); *Dole v. Williams Enters., Inc*., 876 F.2d 186, 189 (D.C. Cir. 1989) "[a] party's failure to

25  plead an affirmative defense . . . generally results in the waiver of that defense and its *exclusion*

1  *from the case.*" Emphasis in original. The question is, whether under the circumstance here, can

2  Defendants recover a Rule 8(c) defense by Rule 15(a)?

3  In *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998), the Court

4  held: "an affirmative defense not raised by answer cannot be raised in dispositive motions that

5  are filed post-answer". Defendant's failed entirely to answer Plaintiff's Motion for Judgment on

6  the Pleadings in violation of LCvR 7(b) ("Within 11 days of the date of service…an opposing

7  party shall serve and file a memorandum of points and authorities in opposition to the motion.").

8  Defendant's also violated LCvR 7(c). Rather than oppose the motion, they allowed a post-answer

9  Fed.R.Civ.P. 12(b)(6) motion to go forward in violation of the rules. See *Yates v. District of*

10 *Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) "The defendants had moved to dismiss for failure

11 to state a claim, pursuant to Rule 12(b), FED. R. CIV. P. (or in the alternative, for summary

12 judgment). But Rule 12(b) was inapplicable: the defendants had already answered the

13 complaint."

14 Because Defendants' seek to amend post answer to support a Rule 12 pre-answer motion

15 in violation of the rules as Rule 12 (b)does not now apply, the amendment is futile. Because the

16 Court of Appeal in *Harris*, has overruled the holdings in the *Stephens* case with which

17 Defendant's rely, the amendment is futile.

18 **H.  Because A Court Has Already Ruled In Favor Of Plaintiff That He Has Stated A**

19 **Claim For Which Relief May Be Granted, Defendant's Are Precluded From**

20 **Relitigating The Issue A Second Time**

21 It is well settled law, that the granting or denial of a Rule 12 motion is a final judgment on

22 the merits. If res judicata applies, the question is who has the right of claim? Clearly, Plaintiff

23 does. See *Whalen, et al., v. United States*, USCFC, No. 07-707C, March 12,2008).[9] In that case,

24 ────────────────

25 [9] Plaintiff here was a former party plaintiff there.

the Court held, "the government cannot invoke RCFC 12(b)(6) as a ground for dismissal because the Whalen plaintiffs have stated a claim upon which relief can be granted." Such is a final judgment on the merits.

Then after declaring that "plaintiffs have stated a claim upon which relief can be granted", the Court then adjudicated the issue where the Department of Transportation moved to dismiss the instant Plaintiff from that action because of the action here. In so granting the Department of Transportation request (without prejudice) Judge Lettow held pursuant 28 U.S.C. § 1500, "the claims set out in the *Morgan* district court suit and those in this action show an overlap" citing specifically, ""medical" activities." The Court then concluded, "that the claim arises from the same operative facts as those alleged in a preexisting claim in district court and the relief requested overlaps. Those circumstances have been shown in this case with respect to Mr. Morgan's claim."

Unlike the Plaintiff here, the Defendant's had their day in Court and a "full and fair opportunity" to litigate that issue in the earlier case.[10] In the Whalen case, they could have then, raised the claim of res judicata and collateral estoppel, but did not. They may not now take a second bite of the apple, as claim preclusion forecloses all that which might have been litigated previously. Additionally, issue preclusion prevents the relitigation of any issue that was raised and decided in a prior action, such as Plaintiff has not stated a claim for which relief may be granted. Accordingly, the amendment is futile as Defendant's motion would not survive a motion to dismiss because they are precluded from asserting the defense(s) of collateral estoppel and res judicata.

---

[10] Assuming the Court were inclined to grant the Motion to Amend asserting res judicata and collateral estoppel applied to the "U.S. Department of Transportation."

**IV. <u>CONCLUSION</u>**

Because Defendants' waived and forfeited their right to contest Plaintiff's Motion for Judgment on the Pleadings, and for foregoing reasons and those set forth here in Plaintiff's memorandums of law and points of authorities, upon the pleadings, the original complaint and attached exhibits adopted thereto and hereto by reference, the answer, the appendix, the proposed order, the proof of service and upon such other and further matter(s) as the Court may consider in its decision of the matter, Plaintiff respectfully requests that the Court deny leave to amend Defendant's answer.

///

///

Dated: March 16, 2009

Respectfully submitted,

By: _____

    s/Greg Morgan
    Pro Se

1

## DECLARATION OF GREG MORGAN

2    I, Greg Morgan declare:

3  1.  I have personal knowledge of the facts contained in this declaration and those facts stated

4      therein being true, if called as a witness I am competent to testify thereto;

5  2.  I was a party to an MSPB action, however,

6        a.  I did not have a 'trial';

7        b.  I did not receive discovery;

8        c.  I was not given a chance to cross examine witnesses;

9        d.  I have since learned that substantial documentary evidence was withheld from

10           me;

11        e.  In the appeal to the Federal Circuit, the Government substantially argued that res

12           judicata would not apply to this action;

13  3.  I was a party to the Whalen action and is supplied case from the Court of Claims;

14  4.  My opposition to the Defendant's Motion for Leave To Amend Their Answer has or will

15      be filed on March 16, 2009 (PST).

16    I certify under penalty of perjury that the foregoing is true and correct under the laws of

17  the United States, 28 U.S.C. § 1746.

18    Executed on March 16, 2009, at Palmdale, California 93551.

19

20

21                    By:

22                    _____

23                         /s Greg Morgan, Declarant.

24

25