Greg Morgan
2010 W. Ave K #427
Lancaster, CA 93536
Telephone: (661) 339-9684
Fax: (661) 952-1902
Email: greg@morganclan.mobi
Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,**<br><br>    Plaintiff,<br><br>    v.<br><br>**FEDERAL AVIATION ADMINISTRATION, et al.,**<br><br>    Defendants. | **Case No.:** 1-07-cv-01748 (RMU)<br><br>**PLAINTIFFS' SECOND MOTION, POINTS OF LAW AND AUTHORITIES FOR AN ADDITIONAL 30 DAY ENLARGEMENT OF TIME TO REPLY TO DEFENDANT'S MOTION PURSUANT TO Fed.R.Civ.P. 12(b)(6) AND NOTICE OF UNAVAILABILITY** |

**PLAINTIFFS' SECOND MOTION, POINTS OF LAW AND AUTHORITIES FOR AN ADDITIONAL 30 DAY ENLARGEMENT OF TIME TO REPLY TO DEFENDANT'S MOTION PURSUANT TO Fed.R.Civ.P. 12(b)(6) AND NOTICE OF UNAVAILABILITY**

**I.   PURPOSE**

This is Plaintiff's second motion for a 30 enlargement of time to respond to Defendant's motion pursuant to Rule 12(b)(6), to dismiss or otherwise summary judgment. As set forth below, now pending before this Court are three dispositive motions. The first is **Plaintiff's Motion for Judgment on the Pleadings** (01/26/2009). The second is Defendants Motion for Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and alternatively, Summary Judgment (02/09/2009). The third is Defendants Motion for Leave to File an Amended Answer.03/05/2009.

1

| | | |
|---|---|---|
| 1 | II. **RELEVANT PROCEDURAL HISTORY** | |
| 2 | On or about: | |
| 3 | On or about: | |
| 4-6 | 09/28/2007 | Plaintiff, Greg Morgan filed his original complaint and summons in the instant action naming the defendant parties as the Federal Aviation Administration and as an individual, one Susan Marmet; |
| 7-8 | 03/28/2008 | The named Defendants, the Federal Aviation Administration and Susan Marmet filed late their collective answer; |
| 9-10 | 01/26/2009 | Plaintiff, Greg Morgan moved the Court for an order for Judgment on the Pleadings; |
| 11-15 | 02/09/2009 | A ***non-party*** to this action filed a single page memorandum in opposition to the motion for Judgment on the Pleadings titled: "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS" asking the Court to take notice of and "SEE DOCKET ENTRY # 8."; |
| 16-17 | 02/14/2009 | Plaintiff, Greg Morgan submitted his Reply to an unopposed Motion for Judgment on the Pleadings; |
| 18-20 | 02/19/2009 | Plaintiff, Greg Morgan submitted an unopposed Motion for Extension of Time to Respond to Defendant's Motion to dismiss alternatively for Summary Judgment; |
| 21-22 | 03/05/2009 | Defendants now move to correct a few of the multiple rule violation by filing a Motion for Leave to File an Amended Answer; |
| 23-24 | 03/17/2009 | Plaintiff files is opposition to Defendant's Motion for Leave to File an Amended Answer. |

### III. POINTS OF LAW, AUTHORITY

Pursuant to this Court's Standing Order Number 5, while discouraged, upon showing of "good cause" the Court will consider motions for extension of time that:

    a. are filed at least 4 business days[1] prior to the deadline the motion is seeking to extend; and

    b. include:

        i. the number of previous extensions of time granted;

        ii. the good cause supporting the motion;

        iii. a statement of the effect that the granting of the motion will have on existing deadlines;

        iv. for a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply; and

        v. a statement of the opposing party's position on the motion.

### IV. ARGUMENT IN SUPPORT OF MOTION FOR 30 DAY EXTENSION

**A. Number of Previous Extensions of Time Granted**

There is one 30 day extension of time pending before this Court.

**B. Good Cause Supporting the Motion**

On or about February 19, 2009, Plaintiff made motion to enlarge the time (30 days) to reply to Defendant's Defendants Motion for Dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff anticipated that he would reply to that motion within the 30 day period of time. However, due to a change in circumstance, Plaintiff is not able to do so. The reason therefore is that during the interim period of time, due to the state of the economy, Plaintiff lost his job.

