UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREG A. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1748 (RMU) |
| ) | |
| FEDERAL AVIATION ) | |
| ADMINISTRATION, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION [Docket # 13] TO
DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendants reply to Plaintiffs' Opposition to Defendant's Motion for Leave to File an Amended Answer ("Motion for Leave"). Docket #13. Plaintiff errs, as a matter of law, in contending that Harris v. Department of Veterans Affairs, 126 F.3d 339 (D.C. Cir. 1997), prevents Defendants from amending their answer to include the defenses of *res judicata* and *collateral estoppel* based on the November 24, 2008, decision of the U.S. Court of Appeals for the Federal Circuit in Plaintiff's Merit Systems Protection Board ("MSPB"). See Docket # 8-2, Exhibit 1. (Morgan v. Department of Transportation, Docket No. 2007-3201, 2008 WL 5000276, *slip op.* (Fed. Cir. November 24, 2008)). That decision, which Defendants submit is dispositive of this case, was not entered at the time of the filing of Defendants' original answer. Docket 2 (March 28, 2008). Accordingly, Defendants' Motion for Leave is appropriate.

PROCEDURAL HISTORY

On March 28, 2008, Defendants filed an answer to the complaint. Docket # 2.

On November 24, 2008, the Federal Circuit, in a separate case based on the same facts and issues raised in the present case, affirmed the MSPB's decision in favor of the Department of Transportation in Plaintiff's MSPB case. See Morgan v. Department of Transportation, Docket No. 2007-3201, 2008 WL 5000276, *slip op.* (Fed. Cir. November 24, 2008). See Docket # 8-2, Exhibit 1.1/

On January 26, 2009, Plaintiff filed a Motion for Judgment on the Pleadings. Docket # 7. On February 9, 2009, Defendants opposed Plaintiff's filing and filed a Motion to Dismiss, or Alternatively, a Motion for Summary Judgment. See Docket # 8. In their dispositive motion, Defendants cited the above-referenced Federal Circuit opinion and moved for dismissal or summary judgment on *res judicata* and c*ollateral estoppel* grounds. See Docket # 8. In response [Docket # 10], Plaintiff contended, in part, that Defendants' dispositive motion was improper because the affirmative defenses of *res judicata* and c*ollateral estoppel* were not in Defendants' Answer.2/

On March 5, 2009, Defendants filed a Motion for Leave to Amend the Answer, and lodged an Amended Answer with the Court. Docket #12. On March 17, 2009, Plaintiff responded to Defendants' Motion for Leave, relying primarily on Harris v. Department of Veterans Affairs, supra. See Docket # 13. Defendants now respond to Plaintiff's Opposition.

---

1 Plaintiff argues that the Department of Transportation is not the proper party in this case, an argument that the Federal Circuit rejected in his MSPB appeal. The Federal Circuit noted that the FAA is "a subordinate administration within the DOT" [Docket # 8-2, Exh. 1, p. 8, n. 2] and, in any event, "any possible error [in the named defendant] would have no effect on the outcome of his appeal." Id.

2 Plaintiff has yet to respond to Defendants' dispositive motion. His response is due on or before April 20, 2009. See Minute Order of March 19, 2009; see also footnote 2, below.

ARGUMENT

I. *The <u>Harris</u> Decision does not Bar Defendants from Amending their Answer and the Legal Precedent relied upon Defendants to Support their Motion to amend is still Good Law*

<u>Harris v. Department of Veterans Affairs</u>, 126 F.3d 339 (D.C. Cir. 1997), requires affirmative defenses to be raised in an answer, not in a dispositive motion, because this ordering of events "permits the parties to chart the course of litigation in advance of discovery and motions thereon." <u>Id.</u> at 341. Therefore, the United States Court of Appeals for the District of Columbia remanded <u>Harris</u> to the trial court so that a motion for leave to file an amended answer could be considered by the Court. <u>Id</u>. at 345.

On remand, the District Court in <u>Harris</u> permitted the Defendant to amend its answer by adding new defenses and then renew its dispositive motion. <u>See</u> <u>Harris v. Gober</u>, C.A. 92-1785 (PLF). Accordingly, <u>Harris</u> does not preclude Defendants' from amending their Answer.[3] On the contrary, it suggests Defendants' instant motion is the proper course. Moreover, nothing in Harris overrules <u>Stevens v. Stover</u>, 702 F. Supp. 302, 305 (D.D.C. 1988).

---

[3] Because Defendants' have not withdrawn their dispositive motion, Plaintiff is technically correct that a dispositive motion on *res judicata* and *collateral estoppel* grounds should not proceed the filing of a Motion to Amend. Accordingly, Defendants request that the Court hold their dispositive motion in abeyance pending a ruling on Defendants' Motion for Leave, after which time, Defendants may renew it.

