**Greg Morgan**
**920 Foxon Road #466**
**East Haven, CT 04513**
**Telephone: (203) 671-3858**
**Fax: (661) 952-1902**
**Email: greg@morganclan.mobi**
**Pro Se**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,** | **Case No.:** 1-07-cv-01748 (RMU) |
| **Plaintiff,** | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |
| **v.** | |
| **FEDERAL AVIATION ADMINISTRATION, et al.,** | |
| **Defendants.** | |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**I.    INTRODUCTION** ................................................................................. **3**

**II.   RELEVANT PROCEDURAL HISTORY** ...................................... **4**

**III.  ARGUMENT** ..................................................................................... **5**

    **A.    Rule of Law— Dismissal under Fed.R.Civ.P. 12(b)(6)** .................... **5**
    **B.    Because The DM2D/SJ Is Not Proper In Any Respect, The Motion Must Be Denied** ...................................................................................... **6**
    **C.    Because Plaintiff's Complaint Does State Causes Of Action, Fed.R.Civ.P. 12(B)(6) Is Not Applicable** ..................................................................... **8**

**IV.   ARGUMENT IN THE ALTERNATIVE** ..................................... **10**

    **D.    Rule of Law – Summary Judgment** ................................................. **10**
    **E.    Because There Exist Genuine Issues Of Material Fact Defendant's Effort At Summary Judgment Fails** ......................................................... **12**
    **F.    Rule of Law -- Res Judicata** ............................................................ **14**
    **G.    Statement Of Defendants Preclusion Effort** .................................... **16**
    **H.    Number 1, Because There Never Was A Prior Suit Or Judgment--Preclusion Does Not Apply** ...................................................................... **17**
    **I.    Number 2, Because There Was No Same Party, No Same Title—Preclusion Does Not Apply** ............................................................................. **18**
    **J.    Number 3, Because The Issues Are Not The Same—Preclusion Does Not Apply 22**
    **K.    Number 4, Because Of Jurisdictional Bars, The Matter Could Not Be Asserted In The Prior Action—Res Judicata Does Not Apply** ............................ **23**
    **L.    Number 5, Because Of Procedural Bars, The Matter Could Not Be Asserted In The Prior Action—Res Judicata Does Not Apply** ............................ **24**
    **M.    Number 6, Where Congress Statutorily Grants An Election Of Multiple Forums, Res Judicata Does Not Apply** ............................................. **26**

**V.    SECOND ARGUMENTS IN THE  ALTERNATIVE** .................... **27**

    **N.    Because Defendant's Failed To Assert Preclusion In A Different Action, They Are Barred From Raising That Issue Here** ............................... **27**
    **O.    Because An Apparent Fraud Is Present, Res Judicata Cannot Apply** ................. **31**

**VI.   CONCLUSION** ................................................................................. **33**

## I.  __INTRODUCTION__

Plaintiff filed a straight forward complaint, naming the Federal Aviation Administration (herein after "FAA") and one Susan Marmet (hereinafter, "Marmet") asserting facts supported by affidavit and evidence, that Defendant's failed to pay statutory overtime, and for Defendant's violation of the anti-retaliation provision of the FLSA as well as Marmet's violation of C.G.C. § 12940 *et seq.*

Thereafter, Defendant's field their answer, admitting to the essential facts while asserting several meritless defenses of which was not res judicata or collateral estoppel (herein after collectively "Preclusion"). Plaintiff then moved for Judgment on the Pleadings addressing each defense and to which Defendant's in a later motion described as "interesting."

Thereafter, having failed to reply to Plaintiff Motion for Judgment on the Pleadings, Defendants rather filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, asserting res judicata and collateral estoppel. Plaintiff then filed his Reply to his unopposed Motion for Judgment on the Pleadings.

Thereafter, a year and a half after they could have, Defendants filed a Motion to Amend their Answer to assert now res judicata and collateral estoppel and then only after Plaintiff exposed the numerous procedural defects in their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Plaintiff followed with his Opposition to the Motion to Amend Defendants Answer and again exposed additional numerous procedural defects. Defendant's then filed their Reply to Plaintiff's Opposition, and acknowledged several of the many procedural defects.

Now at the end of this long tortured procedural process lies "DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT" SUMMARY JUDGMENT [(hereinafter "DM2D/SJ")]" for which Plaintiff files his Opposition.

## II.  RELEVANT PROCEDURAL HISTORY

On or about:

| | |
|---|---|
| 09/28/2007 | Plaintiff, Greg Morgan filed his original complaint and summons in the instant action naming the defendant parties as the Federal Aviation Administration and as an individual, one Susan Marmet; |
| 03/28/2008 | The named Defendants, the Federal Aviation Administration and Susan Marmet filed late their collective answer; |
| 01/26/2009 | Plaintiff, Greg Morgan moved the Court for an order for Judgment on the Pleadings; |
| 02/09/2009 | A **_non-party_** to this action filed a single page memorandum in opposition to the motion for Judgment on the Pleadings titled: "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS" asking the Court to take notice of and "SEE DOCKET ENTRY # 8."; |
| 02/14/2009 | Plaintiff, Greg Morgan submitted his Reply to an unopposed Motion for Judgment on the Pleadings; |
| 02/19/2009 | Plaintiff, Greg Morgan submitted an unopposed Motion for Extension of Time to Respond to Defendant's Motion to dismiss alternatively for Summary Judgment, Granted; |
| 03/05/2009 | Defendants filed a Motion for Leave to File an Amended Answer seeking to correct the many admitted rule violation; |
| 03/17/2009 | Plaintiff files his opposition to Defendant's Motion for Leave to File an Amended Answer; |
| 03/23/2009 | Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Opposition to Defendant's Motion for Leave to File an Amended Answer; |

| | | |
|---|---|---|
| 1 | 04/06/2009 | Defendants filed their Reply to Plaintiff's Opposition to Defendants' |
| 2 | | Motion for Leave to File an Amended Answer, seeking to correct the |
| 3 | | many more admitted rule violation, specifically asking the court to alter its |
| 4 | | adjudication sequence, e.g., decide their motion to amend first then decide |
| 5 | | their Motion to Dismiss/Summary Judgment first while ignoring |
| 6 | | Plaintiff's unopposed or unanswered Motion for Judgment on the |
| 7 | | Pleadings; |
| 8 | Presently | Plaintiff files this, his opposition to Defendant's Motion to |
| 9 | | Dismiss/Summary Judgment |

## III. ARGUMENT

### A. Rule of Law— Dismissal under Fed.R.Civ.P. 12(b)(6)

Here, Fed.R.Civ.P. 12(b)(6) cannot be raised here as a ground for dismissal because the Plaintiff has stated claims upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiff need not plead all elements of his *prima facie* case in the complaint or "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004). Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations - including mixed questions of

1    law and fact - as true and draw all reasonable inferences therefrom in the Plaintiff's favor.

2    *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). A court's resolution of a Rule

3    12(b)(6) motion is a final judgment on the merits with res judicata effect. *Haase v. Sessions*, 835

4    F.2d 902, 906 (D.C. Cir. 1987).

5    **B.  Because The DM2D/SJ Is Not Proper In Any Respect, The Motion Must Be Denied**

6         Because there is no proper motion before the court, a fact which Defendants admit, they are

7    not entitled to dismissal or summary judgment of this action. Accordingly their DM2D/SJ must

8    be denied. Defendant's moving papers provide in relevant part:

9              "Defendant…respectfully moves this Court to dismiss this case on the grounds that it
               is barred by the doctrine of *res judicata*. Fed. R. Civ. P. 12(b)(6). This case is
10             barred,…. Because documents outside of the pleadings are presented in support of this
               motion, Defendant also moves for summary judgment pursuant to Fed. R. Civ. P. 56."
11             See DM2D/SJ pg., 1.

