Greg Morgan
920 Foxon Road #466
East Haven, CT 04513
Telephone: (203) 671-3858
Fax: (661) 339-0412
Pro Se

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,** | **Case No.:** 1-07-cv-01748 (RMU) |
| **Plaintiff,** | **PLAINTIFFS' EXHIBITS SUPPORTING HIS STATEMENT OF GENUINE ISSUES SUPPORTING HIS ALTERNATIVE ARGUMENT AND SECOND ALTERNATIVE ARGUMENT TO HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |
| **Vs.,** | |
| **FEDERAL AVIATION ADMINISTRATION,** | |
| **And,** | |
| **SUSAN MARMET (as an individual),** | 1. **EXHIBIT ONE** |
| | 2. **EXHIBIT TWO** |
| | 3. **EXHIBIT THREE** |
| **Defendants.** | 4. **EXHIBIT FOUR** |
| | 5. **EXHIBIT FIVE** |
| | 6. **EXHIBIT SIX** |

EXHIBIT ONE, Declaration of Greg Morgan;

EXHIBIT TWO, Original Complaint from *David Whalen, et al, v. United States*, No. 07-707C, filed in the United States Court of Claims (March 12, 2008) (herein after "*Whalen*");

EXHIBIT THREE, Defendant's Motion to Dismiss filed in *Whalen*;

EXHIBIT FOUR, Plaintiff's Response to Defendant's Motion to Dismiss filed in *Whalen*,

EXHIBIT FIVE, Defendant's Reply to Plaintiff's Response t filed in *Whalen*;

EXHIBIT SIX, Published Opinion and Order from *Whalen* by Judge Lettow.

1

# DECLARATION OF GREG MORGAN

I, Greg Morgan declare:

1. I have personal knowledge of the facts contained in this declaration and those facts stated herein being true, if called as a witness I am competent to testify thereto;

2. In "DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE", they claim that I "pursued the identical action [as is here] through the Merit Systems Protection Board, to the United States Court of Appeals for the Federal Circuit…." Never did I do such a thing, never could I do such a thing; Defendant's statement is absolutely and completely false;

3. Defendant's also claim that the United States Court of Appeals for the Federal Circuit made "factual findings" they did not.

4. At no time at the United States Court of Appeals for the Federal Circuit, did I have any "pretrial discovery," "examinations and cross-examinations," a "hearing" the "opportunity to introduce exhibits," the "chance to object to evidence," and "final findings of facts" and likewise neither did I have or receive "pretrial discovery," "examinations and cross-examinations," a "hearing" at the Merit Systems Protection Board.

5. I am aware that the FAA has a policy against discrimination and has a policy against violating any law;

6. The included EXHIBITS 2 through 6 are true copies of the original filings from the case of *David Whalen, et al, v. United States*, No. 07-707C, filed United States Court of Claims.

///

EXHIBIT 1

I certify under penalty of perjury that the foregoing is true and correct under the laws of the

United States, 28 U.S.C. § 1746.

///

    Executed on May 15, 2009, at New Haven, Connecticut.


By:

/s/_____
Greg Morgan, Declarant.

EXHIBIT 1

ORIGINAL

FILED

OCT   1 2007

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| David Whalen, Gregory Turner, Greg Morgan, and Air Traffic Controllers (ATC) ATC1, ATC2, ATC3, ATC4, ATC5, ATC6, ATC7, ATC8, ATC9, ATC10, ATC11, ATC12, ATC13, ATC14, ATC14, ATC16, ATC17, ATC18, ATC19, ATC20, ATC21, ATC22, ATC23, ATC24, ATC25, ATC26, ATC27, ATC28, ATC29, ATC30, ATC31, ATC32, ATC33, ATC34, ATC35, ATC36, ATC37, ATC38, ATC39, ATC40, ATC41, ATC42, ATC43, ATC44, ATC45, ATC46, ATC47, ATC48, ATC49, ATC50 <br><br> Plaintiffs, <br><br> vs. <br><br> United States, <br><br> Defendant | NUMBER: 07 - 707 C |

## COMPLAINT

Plaintiffs, by their undersigned attorney, complain of the Defendant and state as follows:

1       This case seeks back pay and other relief against the United States founded upon the Fair Labor Standards Act (hereafter, the "FLSA").

2       Jurisdiction and venue are properly grounded in this Court under the Tucker Act, 28 U.S.C. § 1491(a)(1).

3       Plaintiffs are and have been employed by Defendant as Air Traffic Controllers (hereafter, ATC).  Plaintiffs file this action as a "John Doe" complaint because numerous ATC's fear retaliation if they prosecute an action seeking compensation to which they are lawfully entitled.

EXHIBIT 2

4    Plaintiff, "ATC1" through "ATC50," have been employed as Air Traffic Controllers at all times relevant herein for the Federal Aviation Administration's (herein after "FAA"), High Desert TRACON, Edwards Air Force Base, California.

5    Plaintiffs, hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b). It is likely that other individuals will sign consent forms and join as Plaintiffs on this claim in the future.

6    Plaintiffs are informed and believe that Air Traffic Controllers, including Plaintiffs, were acting under the control and direction of the FAA, a department or administration (public agency) of Defendant from April 1, 1996 to present. Plaintiffs further allege that the information relevant to the allegation in this paragraph are largely in the exclusive hands of Defendant, and Plaintiffs need further discovery to determine the precise employment status and assignment of Air Traffic Controllers at various time since April 1, 1996.

7    At all times relevant hereto, Defendant has required Plaintiffs and all other Air Traffic Controllers to work substantially in excess of 40 hours per week during most weeks of their employment, for which Plaintiffs and other Air Traffic Controllers have not been compensated as required by law.

8    Defendant has knowingly suffered Plaintiffs and other Air Traffic Controllers to work substantially more than 40 hours per week during most weeks of their employment, for which Plaintiffs and other Air Traffic Controllers have not been compensate as required by law.

9    In addition to all scheduled hours, 40 during a week, the Defendant has ordered, obligated and/or required Plaintiffs and other Air Traffic Controllers to perform administrative, exercise, medical, inspection and other duties which have been reasonably known, anticipated, ordered and required by Defendant at the time of making work schedules for Plaintiffs and other Air Traffic Controllers. However, Defendant failed to include time known by Defendant to be necessary to perform such duties in the scheduled workweeks of the Plaintiffs and other Air

EXHIBIT 2

Traffic Controllers. Plaintiffs and other Air Traffic Controllers have performed such work and Defendant has suffered and/or permitted such work to have been performed during weeks in which Plaintiffs and class members have other wise been scheduled to work and have worked more than 40 hours in such weeks, but Defendant has failed to pay compensation as required by law for such time in excess of 40 hours actually worked by Plaintiffs and other Air Traffic Controllers.

10    Plaintiffs and other Air Traffic Controllers are under the Defendant's direction and control from the time that they arrive on the premises until the time they leave the premises, and during all such times, Plaintiffs and other Air Traffic Controllers are performing work for and are acting at the order and direction of the Defendant. Such work has been reasonably know, anticipated, ordered, obligated and/or required by the Defendant at the time of making work schedules for Plaintiffs and class members, but the Defendant has knowingly and intentionally failed to include in the scheduled work weeks of the Plaintiffs and other Air Traffic Controllers all the time necessary to perform such work being performed by Plaintiffs and other Air Traffic Controllers on the premises where Plaintiffs and other Air Traffic Controllers have been assigned to work. Plaintiffs and other Air Traffic Controllers have performed such work during weeks in which Plaintiffs and class members have otherwise been scheduled to work and have worked more than 40 hours, and Defendant has suffered such work (in excess of forty hours) to be done, but Defendant has failed to pay compensation to Plaintiffs and other Air Traffic Controllers as required by law for such time actually worked by them.

11    In addition to all hours for which Plaintiffs and other Air Traffic Controllers have been scheduled to work and in addition to all of the above-described hours for which Plaintiffs and class members were ordered to perform work and work on the premises, Plaintiffs and other Air Traffic Controllers are and have been generally and reasonably accessible to perform

-3-

EXHIBIT 2

unscheduled duty for more that 3 hours per week in connection with unanticipated and unscheduled delays.

12    Air Traffic Controllers have worked well in excess of 40 hours per week during many weeks in the relevant time period.

## COUNT 1

13    Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1 to 12 as paragraph 13 of Count 1.

14    The claim in this Count 1 is for back pay, liquidated damages and other relief for Defendant's violations of the Fair Labor Standards act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (the "FLSA").

15    The claim in this Count 1 is brought by the named Plaintiffs as a collective action on behalf of themselves and on behalf of all persons who are and/or were employed by Defendant as Air Traffic Controllers at any time within the applicable statute of limitations and who consent to participate in this action by filing a written consent with this Court pursuant to 29 U.S.C. § 216(b).

16    The claim in this Count 1 should be allowed to be maintained as a collective action in that: (1) there are questions of law or fact common to other Air Traffic Controllers who might consent to participate; (2) the claims of the named Plaintiffs are typical of the claims of other Air Traffic Controllers who might consent to participate; and (3) the named Plaintiffs will fairly and adequately protect the interests of other Air Traffic Controllers who might consent to participate. In addition, the prosecution of separate actions by individual Air Traffic Controllers would create a risk of inconsistent or varying adjunctions with respect to Air Traffic Controllers which would establish in compatible standards of conduct for the Defendant; the Defendant has acted on grounds generally applicable to all Air Traffic Controllers, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all Air Traffic

EXHIBIT 2

Controllers; the questions of law and fact common to all Air Traffic Controllers predominate over any questions affecting only individuals; and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy herein.

17    At all times relevant hereto, Defendant has been an "employer" of Plaintiffs and all other Air Traffic Controllers within the meaning of the FLSA, 29 U.S.C. § 203.

18    At all times relevant hereto, Plaintiffs and all other Air Traffic Controllers have been "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203.

19    During numerous weeks during the period relevant hereto, Plaintiffs and all other Air Traffic Controllers have worked more than 40 hours during such weeks; Defendant has allowed, suffered and/or permitted Plaintiffs and other Air Traffic Controllers to work in excess of 40 hours during such weeks; but Defendant has not paid the overtime premium required by the FLSA for such hours worked in excess of 40 hours during such weeks.

20    For compensation for all weeks during which Plaintiffs and other Air Traffic Controllers were employed by Defendant as Air Traffic Controllers, Defendant has paid Plaintiffs and other Air Traffic Controllers fixed amounts of weekly compensation without regard to the number of hours actually worked during the week.

21    By reason of the foregoing, Defendant has failed to pay overtime compensation due to Plaintiffs and other Air Traffic Controllers under the FLSA, 29 U.S.C. § 207, for hours worked in excess for 40 hours during a week, and Defendant has thereby violated the overtime provisions of the FLSA, 29 U.S.C. §§ 207 and 215.

