Greg Morgan
920 Foxon Road #466
East Haven, CT  06513
Telephone: (203) 671-3858
Fax: (661) 952-1902
Email: greg@morganclan.mobi
Pro Se

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREG MORGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL AVIATION ADMINISTRATION, et al.,<br><br>　　　　Defendants. | **Case No.:** 1-07-cv-01748 (RMU)<br><br>**PLAINTIFFS' UNOPPOSED MOTION, POINTS OF LAW AND AUTHORITIES FOR A ENLARGEMENT OF TIME FOR HIS REPLY TO DEFENDANT'S MOTION TO DISMISS/SUMMARY JUDGMENT IS SUBMITTED AS WHEN IT WAS FILED AND NOTICE OF UNAVAILABILITY** |

**PLAINTIFFS' UNOPPOSED MOTION, POINTS OF LAW AND AUTHORITIES FOR A ENLARGEMENT OF TIME FOR HIS REPLY TO DEFENDANT'S MOTION TO DISMISS/SUMMARY JUDGMENT IS SUBMITTED AS WHEN IT WAS FILED AND NOTICE OF UNAVAILABILITY**

1

## I. STATEMENT OF MOTION

This is Plaintiff's third motion for an enlargement of time to respond to Defendant's motion to dismiss or otherwise summary judgment. As set forth below, now pending before this Court are three dispositive motions. The first is **Plaintiff's Motion for Judgment on the Pleadings** (01/26/2009). The second is Defendants Motion for Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and alternatively, Summary Judgment (02/09/2009). The third is Defendants Motion for Leave to File an Amended Answer.03/05/2009.

## II. RELEVANT PROCEDURAL HISTORY

On or about:

| | |
|---|---|
| 09/28/2007 | Plaintiff, Greg Morgan filed his original complaint and summons in the instant action naming the defendant parties as the Federal Aviation Administration and as an individual, one Susan Marmet; |
| 03/28/2008 | The named Defendants, the Federal Aviation Administration and Susan Marmet filed late their collective answer; |
| 01/26/2009 | Plaintiff, Greg Morgan moved the Court for an order for Judgment on the Pleadings; |
| 02/09/2009 | A ***non-party*** to this action filed a single page memorandum in opposition to the motion for Judgment on the Pleadings titled: "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS" asking the Court to take notice of and "SEE DOCKET ENTRY # 8."; |
| 02/14/2009 | Plaintiff, Greg Morgan submitted his Reply to an unopposed Motion for Judgment on the Pleadings; |

| | | |
|---|---|---|
| 1 | 02/19/2009 | Plaintiff, Greg Morgan submitted an unopposed Motion for Extension of |
| 2 | | Time to Respond to Defendant's Motion to dismiss alternatively for |
| 3 | | Summary Judgment, Granted; |
| 4 | 03/05/2009 | Defendants filed a Motion for Leave to File an Amended Answer seeking |
| 5 | | to correct the many admitted rule violation; |
| 6 | 03/17/2009 | Plaintiff files his opposition to Defendant's Motion for Leave to File an |
| 7 | | Amended Answer; |
| 8 | 03/23/2009 | Defendants filed a Motion for Extension of Time to Respond to Plaintiff's |
| 9 | | Opposition to Defendant's Motion for Leave to File an Amended Answer; |
| 10 | 04/06/2009 | Defendants filed their Reply to Plaintiff's Opposition to Defendants' |
| 11 | | Motion for Leave to File an Amended Answer, seeking to correct the |
| 12 | | many more admitted rule violation, specifically asking the court to alter its |
| 13 | | adjudication sequence, e.g., decide their motion to amend first then decide |
| 14 | | their Motion to Dismiss/Summary Judgment first while ignoring |
| 15 | | Plaintiff's unopposed or unanswered Motion for Judgment on the |
| 16 | | Pleadings; |
| 17 | 05/07/2009 | Plaintiff files this, his opposition to Defendant's Motion to |
| 18 | | Dismiss/Summary Judgment; |
| 19 | 05/20/2009 | Defendants filed a Motion to Extend Time to respond to Plaintiff's |
| 20 | | Opposition to Defendant's Motion to Dismiss/Summary Judgment[1]; |

