UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREG A. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1748 (RMU) |
| | ) | |
| FEDERAL AVIATION ADMINISTRATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or for Summary Judgment and state as follows:

1. Defendants' Material Facts Should be Deemed Admitted because Plaintiff has Failed to Comply with Local Rule LCvR 7(h)(1).

Local Civil Rule LCvR 7(h)(1) provides that "[a]n opposition to [a motion for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." In the absence of such a statement, "the court may assume that facts identified by the moving party in its statement of material facts are admitted." Id.

Plaintiff has filed "Plaintiffs' [sic] Statement of Genuine Issues Supporting His Alternative Argument and Second Alternative Argument to His Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Plaintiff's Statement of Genuine Issues). Docket Entry # 18-2. This document does not contain a separate concise

statement of facts with record citations that addresses Defendants' Statement of Material Facts Not in Dispute as required by Local Civil Rule LCvR 7(h)(1).

Plaintiff's Statement of Genuine Issues consists of two pages. Docket Entry # 18-2, pp. 1-2. None of the factual representations in this document are supported by record citations.

To the extent that Plaintiff files a second document consisting of six exhibits which he captions "Plaintiffs' [sic] Exhibits Supporting His Statement of Genuine Issues Supporting His Alternative Argument and Second Alternative Argument to his Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," this filing does not satisfy the requirements of the Local Rule. See Docket Entry # 18-3.

The first document in Plaintiff's Exhibits is Plaintiff's Declaration in which he states that his claims are different in the instant case from those he raised at the Merit Systems Protection Board and in the U.S. Court of Appeals for the Federal Circuit. Id. at pp. 2-3. He then attaches a series of filings in a U.S. Court of Federal Claims case of Whalen v. United States, No. 2007-707C, which involves claims under the Fair Labor Standards Act (FLSA) and in which he participated as a plaintiff until his claim was dismissed by that court based on the filing of the instant action three days before he entered the case. See Docket Entry # 18-3, pp. 50-51. Yet, there is no clear or concise statement of facts. Therefore, the undisputed facts identified by Defendants have been admitted by Plaintiff and there are not genuine issues of material fact in dispute.

In order to determine which of these exhibits apply to Plaintiff's Statements of Fact, Plaintiff inappropriately expects this Court to sift through each and "make its own analysis and determination of what may, or may not, be a genuine issue of material disputed facts." Burke v. Gould, 286 F.3d 513, 518 (D.C. Cir. 2002) (*citing* Twist v. Meese, 854 F.2d 1421, 1424 (D.C. Cir. 1988) (*quoting* Gardels v.Central Intelligence Agency, 637 F.2d 770, 773 (D.C. Cir. 1980)). Defendants submit that this Court should reject the effort to do so, but instead, determine that Defendants material facts are deemed admitted.

To the extent that Plaintiff is suggesting that the dismissal in Whalen v. United States gives vitality to his claims in the instant law suit, he is incorrect. *Res judicata* and *collateral estoppel*(*issue preclusion*) based on the decision in Morgan v. Department of Transportation (DOT), No. 2007-3201, U.S. Court of Appeals for the Federal Circuit, 2008 WL 5000276, *slip op.* (November 24, 2008) (Docket Entry # 8-2), are controlling here.

> 2. Plaintiff Continues to Argue that Defendants are Untimely in Their Reliance on *Res Judicata* and *Issue Preclusion* in Morgan v. DOT, 2007-3201.

Plaintiff's first substantive argument in opposition to Defendants' Motion to Dismiss or for Summary Judgment is that Defendants have lost their opportunity to argue *res judicata* and *issue preclusion* because these defenses were not pled in their original answer. Docket Entry # 18, pp. 6-8. This argument was made, as well, in Plaintiff's Opposition to Defendants' Motion to Amend their Answer. Docket Entry # 13. Plaintiff's primary premise is that "the pendency of an appeal does not diminish the preclusive effects (if any) of a prior adjudication" and Defendants impermissibly waited until after the November 24, 2008 Federal Circuit decision in Morgan v. Department of Transportation, to raise stale defenses. Docket Entry # 18, p. 7. Citing Hunt v. Liberty Lobby, Inc., 707 F.2d 1493, 1497 (D.C. Cir. 1983), Plaintiff argues that

Defendants should have pled *res judicata* and *collateral estoppel/issue preclusion* at the outset of this case as they knew then that Plaintiff had proceeded with his MSPB case.  Id.  However, Hunt does not mandate that these defenses be raised at that time. The Hunt decision limits its holding to the pendency of an appeal of a judgment rendered by a federal court.  Id.  The Hunt decision also recognizes that there are circumstances where a court should elect to stay its authority to enforce a decision of a sister court to avoid "the complicated unraveling that might become necessary if a judgment . . . is overturned on direct review."  Id. at 1498-1499.

