# Attachment 1

2007-3201

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

GREG MORGAN,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent,

Petition for Review of the Merit Systems Protection
Board in SF-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-I-1

### RESPONDENT'S SUR-REPLY TO PETITIONER'S REPLY BRIEF

Respondent, the Department of Transportation, respectfully replies to the reply brief of petitioner, Greg Morgan, in order to respond to two new arguments in Mr. Morgan's reply brief and correct a legal error in our response brief. Neither of Mr. Morgan's new arguments, nor our correction, change the fact that this Court should affirm the decision of the Merit Systems Protection Board ("MSPB"), sustaining the Mr. Morgan's removal.

## ARGUMENT

In his reply brief, Mr. Morgan raised the following new arguments: 1) Whalen v. United States, 80 Fed. Cl. 685 (2008), operates as res judicata or collateral estoppel in this case, Pet. Rep. 6-13[1]; and 2) an admission in the defendants' answer in the case Morgan v. Federal Aviation Admin., D.D.C. No. 07-cv-1748 ("Morgan v. FAA"), in the United States District Court for the District of Columbia, aides Mr. Morgan in this case. Pet. Rep. 7-8, 21 n.12. Neither of these arguments has any merit, as neither Whalen nor Morgan v. FAA have any effect upon the disposition of this case.[2]

In his reply brief, Mr. Morgan also argued that the Government incorrectly stated that the Fair Labor Standards Act ("FLSA") requires employees to be paid overtime for hours worked in excess of eight in a day. Pet. Br. 12. As explained below, Mr. Morgan is correct in that the FLSA only requires agencies to pay overtime for hours in excess of 40 per week. 29 U.S.C. § 207(a)(1); Christofferson v. United States, 64 Fed. Cl. 316, 319-323 (2005). However, this

---

[1] "Pet. Rep. __" refers to the page number of petitioner's reply brief filed on June 3, 2008.

[2] Mr. Morgan also claims that Government counsel violated Rule 47.5(b) of the Rules of this Court by not disclosing these two cases as "related cases." Mr. Morgan is incorrect, as explained below.

2

does not change the fact that Mr. Morgan worked beyond his shift, without authorization to do so, and claimed the work as overtime.

I.  Whalen Has No Preclusive Effect Upon This Case And Is Not A "Related Case"

In his reply brief, Mr. Morgan argues that the Court of Federal Claims decision in Whalen, granting the Government's motion for partial dismissal, in part, operates as res judicata in this case. Pl. Rep. 6-13. Mr. Morgan appears to argue that because the Court of Federal Claims held that plaintiffs stated a claim that the Government failed to pay him overtime pursuant to the FLSA, the Government's overtime charge must "collapse[]." Id. at 9, 13. Mr. Morgan's argument is frivolous. Later in the same opinion, the Court of Federal Claims dismissed Mr. Morgan from the suit because the court did not have jurisdiction to adjudicate his FLSA claims. 80 Fed. Cl. at 689-90. Therefore, res judicata, or claim preclusion, cannot apply because there was no "final judgment on the merits." Int'l Air Response v. United States, 302 F.3d 1363, 1368 (Fed. Cir. 2002).[3]

Additionally, collateral estoppel, or issue preclusion, cannot apply because the issues in this appeal and the issue decided in Whalen are not "identical." In re

---

[3] Contrary to Mr. Morgan's assertions, Pl. Rep. 12, the denial of a motion to dismiss for failure to state a claim is not a final judgment upon the merits.

3

Jerre M. Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994) (citation omitted) (one of the elements of collateral estoppel is "the issue is identical to the one decided in the first action"). The issue in this appeal is not whether Mr. Morgan has a cognizable claim that the agency violated the FLSA. Rather, the issue in this appeal, with regard to the overtime charge, is whether the MSPB properly sustained the charge that Mr. Morgan worked beyond his shift, without authorization to do so, and claimed the work as overtime. Mr. Morgan fails to explain how a finding by the Court of Federal Claims that plaintiffs had properly alleged a claim for FLSA overtime (even though the Court was without jurisdiction to make such a finding with regard to Mr. Morgan) precludes this Court from affirming the MSPB's decision sustaining the charge that Mr. Morgan worked beyond his shift, without authorization to do so, and claimed the work as overtime.[4] Therefore, the Court of Federal Claims decision in Whalen has no preclusive effect upon this appeal.

---

[4] We also note that while Mr. Morgan is correct that the standard for FLSA overtime is whether the employer "suffers or permits" the employee to work overtime, Pet. Rep. 10 (citing Doe v. United States, 372 F.3d 1347, 1360-61 (Fed. Cir. 2004)), nothing in the FLSA prohibits an employer from requiring an employee to obtain authorization to work overtime. Otherwise, employers would have no control over how much overtime their employees worked.

4

Additionally, because Mr. Morgan is no longer a party to the <u>Whalen</u> case, <u>Whalen</u> is not a "related case," pursuant to Rule 47.5(b) of the Rules of this Court.

II. <u>Morgan v. FAA</u> Is Not A "Related Case" And Should Not Have Any Effect Upon This Appeal

Every principal brief filed in this Court must include a statement of related cases, which includes, "the title and number of any case known to counsel to be pending in this or any other court that <u>will</u> directly affect or be directly affected by this court's decision in the pending appeal." Fed. Cir. R. 47.5(b) (emphasis added). As an initial matter, <u>Morgan v. FAA</u> will not "directly affect" this appeal because this Court's role is to determine whether the MSPB properly sustained Mr. Morgan's removal based upon the record <u>before the MSPB</u>, not new evidence created in another proceeding. <u>See</u> <u>SMS Data Prods. Group, Inc. v. United States</u>, 900 F.2d 1553, 1557-58 (citation omitted) ("It is well-settled that this court may consider only the record made before the Board [of Contract Appeals]."). <u>Morgan v. FAA</u> was filed approximately five months after Mr. Morgan's appeal to this Court. Therefore, nothing that happens in <u>Morgan v. FAA</u> can have any effect upon this appeal and, thus, <u>Morgan v. FAA</u> will not "directly affect" this appeal.

