**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GREG MORGAN,            :
                                :
            Plaintiff,          :     Civil Action No.:    07-1748 (RMU)
                                :
            v.               :     Re Document No.:    12
                                :
FEDERAL AVIATION        :
ADMINISTRATION *et al.*,     :
                                :
            Defendants.    :

## <u>MEMORANDUM OPINION</u>

### GRANTING THE DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

## I. INTRODUCTION

This matter is before the court on the defendants' motion for leave to file an amended answer. The *pro se* plaintiff is a former employee of the Federal Aviation Administration ("FAA"), an agency housed within the Department of Transportation ("DOT"). The defendants are the FAA and Susan Marmet, a former coworker of the plaintiff. The plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 *et seq.*, alleging nonpayment of overtime and unlawful discharge and retaliation. The defendants seek leave to file an amended answer to include the affirmative defense of res judicata. Because the factors weigh in favor of allowing the defendants to amend their answer, the court grants their motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

On September 30, 2005, the FAA terminated the plaintiff's employment. *See* Compl., Ex. 6 ("Morgan Decl.") ¶ 8. Prior to his termination, the plaintiff worked as an Air Traffic

Control Specialist ("ATCS") at High Desert Terminal Radar Approach Control ("High Desert

TRACON") facility located at Edwards Air Force Base in California.  *See* Compl. ¶ 1.  Since

being terminated, the plaintiff has commenced three separate actions in three distinct venues

regarding his employment at and termination from High Desert TRACON.  Because all three

impact the court's disposition of the instant motion, they are described below.

### A.   The Merit Systems Protection Board Action

On October 31, 2005, the plaintiff appealed his termination to the Merit Systems

Protection Board ("MSPB"), which affirmed the DOT's removal action.  *See Morgan v. Dep't of*

*Transp.*, 105 M.S.P.R. 647 (2007) (unpublished table decision); No. SF-0752-06-0090-I-1 at 1,

slip op. (M.S.P.B. July 14, 2006).  The plaintiff withdrew his request for an MSPB hearing;

consequently, the administrative judge made findings based on the documents submitted by the

parties.  *Id.* at 1.  In affirming the DOT's decision to remove the plaintiff, the MSPB made the

following determinations regarding the circumstances leading to his termination: on February 16,

2005, the plaintiff was scheduled to work until 1:45 p.m., but asked his supervisor if he could

leave an hour early to "'gather information' from his physician for his 'medical clearance'

forms."  *Id.* at 18-19.  The plaintiff recalls that he was informed by Marmet that he had to have

his medical forms in order by the end of the day or his clearance would expire and he would be

ineligible to work as an ATCS.  Morgan Decl. ¶ 5.  The supervisor denied this request because of

a "staffing consideration."  *Id.* at 19.  At the end of his shift, the plaintiff failed to sign out, and

the supervisor of the following shift indicated that the plaintiff had worked until 1:45 p.m.  *Id.*

But when the plaintiff returned for his next shift later that evening, he altered the sign-out time to

2

indicate that he had worked until 2:30 p.m. that afternoon, and claimed 45 minutes of overtime. *Id.*; Compl., Ex. 1.

The MSPB concluded that the plaintiff had violated agency policy by claiming overtime on February 16, 2005. *See* 105 M.S.P.R. at 18-22.  Specifically, the MSPB credited the statements of the Operations Supervisor for High Desert TRACON, Richard Contatore, who maintained that the plaintiff was not authorized to take overtime that day. *Id.* at 19.  Contatore also stated that he would have notified the plaintiff had the plaintiff's medical clearance been due to expire. *Id.*  Additionally, the MSPB concluded that the plaintiff was aware of the overtime policy at High Desert TRACON: two months earlier, on December 17, 2004, Contatore had counseled the plaintiff on "overtime and shift changing approval policies." *Id.*  Moreover, Marmet, a defendant in the instant case and the Operations Manager for High Desert TRACON, stated in a declaration filed in the MSPB action that "she did not tell the [plaintiff] that he needed to have his 'medical documents in order' before he could work" his later shift on February 16. *Id.*  Obtaining medical records is ordinarily considered compensable work under the collective bargaining agreement between the National Air Traffic Controllers Association and the DOT. *Id.* at 20.  But to obtain pay for more than eight hours of work per day, the plaintiff was required to receive prior authorization to work overtime. *Id.* at 21.  The MSPB ultimately found that the DOT "proved by preponderant evidence that . . . the [plaintiff] worked beyond the scheduled end of his shift without authorization, and then claimed 45 minutes overtime." *Id.* at 21-22.