---

[1] Plaintiff was unable to comply due to the time spent in preparing the response motion and due to the very recent birth of his child.

3

1   While obtaining a job in this economy is very difficult, Plaintiff was successful in doing
2   so, however on the east coast. Plaintiff currently resides on the west coast. This necessitates a
3   complete relocation from one end of the country to the other (3500 miles). Such a move is
4   extremely disruptive not just too daily routines, but to any ability to respond. Because of such a
5   move, Plaintiff will not have access to his computers, his email system, internet access or even a
6   place to live for at least several weeks. Plaintiff does not have a staff which could be utilized in
7   such circumstances. Rather as a *pro se*, Plaintiff depends upon such equipment as necessary to
8   prosecute this action.

9   **C. Statement of the effect that the granting of the motion will have on existing**
10  **deadlines**

11  Because there has been no pretrial conference, no deadlines have been set.

12  **D. For a motion that seeks to extend the deadline for a dispositive motion, suggested**
13  **deadlines (reached in consultation with the opposing party) for the filing of the**
14  **opposition and reply**

15  Pursuant to LCvR 7(m), Plaintiff on the morning of March 17, 2009, telephoned Ms. Clair
16  Whitaker and informed her assistant, Tim Rice of his need to extend the deadline to reply to
17  Defendant's Fed.R.Civ.P. 12(b)(6) motion and informed him he needed 30 additional days. Mr.
18  Rice agreed pursuant to Plaintiff's request, that if Ms. Clair Whitaker did not call Plaintiff with
19  an objection by 12:00 noon PST, the motion was unopposed. Accordingly, the deadline to
20  respond to Defendant's Fed.R.Civ.P. 12(b)(6) motion would be April 25, 2009. See attached
21  Declaration of Greg Morgan.

22  **E. Statement of the opposing party's position on the motion**

23  In the telephone conversation with Mr. Rice, he agreed pursuant to Plaintiff's request, that if
24  Ms. Clair Whitaker did not call Plaintiff with an objection by 12:00 noon PST on March 17,
25  2009, the motion was unopposed.

## V. CONCLUSION

For the foregoing reasons and those set forth in Plaintiff's motion, memorandum of law and points of authorities, and Declaration of Greg Morgan supporting of his Motion for a 30 day enlargement of time, Plaintiff respectfully requests that the Court grant said motion.

## VI. NOTICE OF NON AVAILABILITY

For the reasons previously stated, during the weeks of March 18, through March 27, Plaintiff will be actually traveling to effect the move and will not have access to internet. However should it be necessary to speak with him, he may be contacted on his cell phone at 661-478-6006.

///

///

Dated: March 17, 2009

                                            Respectfully submitted,

                                            By: _____

                                                s/Greg Morgan
                                                Pro Se

# DECLARATION OF GREG MORGAN IN SUPPORT OF HIS MOTION
# FOR AN ADDITIONAL 30 EXTENSION OF TIME

I, Greg Morgan declare:

1. I have personal knowledge of the facts contained in this declaration and those facts stated therein being true, if called as a witness I am competent to testify thereto;

2. On March 17, 2009, I telephoned Ms. Clair Whitaker's office. I spoke to an assistant, Mr. Tim Rice. I informed Mr. Rice of my request for an additional extension of time to respond their Rule 12(b)(6) motion. He informed me that Ms. Whitaker had stepped out of the office for a few minutes. After providing him with my phone number, he agreed with me that the motion would be deemed unopposed if Ms. Whitaker chose not to return my telephone call by noon that day. Ms. Whitaker did not return my call. Accordingly, this Motion for an Extension of Time of 30 days is unopposed;

3. After I filed my first request for a 30 day extension of time, during the end of February, 2009, I lost my job due to lack of work.

4. Subsequently, I was able to obtain employment however my new job requires that I must relocate myself and my family of five, to the east coast;

5. The relocation is extremely disruptive to my normal routines;

6. While in process of relocation, I will not have access to my email, to internet, my papers and writing, any response which may be forthcoming, to my files, to my computer or virtually any means to respond;

I certify under penalty of perjury that the foregoing is true and correct under the laws of the United States, 28 U.S.C. § 1746.

///

///

///

1 | Executed on March 17, 2009, at Palmdale, California 93551.

By:

_____
/s Greg Morgan, Declarant.