> II. *Motions to Amend Pleadings are to be Liberally Granted and Plaintiff has Failed to Satisfy his Burden of Demonstrating the Amendments should not be allowed based on Undue delay, Undue prejudice, Futility or Any Other Reason.*

Plaintiff recognizes that leave should be freely given to amend an answer. Pl. Opp. at p. 3. Yet, he has failed to demonstrate that leave to amend should be denied in this case. Instead, he makes conclusory statements to the effect that there has been undue delay, amendment is futile, and he has been prejudiced. He has failed to advance factual or legal bases supporting his claims.

### A. There has been No Undue Delay in this Case, in part, Because the Amendment Sought will Resolve the Issue of the Court's Jurisdiction.

One of the grounds to deny a Motion to Amend an Answer is undue delay. However, that is not an issue with respect to Defendant's requested amendments. There had been no activity in this case by either party for almost a year. Plaintiff filed his Motion for Judgment on the Pleadings on January 26, 2009. Docket # 7. It was at that point in time that Defendants' counsel became aware of the decision in Morgan v. Department of Transportation, Docket No. 2007-3201, 2008 WL 5000276, which had been entered on November 24, 2008. Within less than 40 days of Plaintiff's filing, Defendants filed a motion to amend their answer to include affirmative defenses of *res judicata* and *collateral estoppel*. See Docket # 12. Such a short period of time does not constitute undue delay. See Dove v. Washington Metro Area Transit Auth., 221 FRD 246, 248 (D.D.C. 2004) (concluding that a ten-week delay in asserting *res judicata* "is insignificant when compared to the time and other scarce judicial resources that the court would save with a disposition on the basis of the proposed affirmative defense."); In re Sunrise Sr. Living, Inc. Derivative Litigation, 550 F.Supp.2d 1, 6 (D.D.C. 2008) (holding that

there is no evidence of undue delay where an amendment will simplify and possibly resolve the issue of whether a claim is within the Court's jurisdiction).

Suffice it to say that the new affirmative defenses sought by Defendants in their Motion for Leave, i.e., *res judicata* and *collateral estoppel*, were not available to Defendants until November 24, 2008, when the Federal Circuit entered its decision in Plaintiff's MSBP matter. See Docket # 8, Attachment 1.   Therefore, Plaintiff is wrong when he contends that these defenses were available to Defendants when they filed their answer approximately 342 days earlier. As a result, leave to amend should not be denied based on a 2-week delay or even a 3 month delay.[4]   In addition, if a Defendant can raise affirmative defenses of *res judicata* and *collateral estoppel* even on appeal in the interest of justice, see e.g. Stanton v. District of Columbia Court of Appeals, 127 F.3d. 72, 77 (D.C. Cir. 1997), Defendants should clearly be able to raise them here.

### B. There has been No Prejudice in this Case, in part, Because the Parties have not Engaged in Discovery or Otherwise Reached Trial.

Another ground to deny a Motion to Amend an Answer is undue prejudice.  Defendants have sought to amend their answer at an early stage of litigation.  The parties have not engaged in any discovery or an initial scheduling conference.  See Dove, 221 F.R.D. at 249 (finding

---

[4] Even assuming for the sake of argument that it took 3 months for Defendants to file a motion to amend upon issuance of the Federal Circuit decision, no evidence has been presented to demonstrate that this constitutes an undue delay.  In fact, courts routinely find that delay alone is an insufficient ground upon which to deny a motion to amend.  See e.g., Triad at Jefferson I, LLC v. Leavit, 563 F. Supp.2d 1,11 (D.D.C. 2008) (holding that "Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend .... In most cases[,] delay alone is not a sufficient reason for denying leave.... If no prejudice [to the non-moving party] is found, the amendment will be allowed.") (citations omitted.).

litigation to be at an early stage given that the parties had yet to appear for an initial scheduling conference or to commence discovery.)  Although it was technically incorrect for the Defendants to file a Motion to Dismiss prior to a Motion for Leave, this oversight has not deprived Plaintiff of the opportunity to present facts or evidence.  To the contrary, Plaintiff has filed several briefs containing numerous theories in response to Defendants' filings and the Court has extended the time for Plaintiff to respond to Defendants' dispositive motion for a period of thirty days.  Minute Order of March 19, 2009.  Under these circumstances, Plaintiff has failed to present any evidence demonstrating he would be prejudiced by granting Defendants motion to amend. See e.g. Dove, 221 F.R.D. at 248 (concluding that undue prejudice is not mere harm to the non-movant, but a denial "of the opportunity to present facts or evidence which [ ] would have [been] offered had the amendment [] been timely.").  Also, the mere fact that this "amendment may strengthen [Defendants'] case is not sufficient to demonstrate prejudice."  Foremost-McKesson Inc. v Islamic Republic of Iran, 1988 WL 122568, *7, n.16 (D.D.C. 1998).   For all of these reasons, Defendants Motion for Leave should be granted.