12        Defendants rely upon Fed.R.Civ.P. 12(d) to provide the legal basis to support their motion

13   and which reads in relevant part:

14             If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
               presented to and not excluded by the court, the motion must be treated as one for
15             summary judgment under Rule 56…. See Fed.R.Civ.P. 12(d).

16   However, Rule 12(b) provides:

17             A motion [e.g., pursuant 12(b)(6)] asserting any of these defenses [res judicata or
               collateral estoppel] must be made before pleading if a responsive pleading is allowed.
18             See Fed.R.Civ.P. 12(b).

19        Because Defendant's have already answered the complaint, they may not now rely upon the

20   Rule 12 to bring such a dismissal. Defendants acknowledge this fact:

21             "Plaintiff is technically correct that a dispositive motion on *res judicata* and *collateral
               estoppel* grounds should not proceed the filing of a Motion to Amend."[1]

22

23

24   _____

25   [1] See "DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION [Docket # 13] TO
     DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER" at fn 3
     hereinafter "DRPODML2AA"

Rule 12(b) is clear, and requires that Defendant's to have brought a 12(b)(6) motion before *any* answer, not just before an amended answer. They did not.

Yet Defendants seek to apply preclusion here upon a decision by the Federal Circuit Court of Appeals. They claim, because that decision was issued after this action was filed—caused them to plead—not the Rule 8(c) defenses of res judicata and collateral estoppel in their original answer. They claim, necessity, the necessity being the decision of the Federal Circuit Court of Appeal. They claim, necessity requires now an amendment to their answer to correct what they simply failed to do in the first place and such justifies a complete re-sequencing of the entire adjudicative process to their benefit. In short, they claim that decision changed everything.

That is a complete red herring, a false premise. This Circuit holds, the pendency of an appeal, does not diminish the preclusive effects (if any) of a prior adjudication. *See Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983) (noting "well-settled federal law" that an appeal "does not diminish the *res judicata* effects of a judgment rendered by a federal court"); see also, RESTATEMENT (SECOND) OF JUDGMENTS § 13 & comment f, (the "better view is that a judgment otherwise final remains so despite the taking of an appeal unless [the] appeal actually consists of a trial de novo").

Defendant's stated reason for seeking to amend their answer was a mere smoke screen to conceal their apparent failure to simply have pleaded res judicata and collateral estoppel in the first place. The decision at the MSPB stage was taken well before[2] this action commenced and was sufficient for Defendants to have long ago asserted in the original answer—preclusion[3] (if

---

[2] Actually, July 14, 2006 or 1 year and 2 ½ months before this action and 1 year and 9 months before Defendants late answered.

[3] As used throughout, preclusion means res judicata and/or collateral estoppel as the case may be.

any). Simply stated, despite Defendant's claims, there was no need to have waited for the Federal Circuit.

The operability of Fed.R.Civ.P. 56 now comes into play.  Fed.R.Civ.P. 56(e)(2) reads in relevant part:

> When a motion for summary judgment *is properly made*… summary judgment should, if appropriate, be entered against that party. See Fed.R.Civ.P. 56(e)(2), emphasis added.

Because Defendant's motion arises under Rule 12(b) and such rule is inapplicable at this stage, it is of no moment that "matters outside the pleadings are presented." In order to have a Rule 12(b) motion "treated as one for summary judgment under Rule 56", the motion must be properly brought in the first place. To do otherwise, puts the cart before the horse. See *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) "The defendants had moved to dismiss for failure to state a claim, pursuant to Rule 12(b), FED. R. CIV. P. (or in the alternative, for summary judgment). But Rule 12(b) was inapplicable: the defendants had already answered the complaint." Accordingly, because the "motion for summary judgment is *[not]* properly made" requires the Court deny Defendants motion.

## C.  Because Plaintiff's Complaint Does State Causes Of Action, Fed.R.Civ.P. 12(B)(6) Is Not Applicable

As to the First Cause of Action, Fed.R.Civ.P. 12(b)(6) cannot be raised here as a grounds for dismissal because Plaintiff has stated claims upon which relief can be granted. Plaintiffs' first claim is for "failing to compensate plaintiff for any of the overtime work performed [(45 minutes)]", liquidated damages and other relief" for the FAA's contravention of the FLSA. Complaint at ¶ 17, 18 & 36.

Section 216(b) of the FLSA establishes a right of action by employees to hold liable their employers "in the amount of their unpaid minimum wages, or their unpaid overtime compensation;" such an action "may be maintained against any employer (including a public

1  agency) in any Federal or State court of competent jurisdiction by any one or more employees

2  for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §

3  216(b).

4       As to the Second Cause of Action, Fed.R.Civ.P. 12(b)(6) cannot be raised here as a

5  grounds for dismissal because Plaintiff has stated claims upon which relief can be granted.

6  Plaintiffs' second claim is because "defendant discharged plaintiff (terminated plaintiffs

7  employment) predominately upon a charge: "Working beyond shift without authorization to do

8  so and then claiming it as overtime."", employment, reinstatement, promotion, and the payment

9  of wages lost and an additional equal amount as liquidated damages" for the FAA's

10  contravention of the anti-retaliation provision (discharge) within the FLSA. Complaint at ¶ 23,

11  24 & 37.

12       Section 216(b) and 215(a)(3) of the FLSA establishes a right of action by employees to hold

13  liable their employers who "discharge or in any other manner discriminate against any employee

14  because such employee has filed any complaint or instituted or caused to be instituted any

15  proceeding under or related to this chapter, or has testified or is about to testify in any such

16  proceeding" and recover "without limitation employment, reinstatement, promotion, and the

17  payment of wages lost and an additional equal amount as liquidated damages.;" such an action

18  "may be maintained against any employer (including a public agency) in any Federal or State

19  court of competent jurisdiction by any one or more employees for and in behalf of himself or

20  themselves and other employees similarly situated." 29 U.S.C. § 216(b).

21       As to the Third Cause of Action, Fed.R.Civ.P. 12(b)(6) cannot be raised here as the grounds

22  for dismissal because Plaintiff has stated claims upon which relief can be granted. Plaintiffs'

23  third claim is because certain medical documents "obtained by plaintiff, contained specific

24  complaints to his physician of past events relating to retaliation and/or discrimination and/or

25  harassment by Marmet to plaintiff for which diagnosed medical condition, "combat fatigue."

1   [And] Marmet received and/or reviewed the medical documents previously mentioned or

2   otherwise was knowledgeable of and/or became knowledgeable of the content therein [And that

3   she particip[ed] in the discharge and/or discrimination and/or harassment of plaintiff for

4   complaining and/or instituting and/or causing to be instituted proceedings related to FEHA [for

5   which] defendant Marmet has violated the FEHA." And the complaint provides that Marmet was

6   not acting in the course and scope of her employment duties See Complaint at ¶¶ 32-34, 38-39;

7   *Wasserman v. Rodacker*, 557 F.3d 635, 638 (D.C. Cir 2009).

8       Section (a) and (i) of C.G.C. § 12940 ("FEHA") establishes a right of action by persons to

9   hold liable "any persons" who "aid, abet, incite, compel, or coerce the doing" of a "bar or to

10   discharge the person from employment … or to discriminate against the person in compensation

11   or in terms, conditions, or privileges of employment" because of a "medical condition" and such

12   an action can be maintained upon any person whom the district courts have supplemental

13   jurisdiction over all other claims. 29 U.S.C. § 1367(a).

14   **IV.  ARGUMENT IN THE ALTERNATIVE**

15       This argument proceeds in the event the Court is able to slog its way through the many rule

16   violations and actually grants Defendant's motion to amend their answer and then determines to

17   adjudicate their DM2D/SJ on its merits.