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and all other Air Traffic Controllers who consent to participate in this action and against Defendant, and that this Court:

A.    All the claim in this Court to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and issue notice to all persons who have worked for Defendant as Air

-5-

EXHIBIT 2

Traffic Controllers at location described above any time during the period April 1, 1996, to present, informing such persons of their rights to participate in this action;

B.   Declare that Plaintiffs and all other Air Traffic Controllers who consent to join in this action are non-exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207, and that Defendant has been and continues to be in violation of said provisions by failing to pay overtime compensation as required by the FLSA to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for hours worked in excess of 40 during a week;

C.   Order Defendant to account to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for all hours worked in excess of 40 during any week within the relevant period of limitations;

D.   Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action back pay for all hours worked in excess of 40 during any week within the relevant period of limitations in amounts required by the FLSA;

E.   Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action liquidated damages in an additional amount equal to back pay for all hours worked in excess of 40 during any week within the relevant period of limitations;

F.   Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

G.   Enjoin Defendant from failing to pay overtime compensation pursuant to the FLSA, 29 U.S.C. § 207, to Plaintiffs and such other Air Traffic Controllers who

EXHIBIT 2

consent to participate in this action who are, at the time of judgment, employed by Defendant as Air Traffic Controllers;

H.     Award pre-judgment interest to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action;

I.      Award to Plaintiffs and to such Air Traffic Controllers who consent to participate in this action their cots of suit;

J.      Award to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action reasonable attorneys' fees and expenses; and

K.     Grant such other and further relief as this Court deems to be appropriate and just.

## COUNT II

22     Plaintiffs realleges and incorporate by reference the foregoing paragraphs 1 to 21 of Count I, and, pleading alternatively and cumulatively, state as follows for their Count II.

23     Defendant's above-described violations of the FLSA have been willful.

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and all other Air Traffic Controllers who consent to participate in this action and against Defendant, and that this Court:

A.     All the claim in this Court to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and issue notice to all persons who have worked for Defendant as Air Traffic Controllers at any time during the period April 1, 1996, to present, informing such persons of their rights to participate in this action;

B.     Declare that Plaintiffs and all other Air Traffic Controllers who consent to join in this action are non-exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207, and that Defendant has been and continues to be in violation of said provisions by failing to pay overtime compensation as required by the FLSA to

EXHIBIT 2

Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for hours worked in excess of 40 during a week;

C. Order Defendant to account to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action for all hours worked in excess of 40 during any week within the relevant period of limitations;

D. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action back pay for all hours worked in excess of 40 during any week within the relevant period of limitations in amounts required by the FLSA;

E. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action liquidated damages in an additional amount equal to back pay for all hours worked in excess of 40 during any week within the relevant period of limitations;

F. Award to Plaintiffs and all other Air Traffic Controllers who consent to participate in this action such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

G. Enjoin Defendant from failing to pay overtime compensation pursuant to the FLSA, 29 U.S.C. § 207, to Plaintiffs and such other Air Traffic Controllers who consent to participate in this action who are, at the time of judgment, employed by Defendant as Air Traffic Controllers;

H. Award pre-judgment interest to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action;

I. Award to Plaintiffs and to such Air Traffic Controllers who consent to participate in this action their cots of suit;

J. Award to Plaintiffs and to such other Air Traffic Controllers who consent to participate in this action reasonable attorneys' fees and expenses; and

EXHIBIT 2

K.    Grant such other and further relief as this Court deems to be appropriate and just.

Dated this 28th day of September, 2007                    Respectfully submitted,

                                              Law Office of Jeffrey Moffatt
                                              43625 Nth Sierra Hwy, Suite A
                                              Lancaster, California, 93534
                                              (661) 945-6121

EXHIBIT 2

# CONSENT TO BE A CLAIMANT UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")
## v. THE UNITED STATES
### AND CONTINGENCY FEE AGREEMENT

Page 1 of 4

I have been an employee in with the Federal Aviation Administration of the United States Government. I consent to be a plaintiff in a lawsuit brought on my behalf and on behalf of other persons against the United States asserting my rights under the Fair Labor Standards Act. My claims include but are not limited to the failure of the United States to pay me overtime compensation because I have been treated incorrectly as being exempt from the FLSA coverage or otherwise not paid in accordance with Title 29 and 49 of the United States Code. Any of the plaintiffs in the lawsuit, jointly or severally, may serve as my representative.

I authorize the Law Offices of Jeffrey Moffatt ("the Firm"), to represent me concerning my claims, including seeking back wages, liquated damages, interest, attorney's fees and costs. The Firm (acting through Jeffrey D. Moffatt and other attorney's or staff authorized by attorney Moffatt, including, at their discretion) may file this consent in court and take all necessary actions including the settlement and collection of any and all of my claims.

In consideration of the Firm's services, I agree the ATTORNEY Jeffrey D. Moffatt, shall receive as compensation for such professional services against the U.S. Court of Federal Claims and/or another party. I agree to pay the ATTORNEY a 33% (thirty-three) percent my recovery.

I agree to pay all deposition fees and court costs independently of this Contingency Fee Agreement, as well as my costs for an appeal.

I further agree, authorized and direct that any checks issued by the United States to me in connection with this claim shall be paid to the Firm as trustee on my behalf. After attorney's fees are deducted from the balance the remainder shall be forwarded to me by the Firm. If this complaint results in no recovery, I will have no obligation to pay attorney's fees to the Firm.

During the resolution and/or litigation of this matter, the court may award monetary sanctions to compensate the Firm for extraordinary time spent to compel the opposing side to do what it required, but refuses, to do. Such awards are not part of any recovery made on your behalf and belong solely to the Firm.

I agree to pay the expenses of preparation for trial and to include items such as filing fees, court reporter billings, subpoena costs, service of process as well as copying charges.

The Firm may, in my discretion, employ other experts and other technical experts whose expertise might further the successful prosecution of your case, to examine and report on the facts of the case. I may also, in my discretion, employ outside investigators to look

**Contingency Fee Agreement**

EXHIBIT 2

into the circumstances giving rise to your claim. All such experts and investigators report to me. You must cooperate as needed with such experts and investigators. Fees charged by such experts and investigators are out-of-pocket costs paid in advance by you.

I may employ or associate lawyers who are not members of my practice to assist in the prosecution of your claim. If I, do so, their time will be treated the same as if they were members of our firm for the purposes of this Contingency Fee Agreement.

By entering into this Contingency Fee Agreement with you, the Firm is not making (and I will not be making) any warranties or representations to you concerning the outcome of your claims, and I do not guarantee that you will obtain any recovery or reimbursement for any costs expended by you in connection with the prosecution of your claim. Any statements I make relating to the merits of your claim are statements of opinion only. Moreover, as I continue to investigate and develop the facts in your case, I may, either before or after determine that I am no longer willing to go forward with the case. I may, accordingly, withdraw from representation of you at any time I deem appropriate so long as I do so in a matter that does not violate the applicable rules or unduly prejudice you.

It is understood that ATTORNEY has made no guarantees regarding the successful termination of this matter. CLIENT acknowledges that he/she has read, understood and agrees to this Contingency Fee Agreement.

**GOVERNING LAW** any controversy between Attorney and Client hereto involving this Contingency Fee Agreement, the construction or application of any of the terms, covenants or conditions of this Contingency Fee Agreement will, on the written request of one party served on the other, be submitted to arbitration. Failure to use arbitration will be grounds for dismissal of any court action. The arbitration will comply with and be governed by the provisions of the California Arbitration Act, Sections 1280 through 1294.2 of the California Code of Civil Procedure.

The parties will each appoint one person to hear and determine the dispute and if they are unable to agree, then the two persons so chose will select a third impartial arbitrator whose decision will be final and conclusive on both parties. The cost of arbitration will be borne in such proportions as the arbitrators decide.

**Waiver of Jury Trial**
To the maximum extent permitted by law, you and Jeffrey D. Moffatt, Attorney intentionally and deliberately give up the right to a trial by a jury to resolve each dispute, claim, demand, cause of action, and controversy between you, Jeffrey D. Moffatt and/or the Law Offices of Jeffrey D. Moffatt, arising out of, or relating to this Contingency Fee Agreement.

**Severability**
If any provision of this Agreement is determined to be void or invalid, the rest of the Agreement will remain in full force and effect.

This Contingency Fee Agreement will be governed by and construed with the laws of the State of Arizona, executed at Lancaster, California on the date and year below written.

**Contingency Fee Agreement**

EXHIBIT 2

**No Advice Regarding This Fee Agreement.**

The Firm (Law Offices of Jeffrey D. Moffatt) is not acting as Client[s] counsel in advising them with respect to this Contingency Fee Agreement, as we would have a conflict of interest in doing so.   If Client[s], or any of them, wish to be advised by independent counsel on the question of whether they should be so represented, we recommended that they consult with independent counsel of their choice.   In addition, if they have any questions or would like additional information, we would be happy to discuss this matter with any of them.

**Additional Compensation for Contingency Fee Engagement**

Client[s] agrees if this Firm is able to recover money from U.S. Government or another party, Client[s] agrees to pay this firm thirty-three (33) percent of the recovered money as compensation to this Firm.   Client[s] agrees to pay thirty-three (33) percent of the gross amount recovered immediately after the first trial, by settlement, administrative process or otherwise.   Costs such as phone charges, postage, mileage, hotels in pursuit of this case will be deducted off the client's sixty-seven (67) percent. Client[s] also understands that litigation and other expenses will be deducted before or after the contingent fee is calculated.

**Assignment of Future Income**

I agree to assign thirty-three (33%) percent to this Firm, as future income received from the U.S. Government or another party, as it relates value of services and/or income received as a result of this Firm and Jeffrey D. Moffatt's, work on this case.

**Assignment at demise of Client**

I agree that if I becomes deceased this Firm, will receive assignment of income from the U.S. Government or another party as it relates to this case.

By signing below, I grant this firm a lien on all claims or causes of action and on all sums recovered by way of settlement or judgment recovery and I agree that the firm will have all liens, including without limitation charging liens, available at law or in equity. I also grant this firm a lien on all funds or other property held by the firm in trust.   All liens referred to in this paragraph shall secure my prompt and full performance of all my obligations under this agreement. Upon payment of the balance owed and the conclusion of the firm services, if you request, we will deliver to you any funds or property of yours in our possession.

I understand that under Section 15(a) (3) of FLSA I cannot be discharged, disciplined or otherwise penalized by my employer because of my having filed a FLSA lawsuit and/or claim.

AGREED:

Name: David Paul Whalen Sr.

Address: 30740 Knight Ct.

Tehachapi, CA 93561

Home Tel. No: 661-821-2550

Work Tel. No: 661-277-3843

Home E-mail Address: whalens4@sbcglobal.net

Indicate the time that you worked for the FAA, High Desert Tracon (month/year)

From July 25, 1996  To Present

Signature: _____  Date: 4-28-07

Printed Name: David P. Whalen Sr.