---

[1] As presented to the Court, contrary to their claims, Defendant's motion was never consented to by Plaintiff. Defendant's titled that motion "Department of Transportation" whereas the previous request for an extension was tilted "Federal Aviation Administration. Defendant's as used by Plaintiff in any form, <u>NEVER MEANS AND HAS NEVER MEANT</u> the "U.S. Department of Transporation" or any derivation thereof and will not be so unless and until through proper procedure, the Court so declares otherwise. As used and applied by Plaintiff throughout all of his

| | | |
|---|---|---|
|1| 05/22/2009 | The Court conditionally grants Defendant's Motion to Extend Time |
|2| | respond to Plaintiff's Opposition to Defendant's Motion to |
|3| | Dismiss/Summary Judgment; |
|4| 05/26/2009 | Plaintiff files the present motion. |

### III. POINTS OF LAW, AUTHORITY

Pursuant to this Court's Standing Order Number 5, upon showing of "good cause" the Court will consider motions for extension of time that:

    a. are filed at least 4 business days[2] prior to the deadline the motion is seeking to extend; and

    b. include:

        i. the number of previous extensions of time granted;

        ii. the good cause supporting the motion;

        iii. a statement of the effect that the granting of the motion will have on existing deadlines;

        iv. for a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply; and

        v. a statement of the opposing party's position on the motion.

### IV. ARGUMENT IN SUPPORT OF MOTION FOR 30 DAY EXTENSION

**A. Number of Previous Extensions of Time Granted**

There were previously two motions submitted by Plaintiff each seeking one 30 day extension of time. On 03/19/2009, the Court granted both motions for one single 30 day

---

submissions, "defendant" or any derivation of that term means only the party(s) named in his complaint).

[2] The Court indicated that should Plaintiff advance this motion.

4

extension. Accordingly, Plaintiff's reply to Defendant's Motion for Dismissal/Summary Judgment was due on or about 04/19/2009.

**B. Good Cause Supporting the Motion**

Plaintiff had previously informed the Court, that he and his family was and is undertaking a complete relocation from one end of the country to the other stating:

> "While obtaining a job in this economy is very difficult, Plaintiff was successful in doing so, however on the east coast. Plaintiff currently resides on the west coast. This necessitates a complete relocation from one end of the country to the other (3500 miles). Such a move is extremely disruptive not just too [sic] daily routines, but to any ability to respond. Because of such a move, Plaintiff will not have access to his computers, his email system, internet access or even a place to live for at least several weeks. Plaintiff does not have a staff which could be utilized in such circumstances. Rather as a *pro se*, Plaintiff depends upon such equipment as necessary to prosecute this action."

Upon the previous, Plaintiff was granted a thirty day extension of time to respond to Defendants Motion for Dismissal and alternatively, Summary Judgment. See docket entry 03/19/2009.

The previous statements when made were forward looking, a projection of events to come based upon anticipated happenings. The plan was that Plaintiff would move first, and then in late May, would move the rest of the family after securing a place to live. What followed could not have even been anticipated.

Plaintiff was recently remarried and acquired through that marriage two stepchildren. Shortly after Plaintiff departed the west coast, during one of the visitation events, one of the stepchildren let it be known to their father of the impending move. The father was to learn of the matter through the attorney's, not from one of the children. After the father learned of the matter, he attempted to abduct the older of the two children from her school. (04/03/09). To overcome the multiple restraining orders against him, the father presented to the school officials, forged court custody orders.

What followed was the beginning of a full blown custody battle. This included police involvement, missing children reports issued (they were about to issue an Amber Alert),

1  emergency custody orders were sought, restraining orders were filed, attorneys retained and large
2  amounts of money expensed, several trips back and forth. All of this occurring while Plaintiff
3  was on the east cost starting a new job. See attached docket sheet for Case # SWD008707 entries
4  04/09/09 through 04/21/09.