This Circuit has also held that the District Court must resolve jurisdictional questions first, and even if a party that fails to "assert res judicata in a Rule 12(b)(6) motion is sleeping on its rights, it is an inconsequential catnap; . . "  Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 77 (D.C. Cir. 1997).  Although "[t]ypically a defendant **must** plead the defense in the **answer** to the complaint [Poulin v. Bowen, 817 F.2d 865, 869 (D.C. Cir. 1987)] . . . this court said that because *res judicata* protects not only the interests of a particular party but the interests of the court, we may consider it for the first time on appeal where the defendant has not forfeited the defense, the relevant facts are uncontroverted, and a failure to consider it would only cause delay."  Brown v. District of Columbia, et al.. 514 F/3d 1279, 1285-6 (D.C. Cir. 2008) (*citing* Stanton, 127 F.3d at 77) (emphasis in text); *cf.* Docket Entry # 12 (Defendants' Motion to Amend their Answer which is incorporated herein by reference).[1]

Accordingly, and under the circumstances of this case, it is not too late to plead these defenses.

---

[1] This motion is presently under consideration by this Court, together with the lodged Amended Answer.  See Docket Entry # 12.

3.  <u>Plaintiff Fails to Raise Claims Upon which Relief Can be Granted</u>.

Plaintiff next argues that he has stated claims "upon which relief can be granted." Docket Entry # 8. He claims that Defendants: "fail[ed] to compensate plaintiff for any of the overtime work performed [(45 minutes) and requests] liquidated damages and other relief for the FAA's contravention of the FLSA." (internal quotations omitted). Docket Entry # 18, pp. 8-9. He also claims that "defendant discharged plaintiff (terminated plaintiff's employment) predominately upon a charge: Working beyond shift without authorization to do so and then claiming it as overtime [], employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages for the FAA's contravention of the anti-retaliation provision (discharge) within the FLSA. Complaint at ¶ 23, 24 & 37." (internal quotations omitted). <u>Id.</u> at p. 9. Finally, Plaintiff claims that he has raised an independent cause of action against Ms. Marmet, his former supervisor. <u>Id.</u> at p. 9-10.

Plaintiff's claim concerning his entitlement to be paid overtime for 45 minutes was decided by the Federal Circuit. Although that court did not specifically address any substantive rights to overtime pay under the Fair Labor Standards Act (FLSA), it concluded that "the [MSPB's] findings of fact [that overtime was not authorized] are supported by substantial evidence." It also determined that there was no error "as a matter of law in the Board's application of the law to the facts." <u>Morgan</u>, 2008 WL *5-6. Thus, the issue of Plaintiff's entitlement to overtime pay based on the same unauthorized "request" for overtime was resolved by the Federal Circuit and cannot be re-litigated in this forum. <u>See</u> <u>e.g.</u>, <u>Nader v. McAuliffe</u>, 2009 WL 30251 (D.D.C. January 7, 2009) (holding that once "a court has decided an issue of fact or law necessary to its judgment, that decision precludes litigation of the issue in a suit on a

5

different cause of action.")

Moreover, Plaintiff's claim of unlawful termination was also considered and resolved by the Federal Circuit.  That court concluded that "there was clear and convincing evidence that the FAA would have removed Mr. Morgan absent the [evidence of retaliatory motive]; that "the evidence submitted in support of the serious charge of threatening to kill a co-worker was clear and convincing."  Morgan at * 7.

Finally, with regard to Plaintiff's claims against his former supervisor, Ms. Marmet, acted within the scope of her employment and Plaintiff raises only state law claims over which this Court should decline to entertain jurisdiction.  See 28 U.S.C. § 1367; see also Docket Entry # 8 (Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment).[2]

    4. The Same Parties Appear in Both the Federal Circuit and Instant Case.

Plaintiff argues that the parties are not the same in each proceeding and, therefore, *res judicata* is not applicable.  He bases his argument on the fact that the Federal Circuit case is captioned "Greg A. Morgan v. Department of Transportation" and the instant case is captioned "Greg Morgan v. Federal Aviation Administration and Susan Marmet."  Docket Entry # 18, pp. 17-18 (Susan Marmet was Plaintiff's supervisor at the time of the alleged unlawful events).  Id. at p. 32.  Putting aside the fact that Plaintiff arbitrarily decided how to caption the instant case, the Federal Circuit saw no significant difference between DOT and FAA in Morgan v. DOT.  For example, on p. 7 of its decision, the Federal Circuit refers to the "clear and convincing

---

[2] Plaintiff makes much of the fact that the Federal Circuit's decision was not a judgment.  See e.g., Docket Entry # 18, pp. 17-18, 24-25.  The Federal Circuit's decision was an affirmance of the agency's action, inter alia, to deny him overtime pay, to reject his claims of retaliatory termination and to terminate him for cause.  See Docket Entry # 8-2 and # 8-3.  Judgments by affirmance are routinely made in federal courts.

evidence that the FAA" provided.  Docket Entry # 8-2, p. 9.  It noted that the MSPB "sustained the FAA's removal decision," and concluded that "we find no error with the decision that the FAA's removal was an appropriate penalty for [Plaintiff's] misconduct."  Id. at pp. 8-9.  Finally, it rejected Plaintiff's argument that the FAA was the proper respondent, not the DOT, noting that the FAA is a subordinate administration within the DOT.  49 U.S.C. § 106(a)(2008).