Accordingly, Mr. Morgan's allegation that Susan Marmet admitted, in answering the complaint in <u>Morgan v. FAA</u>, that she told Mr. Morgan to obtain his medical documentation is irrelevant because the <u>Morgan v. FAA</u> answer was

not a part of the MSPB record. Pet. Rep. 21, n. 12. In any event, defendants in Morgan v. FAA only admitted that Mr. Morgan was told to "obtain medical information in order to maintain his medical clearance." SR App. 3.[5] Defendants in Morgan v. FAA did not admit that Mr. Morgan was told to obtain his medical information by any particular time or by any particular person. Id. Additionally, they denied that Mr. Morgan was authorized to work overtime to obtain this medical information. Id.

Also, we cannot say that Morgan v. FAA "will . . . be directly affected" by a decision in this case. However, now that Mr. Morgan has brought to our attention that Morgan v. FAA may be a related case, we note the potential impact of a decision of this Court upon the district court litigation. If this Court affirms the MSPB's holding that Mr. Morgan was without authorization to work the 45 minutes for which he claimed overtime, then the District Court for the District of Columbia may potentially dismiss his FLSA overtime claim based upon collateral estoppel.[6] If this Court specifically finds that Mr. Morgan did have authorization

---

[5] "SR App. __" refers to the page number of the appendix attached to this brief.

[6] If the Court sustains Mr. Morgan's removal, the Government may be able to assert collateral estoppel in Morgan v. FAA for the fact that Mr. Morgan was not fired in retaliation for asserting his alleged FLSA rights. However, if Mr. Morgan prevails, he will not be able to assert collateral estoppel offensively since the MSPB did not address the issue of whether Mr. Morgan was retaliated against

to work the 45 minutes he claimed as overtime, then Mr. Morgan may be able to offensively assert collateral estoppel in his district court case. However, if the Court reverses the MSPB, but makes no specific finding with regard to whether Mr. Morgan's 45 minutes of work were authorized, then a decision by this Court would not have any direct effect upon Morgan v. FAA. Therefore, it cannot be argued that Morgan v. FAA "will . . . be directly affected" by the Court's decision in this appeal. Accordingly, Morgan v. FAA is not a related case, pursuant to Rule 47.5(b) of the Rules of this Court.

III. The Fact That The FLSA Only Requires Employers To Be Paid Overtime For Hours Worked In Excess Of 40 Per Week Does Not Weaken The Government's Arguments

In our response brief, we argued that Mr. Morgan's argument that he "requested" overtime, rather than "claimed" overtime was a distinction without a difference. Gov't Resp. 26.[7] In so arguing, we noted:

> Because the extra 45 minutes Mr. Morgan added to his records for February 16, 2005, brought his total for the day above eight hours . . . pursuant to both the Fair Labor Standards Act ("FLSA") and the CBA, the agency would have had to pay Mr. Morgan at an overtime rate

for asserting his alleged FLSA rights and Mr. Morgan has not raised such an argument in this appeal.

---

[7] "Gov't Resp. __" refers to the page number of the Government's response brief filed on April 18, 2008.

7

>    for the extra 45 minutes he added to the end of his shift,
>    if the overtime had been authorized.

Id. (citing 5 C.F.R. § 551.501(a); A1955[8]). In his reply brief, Mr. Morgan argued that the Government incorrectly stated that the FLSA requires employees to be paid overtime for hours worked in excess of eight in a day. Pet. Br. 12. Mr. Morgan is, in fact, correct in that the FLSA only requires agencies to pay overtime for hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1). The regulation cited by the Government, 5 C.F.R. § 551.501(a), that requires the Government to pay certain employees for hours worked in excess of eight in a day, while contained in Part 551 of the C.F.R., entitled "Pay Administration Under The Fair Labor Standards Act," actually implements the Federal Employee Pay Act ("FEPA"), not the FLSA. Christofferson, 64 Fed. Cl. at 319-323. Mr. Morgan is also correct that FEPA does not apply to FAA employees. 49 U.S.C. § 40122(g)(2).

Mr. Morgan is incorrect, however, to the extent that he argues that these facts weaken the Government's argument. As we noted in our response brief, the effective collective bargaining agreement still required the FAA to pay Mr.

---

[8] "A___" refers to Mr. Morgan's appendix, part of which is attached to his opening brief and part of which was received by the Court on February 13, 2008, but placed upon the motions pending shelf.

Morgan for hours worked in excess of eight in a day. Gov't Resp. 24, 26 (citing A1955). Therefore, the agency would have had to pay Mr. Morgan at an overtime rate for the extra 45 minutes he added to the end of his shift, if the overtime had been authorized. Accordingly, by working an extra 45 minutes and adding it to his timesheet, Mr. Morgan was, in effect, "claiming" overtime.

## CONCLUSION

For the foregoing reasons and the reasons stated in our response brief, we respectfully request that the Court affirm the decision of the MSPB.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General


JEANNE E. DAVIDSON
Director


MARTIN F. HOCKEY, Jr.
Assistant Director


WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0302
Fax: (202) 307-0972

July 11, 2008                    Attorneys for Respondent

10