In the MSPB action, the plaintiff contested his removal on several grounds, including procedural errors, *id.* at 22, and retaliation for whistleblowing, *id.* at 24.  While the

administrative judge determined that the plaintiff had made two protected disclosures[1] during his

employment at High Desert TRACON, the judge also concluded that those disclosures were not

related to his removal.  *Id*. at 27.  The MSPB decision became final on March 22, 2007.  *See*

*Morgan v. Dep't of Transp.*, 300 F. App'x 923, 926 (Fed. Cir. 2008).  The plaintiff then appealed

to the Federal Circuit, which affirmed the MSPB's ruling in a decision dated November 24,

2008.  *Id.* at 928.

## B.  The Instant Action

On September 28, 2007, the plaintiff filed the instant action, alleging two FLSA claims

for failure to pay overtime and unlawful discharge and retaliation and one FEHA claim for

unlawful discharge, harassment and retaliation.  *See generally* Compl.  The facts that the plaintiff

now alleges regarding the events surrounding his termination contradict the factual findings of

the administrative judge in the MSPB action.  Specifically, the plaintiff states in the declaration

in support of his complaint that on February 16, 2005, Marmet instructed him to obtain medical

documents before his next shift, which was to begin later that evening, or he would be "sent

home" and have to work an "administrative day" the following day.  Morgan Decl. ¶ 5.  By

contrast, the administrative judge concluded that Marmet was not at work that day, *see Morgan*,

105 M.S.P.R. at 19-20, that the plaintiff's medical clearance would not expire until February 20,

2005, *id.* at 20, and that Contatore, not Marmet, would have informed him of any pending

expiration of his medical clearance, *id.* at 19.

---

[1]     The MSPB opinion cites to 5 U.S.C. § 2301(b)(8) as the applicable whistleblowing provision.
*See Morgan v. Dep't of Transp.*, 105 M.S.P.R. 647 (2007) (unpublished table decision); No. SF-
0752-06-0090-I-1 at 25, slip op. (M.S.P.B. July 14, 2006).  The correct citation to the statute,
however, is 5 U.S.C. § 2301(b)(9).

On February 9, 2009, almost three months after the Federal Circuit issued its opinion affirming the MSPB's decision, the defendants in this action moved to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment, on the grounds of claim preclusion and issue preclusion.  *See generally* Defs.' Mot. to Dismiss.  On March 5, 2009, the defendants filed a motion for leave to file an amended answer to include the affirmative defenses of claim preclusion and issue preclusion, and lodged a proposed amended answer.  *See* Defs.' Mot. for Leave to File Am. Answer ("Defs.' Mot.").  In response, the plaintiff filed an opposition, arguing, *inter alia*, that the defendants have forfeited the right to amend and that amendment would be futile because the prior action does not have preclusive effect in this court. *See* Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n") at 10, 12.

## C.  The Court of Federal Claims Action

On October 1, 2007, the plaintiff and fifty-two other named and unnamed ATCSs filed an action under the FLSA for unpaid overtime in the United States Court of Federal Claims.  *See Whalen v. United States*, No. 07-707C, slip op. (Fed. Cl. Mar. 12, 2008).  The Court of Federal Claims dismissed the plaintiff from that action because the case pending in this court divested it of jurisdiction under 28 U.S.C. § 1500.  *See id.* at 5-7.  The court now turns to the defendants' motion for leave to file an amended answer in the instant action.