### C.  Plaintiff has Failed to Demonstrate that the Affirmative Defenses are Futile

Rather than meeting his burden of showing why the amendment should not be allowed, Plaintiff's opposition focuses solely on the merits of the *res judicata* and *collateral estoppel* defense.  Plaintiff argues that *res judicata* and *collateral* defenses do not apply because the Federal Circuit did not make "factual findings."  Pl. Opp. at pp. 10-11.  He also argues that 49 USC  §40122(i) and 29 USC §261(b) prevent the application of "administrative preclusion" to

his complaint.  Pl. Opp. at p. 12.   Defendants disagree with Plaintiff's argument, because, in part, he erroneously identified the applicable legal authority.

Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment contains a detailed discussion which Defendants incorporate by reference.  See Docket # 8.

To issue judgment about whether Plaintiff's termination promoted the efficiency of the service,  it was necessary for the Federal Circuit to reach factual conclusions about whether Plaintiff worked authorized overtime during the week of February 16, 2005, which is the very factual issue pending in this case.  Docket # 1 (Complaint), Paragraph 15.  Yet, Plaintiff contends that because his legal theory in the present case is different than the legal theory in the previous case, principles of *res judicata* and *collateral estoppel* do not apply.  He is wrong.  It is well established that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude litigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90, 94 (1980).   For these reasons, Defendants' amendment of its answer would not be futile and could save significant judicial resources.

Also, contrary to Plaintiff's contention, nothing in 49 USC §40122(i) alters these principles of *res judicata* and *collateral estoppel*.  Section 40122(i) discusses the procedural process for Federal Aviation Administration employees to elect an administrative forum to challenge an adverse action.  The explicit language of Section 40122(i) neither expressly nor implicitly addresses the legal principles of res judicata or collateral estoppel.   Under these circumstances, Defendant has failed to satisfy his burden of proof to demonstrate that the general policy in favor of liberal leave to amend should not be followed.

Similarly, Plaintiff mischaracterizes the issue and holding in <u>Whalen v. United States</u>, Case No. 07-707C, a case in which he was a named party (copy attached). The United States Court of Federal Claims dismissed Plaintiff from the <u>Whalen</u> case, because Plaintiff Morgan's claim arose "from the same operative facts as those alleged in a preexisting claim in district court and the relief requested overlap[ped]." Pursuant to 28 USC §1500, the Federal Claims Court was divested of jurisdiction. This jurisdictional issue was briefed in <u>Whalen</u> in November 2007. The Federal Circuit decision in <u>Morgan</u> was not issued until November 2008. Therefore, the affirmative defenses sought in Defendants Motion for Leave were not available to Defendants at the time briefs were filed in <u>Whalen</u>. As a result, Plaintiff has failed to demonstrate that allowing Defendants to amend would be futile.

Finally, Defendant submits that to the extent that Plaintiff claims discrimination based on reprisal for his Whistleblowing activity, that issue was resolved by the Federal Circuit and is, therefore, subject to dismissal on *res judicata* or *collateral estoppel* grounds. See Docket # 8-2, Exh. 1, pp. 6-7. To the extent that Plaintiff is claiming some other type of discrimination, as he failed to raise that matter while proceeding before the Merit Systems Protection Board [<u>see</u> <u>id</u>. at # 8-3, Exh. 2], he is prohibited from raising it here. <u>See</u> <u>Frank v. Ridge</u>, 310 F.Supp.2d 4, 10 (D.D.C. 2004) (*quoting* <u>Powell v. Dep't of Defense</u>, 158 F.3d, 597, 598 (D.C. Cir. 1998) (*citing* <u>Ballentine v. Merit Sys. Prot. Bd.</u>, 738 F2d 1244, 1246 (Fed. Cir. 1984)).

## CONCLUSION

For the reasons set forth herein and in Defendants' Motion for Leave, it is respectfully requested that said motion be granted and that the lodged answer be filed.

                        Respectfully submitted,

                        ____/s/_____
                        JEFFREY A. TAYLOR , D.C. Bar # 498610
                        United States Attorney

                        ____/s/_____
                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                        Assistant United States Attorney

                        ____/s/_____
                        CLAIRE WHITAKER, D.C. Bar # 354530
                        Assistant United States Attorney
                        United States Attorneys Office
                        Civil Division
                        555 4th Street, N.W., Room E-4204
                        Washington, D.C. 20530
                        (202) 514-7137