18       **D.  Rule of Law – Summary Judgment**

19       Summary judgment may be granted only where the "pleadings, depositions, answers to

20   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

21   genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

22   Fed. R. Civ. P. 56(c); *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002). The relevant inquiry

23   "is the threshold inquiry of determining whether there is a need for a trial -- whether, in other

24   words, there are any genuine factual issues that properly can be resolved only by a finder of fact

25   because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*,

Inc., 477 U.S. 242, 250, (1986). A material fact is one that is capable of affecting the outcome of the litigation. *Id.* at 248. A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," id., as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The burden falls on the moving party to provide a sufficient factual record that demonstrates the absence of a genuine issue of material fact. See *Beard v. Banks*, 548 U.S. 521 (2006). "Once the moving party has carried its burden . . . [t]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Taylor v. Blakey*, 377 U.S. App. D.C. 12, 490 F.3d 965, 972 (D.C. Cir. 2007) (internal quotations and citation omitted) (emphasis in original). In considering a motion for summary judgment, all "justifiable inferences" from the evidence are to be drawn in favor of the nonmovant. *Anderson*, 477 U.S. at 255.

As the moving parties for summary judgment, Defendants are required to satisfy an initial burden of coming forward with sufficient admissible evidence to show "that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). Moreover, adjudication of the instant Motion should be viewed in light of the fact that the Motion is founded upon theories of *res judicata* and collateral estoppel, affirmative defenses on which *Defendants* have the burden of persuasion. See, e.g., *Taylor v. Sturgell*, 128 S. Ct. 2161, 2179-2180 (2008) ("Claim preclusion, like issue preclusion, is an affirmative defense. . . Ordinarily, it is incumbent on the defendant to plead and prove such a defense. . . and we have never recognized claim preclusion as an exception to that general rule.").

Federal courts from across the country have been particularly reluctant to grant summary judgment, where the moving party has the ultimate burden of persuasion at trial. *See, e.g., Fara Estates Homeowners Assnv*, v. *Fara Estates* 1998 U.S. App. LEXIS 481 (9th Cir., 1998) (summary judgment vacated, due to moving party's failure to meet its initial Rule 56(c) burden,

1    when the moving party had the burden of proof at trial); *Vasquez v. City of Bell Gardens*, 938 F.

2    Supp. 1487, 1494 (C.D. Cal. 1996) (summary judgment denied). *Vasquez* aptly describes the

3    moving party's summary judgment burden under such circumstances:

4        If the moving party has the burden of proof at trial (the plaintiff on a claim for relief, or the

5    defendant on an affirmative defense), the moving party must make a showing sufficient for the

6    court to hold that no reasonable trier of fact could find other than for the moving party. This

7    means that, if the moving party has the burden of proof at trial, that party must establish beyond

8    peradventure all of the essential elements of the claim or defense to warrant judgment in that

9    party's favor. Furthermore, the court must view the evidence presented to establish these

10   elements "through the prism of the substantive evidentiary burden." *Id*. at 1494 quoting

11   *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986) (citations omitted).

12   **E.  Because There Exist Genuine Issues Of Material Fact Defendant's Effort At**

13        **Summary Judgment Fails**

14       Defendants cannot possibly meet their summary judgment burden of demonstrating that

15   there are no genuine disputes of material fact in this case. Among other things, defendants

16   dispute their own facts. Fed.R.Civ.P. Rule 56(c) reads in pertinent part:

17           "The judgment sought should be rendered if the pleadings, the discovery and
             disclosure materials on file, and any affidavits show that there is no genuine issue as to
18           any material fact and that the movant is entitled to judgment as a matter of law." See
             Fed.R.Civ.P. Rule 56(c).
19

20   Thus a court in resolving a motion for summary judgment must render it upon the pleadings

21   among other things.

22       A defendant's admission in an answer "constitutes a binding judicial admission," *Crest Hill*

23   *Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005), and "[j]udicial

24   admissions are concessions in the pleadings that bind the party making them and that withdraw a

25   fact from contention." *Taylor v. Monsanto Co*., 150 F.3d 806, 809 (7th Cir. 1998). "Judicial

admissions are formal admissions … which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Guidry v. Sheet Metal Workers International Association, Local No. 9,* 10 F.3d 700, 716 (10th Cir. 1993). "They may not be controverted at trial or on appeal." *Keller v. United States,* 58 F.3d 1194, 1998 n.8 (7th Cir. 1995). As such, they are properly considered on a motion to dismiss or for summary judgment. *Steinbrecher v. Oswego Police Officer Dickey*, 138 F. Supp. 2d 1103, 1108 n.3 (N.D.Ill. 2001).

In their answer Defendant's admitted in response to Plaintiff's sworn factual allegations that he was to obtain certain medical information from his treating physician to maintain his required medical clearance.

> "Defendants admit that it advised Plaintiff to obtain medical information in order to maintain his medical clearance." See Answer at ¶ 15.

Here, Defendant's seek to apply res judicata to the above fact insomuch as the Federal Circuit said as to the MSPB:

> "[F]or example a declaration from Ms. Marmet … directly contradicted Mr. Morgan. Indeed, Ms. Marmet stated that she did not authorize him to obtain his medical documents and, in fact, was not even at work on the day in question." See Defendant's Exhibit 1 at pg.,

The decision of the Federal Circuit specifically references, a "declaration from Ms. Marmet" which "stated that she did not authorize him to obtain his medical documents."[4] The declaration was offered to rebut Plaintiff yet, the admission smacks in the face where the Federal Circuit said that Marmet "was not even at work on the day in question" because common sense dictates it would be impossible for Plaintiff "to be advised … to obtain medical information" were she not then present as Plaintiff stated. To think otherwise is beyond reason. Thus as the case now

---

[4] Her declaration was designed to appear that way. Were the court stated Marmet was not at work, her actual words were that she "check her schedule" thus she was not scheduled to work, but refused to say she was not at work.

1    stands, based upon the complaint and the answer, there is no disputed facts and the law requires

2    judgment in Plaintiff's favor. However, were the Court to actually not exclude Defendant's

3    "EXHIBIT 1"[5] and then treat their motion as for one of summary judgment, the inclusion of

4    "EXHIBIT 1" compared against there admission in their "answer" establishes a genuine material

5    disputed fact between Defendant's own fact and between whatever the new facts are established

6    and Plaintiff' sworn complaint and 28 U.S.C. 1746 compliant declaration. Accordingly,

7    summary judgment cannot be granted.

8    Additionally, the law of this Circuit requires a "determination of cases on the basis of the

9    true facts as they might be established ultimately." See *United Mine Workers 1974 Pension v.*

10   *Pittston Co.*, 984 F.2d 469, fn 12 (D.C. Cir. 1993) quoting, *Konstantinidis v. Chen*, 626 F.2d

11   933, 938 (D.C. Cir. 1980) *accord* Fed.R.Civ.P. 1. The mandate of this Circuit to determine cases

12   "on the basis of the true facts" prevails even in the face of the estoppel doctrines. Accordingly,

13   because the admitted facts contained in Defendants answer "constitutes a binding judicial

14   admission," preclusion fails and dismissal or summary judgment must be denied.

15   **F.  Rule of Law -- Res Judicata**

16   The federal common law doctrine of *res judicata* holds that a judgment on the merits in a

17   prior suit bars a second suit involving identical parties based on the same cause of action. *Apotex*

18   *v. FDA*, 393 F. 3d. 210, 217 (D.C. Cir. 2004), citing *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir.

19   2002). Whether two cases implicate the same cause of action turns on whether they share the

20   same nucleus of facts. *Id*., citing *Drake,* 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d

21   818, 820 (D.C. Cir. 1984)). In pursuing this inquiry, the court will consider "whether the facts

22   are related in time, space, origin, or motivation, whether they form a convenient trial unit, and

23   whether their treatment as a unit conforms to the parties' expectations or business understanding

24   ───────────────────

25   [5] Additionally, because Defendant's exhibit contradicts the absolute true of the matter, the court
     must exclude it.

1   or usage." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir.

2   1983).