AGREED:

Signature: _____  Date: 8/8/07
Jeffery D. Moffatt, Attorney

Printed Name: Jeffrey D. Moffatt

Law Offices of Jeffrey Moffatt
43625 N. Sierra Highway, Suite A
Lancaster, California, 93534
(661) 945-6121
Other Office Location:  7702 East Double Tree Ranch Road
Route 300-05
Scottsdale, AZ 85258

**Contingency Fee Agreement**

EXHIBIT 2

AGREED:

Name: _GREG MORGAN_

Address: _2010 W AVE R # Y28_

_LANCASTER CA 93536_

Home Tel. No: _G43 8517_

Work Tel. No: _____

Home E-mail Address:

_____

Indicate the time that you worked for the FAA, High Desert Tracon (month/year

From _10-19-98_ To _10-1-05_

Signature: _____   Date: _9-28-07_

Printed Name: _GREG MORGAN_

AGREED:

Signature: _____   Date: _9/28/07_
        Jeffery D. Moffatt, Attorney

Printed Name: _Jeffrey P. Moffatt_

Law Offices of Jeffrey Moffatt
43625 N. Sierra Highway, Suite A
Lancaster, California, 93534
(661) 945-6121
Other Office Location:  7702 East Double Tree Ranch Road
Route 300-05
Scottsdale, AZ 85258

**Contingency Fee Agreement**                    EXHIBIT 2
                                                    4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID WHALEN, GREGORY TURNER, | ) | |
| GREG MORGAN and ATC1 through | ) | |
| ATC50, | ) | |
| | ) | No. 07-707C |
| Plaintiff, | ) | (Judge Lettow) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
IN PART AND MOTION FOR A MORE DEFINITE STATEMENT

Defendant, the United States, respectfully requests, pursuant to Rule 12(b) of the Rules of

the United States Court of Federal Claims ("RCFC"), that the Court dismiss the complaint of

David Whalen and ATC1 through ATC50.  Mr. Whalen's complaint is duplicative of another

pending suit in this Court and plaintiffs have violated RCFC 10(a) by not listing the names of

plaintiffs ATC1 through ATC50.  Additionally, pursuant to RCFC 12(e), we respectfully request

that the Court order plaintiffs to provide a more definite statement before the Government is

required to interpose a pleading responsive to plaintiffs' complaint.  Plaintiffs' complaint is so

vague that we cannot reasonably be required to frame a responsive pleading.

STATEMENT OF FACTS

Plaintiffs David Whalen, Gregory Turner, Greg Morgan and 50 other plaintiffs, identified

under the fictitious names ATC1 through ATC50, brought a collective action claiming that they,

and other similarly situated air traffic controllers for the Federal Aviation Administration

("FAA"), High Desert TRACON, Edwards Air Force Base, California, worked more than forty

hours per week at various times between April 1, 1996 through the present, but were not

compensated for overtime pursuant to the Fair Labor Standards Act ("FLSA").  Compl. 1-2.

EXHIBIT 3

Plaintiffs claim that defendants "ordered, obligated and/or required" plaintiffs to "perform administrative, exercise, medical, inspection and other duties" without compensating them pursuant to the FLSA.  Id. at 2.  Plaintiffs also appear to allege that they were not compensated for other time spent working on Government property.  Id. at 3.

ARGUMENT

I.      Plaintiff David Whalen Should Be Dismissed Because His Lawsuit Is Duplicative Of
        Abbey v. United States

The United States Court of Appeals for the Federal Circuit has held that a trial court "has discretion to dismiss a complaint which simply duplicates another pending related action." Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1577 (Fed. Cir. 1991) (citations omitted).  As a matter of policy, there is "no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket."  Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (citation omitted).

Here Mr. Whalen has sued the United States in another action in this Court, Abbey v. United States, Fed. Cl. No. 07-272C (filed May 5, 2007).  App. 17-18.  While the Abbey plaintiffs make allegations regarding a number of issues that are not present in this case, one of the allegations in Abbey is the same one at issue in this case.  In paragraph 29 of the Abbey complaint, the Abbey plaintiffs allege:

> plaintiffs have been suffered or permitted to perform work
> activities, without compensation, before their official scheduled
> starting times for work and after their official starting times for
> work.  Thus, at all times material herein, defendant has violated,
> and continues to violate the premium overtime pay provisions of
> section 7(a) of the FLSA by failing to pay plaintiffs for all hours
> worked."

2

EXHIBIT 3

Id. at 10.  The Abbey plaintiffs also allege a willful violation of the FLSA.  Id.  Plaintiffs make

the same allegations in this case, i.e., that the Government has wilfully failed to pay plaintiffs

overtime, pursuant to the FLSA, for all hours worked.  Compl. 5, 8.  Mr. Whalen should not be

allowed to be a plaintiff in duplicative actions, therefore, he should be dismissed from this suit.

II.     Plaintiffs ATC1 Through ATC50 Should Be Dismissed For Failing To Follow RCFC
        10(a), Which Requires That The Names Of All The Parties Be Set Forth In The Caption

RCFC 10(a) requires that the caption of a complaint "include the names of all the

parties . . ."  The use of fictitious names in a complaint is "contrary to this requirement."

Wolfchild v. United States, 62 Fed. Cl. 521, 552 (2004).  Additionally, the use of fictitious

names "runs afoul of the public's common law right of access to judicial proceedings . . ."  Does

I thru XIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).  Nevertheless,

federal courts have allowed parties to proceed under fictitious names when "special

circumstances justify secrecy."  Id. (collecting cases).  A trial court should weigh "the party's

need for anonymity against the general presumption that parties' identities be available to the

public and the likelihood of prejudice to the opposing parties."  Wolfchild, 62 Fed. Cl. at 552-53

(citing Advanced Textile, 214 F.3d at 1068).

Five factors courts have set forth to determine whether using fictitious names is

necessary are: 1) "the severity of the threatened harm"; 2) "the reasonableness of the anonymous

party's fears"; 3) "the anonymous parties' vulnerability to such retaliation"; 4) "whether

disclosure of the party's identity would best serve the public interest"; and 5) "the precise

prejudice at each stage of the proceedings to the opposing party, and whether proceedings may

be structured to mitigate that prejudice."  Id. at 553 (quoting Advanced Textile, 214 F.3d at

1068-69).

3

EXHIBIT 3

In this case, the five factors weigh against allowing plaintiffs to proceed as fictitious parties.  For factor one, plaintiffs have not alleged any "threatened harm" that is severe.  As an initial matter, they have not alleged any "threatened harm."  Plaintiffs only statement regarding why they are proceeding as fictitious parties is "because numerous [air traffic controllers] fear retaliation if they prosecute an action seeking compensation to which they are lawfully entitled." Compl. 1.  The complaint makes no mention of any specific threats, nor does the complaint allege any specific harm plaintiffs fear they will suffer.

For factor two, plaintiffs' fear of retaliation is not reasonable.  The FLSA specifically forbids employers from retaliating against plaintiffs for filing lawsuits seeking FLSA benefits. 29 U.S.C. 215(a)(3) (making it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . .").  Any plaintiff that signed the necessary consent form for this action should certainly be aware of this fact.  <u>See</u> Compl. Ex. 1, p. 3 ("I understand that under Section 15(a)(3) of FLSA I cannot be discharged, disciplined or otherwise penalized by my employer because of my having filed a FLSA lawsuit and/or claim."). Also, this case is distinguishable from <u>Advanced Textile</u>, 214 F.3d 1058, where plaintiffs were allowed to proceed as fictitious parties in an FLSA suit.  In <u>Advanced Textile</u>, plaintiffs made specific allegations that they were "interrogated about, warned against, and threatened for making complaints about their working conditions by defendants [textile companies in the Commonwealth of the Northern Mariana Islands] and recruiting agents."  214 F.3d at 1071. Additionally, the threats in <u>Advanced Textile</u> "ran the gamut from termination and blacklisting,

4

EXHIBIT 3

to deportation, arrest, and imprisonment."  Id.  Here, plaintiffs do not allege that they have been threatened, let alone threatened with severe harm.

Furthermore, unlike in Advanced Textile, plaintiffs here are not alleging retaliation by textile firms in a United States commonwealth where human rights abuses had been investigated, id. at 1063 n.3, but rather, the FAA, a United States Government agency.  "There is a strong presumption in the law that administrative actions are correct and taken in good faith.  It takes 'well-nigh irrefragable proof' to overcome the presumption."  Sanders v. United States Postal Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986) (citations omitted).  Here, plaintiffs have not presented any evidence to prove, nor even alleged, that the FAA has retaliated against employees for filing FLSA complaints.

For factor three, plaintiffs are not vulnerable to retaliation.  As Government employees, if plaintiffs believe they have been retaliated against for filing a complaint, they may seek corrective action from the Office of Special Counsel.  5 U.S.C. § 1214(a)(1)(A), 2302(b)(9).  Furthermore, if a Government employee is suspended for more than 14 days or demoted (based upon an allegation of unacceptable performance), he or she can appeal that suspension to the Merit Systems Protection Board.  5 C.F.R. § 1201.3(a).  Government employees are even more protected from illegal personnel actions than employees in the private sector.  Therefore, plaintiffs are not vulnerable to retaliation.

For factors four and five, the public interest weighs in favor of disclosing plaintiffs' names and the Government would be prejudiced if plaintiffs' names were not disclosed.  First, without proof of a reasonable fear of retaliation on the part of vulnerable plaintiffs, plaintiffs have not overcome the presumption "that parties' identities be available to the public and the

EXHIBIT 3

likelihood of prejudice to the opposing parties." Wolfchild, 62 Fed. Cl. at 552-53 (citing

Advanced Textile, 214 F.3d at 1068).  Second, the Government needs to know which plaintiffs

are alleging that they were not paid proper overtime so that they can investigate plaintiffs'

allegations.  Third, the plaintiffs' who filed under fictitious names may also be plaintiffs in

Abbey, like Mr. Whalen, and should be dismissed for this reason.  Finally, to allow plaintiffs to

file under fictitious names in this suit would set a terrible precedent.  Since plaintiffs have

presented no evidence of any threats of retaliation or vulnerability to retaliation, all FLSA

plaintiffs who are still employed by the Federal Government would be able to file under

fictitious names, simply by stating that they fear retaliation.  This would make defending FLSA

lawsuits extremely difficult for the Government because the Government would be unable to

investigate individual claims.

Therefore, plaintiffs ATC1 through ATC50 should be dismissed because they have failed

to include the names of the parties in the complaint pursuant to RCFC 10(a).[1]

III.    Plaintiffs Should Be Required To Provide A More Definite Statement

Plaintiffs allege that they have not been compensated for hours worked in excess of 40

per week for most of their employment as Air Traffic Controllers at High Desert TRACON,

Edwards Air Force Base, California.  Compl. 2.  However, they fail to identify the specific pay

periods during which each plaintiff alleges that he or she has not been fully compensated.

---

[1]  Another basis upon which plaintiffs ATC1 through ATC50 should be dismissed is because
they have not filed consent forms.  The FLSA requires party plaintiffs to file consent forms with
the Court.  29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless
he gives his consent in writing to become such a party and such consent is filed in the court in
which such action is brought.").  At the very least, plaintiffs should be required to file consent
forms for ATC1 through ATC50.

6

EXHIBIT 3

Without that information, the Government cannot reasonably be expected to respond to the allegations in plaintiffs' complaint that plaintiffs have not been fully compensated.

Plaintiffs allege that they performed "administrative, exercise, medical, inspection and other duties" for which they were not compensated.  Id.  From this statement, the Government is unable to ascertain the specific duties for which plaintiffs allege that they were not compensated.  Furthermore, paragraph 10 of plaintiffs' complaint is unintelligible.  Id. at 3.  Plaintiffs appear to be alleging that they were not compensated for time spent working on Government property.  If this is the case, the Government cannot reasonably be expected to ascertain what duties they allege they performed while on Government property and whether these duties were principal activities or merely preliminary and/or postliminary activities.[2]  29 U.S.C. § 254.