5  These events occurring on the west cost caused a meltdown of Plaintiff's emotional,
6  intellectual and financial resources. Plaintiff had to contend with a highly distraught wife who's
7  children had gone missing, had to deal with several police agency's to locate and effect the
8  return of the children, had to deal with attorney's and coordinate the scheduling of the other
9  children so that the wife could appear. In doing the above, Plaintiff had to expense the funds set
10 aside for purpose of securing the family housing. Plaintiff is still contending with the disruption.
11 All of this began during the time Plaintiff anticipated responding to pending Motion for
12 Dismissal/Summary Judgment.

**C. Statement of the effect that the granting of the motion will have on existing deadlines**

Because there has been no pretrial conference, no deadlines have been set.

**D. For a motion that seeks to extend the deadline for a dispositive motion, suggested deadlines (reached in consultation with the opposing party) for the filing of the opposition and reply**

Pursuant to LCvR 7(m), Plaintiff on or about the morning of May 19, 2009, returning her call, telephoned Ms. Clair Whitaker. Ms. Whitaker stated that she needed additional time to respond to Plaintiff's reply to Defendants Motion for Dismissal/Summary Judgment.

Plaintiff then discussed the need to file an additional motion relating to the reply just submitted. Ms. Whitaker stated that she took no position on such motion thus this motion is unopposed. See attached Declaration of Greg Morgan.

1  Because the Court has conditionally granted Defendants motion, the deadline for their
2  response is now set at 06/05/2009.
3  **E.  Statement of the opposing party's position on the motion**
4  Again, in the telephone conversation with Ms. Whitaker, she stated that she took no position
5  on this motion thus this motion is unopposed.
6  **V.  CONCLUSION**
7  For the foregoing reasons and those set forth in Plaintiff's motion, memorandum of law
8  and points of authorities, and Declaration of Greg Morgan supporting of his Motion for a 30 day
9  enlargement of time, Plaintiff respectfully requests that the Court grant said motion.
10 **VI. NOTICE OF NON AVAILABILITY**
11 For the reasons previously stated, during the weeks of May 27, 2009, through June 9,
12 2009, Plaintiff will be actually be traveling back and forth from the east coast to the west coast
13 so as to effect the move of his family and therefore will not have access to internet. However
14 should it be necessary to speak with him, he may be contacted on his cell phone at 203-671-
15 3858.
16   ///
17   ///
18   Dated: May 27, 2009
19                                             Respectfully submitted,
20                                             By: _____
21                                                s/Greg Morgan
                                                   Pro Se

7

# DECLARATION OF GREG MORGAN IN SUPPORT OF HIS MOTION
# FOR AN ADDITIONAL 30 EXTENSION OF TIME

I, Greg Morgan declare:

1. I have personal knowledge of the facts contained in this declaration and those facts stated therein being true, if called as a witness I am competent to testify thereto;

2. I am the Plaintiff in the action titled Greg Morgan v. Federal Aviation Administration, et al., Case Number, 1-07-cv-01748 (RMU);

3. On or about May 19, 2009, I telephoned Ms. Clair Whitaker's office, returning her call made to my home leaving a message with my wife. Ms. Whitaker stated that she needed additional time to respond to my reply to the Motion to Dismiss/Summary Judgment. I consented but never did I consent to any such motion as submitted and which advances anything other than the party named as so tilted in the original complaint. Had I been informed that such a motion was intended to be submitted in the form as it was, e.g., "DEPARTMENT OF TRANSPORTATION", not only would I not have consented, I would have vehemently opposed it (in fact Plaintiff was in the process of preparing an opposition however the Court had already conditionally granted it;

4. On Friday, April 03, 2009, my Wife learned from the schools officials where my stepdaughter attends in Palmdale, that the Father of the Child had attempted to abduct the child and then later did abduct the children. Thereafter, considerable effort was put forth, including filing an emergency ex-party application for restraining orders, modification of custody order and considerable efforts in attempting to locate the children. I also had to contend with an extremely upset Wife along the normal rigors of work. See Attached Docket Report in Case #SWD008707;

5. Because of these events, I simply was stretched beyond the breaking point and could not deal with the many issues which I had to contend. Subsequently, I have been able to pick

1  up where I should have been. This includes now, attempting to secure housing for my
2  family;
3  I certify under penalty of perjury that the foregoing is true and correct under the laws of
4  the United States, 28 U.S.C. § 1746.
5  ///
6  ///
7  ///
8  Executed on May 26, 2009, at New Haven, Connecticut, 06513.