Even if this Court were to agree with Plaintiff that DOT and FAA are separate entities for the purposes of this lawsuit, *collateral estoppel* would still apply as this doctrine "precludes a plaintiff from contesting an issue [he] has previously litigated and lost in another case against a **different defendant.**"  Pharmaceutical Care Management Assn. v. District of Columbia, et al., 522 F.3d 443, 446 (D.C. Cir. 2008) (emphasis added).   Further, if the Court dismisses the claims against the DOT and/or FAA, then it should decline to entertain supplemental jurisdiction over any of the claims alleged against Ms. Marmet under 28 U.S.C. § 1367(c)(3).

The claims alleged against Ms. Marmet,  are , if the federal claims are dismissed as urged by Defendants, there would be no jurisdiction over the state claims against Ms. Marmet.

5.  Issue Preclusion Exists in this Case.

Plaintiff argues that Defendant FAA failed to pay statutory overtime and this is a separate issue from those decided by the Federal Circuit.  Docket Entry # 18, p. 3 (Introduction) and p. 22.  However, as noted above, the Federal Circuit concluded that Plaintiff's claim for overtime was not authorized.  Although Plaintiff argues that this is a different and unrelated claim under the FLSA, it involves the same nucleus of facts, i.e., whether Plaintiff was entitled to overtime pay.  Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (concluding that two cases are considered to stem from the same cause of action "if they share the same nucleus of facts.").  Not only is

Plaintiff precluded from re-litigating this issue, should the Court permit such litigation, it would be a waste of judicial resources as he is clearly not entitled to the relief that he requests.[3]

Plaintiff also asserts that he can bring his FLSA case only in the district court, not the Federal Circuit, and therefore *res judicata* or *issue preclusion* should not apply. Docket Entry # 18, p. 24 (*citing* Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003)). However, Plaintiff is missing the point. The issue litigated in the Federal Circuit involved Plaintiff's claim of authorization for overtime for a 45 minute period. The determination that overtime was not authorized severs all rights to overtime pay for the same period.

Nevertheless, Plaintiff argues that he is entitled to litigate in multiple fora. Id. at pp. 26-27 (relying on 49 U.S.C. § 40122 and 29 U.S.C. § 216(b)). Indeed, Plaintiff has engaged in this abuse of the system, raising the same or similar issues at each juncture. See e.g., Attachment 1. Plaintiff now argues that because his claim was dismissed in Whalen et al. v. U.S., No. 2007-707C (based on the filing of the instant law suit), DOT should be precluded from raising *res judicata* or *collateral estoppel* [Docket Entry # 18, pp. 28-29]. But, his rationale is faulty. DOT had no reason to raise these affirmative defenses in Whalen, based on the procedural posture of that case. As reflected in the Whalen case, by the time the Federal Government filed an answer to the complaint in this case, Plaintiff had already been dismissed as a party to the Whalen case.

However, DOT did discuss these possible defenses in Morgan v. Department of Transportation, No. 07-3201, 2008 WL 5000276 (decided Nov. 24, 2008). See Attachment 1

---

[3] Plaintiff further argues that he made no claim for relief in the Federal Circuit in the form of liquidated damages and, therefore, the issues are different. Docket Entry # 18, p. 23. However, he provides no basis for a claim of liquidated damages. Moreover, his claim for liquidated damages concerns the relief requested, not whether the claims are based on the same nucleus of facts.

(Sur-Reply) at pp. 6-7.  After Plaintiff brought the instant case to the Government's attention in Morgan, the DOT noted:

> [N]ow that Mr. Morgan has brought to our attention that Morgan v. FAA may be a related case, we note the potential impact of a decision of this Court upon the district court litigation.  If this Court affirms the MSPB's holding that Mr. Morgan was without authorization to work the 45 minutes for which he claimed overtime, then the District Court for the District of Columbia may potentially dismiss his FLSA overtime claim based upon collateral estoppel.

Id.  Moreover, in footnote 6 on pp. 6-7, DOT's counsel further stated that with regard to Plaintiff's removal:

> If the Court sustains Mr. Morgan's removal, the Government may be able to assert collateral estoppel in Morgan v. FAA for the fact that Mr. Morgan was not fired in retaliation for asserting his alleged FLSA rights. . .

Id.  Accordingly, Plaintiff was on notice that these defenses may be raised at the conclusion of the Morgan case.

## CONCLUSION

For the reasons set forth herein and in Defendants' Motion to Dismiss or for Summary Judgment [Docket Entry # 8], it is respectfully requested that Plaintiff's complaint be dismissed with prejudice.

Respectfully submitted,

/s/
CHANNING D. PHILLIPS, D.C. Bar # 415793
Acting United States Attorney

9

        /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137