## III.  ANALYSIS

### A.  Legal Standard for Motion to Amend a Pleading

Rule 15(a) governs the amendment of pleadings, stating generously that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a).  Courts shall "determine the propriety of amendment on a case by case basis." *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).  Whether to grant or deny leave to amend rests in the district court's sound discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Such discretion is not unlimited, however, for it is an "abuse of discretion" when a district court denies leave to amend without a "justifying" or sufficient reason. *Id.* at 181-82; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Reasons that justify a denial of leave to amend include undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998).

Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game of skill in which one misstep by counsel may be decisive to the outcome." *Foman*, 371 U.S. at 181-82 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  To further the goal of deciding cases on their merits and avoiding adjudication by technicality, Rule 15 allows for amendment "whereby a party who harmlessly failed to plead an affirmative defense may find satisfaction" rather than allowing the party to lose because of a minor technical

mistake made in its original pleading.  *Harris*, 126 F.3d at 343.  Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend.  *Cf. Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981) (endorsing exceptions to the general rule that the burden of persuasion rests with the non-movant in the Rule 15(a) context); *see also Gudavich v. District of Columbia*, 22 F. App'x 17, 18 (D.C. Cir. 2001) (noting that the non-movant "failed to show prejudice from the district court's action in allowing the [movant's] motion to amend") (unpublished decision).

### B.  The Court Grants the Defendants' Motion for Leave to File an Amended Answer

The defendants argue that the court should grant them leave to amend their answer to include the affirmative defenses of claim preclusion and issue preclusion because facts essential to this case were adjudicated before the MSPB and the Federal Circuit.  *See* Defs.' Mot. at 1. The defendants first argue that they are entitled to amend their answer as a matter of course pursuant to Rule 15(a).  *See id.* at 2.  Next, they claim that they are entitled to amend because the defenses "were not available when the answer was originally filed."[2]  *Id.* at 4.  Furthermore, they assert that granting the motion "will not unduly delay the proceeding," and will cause no prejudice to the plaintiff because he was a party to the Federal Circuit case, and therefore "the facts that made the new affirmative defenses available are not a surprise" to him.  *Id.*

---

[2]      The defendant appears to argue that a supplemental pleading pursuant to Rule 15(d) is appropriate because such pleadings are called for when a "transaction, occurrence, or event . . . [takes place] after the date of the pleading to be supplemented."  FED. R. CIV. P. 15(d).  While it is true that the Federal Circuit opinion was not issued until eight months after the defendants filed their answer, this argument ignores a crucial fact: the MSPB decision, in and of itself, has preclusive effect, and therefore the defense of res judicata was available to the defendants when the MSPB decision was rendered in March 2007.  *See* discussion *infra* pp. 9-11.

The plaintiff makes several arguments in opposition to the defendants' motion.  First, he correctly observes that the defendants may not amend as a matter of course given that the time period for doing so has expired.[3]  Pl.'s Opp'n at 5.  Second, the plaintiff maintains that the defendants' motion does not state the grounds on which it rests with sufficient particularity to satisfy Federal Rule of Civil Procedure 7(b).[4]  *Id.* at 6.  Third, the plaintiff states that because the defendants brought the motion for leave to amend so that they may renew a Rule 12(b)(6) motion to dismiss, the court should deny their motion for leave to amend because that motion would be "illegal" at this point in the litigation.  *Id.* at 6-7.