3      Under the doctrine of collateral estoppel, on the other hand, such judgment precludes

4   relitigation of issues actually litigated and determined in the prior suit, regardless of whether it

5   was based on the same cause of action as the second suit. See *Montana v. U.S.*, 440 U.S. 147

6   (1979). The doctrine of collateral estoppel is distinguished from the doctrine of *res judicata* in

7   that the former refers to issue preclusion whereas the latter concerns claim preclusion. As

8   explained by the Supreme Court in *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326

9   (1955).

10      The traditional threshold requirements for application of the doctrine of collateral estoppel

11   are three: (1) the issue to be resolved must be identical to that involved in the prior action; (2) the

12   issue must have been actually litigated in the prior action; and (3) the determination of the issue

13   in the prior action must have been necessary and essential to the resulting judgment. *See James*

14   *Talcott, Inc. v. Allahabad Bank, Ltd.,* 444 F.2d 451, 458-59 (5th Cir. 1971), *cert. den.,* 404 U.S.

15   940 (1971); 1B Moore, Federal Practice par. O.443(1) (2d ed. 1976).

16      Boilerplate allegations of preclusion are insufficient; it is entirely the asserting party's

17   "burden of proving what issues were decided in his favor at the prior trial." See *United States* v.

18   *Lasky*, 600 F.2d 765, 769 (9th Cir.1979),[6] cert. denied, 444 U.S. 979 (1979); see also, *Dowling v.*

19   *United States*, 493 U.S. 342, 350 (1990) (same). "Relying on isolated provisions of the [decision]

20   is inappropriate. *I.A.M. Nat'l Pension Fund, Ben. Plan A v. Industrial Gear Mfg. Co.*, 723 F.2d

21   944, 948 (D.C. Cir. 1983) "The effort to find answers in a decision that has been made requires

22   an analysis of the intention of the decision." *Texaco, Inc. v. Hickel,* 437 F.2d 636, 646 (D.C. Cir.

23

24   ────────────────

25   [6] In a matter such as the instant case, the *res judicata* effect is determined by federal common law. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001). Accordingly, federal precedent from outside this jurisdiction constitutes persuasive authority here.

1970). "A defendant claiming an estoppel has the burden of proving that facts he seeks to exclude from a subsequent trial have been "necessarily determined"." *United States v. Smith*, 446 F.2d 200, 203-203 (4th Cir. 1971). "It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." *United States* v. *Lasky,* 600 F.2d at 769.

**G.  Statement Of Defendants Preclusion Effort**

Defendants seek to preclude Plaintiff action based upon their DM2D/SJ which states in pertinent part:

> "This case is barred, because the United States Court of Appeals for the Federal Circuit entered judgment in the Defendant's favor based on the same facts that Plaintiff raises in the present case. Morgan v. Department of Transportation, Docket No. 2007-3201, 2008 WL 5000276, *slip op.* (Fed. Cir. November 24, 2008)." See DM2D/SJ at page 1; see also EXHIBIT 5, "DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE"

Defendant's own words declare the inner and outer parameters of the basis for which they seek preclusion, a "judgment in the Defendant's favor" from the "United States Court of Appeals for the Federal Circuit." Accordingly, because the burden proof is entirely upon the party asserting preclusion, the examination whether preclusion applies proceeds upon the declared basis alone—nothing more. Thus at issue, whether in Defendant's own words, the "judgment" of the "United States Court of Appeals for the Federal Circuit" precludes this action. See *Bryson v. Guarantee Reserve Life Insurance Co.*, 520 F.2d 563, 566 (8th Cir. 1975).

There is also a well developed body of case law discussing the amenability of the summary judgment procedure to resolve questions pertaining to *res judicata*. Among other things, these cases have delineated the circumstances under which a res *judicata* defense is not amenable to disposition via summary judgment (or otherwise). The principles on which the results in these cases turn include:

1)      There was no "prior suit" and there was no "final judgment";

16

2)     There was no "identical parties" and neither were the titles the same;

3)     There is no identity of issues;

4)     The matters here could not be asserted in the prior forum due to jurisdictional bars;

5)     The matters here could not be asserted in the prior forum due to procedural bars;

6)     Because Congress statutorily granted an election to multiple forums, res judicata or collateral estoppel cannot apply.

**H. Number 1, Because There Never Was A Prior Suit Or Judgment--Preclusion Does Not Apply**

There was no prior suit yet Defendant's assert that a "judgment in the Defendant's favor" from the "United States Court of Appeals for the Federal Circuit" precludes this action. Yet the papers supplied by Defendant's clearly state that result of the Appeals Court and is self described as a "DECISION" and not a judgment. See Defendant's Exhibit 1 at pg., 1. A decision is not a judgment. See *Sherwood v. Washington Post*, 871 F.2d 1144, fn 4 (D.C. Cir 1989) ("The appellee ... attempts to characterize the trial court's decision as a judgment…"). Even the Federal Circuit draws a distinction between its decision and its judgments. See Local Fed. Cir. FRAP 36

Moreover, the action in the Federal Circuit Court of Appeals was most certainly not a suit. Rather than a complaint filed as here, there a "petition for review" is submitted and for which the mandate of the Federal Circuit Court of Appeals is simply to "review the [existing] record". A suite is an evidentiary proceeding rather than a review proceeding. In no way does a petition for review transmute into a suit. See 5 U.S.C. § 7703(b)(1);  see also eg., *White v. Sun Life Assur. Co.*, 488 F.3d 240, 247 (4th Cir. 2007) ("claimants must exhaust internal appeals before filing suit" and that the "twin remedies of administrative and judicial review" are a single scheme); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997). (A "review proceeding [is] not an evidentiary proceeding."); and the effort at the Court of Appeals is a

1 different transaction or occurrence alleged to have the preclusive effect than the earlier action.

2 *Kronish, Lieb Weiner and Hallman v. Fort*, 197 Fed. Appx. 261, 264-265 (4th Cir. 2006).

3    Accordingly, because the "Decision" of the Federal Circuit Court of Appeals is not a

4 "judgment", final or otherwise and because a "petition for review" is not a "suit," preclusion

5 cannot apply in this action.

### I.   Number 2, Because There Was No Same Party, No Same Title—Preclusion Does Not Apply

8    The named party as titled in the captioned here is the "Federal Aviation Administration."

9 See Complaint. As provided in their DM2D/SJ motion and in exhibit attached, the party there is

10 "Department of Transportation."[7] Because the parties are not the same, because the title is not

11 the same, preclusion does not apply.

12    In his motion for judgment on the pleadings, Plaintiff demonstrated why the named party

13 (Federal Aviation Administration) in this action, was the proper party for FLSA purposes.

14 Defendants did not address this issue but rather did not respond. Because they did not respond,

15 they suffer a "forfeiture" and a "waiver" as to the named party issue. See *Harris v. Sec'y of the*

16 *Dep't of Veterans Affairs*, 126 F.3d 339, fn2 (D.C. Cir. 1997).

17    After Defendant's failed to respond, they filed the present motion which this response

18 arises. There, Defendant's did without legal process engage in a unilateral effort to inject and

19 substitute the Federal Aviation Administration for the U.S. Department of Transportation.

20 Subsequent to that effort, Defendant's filed a motion to amend their answer (pending) yet again,

21 did not seek substitution or joinder.

22    Now the operation of  Fed.R.Civ.P. 12(b) applies and the rule is plain:

23    "A motion asserting any of these defenses [(1 through 7)] **must be made before** pleading [answer] if a responsive pleading is allowed." See Fed.R.Civ.P. 12(b).

24    _____

25 [7] In actuality, the DM2D/SJ motion is captioned "Department of Transporation."

18

Defendants did in their answer at the "FIFTH DEFENSE" and again, their "SIXTH DEFENSE" assert, "The only proper defendant in this law suit is the U.S. Department of Transportation. Accordingly, the named defendants should be dismissed." See Answer at Defense 5-6.