In addition, we cannot reasonably be expected to know the extent of potential defenses to plaintiffs' claims.  Plaintiffs bring their action pursuant to the FLSA.  Compl. 1.  The FLSA sets forth a statute of limitations of two and three years from the time a plaintiff files his or her consent form, depending upon the basis of the claim.  See 29 U.S.C. §§ 255(a), 256.  Although plaintiffs request relief within "the relevant period of limitations," Compl. 6, 8, the complaint also indicates that plaintiffs' claims might include claims accruing more than three years before they filed suit.  Several times, in their complaint, plaintiffs refer to periods of employment from April 1, 1996, Compl. 2, 6, 7, which, of course, includes periods more than three years before

---

[2]  To the extent plaintiffs are alleging that they should be paid for time spent on Government property performing duties that are preliminary and/or postliminary to their principal duties, or for travel time prior to starting their principal duties or after their principal duties end, this portion of their complaint should be dismissed.  29 U.S.C. § 254(a) (no employer shall be held liable for failing to pay employees for time spent before principal activities begin or after principal activities end: 1) "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform"; or 2) on "activities which are preliminary to or postliminary to said principal activity or activities.")

EXHIBIT 3

October 1, 2007.  However, because they have not identified the specific pay periods during which they allege that they have not been fully compensated, we cannot reasonably be expected to know whether we have a statute of limitations defense to any of plaintiffs' claims.

For these reasons, we request that the Court order plaintiffs to provide a more definite statement identifying the specific pay periods during which each plaintiff alleges that he or she has not been fully compensated and the specific duties for which plaintiffs allege they were not paid.

EXHIBIT 3

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director


/s/ Todd M. Hughes

TODD M. HUGHES
Deputy Director


/s/ William P. Rayel

Eden Brown Gaines                     WILLIAM P. RAYEL
Michael Doherty                       Trial Attorney
Julia Rhodes                          Commercial Litigation Branch
Federal Aviation Administration       Civil Division
Office of Chief Counsel, AGC-30       Department of Justice
600 Independence Ave., SW             Attn: Classification Unit
Suite 1E-100                                8th Floor
Washington, DC 20591                  1100 L Street, N.W.
                                      Washington, D.C.  20530
                                      Telephone: (202) 616-0302
                                      Facsimile: (202) 307-0972

November 30, 2007                     Attorneys for Defendant

9

EXHIBIT 3

<u>CERTIFICATE OF FILING</u>

I hereby certify that on this 30th day of November, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT" was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.


 /s/ William P. Rayel   

EXHIBIT 3

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAVID WHALEN, GREGORY TURNER,    )
GREG MORGAN and ATC 1 through ATC 50,  )   **07-707C**
                                       )   **(Judge Lettow)**
                **Plaintiff,**     )
         **vs.**             )
                                         )
  **THE UNITED STATES,**       )
                                         )
                **Defendant.**    )
_____)

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
## IN PART AND MOTION FOR A MORE DEFINITE STATEMENT

Plaintiffs are and were Air Traffic Control Specialist ("ATCS") employed at High Desert TRACON, Edwards Air Force Base, California. Plaintiffs claim that they were entitled to receive overtime compensation as required by the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq., ("FLSA"), for overtime work they performed. They further claim that defendant improperly treated them as being exempt from the FLSA.

The complaint alleges that the defendant has required these ATCS's to work in excess of 40 hours per week and has failed to compensate them for this work as required by the FLSA. (Complaint ¶¶ 7-9, 19-21) Plaintiffs further allege that they were employed by the Federal Aviation Administration at all times relevant and during the three years prior to the filing of the complaint in September, 2007 (the FLSA limitations period). (Complaint ¶ 6).

Defendant,  The United States ("government"), by motion ("Mot") argues the Court should "dismiss the complaint" as to party plaintiff David Whalen on the theory of duplication of another "pending suit in this Court" citing as the legal basis for said dismissal, "pursuant to Rule

EXHIBIT 4

12(b)." (Mot ¶ 1). Defendants further argue that plaintiffs have "violated RCFC 10(a) by not listing the names of plaintiffs ATC 1 through ATC 50." (Mot ¶ 1). Lastly, defendants argue that the plaintiff should "provide a more definite statement" complaining the "complaint is so vague" citing as the legal basis, RCFC 12(e). (Mot ¶ 1).

## ARGUMENT IN RESPONSE

### 1. The Government's Motion Made "Pursuant to Rule 12(b)" As To Plaintiff David Whalen Should Be Denied

The government moves to "dismiss the complaint" as to party plaintiff David Whalen on theory that the present complaint is duplicative in another complaint in this Court, "*Abbey v. United States*, Fed. Cl. No. 07-272C." Mot ¶ 2. The government cites as the legal basis for its dismissal, "pursuant to Rule 12(b)" and does so without identifying the subsection(s) which it moves. Mot ¶ 1. To support its contentions that Mr. Whalen is an "Abby plaintiff," the government predominately relies upon documents provided outside of the pleadings. See Mot Appendix.

If the government is making a RCFC 12(b)(1) motion to dismiss, the allegations stated in the Complaint are assumed to be true and jurisdiction is decided on the pleadings submitted. *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996); *see generally* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2004). If the government's motion intends to question the Court's subject matter jurisdiction, evidence outside the pleadings may then be considered. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993).

Yet looking to the "true nature of the action in determining the existence or not of jurisdiction" (*Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1372 (Fed. Cir. 2005)), the government concedes that the Court has jurisdiction over these FLSA claims because it does not

EXHIBIT 4

make any such jurisdictional claims as to the other plaintiff's who are similarly situated. In fact, the government's motion makes no reference to the word "jurisdiction" and appears to concede that this Court does have jurisdiction over all claims as well as personal jurisdiction over all party's including Mr. Whalen. Being entirely unclear what jurisdictional claims the government is attempting to prove, such claims if any, must fail under RCFC 12(b)(1).

Because the government makes no reference to a jurisdictional claim, and present matters outside of the pleading, the possibility remains the government may be mistakenly asking the Court to grant a partial summary judgment upon Mr. Whalen. Yet there exists no statement that such is the government's intentions and the government makes no reference to "12(b)(6)".

Rule 12(b) provides in relevant part:

> "If, a motion **asserting the defense numbered (6)** to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56." See Rule 12(b), emphasis added.

Thus, the natural reading of the rule is, the government must first plead a defense under Rule 12(b)(6) which it does not. There is no indication of it, nor does it state that Rule 56 is the alternative requested.

A motion to dismiss for failure to state a claim under RCFC 12(b)(6) tests the sufficiency of the complaint. Dismissal is only appropriate when the accepted pleading standard set forth in RCFC 8(a)(2) is not met:

> "once a claim for relief has been stated adequately, it may be supported by showing any set of facts consistent with the allegation in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. , 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

3

EXHIBIT 4

Moreover, "once a claim for relief has been stated, a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* at 1969 (citation and internal quotation marks omitted).

For the same logical reasons here why the RFCF 12(b)(1) request fails, that is, all other plaintiff's claims are not contested, thus the admission of viable claims to them, applies equally to Mr. Whalen as all plaintiffs' are similarly situated. Complaint ¶ 16. What the government appears to be doing, is short circuit Rule 12(b) and leap to the result of a conversion to Rule 56 without first meeting the threshold requirement of making claim under Rule 12(b)(6). This is entirely inappropriate.

For a conversion to properly commence, another threshold requirement is, the Court must first accept the "matters outside the pleading." After that, because defendants have failed to do so, the Court is then to provide notice that the issue will be treated as one for summary judgment and then provide a reasonable opportunity to present all material made pertinent to such a motion by RCFC 56.

RCFC 12(b) provides that when an RCFC 12(b)(6) motion is converted into an RCFC 56 motion, the parties "shall be given a reasonable opportunity to present all material made pertinent to such a motion by RCFC 56." RCFC 12(b); see *Thoen v. United States*, 765 F.2d 1110, 1114 (Fed. Cir. 1985) ("Cases from this and other courts underscore the importance of the opportunity for the opposing party to counter a summary judgment motion."). Again, as the rules require, as due process demands, the government must give notice of its intent. Even then, were the government's motion considered in light most favorable to it, the admission that there are "a number of issues that are not present in this case" does not justify the drastic relief they request. See Mot ¶ 2.

4

EXHIBIT 4

Under Rule 56, the government as the moving party on its motion if that was its intent, it has the burden of establishing the absence of disputed genuine issues of material fact and its entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Again, the government cites nothing that would change the outcome of the litigation. For these reasons, government's attachments should not be considered as well as the government's request "pursuant to Rule 12(b)" must fail.

## 2. The Government's Motion Made "Pursuant to Rule 10(a)" As To Plaintiffs ATC 1 through ATC 50 Should Be Denied

Under RCFC 10(a) the trial court should weigh "the party's need for anonymity against the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing parties." *Wolfchild*, 62 Fed. Cl. at 552-53 (citing Advanced Textile, 214 F.3d at 1068).

The Government argues that, "plaintiffs' fear of retaliation is not reasonable" because, "The FLSA specifically forbids employers from retaliating against plaintiffs for filing lawsuits seeking FLSA benefits." Mot ¶ 4. However, this argument in opposite to the decisions held in *Mitchell v. Roma*, 265 F.2d 633, 637 (3rd Cir. 1959) and *Gomez v. Buckeye Sugars*, 60 F.R.D. 106 (N.D. Ohio 1973) where those courts upheld anonymity based upon the same assertions. In *Mitchell v. Roma* at 637 the court held that "[despite] the statutory prohibition against retaliation [it] provides little comfort to an employee faced with the possibility of subtle pressures by an employer, which pressures may be so difficult to prove when seeking to enforce the prohibition").

EXHIBIT 4

While the court in *Gomez*, addressing the FLSA held that "The FLSA "requires the initiation of a collateral proceeding by the aggrieved party or by the [Secretary of Labor], it is one which would obviously be extremely difficult for the Court to properly police." Therefore, the court granted the FLSA plaintiffs anonymity because "the method proposed by plaintiffs affords them a higher degree of security than does the statutory provision without being subject to the vagaries that promises"). *Id* at 107.

In this action, the plaintiff's have only requested that during the early stages of the proceedings the employee's remain anonymous until required by the court, until class status has been granted or until the employees have completed their consent forms and facts pertaining to the reasonableness of any potential fear can be obtained. If then at time later, of course, such relief the government seeks might be appropriate. The retaliation remedies the government claims exists, does not cure the concern that a potential party may possess which effect would cause them not to exercise their rights to their FLSA claims in the first place. Stated plainly, the government's argument is premature.