10  By:

11  _____
12  /s Greg Morgan, Declarant.



**Home**   **Complaints/Parties**   **Actions**   **Minutes**   **Pending Hearings**   **Case Report**

### Case SWD008707 - SKEEN VS. SKEEN

| Viewed | Date | Action Text | Disposition |
|---|---|---|---|
|  | 07/08/2009 8:30 AM DEPT. H3 | HEARING RE: OSC RE: MODIFICATION RE: EX PARTE RESOLVED/CUST/CRU TO RETURN CHILD FILED BY BRIAN SKEEN REPRESENTED BY JOYCE E. FLEMING. - Minutes |  |
|  | 07/08/2009 8:30 AM DEPT. H3 | HEARING RE: OSC RE: MODIFICATION RE: EX PARTE GRANT/VISIT/MOVE AWAY/STAY AWAY ORDER FILED BY LEANN SKEEN REPRESENTED BY LAW OFFICES OF STEVE FOX. - Minutes |  |
|  | 07/08/2009 8:30 AM DEPT. H3 | HEARING RE: 730 EVALUATION(MOVE AWAY) - Minutes |  |
|  | 06/11/2009 8:30 AM DEPT. H3 | HEARING RE: CONTEMPT AS TO BRIAN - Minutes |  |
|  | 06/11/2009 8:30 AM DEPT. H3 | HEARING RE: RE: SUPPORT - Minutes |  |
|  | 06/11/2009 8:30 AM DEPT. H3 | HEARING RE: RETURN ON 730 EVALUATION - Minutes |  |
|  | 05/14/2009 8:30 AM DEPT. H3 | HEARING RE: NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL - CIVIL FOR BRIAN SKEEN BY CLARK,LORD & SWANSON FILED. | Vacated |
|  | 05/12/2009 | REJECTION NOTICE | Not Applicable |
| N | 05/05/2009 | DECLARATION OF PRIVATE CHILD CUSTODY EVALUATOR REGARDING QUALIFICATIONS FILED BY KRYSTA ARNOLD MFT (FL-326) | Not Applicable |
| N | 04/21/2009 | STIPULATION AND ORDER ON ORDER TO SHOW CAUSE WAS FILED BY LEANN SKEEN, BRIAN SKEEN; HONORABLE ANGEL M. BERMUDEZ | Not Applicable |
|  | 04/21/2009 | EXHIBITS FROM ATTY FOX LODGED | Not Applicable |
| N | 04/21/2009 | DECLARATION OF SUPPLEMENTAL OF PETITIONER FILED. | Not Applicable |
|  | 04/21/2009 | OSC SET 7/08/09, @ 8:30, DEPARTMENT H3 |  |
| N | 04/21/2009 | ORDER TO SHOW CAUSE RE MODIFICATION RE EX PARTE RESOLVED/CUST/CRU TO RETURN CHILD FILED BY BRIAN SKEEN REPRESENTED BY JOYCE E. FLEMING (FL-300) |  |
|  | 04/21/2009 | OSC SET 7/08/09, @ 8:30, DEPARTMENT H3 |  |
| N | 04/21/2009 | ORDER TO SHOW CAUSE RE MODIFICATION RE EX PARTE GRANT/VISIT/STAY AWAY ORDER FILED BY LEANN SKEEN REPRESENTED BY LAW OFFICES OF STEVE FOX (FL-300) |  |
| N | 04/21/2009 | ORDER FOR FOR 730 EVALUATION FILED BY LEANN SKEEN, BRILEY BETHANY ANN SKEEN; JUDGE ANGEL M. BERMUDEZ | Not Applicable |