Additionally, the plaintiff argues that the court should deny defendants' motion for leave to amend because amendment would be futile for three reasons.  *See id.* at 10-11, 16.  First, he argues that the affirmative defense of collateral estoppel would fail because "[t]he Federal Circuit is not a district court and does not have any mechanisms to make 'factual findings.'"  *Id.* at 10.  Second, the plaintiff argues that because the FLSA provides that suits may be brought in a variety

---

[3]     Rule 15(a) establishes clear guidelines as to when a party may amend as a matter of course: "before being served with a responsive pleading [or]…within 20 days after serving the pleading." FED. R. CIV. P. 15(a)(1).  Given that an answer typically requires no responsive pleading, *see* FED. R. CIV. P. 7(a), and the fact that the defendants drastically exceeded the twenty-day limit for amending as a matter of course, leave of court is required to amend.  FED. R. CIV. P. 15(a)(1).

[4]     The Eighth Circuit has held that to satisfy Rule 7(b), a motion for leave to amend a pleading must be accompanied by the proposed amended pleading.  *See Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983); *see also Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993); *Bownes v. City of Gary*, 112 F.R.D. 424, 425 (N.D. Ind. 1986).  The Eleventh Circuit uses a more lenient standard, allowing the movant to "either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."  *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).  This district's local rules require that a "motion for leave to file an amended pleading shall be accompanied by an original of the proposed amended pleading as amended."  LCvR 7(i).  The defendants have met this requirement by lodging a proposed amended answer with the court. *See* Defs.' Proposed Answer.  They have also stated with particularity the grounds on which their motion rests.  *See* Defs.' Mot. at 1 (setting forth the grounds for the defendants' motion as an "intervening decision . . . support[ing] the inclusion of additional affirmative defenses").

of forums, *see* 29 U.S.C. § 216(b), there is legislative intent that administrative estoppel not

apply, Pl.'s Opp'n at 11.   And third, the plaintiff argues that the defendants are themselves

precluded from asserting claim preclusion and issue preclusion because they did not raise those

defenses in the suit brought by the plaintiff and other ATCSs in the Court of Federal Claims.  *Id.*

at 16.[5]

Rule 15(a) gives district courts discretion in deciding a party's motion for leave to amend

a pleading.  *See Foman*, 371 U.S. at 182.   Leave to amend should be "freely given" unless the

non-moving party can show "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Id.*   But

"delay, without a showing of prejudice, is not a sufficient ground for denying the motion."

*Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) (holding that district court erred in

denying leave to amend complaint to add new legal theories even though trial was approaching).

Despite the plaintiff's argument to the contrary, amendment would not be futile.  MSPB

decisions have preclusive effect in this court, *see, e.g.*, *Perry v. U.S. Postal Serv.*, 2008 WL

1776478, at *1 (D.D.C. 2008), and the doctrines of claim preclusion and issue preclusion are

appropriately applied here.  Under the doctrine of issue preclusion, "once a court has decided an

---

[5]     The plaintiff makes an additional argument that the court rejects out of hand: he asserts that the
FAA, not the DOT, is the proper named defendant.  The plaintiff previously advanced this
argument in the MSPB matter.  *See* Pl.'s Opp'n at 7-9.  The Federal Circuit adjudicated this issue
in the plaintiff's appeal, and the reasoning of the Federal Circuit applies with equal force in the
instant action.  *See Morgan v. Dep't of Transp.*, 300 F. App'x 923, 928 n.1 (Fed. Cir. 2008)
(holding that "regardless of the FAA's independence over employment matters, it is still a
subordinate administration within the DOT").  As a result, the court will not address the
arguments that stem from the plaintiff's assertion that the DOT is not the proper defendant to this
action.

issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am.*

*v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen v. McCurry*, 449 U.S. 90, 94

(1980)).  Amending the defendants' answer to include the affirmative defense of issue preclusion

would not be futile because the factual determination underlying the administrative judge's ruling

affirming the DOT's removal of the plaintiff are identical to those implicated by the plaintiff's

FLSA claims.  *See* Defs.' Reply at 7.  Namely, the court would need to determine if the overtime

was authorized to assess whether it was compensable, or whether the FAA violated the FLSA as

the plaintiff claims.  *See* Compl. ¶¶ 14-27.  Likewise, the affirmative defense of claim preclusion

applies to the plaintiff's FEHA claim because he could have included Marmet's alleged

retaliation as an affirmative defense in the MSPB proceeding.  *See* Defs.' Reply at 8; *see also*

Compl. ¶¶ 28-35.  The plaintiff has therefore lost the opportunity to make this claim because "a

final judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action."  *Drake v. Fed. Aviation Admin.*, 291

F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen*, 449 U.S. at 94).