While much focus has been upon Defendants failure to "affirmatively state" the defenses of res judicata or collateral estoppel in their answer under Fed.R.Civ.P. 8(c), what is now perfected, is Defendant's failure to raise as Rule 12(b) requires, in a motion before answer, the defense of "lack of personal jurisdiction" (Fed.R.Civ.P. 12(b)(2)) to wit: the "U.S. Department of Transportation" is the proper party. See Fed.R.Civ.P. 12(b)(2).

Defendant's failure to raise the issue in pre-answer motion is not only waiver and abandonment, it is not recoverable by any means. Under Fed.R.Civ.P. 12(h)(1)(B)(i), "Waiving and Preserving Certain Defenses," provides in significant part:

> "A party waives any defense listed in Rule 12(b)(2)-(5) by: (B) failing to … (i) make it by motion under this rule…." See Fed.R.Civ.P. 12(h)(1)(B)(i).

Because Defendants "must" raise the defense that the "U.S. Department of Transportation" is the proper party in pre-answer motion and they did not, they have forever waived the issue.[8]

---

[8] Additionally, now Defendant's in their Reply to Plaintiff's Opposition to Amend at footnote 3 state:

> "Because Defendants' have not withdrawn their dispositive motion, Plaintiff is technically correct that a dispositive motion on *res judicata* and *collateral estoppel* grounds should not proceed the filing of a Motion to Amend. Accordingly, Defendants request that the Court hold their dispositive motion in abeyance pending a ruling on Defendants' Motion for Leave, after which time, Defendants may renew it."

Were the Court incline to grant this request, their Rule 12 motion still fails as the defense must be again raised in pre-answer motion. And because it is not raised now, they may not ever "renew it" as they suggest. See Fed.R.Civ.P. 12(g)(2). Clearly Defendant's are forever foreclosed to the same party or same title element necessary for the application of preclusion.

Defendants ask the court to except them from their multiple rule violations because at bottom while untrue, they say, the Federal Circuit Appeal "supports the inclusion of additional affirmative defenses." However, even if the Court were to accept that false argument, what is certain, there is no conceivable relationship between the Federal Circuit Appeal and Defendants failure to raise their Rule 12(b)(2) proper party defense according to the rules. Thus there was no reason for their failure not to have brought the defense at the proper time and under proper procedure.

In applying preclusion, any relationship between the parties is not to be assumed. There is no such thing as "preclusion by association." The Supreme Court stated in *Hansberry v. Lee*, 311 U.S. 32, 40 (1940), "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." The *Hansberry* principle has been repeated by the Supreme Court on several occasions and followed by many courts in innumerable cases holding that preclusion cannot be applied to an action by or against a person who was not a party to the prior adjudication.

Moreover, Defendant cannot demonstrate the relationship they need in order to prefect the application of preclusion. In his Motion for Judgment on the Pleadings, Plaintiff cited this Circuit's four part test "economic reality" test mandated under *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001). The "test considers the extent to which typical employer prerogatives govern the relationship between the putative employer and employee." *Id* at 11. The "economic reality" test under *Morrison* would require the "U.S. Department of Transportation" 1) "the power to hire and fire," 2) "supervised and controlled employee work schedules or conditions of employment" 3) "the rate" of payment and 4) "maintaining employment records". By mandate of Congress, none of this authority is granted to the Secretary

of U.S. Department of Transportation.[9] See Plaintiff's Motion for Judgment on the Pleadings at part "d" incorporated hereto by reference. Accordingly, applying the economic reality test, the U.S. Department of Transportation fails as Plaintiff's employer under the FLSA.

   Defendant's reliance upon *Stephenson v. Simon*, 427 F. Supp. 467, 470-471 (D.D.C. 1976) is irrelevant and immaterial. The *Stephenson* case arose under the Title VII of the Civil Rights Act of 1964 which statutes specify who shall be the named defendant. Whereas 28 U.S.C. 203(d) of the FLSA defines employer as: "any person acting directly or indirectly in the interest of an employer in relation to an employee." 28 U.S.C. 203(d). The term "employee" has its own meaning, "… any individual employed by an employer…" To "employ" includes "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g). Defendant's self description as a "modal organization" is nothing more than a "technical concept" and does not reflect the "economic reality," a reality grounded in the statutory law.[10] See *Morrison*, 253 F.3d at 10-11. Defendant's failed unilateral effort to substitute the name party was taken to bypass the economic reality test and to establish without examination the critical elements of same party and same title— elements required to apply preclusion. Preclusion bars relitigation only by those parties who actually litigated in the prior proceeding. See *Baker v. GMC*, 522 U.S. 222, 237 n.11 (1998). Because the parties here are not the same (and neither can they now make is so), because the title here is not the same, preclusion cannot be applied.

---

[9] If preclusion were to apply as Defendant seek, the Federal Circuit Opinion they pounce as controlling here, obliterates there argument. In footnote 1, that Court affirmed "the FAA's independence over employment matters" *Id*.

[10] Also, Defendant's in their answer admitted, "During all relevant times, Susan Marmet **was employed by the Federal Aviation Administration** at the High Desert Terminal Radar Approach Control Radar ("TRACON"), Edwards Air Force Base, California…." See Answer at ¶ 30, emphasis added. This begs the question, how much less can Plaintiff be? An employer's admission that individual was an employee is "highly probative". See *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2nd. Cir. 1988).

**J.  Number 3, Because The Issues Are Not The Same—Preclusion Does Not Apply**

Preclusion cannot apply here as the issues are not the same. Again, Defendant's own words state that a "judgment in the Defendant's favor" from the "United States Court of Appeals for the Federal Circuit" precludes this action. Yet closer examinations of the issues which the say were determined demonstrate preclusion cannot apply. Again, it is Defendant's burden to clearly state and provide the supporting briefs and arguments to demonstrate the issue was decided, they have not. "It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." *United States* v. *Lasky,* 600 F.2d at 769.

As to the issues Defendant's claim were decided, they said:

> "the Federal Circuit determined the following facts: 1) Plaintiff's claimed overtime was unauthorized for February 16, 2005; 2) Plaintiff had been previously counseled and admonished for improperly claiming overtime for hours not worked; 3) the relevant Douglas factors were considered before the decision to remove Plaintiff was made; and 4) the Agency would have taken the removal action even absent his protected disclosures." DM2D/SJ at pg., 4.

Firstly, other than bald assertions, Defendant's point to nothing—they cannot point to anything. Never has the Federal Circuit at anytime "made factual findings" in any matter Plaintiff might have had before it. See Exhibit 1, Declaration of Greg Morgan. because the Defendant's have failed to support their contentions, preclusion cannot apply.

Secondly, weather "Plaintiff's claimed overtime was unauthorized" is completely unrelated to the provision of the FLSA statutes requiring payment for overtime actually worked. See 29 U.S.C. §§ 207, 216(b). Here the issue raised is simply 'pay me' because I did work and not weather you said I could or not. Because the remaining issues are discrete to matters unrelated to the FLSA, no basic inquire is even necessary. Thus in total, because the issues are discrete, no further inquiry is required, preclusion does not apply. *North v. Walsh*, 881 F.2d 1088, 1095 (D.C. Cir. 1989).

1    Thirdly, the demand for relief in this action is not even closely related. In the forum of the

2    "United States Court of Appeals for the Federal Circuit" the best outcome is only a reversal of

3    the sub-forum's decision and a remand. Here, Plaintiff is entitled to among other things,

4    "liquidated damage." See 29 U.S.C. § 216(b). The *North* Court cited above, held that issues

5    decided must also have the same relief. Stated differently, if the claim for relief is not the same,

6    there is not identity of issues. "This characterization is overbroad; it swells the concept "issue" so

7    that the term becomes virtually synonymous with "demand for relief."  *North v. Walsh*, 881 F.2d

8    at 1095. Because Plaintiff was precluded from recovering damages by formal jurisdictional or

9    statutory barriers, this action will not be barred by preclusion.  *U.S. Industries, Inc. v. Blake*

10   *Construction Co.*, 765 F.2d 195, 205 n. 21 (D.C. Cir. 1985) ("Of course, nothing in the rule

11   against splitting a cause of action prevents a plaintiff from later bringing claims that either could

12   not have been anticipated when the first suit was filed or would have been utterly impracticable

13   to join at that time."). Accordingly preclusion cannot apply.