Moreover, *Does I thru XIII v. Advanced Textile Corp*., 214 F.3d 1058 (9th Cir. 2000) upon which the Government relies does not support their argument. In *Advanced Textile* at 1069, the court found that the district court had abused its authority where it did not allow the plaintiffs to proceed anonymously. The court stated,

> "The district court erred by failing to consider evidence of threatened retaliation by parties not before the court; concluding that risks of extraordinary economic injury are insufficient as a matter of law to satisfy plaintiffs' burden; failing to consider as a factor plaintiffs' vulnerability to retaliation; failing to identify specific prejudice to defendants; and failing to decide whether the public's interest was best served by requiring plaintiffs to reveal their identities." *Id* at 1067-69.

In this action, this Court should allow the plaintiffs to remain anonymous. This Court should do so because, 1) plaintiffs are and will continue to be vulnerable to retaliation based

EXHIBIT 4

upon their employment with the government, 2) the government has failed to identify any specific prejudice it would suffer if those plaintiffs are allowed to remain anonymous and 3) the government has failed to demonstrate what public interest would be served if the plaintiffs are allowed to be anonymous.[1]

### 3.   The Government's Motion Pursuant to Rule 12(e) Should Be Denied

Lastly, the government moves "pursuant to RCFC 12(e)" for a more definitive statement alleging "they [plaintiffs] have not identified the specific pay periods [that] he or she has not been fully compensated" which result deprives the government of knowledge "whether we have a statute of limitations defense to any of plaintiffs' claims." Mot ¶ 6- 7. Yet by its own statements, the government is fully aware that the complaint is narrow and only to Air Traffic Controllers, employed and formally employed at Edwards AFB. It is well settled public knowledge that such records the government complains of are in its exclusive custody and control. Complaint ¶ 6; Mot ¶ 6.

As previously discussed, a complaint is to be evaluated upon pleading standard set forth in RCFC 8(a)(2). Here, the government makes precisely the same argument which was denied in this Court by Judge Flutey. See *Fed. Air Marshals FAM 1 through FAM 1096 v. United States*, 74 Fed. Cl. 484, 488 (2006). In that case, Judge Flutey said:

> "Plaintiffs have adequately pleaded their claim for overtime compensation for the years during which defendant failed to comply with FLSA. Considering defendant

---

[1] The government also argues that it "needs to know which plaintiffs are alleging that they were not paid proper overtime so that they can investigate plaintiffs' allegations. Mot. ¶ 6. This argument is misplaced and unsupported. Plaintiffs have properly alleged that it is those Air Traffic Controllers who worked at High Desert TRACON from January 1996 until the filing of the complaint and who were not paid properly paid. Because the government has the ability to investigate which Air Traffic Controllers are and were assigned to High Desert TRACON during those periods it has the ability to identify each and every possible plaintiff. See *Advanced Textile* at n11.

EXHIBIT 4

has control over these records itself, it can easily access those documents during discovery and better establish the time periods in question."

The finding that it was not burdensome in that case, with over a thousand plaintiffs's it is certainly not greater here with a meager 53 potential plaintiff's. Accordingly, the government's motion for a more definitive statement must be denied.

## CONCLUSION

For the above and foregoing reasons, the government's motions "pursuant to Rule 12(b)," "RCFC 10(a)" and "RCFC 12(e)" should be denied.

Respectfully submitted,

_____

/s Jeffrey D. Moffit, Attorney for
Plaintiffs

Dated, February 15, 2008

Jeffrey D.  Moffatt, Esq.
43625 N Sierra Hwy, Suite A
Lancaster, CA 93534
661 9456121
Fax 661 9453019
Jeffreymbajd@hotmail.com


I hereby certify that on February 15, 2008 a copy of the foregoing Plaintiff's response to the Defendant's "MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. s/Jeffrey D. Moffatt

EXHIBIT 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID WHALEN, GREGORY TURNER, | ) | |
| GREG MORGAN and ATC1 through | ) | |
| ATC50, | ) | |
| | ) | No. 07-707C |
| Plaintiff, | ) | (Judge Lettow) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
<u>IN PART AND MOTION FOR A MORE DEFINITE STATEMENT</u>

Defendant, the United States, respectfully replies to plaintiffs' response to our motion to dismiss the complaint, in part, and motion for a more definite statement. In their response, plaintiffs have failed to show that Mr. Whalen's complaint is not duplicative of another pending suit in this Court and that plaintiffs have not violated Rule 10(a) of the Rules of this Court ("RCFC") by not listing the names of plaintiffs ATC1 through ATC50. Additionally, plaintiffs have failed to show that their complaint is sufficiently definite.

<u>ARGUMENT</u>

I.     Plaintiff David Whalen Should Be Dismissed Because His Lawsuit Is Duplicative Of
       <u>Abbey v. United States</u>

In our motion to dismiss, we demonstrated that the United States Court of Appeals for the Federal Circuit has provided this Court with discretion to dismiss duplicative suits and that Mr. Whalen had previously filed an action in this Court encompassing the issues in this case. Def. Mot. 2-3.[1] In their response, plaintiffs did not argue to the contrary. Rather, plaintiffs attacked

---

[1] "Def. Mot. __" refers to the Government's motion to dismiss the complaint in part and motion for a more definite statement filed on December 16, 2007.

EXHIBIT 5

the procedural mechanism by which the motion to dismiss was brought, alleging that RCFC 12(b) was inappropriate.  Pl. Resp. 2-5.

Plaintiffs may be correct that a dismissal based upon a duplicative suit does not fit within the Rule 12(b) defenses.  However, plaintiffs' argument is irrelevant.  The Federal Circuit has made clear that a trial court "has discretion to dismiss a complaint which simply duplicates another pending related action."  Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1577 (Fed. Cir. 1991) (citations omitted).  Whether this falls within a specific Court rule or not, both the Federal Circuit and common sense dictate that a trial court need not and should not have two or more duplicative suits on its docket at the same time.  The discretion to dismiss duplicative lawsuits aids in the "just, speedy, and inexpensive determination of every action."  RCFC 1. Additionally, such discretion falls within the Court's discretion pursuant to RCFC 83(b), which states, "A judge may regulate practice in any manner consistent with federal law or rules adopted under 28 U.S.C. § 2072 or 2503(b)."

Therefore, Mr. Whalen should be dismissed from this suit since this action is duplicative of a previously filed action, Abbey v. United States, Fed. Cl. No. 07-272C (filed May 5, 2007).[2]

---

[2]  Additionally, after filing our motion to dismiss, defendant's counsel was notified that plaintiff, Greg Morgan, has also filed a duplicative lawsuit.  On September 28, 2007, three days before this lawsuit was filed, Mr. Morgan filed a pro se lawsuit in the United States District Court for the District of Columbia against the Federal Aviation Administration ("FAA") and Susan Marmet alleging, in part, that: 1) the FAA wilfully failed to compensate him for overtime worked, in violation of the Fair Labor Standards Act ("FLSA"); and 2) that the FAA wilfully fired him in retaliation for enforcing his FLSA rights.  Def Rep. App. 1-8 ("Def. Rep. App. __" refers to the appendix attached to this brief).  Mr. Morgan's suit in this Court is duplicative because Mr. Morgan is alleging that the FAA wilfully failed to pay him overtime in this suit, as well.  Compl. 2-7.  Just as the Court may dismiss a suit that duplicates another suit in this Court, it may also dismiss a suit that duplicates a suit in another Federal Court.  Washington Metro. Area Transit Authority v. Ragonese, 617 F.2d 828 (D.C. Cir. 1980).  Therefore, defendant respectfully requests that the Court dismiss Mr. Morgan from this suit sua sponte.

EXHIBIT 5

II.     Plaintiffs ATC1 Through ATC50 Should Be Dismissed For Failing To Follow RCFC
        10(a), Which Requires That The Names Of All The Parties Be Set Forth In The Caption

        In our motion to dismiss, we outlined the five factors set forth by this Court in Wolfchild

v. United States, 62 Fed. Cl. 521, 553 (2004), to analyze whether plaintiffs have overcome the

presumption that plaintiffs' names should be disclosed.  Def. Mot. 3-4.  We also demonstrated

that the five factors weigh in favor of the Government.  Id. at 4-6.  Fictitious plaintiffs do not

dispute that there has been no threatened harm against them, but, nonetheless, argue that their

fears of retaliation are reasonable and that it would be in the public interest to allow them to

proceed under fictitious names.  Pl. Resp. 5-7.  Plaintiffs are incorrect in these assertions.

        In support of their argument that plaintiffs fears of retaliation are reasonable, plaintiffs

cite two cases that are distinguishable.  In Mitchell v. Roma, 265 F.2d 633 (3d Cir. 1959), there

were no fictitious plaintiffs.  Rather, plaintiff, the Secretary of Labor, sought to withhold

information regarding which of defendant's employees gave information to the Department of

Labor.  Id. at 635.  Also, in Mitchell, the Government provided defendant employer with 85

names of employees known or believed to have knowledge concerning the FLSA matters at

issue.  Id.  The court stated that a "distinction must be drawn between telling an employer which

employees were underpaid and who gave information about underpayment" to the Government.

Id. at 637-38.  Therefore, Mitchell is distinguishable.

        Gomez v. Buckeye Sugars, 60 F.R.D. 106 (N.D. Ohio 1973) is also distinguishable.  In

Gomez, plaintiffs were only going to remain fictitious until after an issue was decided about

whether the two defendants were joint employers.  Id. at 106.  This is different than an inquiry

into whether an employer failed to pay overtime benefits.  Since the court determined that

information regarding whether defendants were joint employers was solely in the possession of

3

EXHIBIT 5

defendants, plaintiffs were allowed to proceed as fictitious parties.  Id. at 107.  Since plaintiffs here are seeking relief for failure to pay specific hours of overtime, it is necessary that the Government be able to know who the plaintiffs are so that they can investigate the allegations that the individuals were not paid overtime pursuant to the FLSA.

Additionally, the Government was not the defendant in either Mitchell or Gomez.  Unlike a private employer, there is "a strong presumption in the law that administrative actions are correct and taken in good faith.  It takes 'well-nigh irrefragable proof' to overcome the presumption."  Sanders v. United States Postal Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986) (citations omitted).  Here, plaintiffs have not presented any evidence to prove, nor even alleged in this case, that the FAA has retaliated against employees for filing FLSA complaints.  Furthermore, as we noted in our motion to dismiss, Government employees have recourse to the Office of Special Counsel, as well as the Merit System Protection Board in some circumstances, if they are retaliated against.  Def. Mot. 5 (citing 5 U.S.C. § 1214(a)(1)(A), 2302(b)(9); 5 C.F.R. § 1201.3(a)).  Therefore, plaintiffs' alleged fears of retaliation are not reasonable.

With regard to the specific prejudice the Government would suffer if plaintiffs remain anonymous, the Government will not be able to investigate individuals claims that they were not paid FLSA overtime before answering the complaint.  The Government should not have to investigate the schedules of all Air Traffic Controllers that have been employed by the FAA at High Desert TRACON, Edwards Air Force Base, California in the last three years, particularly in light of the fact that plaintiffs have not provided a definite statement as to the work for which they allege they were not paid.  See Section III, below.  The Government also should not be forced to wait until "facts pertaining to the reasonableness of any potential fears can be

EXHIBIT 5

obtained," Pl. Resp. 6, in order to begin gathering facts related to plaintiffs' overtime claims. Unlike plaintiffs in Does I thru XIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000), plaintiffs in this case have not presented any evidence of any threatened harm.  Plaintiffs appear to be in no different a situation than any other FLSA plaintiff.  To allow plaintiffs to proceed under fictitious names would make a mockery of RCFC 10(a), by essentially allowing all FLSA plaintiffs who are still employed by the Federal Government to be able to file under fictitious names, simply by stating that they fear retaliation.