EXHIBIT 1

|  | 04/21/2009 8:30 AM DEPT. H3EP | EX-PARTE HEARING RE: MODIFICATION VISITATION,MOVE AWAY ORDER,STAY AWAY FILED BY LEANN SKEEN REPRESENTED BY LAW OFFICES OF STEVE FOX - Minutes | Complete |
|---|---|---|---|
|  | 04/21/2009 8:30 AM DEPT. H3EP | EX-PARTE HEARING RE: MODIFY CUSTODY/CRU TO ASSIST FILED BY BRIAN SKEEN REPRESENTED BY KATHLEEN R. HENNESSY - Minutes | Complete |
| N | 04/20/2009 | SUBSTITUTION OF ATTORNEY FILED; ON 1ST AMENDED DISSOLUTION WITH CHILDREN OF LEANN SKEEN REMOVE ATTORNEY KATHLEEN R. HENNESSY FOR PARTY BRIAN SKEEN AND REPLACE WITH ATTORNEY JOYCE E. FLEMING | Not Applicable |
| N | 04/20/2009 | DECLARATION OF EXPARTE NOTICE FILED. | Not Applicable |
|  | 04/20/2009 | FAX FILED BY LAW OFFICES OF STEVE FOX | Not Applicable |
|  | 04/20/2009 8:30 AM DEPT. H3EP | EX-PARTE HEARING RE: MODIFICATION VISITATION,MOVE AWAY ORDER,STAY AWAY FILED BY LEANN SKEEN REPRESENTED BY LAW OFFICES OF STEVE FOX - Minutes | Continued |
|  | 04/17/2009 | FAX FILED BY LAW OFFICES OF STEVE FOX | Not Applicable |
|  | 04/17/2009 | EXPARTE AND MOTION/OSC MODIFICATION FEE POSTED BY LEANN SKEEN. | Not Applicable |
|  | 04/17/2009 | EX PARTE HEARING SET 4/20/09 @ 8:30 IN DEPT H3EP |  |
| N | 04/15/2009 | NOTICE OF CONTINUANCE OF HEARING | Not Applicable |
| N | 04/13/2009 | DECLARATION RE: TWELVE HOUR NOTICE UPON EX PARTE APPLICATION FOR ORDERS FILED BY BRIAN SKEEN | Not Applicable |
|  | 04/13/2009 8:30 AM DEPT. H3EP | EX-PARTE HEARING RE: MODIFY CUSTODY/CRU TO ASSIST FILED BY BRIAN SKEEN REPRESENTED BY KATHLEEN R. HENNESSY - Minutes | Continued |
|  | 04/10/2009 8:30 AM DEPT. H3EP | EX-PARTE HEARING RE: MODIFY CUST/HAVE CH ABDUCTION UNIT RETURN CHILDREN FILED BY BRIAN SKEEN REPRESENTED BY KATHLEEN R. HENNESSY | Vacated |
|  | 04/09/2009 | MOTION FEE POSTED BY BRIAN SKEEN FOR: EXPARTE APP | Not Applicable |
|  | 04/09/2009 | EX PARTE HEARING SET 4/13/09 @ 8:30 IN DEPT H3EP |  |
| N | 04/09/2009 | DECLARATION OF ATTY K HENNESSY RE:EXPARTE TELEPHONIC NOTICE FILED. | Not Applicable |
|  | 04/09/2009 | EX PARTE HEARING SET 4/10/09 @ 8:30 IN DEPT H3EP |  |
| N | 04/09/2009 | SUBSTITUTION OF ATTORNEY FILED; ON 1ST AMENDED DISSOLUTION WITH CHILDREN OF LEANN SKEEN REMOVE ATTORNEY PRO/PER FOR PARTY BRIAN SKEEN AND REPLACE WITH ATTORNEY KATHLEEN R. HENNESSY | Not Applicable |
| N | 04/08/2009 | SUBSTITUTION OF ATTORNEY FILED; ON 1ST AMENDED DISSOLUTION WITH CHILDREN OF LEANN SKEEN REMOVE ATTORNEY CLARK,LORD & SWANSON FOR PARTY BRIAN SKEEN AND REPLACE WITH ATTORNEY PRO/PER | Not Applicable |
|  | 04/06/2009 8:30 AM DEPT. H3 | HEARING RE: CONTEMPT AS TO BRIAN - Minutes | Continued |
|  | 04/06/2009 8:30 AM DEPT. H3 | HEARING RE: RE: SUPPORT - Minutes | Continued |
|  | 04/06/2009 8:30 AM DEPT. H3 | HEARING RE: RETURN ON 730 EVALUATION - Minutes | Continued |

EXHIBIT 1