Because there was a significant delay between when the defenses of claim preclusion and

issue preclusion were available and when the defendants sought leave to amend, the court is

compelled to address the question of whether the delay was undue despite the fact that the

plaintiff failed to address it in his opposition.  *See generally* Pl.'s Opp'n.  The defendants

incorrectly assert that the defenses "were not available when the answer was originally filed."

Defs.' Mot. at 4.  Although the Federal Circuit had not yet rendered its opinion at the time the

original answer was filed on March 28, 2008, the MSPB decision became final over a year

earlier, on March 22, 2007, *Morgan*, 300 F. App'x at 926.  The appeal pending in the Federal

Circuit did not negate the preclusive effect of the MSPB decision because "a judgment otherwise

final remains so despite the taking of an appeal."  *Martin v. Malhoyt*, 830 F.2d 237, 264 (D.C.

Cir. 1987) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f (1982)).  Therefore,

the defendants could have included the affirmative defenses in their answer.

But delay alone is not sufficient reason to deny a motion for leave to amend a pleading,

and although the delay here is substantial, it must be weighed against the "time and judicial

resources the court will save if indeed it disposes of the case on the basis of the proposed

defenses, as opposed to engaging in lengthy proceedings that give the plaintiff a second bite of

the juridical apple." *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004) (granting leave to

amend despite the fact that a year and a half passed between the defendant's filing of the original

answer and his motion for leave to file an amended answer).[6]  Moreover, the plaintiff does not

identify, nor does the court discern, any prejudice that would result from the delay.  *See generally*

Pl.'s Opp'n.  Moreover, the fact that the litigation is in its nascent stages militates in favor of

allowing the defendants to amend their answer.  *Cf. Atchison v. District of Columbia*, 73 F.3d

418, 427 (D.C. Cir. 1996) (holding that denial of leave to amend was appropriate because the

plaintiff sought to amend his complaint "two years after filing his complaint – on the eve of trial,

when discovery was complete").

---

[6]     Furthermore, the fact that res judicata "belongs to courts as well as to litigants" renders moot the plaintiff's argument that the defendants are barred from asserting res judicata here because they failed to do so in the Court of Federal Claims action.  *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) (holding that the court can raise res judicata *sua sponte*, even on appeal).

Finally, the plaintiff is correct that the defendants' dispositive motions, taken alone, should fail because they incorporate affirmative defenses not set forth in their answer.  *See Harris*, 126 F.3d at 345; FED. R. CIV. P. 8(c).  But the fact that the defendants erred in filing their dispositive motion before seeking leave to amend their answer does not persuade the court to deny their motion for leave to file an amended answer.  *See Harris*, 126 F.3d at 345 (holding that the defendant could not raise affirmative defenses initially in its dispositive motion, but remanding the case to the trial court to determine if leave to amend answer to incorporate affirmative defenses was appropriate so that the defendant could then properly raise those defenses in its dispositive motion).  Indeed, allowing the defendants to amend their answer will avoid a situation in which the plaintiff must respond to the dispositive notion without "the advance notice required by Rule 8(c) that would have enabled it to develop factual and legal defenses fully," *id.*, and further the purpose of the Federal Rules of Civil Procedure of facilitating "a proper decision on the merits," *Foman*, 371 U.S. at 181-82.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for leave to file an amended answer.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 25th day of August, 2009.


                                        RICARDO M. URBINA
                                        United States District Judge