14   **K.  Number 4, Because Of Jurisdictional Bars, The Matter Could Not Be Asserted In**

15   **The Prior Action—Res Judicata Does Not Apply**

16   A claim is not barred by *res judicata* where (as here) the claim could not have been

17   asserted in the earlier action alleged to have preclusive effect, due to jurisdictional or procedural

18   bars. *Wemhoff v. Floria*, 1992 U.S. App. LEXIS 11718 at *3 (D.C. Cir. April 14, 1992);  *North*

19   *v. Walsh*, 881 F.2d 1088, 1093 (D.C. Cir. 1989); *Velikonja v. Ashcroft*, 355 F. Supp. 2d 197, 201

20   (D.D.C. 2005). This principle, in particular, is crucial in adjudicating the *res judicata* arguments

21   posed in the DM2D/SJ. Section 216(b) of the FLSA reads in relevant part:

22          "An action to recover the liability prescribed in either of the preceding sentences may
               be maintained against any employer (including a public agency) in any **Federal** or
23             State **court of competent jurisdiction**…. See 29 U.S.C. § 216(b)."

24   Again, the inner and outer parameters of Defendant's stated reason to seek preclusion, is a

25   "judgment in the Defendant's favor" from the "United States Court of Appeals for the Federal

1    Circuit." See *In re Spaulding Broadcasting, L.P.*, 1996 U.S. App. LEXIS 20330, 1996 WL

2    453637 at *1 (D.C. Cir. July 25, 1996) (holding that absent a statute vesting jurisdiction in the

3    court of appeals, jurisdiction generally lies in the district court).

4        In an FLSA case such as this, and directly on point, the Supreme Court the held

5        "The FLSA provides that an action "may be maintained . . . in any Federal or State
         court of competent jurisdiction," § 216(b), and **the district courts would in any event**

6        **have original jurisdiction over FLSA claims** under 28 USC § 1331 [28 USCS §
         1331], as "arising under the Constitution, laws, or treaties of the United States," and §

7        1337(a), as "arising under any Act of Congress regulating commerce."" See *Breuer v.
         Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003); see also, *Pirelli Armstrong*

8        *Tire Corp. Retir. Med. v. Raines*, 534 F.3d 779, 784-788 (D.C. Cir. 2008) (discussing
         the term "court of competent jurisdiction" means exclusively a district court.

9

10   Because district court's have original jurisdiction of FLSA claims and because the Defendants

11   have supplied nothing showing any FLSA matter or any other matter was litigated and decided in

12   any "district court," res judicata does not apply[11] and does not apply to any claim that "would

13   have been utterly impracticable to join" in an earlier suit. *United States Indus., Inc. v. Blake*

14   *Constr. Co.*, 246 U.S. App. D.C. 326, 765 F.2d 195, 205 n.21 (D.C. Cir. 1985). Accordingly, res

15   judicata cannot apply.

16   **L.  Number 5, Because Of Procedural Bars, The Matter Could Not Be Asserted In The**

17       **Prior Action—Res Judicata Does Not Apply**

18       A claim is not barred by *res judicata* where (as here) the claim could not have been asserted

19   in the earlier action alleged to have preclusive effect, due to jurisdictional or procedural bars.

20   See, *North*, 881 F.2d at 1093-1095; *Velikonja*, 355 F. Supp. 2d. at 201-202. In *Nasem v. Brown*,

21   595 F.2d 801, 807 (D.C. Cir. 1979), the Court considered whether to give preclusive effect to an

22

23   _____

24   [11] Likewise, the Federal Circuit is not a "court of competent jurisdiction" because its jurisdiction
     is limited to "an appeal from a final order or final decision of the Merit Systems Protection
     Board, pursuant to sections 7703 (b)(1) and 7703 (d) of title 5." See 5 U.S.C. § 1295(9). The

25   MSPB having no core or collateral jurisdiction over FLSA matters neither does the Federal
     Circuit as the case arises.

1    agency decision regarding a reprisal claim. Because the procedures established did "not provide

2    procedural safeguards contemplated by Utah Construction", the Court found the prior decision

3    did not preclude the District Court from reconsidering the plaintiff's reprisal claim. *Id*. at 807.

4    Similarly, the Seventh Circuit has offered useful procedural guidance: "(1) representation by

5    counsel, (2) pretrial discovery, (3) the opportunity to present memoranda of law, (4)

6    examinations and cross-examinations at the hearing, (5) the opportunity to introduce exhibits, (6)

7    the chance to object to evidence at the hearing, and (7) final findings of fact and conclusions of

8    law. See *Reed v. AMAX Coal Co*., 971 F.2d 1295, 1300 (7th Cir. 1992) (per curiam). Whether a

9    prior court is of competence, is a matter which shall be determined irrespective of any provisions

10    as to a right of appeal from the decision of such court.

11        Here Again, the inner and outer parameters of Defendant's stated reason to seek preclusion,

12    is a "judgment in the Defendant's favor" from the "United States Court of Appeals for the

13    Federal Circuit."[12] Because it is entirely the Defendant's burden "to demonstrate that the issue

14    whose relitigation he seeks to foreclose," the procedural analysis is strictly limited to the

15    decision offered to support the preclusion claim. The "judgment in the Defendant's favor" taken

16    from the "United States Court of Appeals for the Federal Circuit", suffers from obviousness.

17        There not such thing in an Appellant Court such as, "pretrial discovery," "examinations and

18    cross-examinations," a "hearing" the "opportunity to introduce exhibits," the "chance to object to

19    evidence," and "final findings of facts."[13] See *Dowling v. United States*, 493 U.S. 342, 350

20    (1990), affirming *United States* v. *Citron*, 853 F.2d 1055, 1058 (2nd Cir. 1988); *United States* v.

21    *Ragins*, 840 F.2d 1184, 1194 (4th Cir. 1988); *United States* v. *Gentile*, 816 F.2d 1157, 1162 (7th

22    Cir. 1987); *United States* v. *Baugus*, 761 F.2d 506, 508 (8th Cir. 1985);*United States* v. *Mock*,

23    ———————————————

24    [12] See Defendant's "EXHIBIT 1".

25    [13] Likewise, neither did Plaintiff have any "pretrial discovery," "examinations and cross-examinations," a "hearing" at the MSPB level. See Declaration of Greg Morgan.

1  640 F.2d 629, 631, n. 1 (5th Cir. 1981); *United States* v. *Hewitt*, 663 F.2d 1381, 1387 (11th Cir.

2  1981);*United States* v. *Lasky*, 600 F.2d 765, 769 (9th Cir.1979), cert. denied, 444 U.S. 979

3  (1979).

4     Accordingly, claims are not barred by *res judicata* where they could not have been asserted

5  in the earlier action alleged to have preclusive effect because of procedural bars, thus,

6  Defendants effort to apply preclusion in this action must fail.

7     **M. Number 6, Where Congress Statutorily Grants An Election Of Multiple Forums,**

8       **Res Judicata Does Not Apply**

9     As to any lingering doubt as to whether res judicata can be asserted or applied here—is

10  nullified by statute. In the Complaint, Plaintiff said:

11        "Greg Morgan ("plaintiff') was during all times material herein, an employee of
         defendant [Federal Aviation Administration] employed at the FAA's, High Desert
12        TRACON, Edwards Air Force Base, California, as an Air Traffic Control Specialist,
         and was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203 (e)." See
13        Complaint at ¶ 4.