To allow plaintiffs to file under fictitious names would also run counter to the intent of the collective action provisions of the FLSA.  As this Court's predecessor stated in Canfield v. United States, "the purpose of the ban on representative actions was to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of the lawsuit.  Such situations unfairly left employers in the dark concerning the identify of the individuals whose claims would be litigated at trial." 14 Cl. Ct. 687, 689-90 (1988) (quoting Arlington v. National Broadcasting Co., 531 F. Supp. 498, 501 (D.D.C. 1982)) (emphasis added).[3]  Likewise, allowing plaintiffs to proceed under

---

[3] Furthermore, plaintiffs may actually be prejudiced by filing under fictitious names.  In a collective action, an individual plaintiff's suit is not commenced for purposes of the statute of limitations until a consent form is filed.  29 U.S.C. § 256; see also Canfield, 14 Cl. Ct. at 692 ("The requisites for tolling are thus twofold: a complaint and a written con- sent."); Salazar v. Brown, No. G87-961, 1996 WL 302673, at *10 (W.D. Mich. 1996) ("The statute makes clear that the filing of a consent may come after the filing of the complaint, but a collecti[ve] action is not commenced for purposes of the statute of limitations until both the complaint and the claimant's individual written consent are filed.") (citations omitted).  Therefore, to the extent any of the fictitious plaintiffs have claims that date back to the period just after two to three years from today, they are losing potential recovery every day that they fail to file a consent form with the Court.

EXHIBIT 5

fictitious names would leave the Government "in the dark concerning the identify of the individuals."

Finally, in this particular case, it is necessary to know who the plaintiffs are because named plaintiffs have shown a pattern of duplicative suits.  Both Mr. Whalen and Mr. Morgan have previously filed suits alleging that they were not compensated for overtime worked pursuant to the FLSA, and those suits are still pending.  The Government needs to be able to determine if this suit is duplicative as to the other 50 plaintiffs as well, so that those plaintiffs can be properly dismissed.  This is especially important in light of the <u>Abbey</u> case, where over 7,200 Air Traffic Controllers employed, or formerly employed, by the FAA, including Mr. Whalen, have already filed suit against the Government.

Therefore, plaintiffs ATC1 through ATC50 should be dismissed because they have failed to include the names of the parties in the complaint pursuant to RCFC 10(a).

III.     <u>Plaintiffs Should Be Required To Provide A More Definite Statement</u>

Again, plaintiff responds to one of our arguments, yet contends that the motion for a more definite statement should be denied in whole.  Plaintiffs have failed to refute that they have not identified, with specificity, the duties for which they allege that they were not compensated. This is particularly important in light of the fact that, in paragraph 10 of their complaint, plaintiffs may be alleging that they were not being compensated for time spent performing preliminary or postliminary activities or traveling to and from their duty stations at the base. Compl. 3.  Such claims should be dismissed.  29 U.S.C. § 254(a).  Therefore, our motion for a more definite statement should be granted as to the vague allegations of the overtime work allegedly performed.

EXHIBIT 5

Additionally, the case cited by plaintiffs with regard to alleging the pay periods during which they allege they were not compensated, <u>Federal Air Marshals (FAM) 1 through FAM 1096</u>, 74 Fed. Cl. 484 (2006) ("FAM 1096)," is distinguishable because there is no indication in <u>FAM 1096</u> that plaintiffs were seeking to include members of the collective action that were employed more than 11 years before the complaint was filed, as plaintiffs have sought in this case.  The statute of limitations for a FLSA claim is two years, or three years for a wilful violation.  29 U.S.C. § 255(a).  It is unclear whether plaintiff is seeking damages within "the relevant period of limitations," Compl. 6, 8, of two or three years, or back to April 1, 1996.  <u>Id.</u> at 5-7.  Therefore, plaintiffs should be required to identify, with specificity, the pay periods for which they are seeking relief.

<u>CONCLUSION</u>

For the foregoing reasons, and the reasons set forth in our motion, the Court should grant our motion to dismiss the complaint, in part, and motion for a more definite statement.

7

EXHIBIT 5

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director


/s/ Todd M. Hughes

TODD M. HUGHES
Deputy Director


/s/ William P. Rayel

Eden Brown Gaines                           WILLIAM P. RAYEL
Michael Doherty                             Trial Attorney
Julia Rhodes                                Commercial Litigation Branch
Federal Aviation Administration             Civil Division
Office of Chief Counsel, AGC-30             Department of Justice
600 Independence Ave., SW                   Attn: Classification Unit
Suite 1E-100                                        8th Floor
Washington, DC 20591                        1100 L Street, N.W.
                                            Washington, D.C.  20530
                                            Telephone: (202) 616-0302
                                            Facsimile: (202) 307-0972

February 29, 2008                           Attorneys for Defendant

8

EXHIBIT 5

<u>CERTIFICATE OF FILING</u>

I hereby certify that on this 29th day of February, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART AND MOTION FOR A MORE DEFINITE STATEMENT" was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.


 /s/ William P. Rayel   

EXHIBIT 5

# In the United States Court of Federal Claims

No. 07-707C

(Filed March 12, 2008)

| | |
|---|---|
| ———————————————<br>  )<br>DAVID WHALEN, *et al.*,   )<br>  )<br>        Plaintiffs,   )<br>  )<br>      v.    )<br>  )<br>UNITED STATES,   )<br>  )<br>        Defendant.   )<br>——————————————— ) | Claims under the Fair Labor Standards Act for compensation for overtime labor; subject matter jurisdiction; duplicating claims; 28 U.S.C. § 1500; joinder of anonymous plaintiffs; more definite statement |

Jeffrey D. Moffatt, Lancaster, California, for plaintiffs.

William P. Rayel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.  With him on the briefs were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., as well as Eden B. Gaines, Michael Doherty, and Julia Rhodes, Federal Aviation Administration, Office of Chief Counsel, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this case, plaintiffs, Mr. David Whalen, Mr. Gregory Turner, Mr. Greg Morgan, and fifty anonymously-named Air Traffic Control Specialists ("Specialists" or "ATCSs") using the fictitious names ATC1 through ATC50, claim that they and other similarly situated Specialists employed by the Federal Aviation Administration ("FAA") at the High Desert Terminal Radar Approach Control ("TRACON"), Edwards Air Force Base, California ("Edwards AFB") have not been compensated for their overtime labor in contravention of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 (the "Act" or "FLSA").  Compl. ¶¶ 1-8.  The government has filed motions for partial dismissal of the complaint and for a more definite statement, which motions have been fully briefed by the parties and are ready for disposition.

1

EXHIBIT 6

# BACKGROUND[1]

Plaintiffs (the "Whalen plaintiffs") aver that they are all ATCSs employed by the FAA at Edwards AFB.  Compl. ¶¶ 3-4.[2]  They claim that they were entitled to receive compensation for overtime work pursuant to the FLSA but that the FAA improperly treated them as being exempt from that Act.  Compl. ¶¶ 7-11.  They "allege that they were employed by the [FAA] at all times relevant and during the three years prior to the filing of the complaint in September, 2007 (the FLSA limitations period)," Pls.' Opp'n at 1 (citing Compl. ¶ 6), specifically averring that they were employed by FAA from April 1, 1996 to the present and alleging that the relevant documentation respecting their employment is "largely in the exclusive hands of [d]efendant." Compl. ¶ 6.  They allege violations of 29 U.S.C. §§ 207 and 215, which specify the number of hours in excess of which overtime rates apply.  Compl. ¶ 21.  They assert that the FAA's actions in failing appropriately to compensate them were "willful."  Compl. ¶¶ 22-23.

The Whalen plaintiffs claim that the FAA required them to work, uncompensated, in excess of 40 hours per week "during most weeks of their employment."  Compl. ¶¶ 7-9, 19-21.  The claimed overtime work consisted of  "administrative, exercise, medical, inspection and other duties which [could] have been reasonably known, anticipated, ordered, and required by [the FAA] at the time of making work schedules."  Compl. ¶ 9.  In the Whalen plaintiffs' view, the FAA "failed to include time known by [the FAA] to be necessary to perform such duties in the scheduled workweeks of the [p]laintiffs" and failed to compensate plaintiffs for carrying out those necessary duties.  *Id*.

For a remedy, the Whalen plaintiffs request that the court (1) allow their claim to proceed as a collective action under 29 U.S.C. § 216(b), providing notice to all ATCSs employed by the defendant at Edwards AFB of their right to participate in the action; (2) declare that plaintiffs were and are not exempt from the overtime provisions of 29 U.S.C. § 207; (3) award plaintiffs and all others who consent to join this action backpay, liquidated damages, and "other compensation and benefits to which they may be entitled;" (4) enjoin the government from failing to pay overtime compensation due under 29 U.S.C. § 207; and (5) award plaintiffs and others who consent to participate in the action pre-judgment interest, costs of suit, and reasonable attorneys' fees and expenses.  Compl. at 5-7.

---

[1]The recitations that follow do not constitute findings of fact by the court.  Rather, the recited factual elements are either undisputed, except where a factual controversy is explicitly noted, or are alleged and assumed to be true.

[2]Although the complaint alleges that plaintiffs "hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b)," and cites a "fear" of "retaliation" as cause for most of the plaintiffs filing anonymously, Compl. ¶¶ 2, 5, consent forms were supplied with the Complaint only for Messrs. Whalen and Morgan.  Plaintiffs did not file a motion for leave to file consent forms under seal.

EXHIBIT 6

## ANALYSIS

### A. Motion for Partial Dismissal

The government moves "pursuant to Rule 12(b)" of the Rules of the United States Court of Federal Claims ("RCFC") for partial dismissal of the complaint. Def.'s Mot. at 1. Among other things, the government argues that "Whalen's complaint is duplicative of another pending suit in this Court and plaintiffs have violated RCFC 10(a) by not listing the names of plaintiffs ATC1 through ATC50." *Id.*

### 1. *Rule 12(b).*

The government's broadly framed motion to dismiss must be broken down into constituent elements for analysis. First, Rule 12(b)(1) relating to subject matter jurisdiction is not a viable ground for dismissal because this court has jurisdiction over FLSA claims. *See Waters v. Rumsfeld*, 320 F.3d 265 (Fed. Cir. 2003) (holding that this court has exclusive jurisdiction over FLSA claims in excess of $10,000, provided that plaintiffs have not waived the amount in excess). The court has concurrent jurisdiction with the district courts of claims less than or equal to $10,000. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Accordingly, this court has subject matter jurisdiction over the Whalen plaintiffs' claims.