14     Defendant FAA said in their responsive pleading, their answer to the above averment,

15  "Admitted." See Answer at ¶ 4.

16     The Federal Circuit in *National Neighbors, Inc. v. United States*, 839 F.2d 1539 (Fed.

17  Cir. 1988) discussing an election of forum held "Under the  Election Doctrine, only if the chosen

18  forum has jurisdiction over the proceeding can a contractor's choice to pursue its claim in that

19  forum be a binding election." *Id* at 1542-43. The Court determined because the forum elected

20  had no subject matter jurisdiction in the particular circumstance, even though the matters arose

21  from the same nucleolus of fact, res judicata could not apply. The Court stated that under the

22  Election Doctrine, the binding election of forums is an "either-or" alternative, and, as such, does

23  not provide a contractor with dual avenues for contesting a contracting officer's adverse decision.

24     Here, because it is true and admitted, that Plaintiff was an employee of the FAA, the

25  FAA's employment laws apply to him. One such set of laws as discussed in the Motion for

1    Judgment on the Pleadings, is 49 U.S.C. § 40122 *et seq.* Section (i) of 40122 provides for an

2    election of forum, in fact, multiple forums. 49 U.S.C. § 40122(i) reads in relevant part:

3        "Where a major adverse personnel action may be contested through more than one of
         the indicated forums … an employee must elect the forum … Nothing in this section is
4        intended to allow an employee to contest an action through more than one forum
         ___***unless otherwise allowed by law***___."[14] See 49 U.S.C. § 40122(i) (emphasis added).
5

6        With emphasis upon "otherwise allowed by law", 29 U.S.C. § 216(b) is clearly such a

7    law and allows an action be maintained against ___*any employer*___ ___*in any Federal or State court of*___

8    ___*competent jurisdiction*___. Section 40122(i) serves not as an exclusivity of forum election, but

9    grants an election of multiple forums so long as another statute allows it. The Supreme Court

10   said in *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982) that departure of "traditional

11   rules of preclusion" do not apply where "plainly stated by Congress."

12       If Defendant's could produce papers demonstrating a prior FLSA suit filed in the forum of a

13   district court by Plaintiff, perhaps then they could apply preclusion. Because, Defendant's

14   cannot, the "traditional rules of preclusion" do not apply. Congress has statutorily excepted any

15   binding effect which may come from a different forum. Accordingly, res judicata and collateral

16   estoppel do not apply. See 49 U.S.C. § 40122(i).

17   **V.   <u>SECOND ARGUMENTS IN THE  ALTERNATIVE</u>**

18       **N.  Because Defendant's Failed To Assert Preclusion In A Different Action, They Are**

19           **Barred From Raising That Issue Here**

20       (These arguments proceed upon the basis that the Court has accepted the necessary elements

21   for res judicata to apply).

22

23

24   _____

25   [14] See also *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) stating: The preeminent
     canon of statutory interpretation requires us to "presume that [the] legislature says in a statute
     what it means and means in a statute what it says there." (Citation omitted).

27

1      Res judicata or collateral estoppel cannot apply here as Defendants are barred from raising

2 them here. Plaintiff asserts that if his claims are found to be *res judicata* on the basis of the

3 action in the Federal Circuit Court of Appeals, so, too, are Defendant's barred from raising in

4 here due to *David Whalen, et al,  v. United States*, No. 07-707C, United States Court of Claims

5 (March 12, 2008) (hereinafter, "*Whalen*"). In the *Whalen* case, the Plaintiff here was a party in

6 that suit. In that suit, Defendant's successfully moved to dismiss this Plaintiff, but never raised

7 the preclusion issue and because they did not, they are barred from doing so now.

8      In compliance with Plaintiff's obligation to produce the relevant materials to a claim of

9 preclusion, Plaintiff provides: 1) the complaint (EXHIBIT 2); The Defendants' motion pursuant

10 to "Rule 12(b)" (EXHIBIT 3); Plaintiff's response (EXHIBIT 4); Defendant's reply (EXHIBIT

11 5); and the Order of the Court denying Defendant's motion (EXHIBIT 6). "It is not enough that

12 the party introduce the decision of the prior court; rather, the party must introduce a sufficient

13 record of the prior proceeding to enable the trial court to pinpoint the exact issues previously

14 litigated." *United States* v. *Lasky,* 600 F.2d at 769.

15      It is well settled that a Rule 12 order is a final judgment on the merits. See *Haase v.*

16 *Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). In the *Whalen* case, Jude Lettow made a Published

17 Opinion and noted that this action was filed concurrently with that action. Yet, the action at the

18 MSPB had already concluded and had been concluded since July 14, 2006 or 1 year and 2 ½

19 months before that lawsuit was filed. Again, the law of this Circuit holds, the pendency of an

20 appeal, does not diminish the preclusive effects (if any) of a prior adjudication. *See Hunt v.*

21 *Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983) (noting "well-settled federal law" that

22 an appeal "does not diminish the *res judicata* effects of a judgment rendered by a federal court");

23 see also, RESTATEMENT (SECOND) OF JUDGMENTS § 13 & comment f, (the "better view

24 is that a judgment otherwise final remains so despite the taking of an appeal unless [the] appeal

25 actually consists of a trial de novo").

1    Because the law of this Circuit is, that an appeal "does not diminish the *res judicata* effects

2    of a judgment rendered by a federal court" the action at the MSPB could have served as a basis

3    to raise and argue the issue of preclusion in the *Whalen* suit. While it is certain had they raised

4    the issue, the effort would have failed, however, the issue is now, because they did not raise the

5    issue in the *Whalen* action, they are barred from raising it here.

6        The rational proceed this way, if the action at the MSPB works preclusion for Defendant's,

7    it works equally for Plaintiff. However, because Defendant's did not avail themselves of the

8    preclusion defenses in the *Whalen* suit, they may not do so now. As Plaintiff's Exhibits 2 through

9    6 demonstrate, at no time do Defendant's mention res judicata or collateral estoppel in the

10   *Whalen* action. Because they did not, they are barred from doing so now. *See Mercoid Corp. v.*

11   *Mid-Continent Inv. Co.*, 320 U.S. 661, 670-671 (1944) (defendant was barred from asserting

12   defense which might have been brought in prior action); *United States v. Hannon*, 728 F.2d 142,

13   145 (2d Cir. 1984) (in government's action to renew prior judgment against defendant on

14   defaulted note, defendant's allegation that note was not supported by adequate consideration was

15   barred since it should have been raised in original action); *United States v. Shanbaum*, 10 F.3d

16   305, 313-314 (5th Cir. 1994) (claim preclusion barred "innocent spouse" defense to action to

17   reduce to judgment income tax and transferee liability assessments and to foreclose upon tax

18   liens because defense had not been raised in prior tax court proceedings); *Schlangen v.*

19   *Resolution Trust Corp.*, 934 F.2d 143, 145, 147 (7th Cir. 1991) (court stated, "The rule is well-

20   settled that a cause of action includes defenses that were or might have been offered against the

21   claim."); *Americana Fabrics, Inc. v. L & L Textiles*, 754 F.2d 1524, 1530-1531 (9th Cir. 1985)

22   (failure to raise defense of lack of personal jurisdiction in prior proceeding barred same claim in

23   current action).

24       Accordingly, Defendant's effort to apply res judicata or collateral estopple must fail.

25

1  Moreover, at threshold, Fed.R.Civ.P. 12(b)(6) motion for "failure to state a claim upon

2  which relief can be granted" cannot be raised here as a grounds for dismissal of the FLSA claims

3  because the matter has been decided and is res judicata upon Defendants. In the *Whalen* case,

4  Judge Lettow of the United States Court of Federal Claims has already made finding regarding

5  certain overtime claims and held: "the Whalen plaintiffs have stated a claim upon which relief

6  can be granted" and that the "allegations fit comfortably within this template [29 U.S.C. §

7  216(b)], and dismissal on grounds of failure to state a claim is not warranted." See *Whalen* at pg.,

8  3.