Second, the government cannot invoke RCFC 12(b)(6) as a ground for dismissal because the Whalen plaintiffs have stated a claim upon which relief can be granted. "Dismissal of a complaint under RCFC 12(b)(6) is appropriate when the plaintiff can prove no set of facts that would warrant the requested relief, when drawing all well-pleaded factual inferences in favor of the complainant." *Levine v. United States*, 453 F.3d 1348, 1350 (Fed. Cir. 2006) (citing *Leider v. United States*, 301 F.3d 1290, 1295 (Fed. Cir. 2002)). In ruling on a motion under RCFC (12)(b)(6), the court must decide '"not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."' *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiffs' factual allegations need not be detailed, but they "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 n.4 (Fed. Cir. 2007).

The Whalen plaintiffs' first claim is for "back pay, liquidated damages and other relief" for the FAA's alleged contravention of the FLSA. Compl. ¶ 14. Section 216(b) of the FLSA establishes a right of action by employees to hold liable their employers "in the amount of their unpaid minimum wages, or their unpaid overtime compensation;" such an action "may be maintained against any employer (including a public agency) in any Federal or State court of

3

EXHIBIT 6

competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs' allegations fit comfortably within this template, and dismissal on grounds of failure to state a claim is not warranted.[3]

### 2. *Duplicating claims.*

The government invokes a theory of duplication to support its motion to dismiss. In a proper case, this ground could have merit. The court "has discretion to dismiss a complaint which simply duplicates another pending related action." *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed. Cir. 1991); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (absent a specific showing of cause or need, there is no reason for "duplicating lawsuits on the same docket"). Indeed, this court recently dismissed an action which entirely duplicated a separately filed complaint, save for class-action allegations that were improper because the case involved a statutory collective action, just as this one does. *See Belgarde v. United States*, No. 07-467L, slip op. (Fed. Cl. Jan. 8, 2008). In this instance, the government identifies the supposedly duplicating action as *Abbey v. United States*, No. 07-272C (Fed. Cl. filed May 5, 2007).

The plaintiffs in *Abbey* are ATCSs, traffic management coordinators, and staff specialists employed by the FAA, who brought an "action on behalf of themselves and other employees similarly situated for declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. [§] 216(b), 28 U.S.C. [§] 1346(a)(2) and 28 U.S.C. [§§] 1491, 2201 and 2002 and 5 U.S.C. [§] 5596." *Abbey* Compl., No. 07-272-ECH ("*Abbey* Compl."), ¶ 1. The *Abbey* complaint names one plaintiff who is a resident of New York and "additional persons" employed by the FAA at "various locations" who "have given their written consent to be party plaintiffs." *Id.* ¶ 4. The government argues that one plaintiff in *Abbey*, Mr. Whalen, is the same as a plaintiff in this case, and that the allegations in *Abbey* duplicate those in this case. Def.'s Mot. at 2.[4]   Based on

---

[3]Joinder of plaintiffs is appropriate in this collective action brought under Section 216(b) of the FLSA. RCFC 20(a) provides for permissive joinder for persons asserting "any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." There is permissive joinder in this particular case because the FLSA statutorily provides for collective actions in 29 U.S.C. § 216(b). *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 173 (1989).

[4]In *Abbey*, the Complaint alleges that ATCSs have "'perform[ed] work activities, without compensation, before their official scheduled starting times for work and after their official starting times for work,'" such that "'defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA [(29 U.S.C. § 207(a))] by failing to pay plaintiffs for all hours worked.'" Def.'s Mot. at 2 (quoting *Abbey* Compl. ¶ 29). As the government notes, the *Abbey* complaint also alleges "a willful violation of the FLSA." *Id.* at 3.

EXHIBIT 6

these parallels, the government concludes that "Mr. Whalen should not be allowed to be a plaintiff in duplicative actions[;] therefore, he should be dismissed from this suit." *Id*. at 3.

The complaint in *Abbey*, as amended, lists 7,210 individual plaintiffs. One of those named persons is indeed Mr. Whalen (no. 6,165). *Abbey* Original Compl. at 281. However, the other named plaintiffs in this case, Messrs. Turner and Morgan, are not parties to *Abbey*. Thus, there is an incomplete overlap in named plaintiffs. In addition, the government also is correct that one set of claims in *Abbey* overlaps those in the instant case, but the plaintiffs here fall into a category that is more specific in scope than that of *Abbey* because they are all air traffic controllers at Edwards Air Force base. The complaint in *Abbey* ostensibly covers work locations throughout the nation and alleges claims on behalf of several types of federal employees – ATCSs, traffic management coordinators, and staff specialists. *Abbey* Compl. ¶¶ 3, 4, 9. Consequently, *Abbey* is sufficiently broad in scope that the Whalen plaintiffs might have joined in that suit. However, that possibility does not bar them from bringing their own specific and more focused claim. The statutory criteria for a collective action set out in 29 U.S.C. § 216(b) of the FLSA include the specification that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." The Whalen plaintiffs thus were not compelled to join the much broader *Abbey* action, and, apart from Mr. Whalen, they have not done so. This action generally does not duplicate *Abbey*, and the Whalen plaintiffs are entitled to pursue their separate claims. The government's motion to dismiss therefore is generally unavailing.

Mr. Whalen's presence in this case, however, poses a more specific problem. He should not be able to pursue two different actions on the same claim in this court. In the circumstances, the court exercises its discretion to require Mr. Whalen to make an election respecting which case he desires to pursue, either *Abbey* or the instant case, and to make that election within thirty days from the date of this order. Failing an election within that time to pursue his claims in this action, Mr. Whalen shall be dismissed as a plaintiff in this case. *See Hoffman-LaRoche*, 493 U.S. at 173 (recognizing and giving effect to "[t]he interest of [federal trial] courts in managing collective actions in an orderly fashion").

3. *28 U.S.C. § 1500.*

In a footnote in its reply brief, the government contends that one plaintiff, Mr. Morgan, has filed on a *pro se* basis a duplicating suit in the United States District Court for the District of Columbia. Def.'s Reply at 2 n.2 (referring to *Morgan v. Federal Aviation Admin.*, No. 07-cv-1748 (D.D.C. filed Sept. 28, 2007)). The government has attached the complaint in the *Morgan* case to its reply, and that complaint discloses that Mr. Morgan is claiming that the FAA willfully failed to compensate him for overtime work in contravention of the FLSA and that the FAA willfully fired him in retaliation for invoking his rights under the FLSA. Def.'s Reply, appended *Morgan* Compl. at 5-7. The government requests that the court dismiss Mr. Morgan from the

EXHIBIT 6

instant action on the ground that his district court suit is a duplicating action.  Def.'s Reply at 2 n.2.

The *Morgan* suit in district court raises a more compelling jurisdictional issue than that which arises with a duplicating action.  It appears that the *Morgan* suit was filed three days before the instant action, which was docketed on October 1, 2007.  In the circumstances, it is quite possible that this court is precluded from exercising jurisdiction over Mr. Morgan's claim due to the operation of 28 U.S.C. § 1500, which provides that

> [t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500; *see Keene Corp. v. United States*, 508 U.S. 200 (1993); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) (en banc); *Tohono O'odham Nation v. United States*, 79 Fed. Cl. 645 (2007); *d'Abrera v. United States*, 78 Fed. Cl. 51 (2007).

When applicable, Section 1500 elides the jurisdiction this court would otherwise have to hear and consider a cause of action.  *See Tohono O'odham Nation*, 79 Fed. Cl. at 654.  The government's late reference in its reply brief to the pendency of the *Morgan* district court action and its failure to cite Section 1500 in that regard does not affect this court's obligation to consider its subject matter jurisdiction whenever that jurisdiction is questioned.  *See Consolidation Coal Co. v. United States*, 351 F.3d 1374, 1378 (Fed. Cir. 2003) ("[U]nder federal rules any court at any stage in the proceeding may address jurisdictional issues.  Thus, even if the issue is not properly raised, th[e] court *sua sponte* may consider all bases for the trial court's jurisdiction.").  Accordingly, the court must address whether Mr. Morgan may continue as a party plaintiff in the instant suit.

Whether another claim is "pending" for purposes of Section 1500 is determined at the time at which the suit is filed in this court, not some later time.  *See Loveladies Harbor*, 27 F.3d at 1548.  Also, "[f]or the Court of Federal Claims to be precluded from hearing a claim under [Section] 1500, the claim pending in another court must arise from *the same operative facts*, and must seek *the same relief*."  *Id*. at 1551 (emphasis in the original); *see also Harbuck v. United States*, 378 F.3d 1324, 1328-29 (Fed. Cir. 2004).

A comparison of the claims set out in the *Morgan* district court suit and those in this action show an overlap.  Both primarily claim that compensation is due under the FLSA for overtime incurred.  *See* Compl. ¶ 9 (alleged mandatory "administrative, exercise, medical, inspection and other duties"); *Morgan* Compl. ¶ 15 (alleged "medical" activities).  That a retaliation claim was included in the Morgan district court suit does not affect this overlap.  Thus,

6

EXHIBIT 6

there is correspondence in the factual bases for the claims.  Moreover, the relief requested also overlaps because monetary damages are sought in both cases for the alleged compensable overtime.  Compl. at 6 (Prayer, ¶ D); *Morgan* Compl. ¶ 36.

In short, Section 1500 divests this court of jurisdiction over a plaintiff's claim where it is shown that the claim arises from the same operative facts as those alleged in a preexisting claim in district court and the relief requested overlaps.  Those circumstances have been shown in this case with respect to Mr. Morgan's claim.  Consequently, the clerk will be directed to dismiss Mr. Morgan as a plaintiff.[5]

4. *Anonymous plaintiffs.*

The government also argues that the action should be dismissed with respect to plaintiffs ATC1 through ATC50 "for failing to follow RCFC 10(a), which requires that the names of all the parties be set forth in the caption" of a complaint.  Def.'s Motion at 3 (capitals removed). RCFC 10(a) instructs that "[e]very pleading shall contain a caption setting forth the name of the court [and] the title of the action" and that "[i]n the complaint the title of the action shall include the names of all the parties (see RCFC20(a))."  RCFC 10(a).  "The use of pseudonyms in a complaint is contrary to this requirement.  Consequently, courts allow parties to proceed anonymously only where unusual circumstances justify concealing a party's identity."  *Wolfchild v. United States*, 62 Fed. Cl. 521, 552 (2004) (citing *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases)).

Determining whether and how parties may file anonymously is included within this court's "authority to manage the process of joining multiple parties [in a collective action] in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  *Hoffman-LaRoche*, 493 U.S. at 170.  "In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case."  *Advanced Textile*, 214 F.3d at 1069.  Anonymity may be used as a temporary managerial device, or, "[i]t may never be necessary . . . to disclose the anonymous parties' identities to nonparties to the suit."  *Id.*; *see also Wolfchild*, 62 Fed. Cl. at 554.

In addressing claims by plaintiffs that they should be allowed to proceed anonymously, trial courts balance the competing interests involved by weighing the party's need for anonymity

---

[5]Because this dismissal rests on jurisdictional grounds, it is without prejudice.  If Mr. Morgan should choose to dismiss his action in district court, plaintiffs would not thereafter be barred from seeking amendment of the complaint in this action seeking leave to add Mr. Morgan as a new plaintiff here.