9  In that action, Plaintiff Morgan, the same Plaintiff here was an original party plaintiff in

10  the *Whalen* matter. Because of this lawsuit, Plaintiff Morgan was dismissed "without prejudice"

11  because of the operation of 28 U.S.C. 1500[15]. However, before being dismissed, the findings

12  stated above were made before Plaintiff Morgan was dismissed from that action.  In discussing

13  the particulars of the *Whalen* claims under section 1500, Judge Lettow held in "comparison of

14  the claims set out in the *Morgan* district court suit and those in this action show an overlap." See

15  *Whalen* at pg., 6. The operation of law in Judge Lettow's adjudication follows a logical sequence

16  because a ruling on the merits of the claims under Rule 12(b)(6) was necessary before the

17  operation of Section 1500 could be had.

18  Therefore, because the United States Court of Federal Claims held that the claims here are

19  similar to the *Whalen* action which Plaintiff was a party, and do state a cause of action, the issue

20  weather or not Plaintiff has failed to state a claim upon which relief can be granted has been

21  decided and was decided in Plaintiff's favor. It is well settled that a court's resolution of a Rule

22

23  _____

24  [15] 28 U.S.C. § 1500 provides in relevant part: "United States Court of Federal Claims shall
not have jurisdiction of any claim for or in respect to which the plaintiff … has pending in any
other court any suit or process against … any person who, at the time when the cause of action

25  alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly
or indirectly under the authority of the United States." 28 U.S.C. § 1500.

1    12(b)(6) motion is a final judgment on the merits with res judicata effect. See *Haase v. Sessions*,

2    835 F.2d 902, 906 (D.C. Cir. 1987). This ruling operates offensive res judicata against those who

3    effort to question the viability of the claims in the complaint, a second time pursuant to Rule

4    12(b)(6) as well as Rule 56, regardless whether a different legal theory is now advanced.

5        Accordingly, at threshold, "failure to state a claim upon which relief can be granted" cannot

6    be raised here as grounds for dismissal because the judgment in the Court of Claims precludes

7    relitigation of issues actually litigated and determined, regardless of whether it was based on the

8    same cause of action as the second suit. See *Montana v. U.S.,* 440 U.S. 147 (1979).

9    **O.  Because An Apparent Fraud Is Present, Res Judicata Cannot Apply**

10       The Court of Appeal for this circuit in *Guerrero v. Katzen*, 774 F.2d 506 (D.C. Cir. 1985)

11   held an exception to the application of res judicata exists "when evidence is either fraudulently

12   concealed or when it could not have been discovered with due diligence." *Id* at 509. Thus in

13   circumstances where 1) an apparent fraud is present or 2) new evidence is obtain despite due

14   diligence, a collateral attack upon the prior judgment is appropriate.

15       Plaintiff, in his complaint said under penalty of perjury, the following factual averment:

16       "15. On or about the week of February 16, 2005, defendant ordered and/or required
17   and/or suffered and/or permitted plaintiff to work in excess of 40 hours per week, to
     obtain and produce to defendant, medical information and/or documentation from his
     treating physician in furtherance of the medical clearance.

18
19       16. Plaintiff did perform such work which defendant ordered and/or required and/or
     suffered and/or permitted such work to have been performed." See "EXHIBIT ONE"
20   attached hereto and incorporated by reference." See Complaint at ¶ 15-16.

21       In the attached referenced "EXHIBIT ONE" to the Complaint directly relating to the, a

22   declaration by Plaintiff, he said"

23       "5. Additional and/or supplementary facts pertaining to the medical documents are:
     a. On or about February 16, 2005, at approximately 10:30, Susan Marmet informed me
24   she had received "a call from medical" and instructed me to obtain some Medical
     records from my doctor in order to continue the ATC medical certification;" See
25   Complaint, EXHIBIT ONE at ¶ 5.

Here, Defendant's seek to apply res judicata to the above fact insomuch as the Federal

Circuit said as to the MSPB:

> "Likewise, the Board properly considered all of the record evidence, for example a declaration from Ms. Marmet, and correctly determined that Mr. Morgan was not authorized to work beyond his scheduled shift. Not only did Mr. Morgan fail to provide any evidence that he had been approved for overtime, but Ms. Marmet—the supervisor that allegedly authorized his overtime—directly contradicted Mr. Morgan. Indeed, Ms. Marmet stated that she did not authorize him to obtain his medical documents and, in fact, was not even at work on the day in question." See Defendant's Exhibit One at pg, 6.

At the MSPB and as he does here, Plaintiff stated the truth of the matter, that he was ordered

to obtain the documents, and was ordered to do it by Marmet. The opinion of the Federal Circuit

specifically references, a "declaration from Ms. Marmet" which "stated that she did not authorize

him to obtain his medical documents."[16] The declaration was offered to rebut Plaintiff's claims

and clearly controlling as to the outcome.

While Plaintiff has known since its inception that in her declaration, Marmet committed a

fraud, proving it is another matter. The *Guerrero* Court outlined the factors where a party seeks

avoidance to the application of res judicata, in stating"

> "We find no support in the record for the application of either exception. In particular, it is noteworthy that Dr. Guerrero concedes that he **was aware of this alleged new evidence** prior to the final dismissal of his appeal from the judgment of the Circuit Court of Fairfax County. Yet, he never sought a rehearing or a reopening of the record in that action. Clearly, Dr. Guerrero could have litigated the significance of his alleged newly discovered evidence in state court and, therefore, he may not raise it here.

This shows knowledge of a fraud and knowledge of the evidence showing the fraud are

different concepts. Because the *Guerrero* plaintiff knew of the existence of evidence showing the

fraud before filing the later action, the Court denied his effort at a collateral attack upon the prior

---

[16] Her declaration was designed to appear that way. Were the court stated Marmet was not at work, her actual words were that she "check her schedule" thus she was not scheduled to work, but refused to say she was not at work.

judgment. The exception to res judicata turns upon when the evidence showing the fraud is learned.

Here, the evidence showing the fraud arises in this action. Again, Plaintiff plainly stated in his complaint that Marmet told him to obtain the medical documents. In their answer to the complaint and not mended in the pending amended compliant, Defendants admitted this fact:

> "Defendants admit that it advised Plaintiff to obtain medical information in order to maintain his medical clearance."

That admission smacks in the face where the Federal Circuit said that Marmet "was not even at work on the day in question" because common sense dictates it would be impossible for Plaintiff "to be advised … to obtain medical information" were she not then present as Plaintiff stated. To think otherwise is beyond credulity.

This now Defendant's admission is the new evidence. Admission in an answer "constitutes a binding judicial admission," *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005), and "[j]udicial admissions are concessions in the pleadings that bind the party making them and that withdraw a fact from contention." *Taylor v. Monsanto Co.*, 150 F.3d 806, 809 (7th Cir. 1998). Because the new evidence demonstrating the fraud arises here and now in this proceeding, unlike *Guerrero*, no prior opportunity to Plaintiff existed for reconsideration of the opinion before commencing this action. Thus the avoidance to the application of res judicata is made whole as it arises here and now.

## VI. CONCLUSION

Because of the  foregoing reasons and those set forth in Plaintiff's accompanying memorandums of law and points of authorities, upon the pleadings, the original complaint and attached exhibits adopted thereto and hereto by reference, the answer, the appendix, Plaintiff's proposed order, the proof of service and upon such other and further matter(s) as the Court may consider in its decision of the matter supporting of his OPPOSITION TO DEFENDANT'S

1   MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY

2   JUDGMENT, Plaintiff respectfully requests that the Court deny DEFENDANT'S MOTION TO

3   DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.

4   ///

5   ///

6   Dated: May 15, 2009

7                                    Respectfully submitted,

8                                    By: _____

9                                         s/Greg Morgan
                                          Pro Se
10