EXHIBIT 6

against the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing party. *See Advanced Textile*, 214 F.3d at 1068; *Wolfchild*, 62 Fed. Cl. at 552-53.  Five factors guide this inquiry: "'(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; . . . (3) the anonymous party's vulnerability to such retaliation,"' "(4) whether disclosure of the party's identity would best serve the public interest, . . . [and (5)] the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Wolfchild*, 62 Fed. Cl. at 553 (in part quoting *Advanced Textile*, 214 F.3d at 1068).  Respecting the severity of a threatened harm in general, courts have opined that "some embarrassment or economic harm is not enough," but rather, "[t]here must be a strong social interest in concealing the identity of the plaintiff." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1975)).  "The common thread running through these cases [addressing requests by plaintiffs for anonymity] is the presence of some social stigma or the threat of physical harm to the plaintiff attaching to disclosure of their identities to the public record." *Rostker*, 89 F.R.D. at 161.

The government contends that the five factors weigh against allowing plaintiffs ATC1 through ATC50 to proceed under fictitious names.  Def.'s Mot. at 4-6.  It asserts that plaintiffs in this action have not alleged a specific threatened harm, nor have they shown the severity of a threatened harm.  Def.'s Mot. at 4.  Plaintiffs have alleged that "numerous [air traffic controllers] fear retaliation if they prosecute an action," but they do not say what might constitute that feared retaliation.  Compl. ¶ 3.  In the government's view, that shortcoming of the complaint distinguishes it from that in *Advanced Textile*, Def.'s Mot. at 4-5, where plaintiffs made specific allegations that they were "interrogated about, warned against, and threatened for making complaints about their working conditions by defendants," and those threats "ran the gamut from termination and blacklisting, to deportation, arrest, and imprisonment." *Advanced Textile*, 214 F.3d at 1071.

The government urges that plaintiffs' alleged fear of retaliation is unfounded because the FLSA forbids employers from retaliating against plaintiffs for filing lawsuits seeking FLSA benefits. *See* Def.'s Mot. at 4-5 (citing 29 U.S.C. § 215(a)(3) (making it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter")).  The government stresses that "'[t]here is a strong presumption in the law that administrative actions are correct and taken in good faith.'" *Id*. at 5 (quoting *Sanders v. United States Postal Serv.*, 801 F.2d 1328, 1331 (Fed. Cir. 1986)).  The government further asserts that plaintiffs are not vulnerable to retaliation because government employees may seek recourse for any retaliation through the Office of Special Counsel or the Merit Systems Protection Board.  Def.'s Mot. at 5 (citing 5 U.S.C. §§ 1214(a)(1)(A), 2302(b)(9); 5 C.F.R. § 1201.3(a)).

Regarding the last two factors, the government argues that allowing the plaintiffs to proceed anonymously would work against the public interest and to the prejudice of the government because (1) without proof of a reasonable fear of retaliation, plaintiffs have not

EXHIBIT 6

overcome the presumption "'that parties' identities be available to the public and the likelihood of prejudice to the opposing party,'" Def.'s Mot. at 5-6 (quoting *Wolfchild*, 62 Fed. Cl. at 552-53); (2) not knowing the identities of the plaintiffs prevents the government from investigating their allegations; (3) anonymous plaintiffs may have filed duplicatively in *Abbey*; and (4) allowing plaintiffs to file under fictitious names simply on grounds that they fear retaliation would render defending FLSA lawsuits difficult for the government by hindering its ability to investigate individual claims.  Def.'s Mot. at 5-6; Def.'s Reply at 4-6.[6]

Plaintiffs respond that the government's argument is premature.  Pls.' Opp'n at 6.  They emphasize that they "have only requested that during the early stages of the proceedings the employees remain anonymous until required by the court, until class status has been granted or until the employees have completed their consent forms and facts pertaining to the reasonableness of any potential fear can be obtained." *Id*.[7]  They argue that the retaliation remedies cited by the government may be insufficient to alleviate the fears that would cause potential plaintiffs not to exercise their right to bring an FLSA action in the first place.  *Id*.  In their view, the court should allow them to proceed anonymously for at least a limited period of time because "(1) plaintiffs are and will continue to be vulnerable to retaliation based upon their employment with the government, (2) the government has failed to identify any specific prejudice it would suffer if th[e] plaintiffs are allowed to remain anonymous[,] and (3) the government has failed to demonstrate what public interest would be served if the plaintiffs are [not] allowed to be anonymous." *Id*. at 6-7.  They argue that the government has enough information to investigate the complaint because plaintiffs are limited to those Air Traffic Controllers who worked at the High Desert TRACON from January 1996 until the filing of the complaint and who were not being properly paid.  *Id*. at 7 n.1.

The parties' arguments about anonymity are somewhat sterile because the record is inadequate to balance the competing factors under the five-factor test quoted above.  To bolster the record, plaintiffs must provide the court with (1) the anonymous plaintiffs' actual names (under seal), (2) their consent forms, pursuant to 29 U.S.C. § 216(b), also under seal, and (3) explicit cause for proceeding anonymously.  To establish cause, the plaintiffs must present more than the current bare allegation of retaliation; they must present evidence that potential retaliation is a real possibility, such that the court can properly balance that possibility against the

---

[6]As noted earlier, perhaps because plaintiffs ATC1 through ATC50 have sought to file their claims anonymously, they have not filed consent forms with the Complaint as required by 29 U.S.C. § 216(b), even though they could have submitted a motion for leave to file such forms under seal.

[7]This latter recitation of plaintiffs' reasoning suggests that at least some of the anonymously designated plaintiffs are not real but that the designation is merely a placeholder for a plaintiff who might later consent to join the action.  Such placeholding designations are not permitted by this court's rules or the FLSA.  *See* RCFC 10(a); 29 U.S.C. § 216(b), quoted *supra* at 5.

9

EXHIBIT 6

public interest in disclosure and any prejudice to the defendant.  Regarding the severity of the harm, the court notes that Mr. Morgan alleges in his *pro se* case filed in the United States District Court for the District of Columbia that he was fired in retaliation for enforcing his FLSA rights, *see* Def.'s Reply at 1-8, and such circumstances might establish feared retaliation sufficient to overcome the limitation that "some embarrassment or economic harm is not enough."  *Rostker*, 89 F.R.D. at 162.

Consequently, plaintiffs are requested to provide, within thirty days of the issuance of this opinion, proper allegations of cause to maintain the anonymity of certain plaintiffs' names, along with their actual names and consent forms.  The court grants plaintiffs permission to file actual names and consent forms under seal.  Should the court later determine that it should not allow some plaintiffs to proceed anonymously, those parties will have the option whether to proceed under their disclosed actual names or to withdraw from the action thus remaining anonymous.  If any of the plaintiffs currently designated as ATC1 through ATC50 do not provide the court with cause, their actual names, and their consent forms within thirty days, the action will be dismissed as to those particular anonymous plaintiffs.

### B. Motion for a More Definite Statement

Defendant has also made a motion under RCFC 12(e) for a more definite statement.  RCFC 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  RCFC 12(e).  "The motion shall point out the defects complained of and the details desired."  *Id.*  RCFC 8(a) specifies, however, that plaintiffs need only include in their pleading "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  RCFC 8(a); *see Federal Air Marshals v. United States*, 74 Fed. Cl. 484, 488 (2006).

The chief defect that the government finds in the complaint is that plaintiffs "fail to identify the specific pay periods during which each plaintiff alleges that he or she has not been fully compensated," and accordingly that "the [g]overnment cannot reasonably be expected to respond" to plaintiffs' allegations.  Def.'s Mot. at 6-7.  In this vein, the government complains that although the complaint requests relief "within 'the relevant period of limitations,'" Compl. at 6, 8, it "also indicates that plaintiffs' claims might include claims accruing more than three years before they filed suit," which would be barred by the two and three-year statutes of limitations contained in the FLSA.  Def.'s Mot. at 7 (citing Compl. 6-8, and 29 U.S.C. §§ 255(a), 256).  The government finally contends that the Whalen plaintiffs' allegation that they performed "'administrative, exercise, medical, inspection and other duties' for which they were not compensated'" leaves the government "unable to ascertain the specific duties for which plaintiffs allege that they were not compensated."  Def.'s Mot. at 7 (quoting Compl. ¶ 9) .

10

EXHIBIT 6

Plaintiffs respond that their complaint applies only to ATCSs employed or formerly employed at Edward AFB, and that the relevant records are in government's exclusive custody and control.  Pls.' Opp'n at 7.  They further note they have limited their complaint to ATCSs who worked at Edward AFB "from January 1996 until the filing of the complaint and who were not being properly paid."  *Id.* at 7 n.1.

Generally in a Fair Labor Standards Act case, where the government typically controls the relevant records, the issue of whether to require a more definite statement is not significant.  The court in *Federal Air Marshals* determined that a complaint with over a thousand plaintiffs sufficed to give the defendant notice where the complaint was confined to "the years during which defendant [allegedly] failed to comply with FLSA[,] . . . [because] defendant ha[d] control over these records during discovery and [and] it [could] easily access those documents during discovery and better establish the time periods in question."  *Federal Air Marshals*, 74 Fed. Cl. at 488.  This case involves only 53 plaintiffs who work at one location in a single job classification.  The government has custody of the relevant employment documentation regarding the plaintiffs and can resolve any ambiguity regarding any particular individual's claim through discovery.

The temporary anonymity of the majority of the plaintiffs somewhat complicates the issue of whether the complaint is too indefinite, but the fact that all plaintiffs are ATCSs at one location somewhat ameliorates the government's task in developing its defense to the Whalen plaintiffs' claims.  The government will be able to identify the duties performed by ATCSs' during the period and will be able to ascertain the "administrative, exercise, medical, inspection and other duties," Compl. ¶ 9, allegedly performed by this group of employees without compensation.  Discovery should resolve any complications.  *Compare Federal Air Marshals*, 74 Fed. Cl. at 488, *with Artuso v. United States*, 80 Fed. Cl. 336, 339 (2008) (order for more definite statement was warranted by taxpayer's failure to plead special matters required in tax refund suit).  Depending upon the resolution of plaintiffs' requests that they be able to proceed at least initially on an anonymous basis, the court would be open to considering entry of a protective order allowing only counsel of record for the government to have access to the actual names of the anonymous plaintiffs.

The government's motion for a more definite statement is accordingly denied.

## CONCLUSION

The government's motion for partial dismissal of the action is GRANTED IN PART and DENIED IN PART.  It is granted only insofar as Mr. Morgan shall be dismissed as a plaintiff, without prejudice.  The government's motion for more definite statement is DENIED.

Within thirty days after entry of this opinion and order, *i.e.*, by April 11, 2008, Mr. Whalen should file an election either to continue as a named plaintiff in this action or in the *Abbey* action, No. 07-272C.  On or before the same day, plaintiffs shall also file under seal with the court only, the actual names of those plaintiffs now identified only as ATC1 through ATC50,

11

EXHIBIT 6

and, also under seal with the court only, the consents to suit for these plaintiffs, and, in addition, a more expansive showing of cause for maintaining the anonymity of certain plaintiffs.

Defendant's answer shall be due on or before May 2, 2008.

IT IS SO ORDERED.

s/ Charles F. Lettow
Judge

12

EXHIBIT 6