Greg Morgan
920 Foxon Rd, #466
East Haven, CT 06513
Telephone: (203) 671-3858
Fax: (408) 772-4638
Email: greg@morganclan.mobi
Pro Se

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,** | **Case No.: 07-1748 (RMU)** |
| **Plaintiff,** | **FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| **Vs.,** | |
| **ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION,** | 1.   Violation of FLSA, 29 U.S.C. § 207 (a) (1) (Failure to pay overtime) |
| | 2.   Violation of FLSA, 29 U.S.C. § 215 (a) (3) (Unlawful discharge, retaliation) |
| **Defendant.** | 3.   Violation of FEHA, California Government Code § 12940 *et seq*, (Unlawful discharge, harassment, retaliation) |

## FIRST AMENDED COMPLAINT

1.   Plaintiff Greg Morgan, was during all times material herein, an employee of defendant Administrator, Federal Aviation Administration (hereinafter, "AFAA"), employed by defendant as an "Air Traffic Control Specialist" at defendant's High Desert TRACON, Edwards Air Force Base, California. Plaintiff Greg Morgan, brings this suit for back overtime wages owed to him by defendant AFAA, and for other relief, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., (hereinafter, "FLSA") and for discrimination pursuant to California Government Code § 12940 *et seq*, (the California Fair Employment and Housing Act, hereinafter "FEHA") and as more fully described in the "PRAYER FOR RELIEF".

1

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343 (a) (4), 28 U.S.C. § 1491 (a) (1), 28 U.S.C. § 1367 (a), and 28 U.S.C. § 1346 (a) (2).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391 (e) because this action is a civil action for monetary damages, including liquidated damages, brought by plaintiff against the AFAA, pursuant to the FLSA and FEHA. The AFAA maintains headquarters in the District of Columbia.

**PARTIES**

4.     Greg Morgan ("plaintiff") was during all times material herein, an employee of defendant employed at High Desert TRACON, Edwards Air Force Base, California, as an Air Traffic Control Specialist, and was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203 (e) (1).

5.     Defendant AFAA is, and at all times material herein has been, the final authority relating to the employment of all employees and may delegate, and authorize successive redelegations to an officer or employee any function, power, or duty conferred upon the AFAA and is, and at all times material herein has been an "employer" within the meaning of the FLSA. 29 U.S.C. § 203 (d).

**FACTS**

6.     Defendant AFAA, in the performance of the functions of the Administrator may employ, transfer, and fix the compensation of such employees as may be necessary to carry out the functions of the Administrator and at all times material herein, was the final authority for carrying out all functions, powers, and duties relating to the employment of all employees.

7.     Defendant AFAA, is, and at all times material herein has been, an "employer" within the meaning of the FLSA. 29 U.S.C. § 203 (d).

8.     Defendant AFAA, at all times material herein, was subject to the FLSA i.e., defendant during all times material herein did "employ" within the meaning of the FLSA. 29 U.S.C. § 203 (g).

9.   Plaintiff, during all times material herein, was not a law enforcement officer.

10.   Plaintiff, during all times material herein did not perform, "law enforcement activities" pursuant to 29 U.S.C. § 207 (k).

11.   Plaintiff, during all times material herein, was subject to the coverage of the FLSA; i.e., plaintiff during all times material herein was FLSA non-exempt.

12.   Defendant, during all times material herein, at High Desert TRACON, used a payroll system which would alert the operator as to plaintiff's FLSA status;

13.   Defendant, during all times material herein, through his/her management employee's (hereinafter "management personnel") at High Desert TRACON, did enter plaintiff's payroll information into the payroll system, thus they knew or should have known of plaintiff's FLSA status;

14.   Plaintiff was during all times material herein, covered by a collective bargaining agreement between the National Air Traffic Controllers Association ("NATCA"), and the United States "Department of Transportation, Federal Aviation Administration" that specifically excludes FLSA-based claims from the collective bargaining agreement's negotiated grievance procedure and/or reserved plaintiff's rights to any and all applicable statutory appeal procedures.

15.   Plaintiff was during all times material herein, covered by a collective bargaining agreement between the National Air Traffic Controllers Association ("NATCA"), and the United States "Department of Transportation, Federal Aviation Administration" that specifically excludes FEHA-based claims from the collective bargaining agreement's negotiated grievance procedure and/or reserved plaintiff's rights to any and all applicable statutory appeal procedures.

16.   Plaintiff was not during all times material herein, covered by 5 U.S.C. § 2302 (b) (9).

17.   To the extent such was required by law, plaintiff has exhausted all administrative remedies.

18.   Defendant AFAA, at all times material herein requires Air Traffic Control Specialists to possess and maintain a medical clearance and such medical clearance is a requirement for continued employment as an Air Traffic Control Specialist.

19.   Defendant AFAA, at all times material herein had a regulation, policy, practice or custom which required Air Traffic Control Specialists to re-certify the medical clearance on a periodic basis and at their employer's expense.

20.   Defendant AFAA, at all times material herein, from time to time, requires Air Traffic Control Specialists to obtain and submit medical information and/or documentation from their treating physicians in furtherance of the medical clearance.

21.   Defendant AFAA, at all times material herein had a regulation, policy, practice or custom prohibiting discrimination of any form.

## COUNT ONE

22.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to twenty-one above.

23.   On or about the week of February 16, 2005, plaintiff was suffered and/or permitted to work in excess of 40 hours per week, to obtain and submit medical information and/or documentation from his treating physician in furtherance of the required medical clearance.

24.   Prior to February 16, 2005, plaintiff did not receive any notice that medical information and/or documentation from his treating physician was required to continue his medical clearance. See paragraph "2 a" of the "DECLARATION OF GREG MORGAN attached hereto and incorporated by reference.

25.   Plaintiff did perform such work which was suffered and/or permitted to work. See the last sentence of paragraph "2 f" of the "DECLARATION OF GREG MORGAN" attached hereto and incorporated by reference.

26.   Defendant received the fruits of and accepted the benefits of the work plaintiff performed.

27.   Plaintiff after completing the work, requested payment for the work performed.

28.   Plaintiff was not and has not been compensated as required by law; defendant has failed to pay compensation to plaintiff as required by law for such time actually worked in excess of 40 hours per week, 45 minutes.

29.   By failing to compensate plaintiff for any of the work performed, as described above, defendant has violated the FLSA, 29 U.S.C. § 207 (a) (1).

4

30.   Defendant's violation of the FLSA was willful.

## COUNT TWO

31.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to thirty above.

32.   Plaintiff after completing the work previously stated, requested payment for the work performed, and then on or about March 18, 2005, plaintiff complained in letter about the lack of payment for which defendant received the fruits of and accepted the benefits of the work plaintiff performed. See "EXHIBIT TWO" attached hereto and incorporated by reference.

33.   On or about March 21, 2005, responding to plaintiff's letter of March 18, 2005, defendant, through its management personnel replied: "In regard to your requested overtime, this issue will be addressed shortly." See "EXHIBIT THREE" attached hereto and incorporated by reference.

34.   Thereafter, on or about September 30, 2005, defendant through his/her management personnel discharged plaintiff (terminated plaintiff's employment).

35.   Plaintiff at all times material herein, did institute and/or caused to be instituted proceedings related to Chapter 8 of Title 29 and has testified and/or was about to testify in such proceedings.

36.   Plaintiff asserts and alleges that at all times material herein, that defendant through his/her management personnel discriminated against plaintiff, according to proof at trial.

37.   By discharging plaintiff and/or discriminating against plaintiff for complaining and/or instituting and/or causing to be instituted proceedings related to Chapter 8 of Title 29 and/or for testifying and/or for about to testify in any such proceedings, as described above, defendant has violated the FLSA, 29 U.S.C. § 215 (a) (3).

38.   Defendant's violation of the FLSA was willful.

## COUNT THREE

39.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one to thirty-eight above.

40.   California Government Code § 12940 *et seq*, makes it unlawful, for any person to take adverse actions against employees who complain about discrimination and/or harassment at work.

41.   The medical documents previously mentioned and obtained by plaintiff, contained specific complaints to his physician of current and past events relating to retaliation and/or discrimination and/or harassment by management personnel to plaintiff for which diagnosed medical condition, "combat fatigue."

42.   Management personnel at High Desert TRACON received and/or reviewed the medical documents previously mentioned or otherwise was knowledgeable of and/or became knowledgeable of the content therein.

43.   By discharging plaintiff and/or discriminating and/or harassment against plaintiff and/or participating in the discharge and/or discrimination and/or harassment of plaintiff, defendant through his/her management personnel has violated the FEHA, California Government Code § 12940 *et seq*.

44.   Plaintiff asserts and alleges at all times relevant to this count, said act(s) of retaliation and/or discrimination and/or harassment are not based upon race, color, religion, sex, national origin, age or handicap and not based upon reprisal for plaintiff's whistleblower activity.

45.   Defendant's management personnel at all times relevant to this count were not acting within the course and/or scope of their employment.

46.   Defendant's violation of the FEHA was willful.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF requests that this Court:**

47.   **AS TO COUNT ONE**: Determine the damages sustained by the plaintiffs as a result of defendant's violations of the FLSA as cited above, and award those damages against the defendant and in favor of the plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law; and

48.   **AS TO COUNT TWO**: Determine the damages sustained by the plaintiff as a result of defendant's violations of the FLSA as cited above, and award plaintiff employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages, including but not limited to back pay, leave, overtime, differential(s), premium pay, awards, retirement loss, medical, insurance, absence, night, Sunday and holiday

compensation, liquidated damages and interest under the FLSA and/or any other law, rule or regulation from the date of the discharge until the judgment herein is paid pursuant to 29 U.S.C. § 216 (b), plus such pre-judgment interest as may be allowed by law; and

49.   **AS TO COUNT THREE:** That this Court exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over all claims arising pursuant to California Government Code § 12940 *et seq*; and

50.   That this Court decree and declare that defendant's management personnel were not acting within the scope of their employment specific to the acts complained of under FEHA; and

51.   That this Court award General and Compensatory damages, in the amount of two hundred fifty thousand dollars for each deprivation of FEHA identified in this cause of action to plaintiff; Punitive Damages as to defendant, Reasonable attorney fees, investigation fees and expert witnesses' fees and all other costs pursuant to relevant statutory authority for violations of FEHA; and

52.   **AS TO COUNTS ONE AND TWO**: Award plaintiff's counsel (if any) reasonable attorney's fees to be paid by the defendant under FLSA, the Equal Access to Justice Act, and/or pursuant to any other law rule or regulation; and

53.   An apology by the person(s) responsible and/or associated with the violations of the FLSA as more fully provided herein; and

54.   An order compelling AFAA to expunge all records relating to the events of his discharge, and compelling the AFAA to retrieve and expunge, or cause the expungement of, all such records that are in the hands of other government agencies as a result of having been transmitted or forwarded on behalf of the AFAA; and

55.   **AS TO ALL COUNTS**: Grant to plaintiff any and all such other legal and/or equitable relief as may be just and proper.

56.   *///*

57.   ///

58.   ///

59.   ///

## **DEMAND FOR JURY TRIAL**

60.     Pursuant to Fed.R.Civ.P. 38(b), Plaintiff herein demands a Trial by Jury.

Dated this 1st day of September, 2009

                                   Respectfully Submitted,

                                   By;__/s/_____

                                        Greg Morgan
                                        Plaintiff

Greg Morgan
920 Foxon Rd., #466
East Haven, CT 06513
Telephone: (203) 671-3858
Fax: (408) 772-4638
Email: greg@morganclan.mobi
Pro Se

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,** | **Case No.: 07-1748 (RMU)** |
| **Plaintiff,** | **ATTACHMENT TO FIRST AMENDED COMPLAINT** |
| **Vs.,** | 1.  **EXHIBIT ONE** |
| **ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION,** | 2.  **EXHIBIT TWO**<br>3.  **EXHIBIT THREE**<br>4.  **EXHIBIT FOUR**<br>5.  **EXHIBIT FIVE**<br>6.  **EXHIBIT SIX**<br>7.  **EXHIBIT SEVEN**<br>8.  **EXHIBIT EIGHT**<br>9.  **EXHIBIT NINE** |
| **Defendant.** | 10. **DECLARATION OF GREG MORGAN** |

EXHIBIT ONE, documentation of medical work;

EXHIBIT TWO, plaintiff's letter of March 18, 2005, requesting payment for work;

EXHIBIT THREE, defendant's response to plaintiff's letter requesting payment for work;

EXHIBIT FOUR, defendant's questions regarding overtime;

EXHIBIT FIVE, Termination Checklist for requesting overtime;

EXHIBIT SIX through EXHIBIT EIGHT, actions by the Aerospace Medical Division;

EXHIBIT NINE, Federal Aviation Administration Medical Order 3930.3A (FAAO 3930.3A);

Declaration of Greg Morgan.

1

# E10 Employees
## FAA Form 7230.4-2 Sign-In Sheet

Printed on  1/7/2005

Wednesday, February 16, 2005

| Name | Shift | Initials | IN | OUT | HRS | NON DUTY | LV | OJT HRS | REMARKS |
|---|---|---|---|---|---|---|---|---|---|
| Alexander, C. | 07:00 / 15:00 | OM | 0700 | 1531 | 8 | | | | |
| Alwardt, D | RDO | DV | | | | | | | |
| Awana, R | 08:00 / 16:00 | RA | NA 0652 | 1552 | 9 | | ICRE | | ICRE Bar T |
| Awana, R | 07:00/1600 13:00 / 21:00 | RK | RK 0652 | 1552 | 9 | | VCRE | XX 1-31 | ICRE COI |
| Bytheway, D | RDO | BS | | | | | | | |
| Ceruti, E | 12:00 / 20:00 | CE | 12:00 | 2000 | 8:00 | | | | AL AFTER PHYZ PHY ZLA @ NON |
| Dalton, F | 10:00 / 18:00 | FD | 1000 | 2000 | 10 d | | | | JOT TY 2-16-05 |
| Hambrick, D | RDO | DA | | | | | | | |
| Iversen, G | 15:00 / 23:00 | IG | | | | 8 S | | | FMLA SL 2/13/05 |
| Kotsifakis, N | 06:00 / 14:00 | NY | | | | 85 NY | | | TY 2-16-05 |
| Landon, S | 15:00 /2300 08:00 / 16:00 | XL | XL 1315 | 2115 | 8 | | | XX 1-31 | |
| Long, R | 07:00 / 15:00 | ZV | ZV 0715 | 1515 | 8 | | | | |
| Morgan, G | 06:00 / 14:00 | PG | PG 0545 | 1430 13NF | 8:45 PG | | | | .45 OT MEDICAL |
| Purpus, T | RDO | TJ | | | | | | | |
| Runsvold, R | 14:00 / 22:00 | RJ | RJ 1415 | 2215 | 8 | | | | |
| Schmidt, D | 22:30 / 06:30 | DX | DX 2230 | 0630 | 8 | | | | .5 NMB |
| Shinar, L | 09:00 - 17:00 07:00 / 15:00 | EE | EE 0915 | 1645 | 8 | | | | |
| Sperling, F | 15:00 / 23:00 | EF | | | | 8 S | DX | | CIE II 2-1 |
| Staabs, A | RDO | AN | | | | | | | |
| Turner, G | 14:00 / 22:00 | KK | KK 1350 | 2150 | 8 | | | | |
| Whalen, D | 0300 /1600 07:00 / 15:00 | XX | | | | 8 S | SL | | XX 1-31 |

CERTIFIED ACCURATE AND CORRECT

**EXHIBIT ONE**

MidShift: _____     DayShift: _____     EveShift: _____

Phone: 661.943.8517          **The Morgan's**          Greg:  gmorgan@avradionet.com
Fax:    661.718.0758        **2010 W. Ave K #427**      Kathy: kmorgan@avradionet.com
                          **Lancaster, CA  93536**

March 18, 2005

FAA High Desert Tracon
Susan Marmet
100 E. Sparks Drive, Bldg. 2580
Edwards AFB, CA 93524-8001

Dear Ms. Marmet,

In our most recent series of conversations regarding PP04, you stated that the reason that I was shorted of hours, was that I did not request, in advance, sick leave. I asked you whether this was a change in Agency policy concerning advance sick leave. We left off where you stated that you would look into it.

I wish to resolve the matter and I am still waiting for a response.

Additionally, I note more recently, that I was not credited with overtime for compliance with an Agency mandate. With regard to that matter, Mr. Contatore, interrogated me on the topic of the change on the sign in log, clearly searching for clues or collaborations alluding to falsification. I replied that I did not sign out, as I did not at that time know the full amount of hours worked, and subsequently and correctly stated the hours upon returning to work for a midnight shift. He appeared highly disappointed when he discovered that I was not the one responsible for the initial sign out. He then asked the silly rhetorical question when did the "Administrator speak to me personally…."

Because I have not received appropriate emoluments, or a reply, I request letter, if you believe that the positions stated are meritorious, denying the corrections. Such letter would be helpful in obtaining appropriate recourse.

In a similar event, I previously requested a correction and rather than receiving the correction, I received an accusatory letter. I fail to understand why issues must nearly always be elevated to obtain resolution. My hope is that these issues do not go the same route.

Respectfully,

Greg Morgan

EXHIBIT TWO



**U.S. Department
of Transportation**

**Federal Aviation
Administration**

# Memorandum

**Subject:** Your Letter of March 18, 2005

**Date:** March 21, 2005

**From:** Operations Manager,
High Desert TRACON

**Reply to
Attn. of:**

**To:** Greg Morgan, ATCS,
High Desert TRACON

Dear Mr. Morgan:

Your reference to PP04. Apparently you misunderstood the facility's position. For clarification, you requested 8 hours of sick leave on February 1, 2005. Eight hours of sick leave was entered on the Time & Attendance (T&A) for that day. It appears that you did not have adequate sick leave to cover the sick leave requested. Since there was no other request made, the T&A program charged you leave without pay for that period of time you requested sick leave but had inadequate sick leave to use. If you wanted any other type of leave for any portion of that time it is your responsibility to make that request known. It is your responsibility to be aware of the amount of leave you have available at any time. This information is provided to you on a bi-weekly basis by way of your leave and earnings statement.

In regard to your requested overtime, this issue will be addressed shortly.

Regarding the appointment on March 23, 2005 to review the information requested in your FOIA(s); as per your agreement with Mr. Heinrich last week, due to the present security circumstances we are forced to postpone this appointment until a later, mutually agreed upon, date. This postponement will not change your rights to review this information.

Please acknowledge your receipt of this fax.

Susan Marmet

Susan Marmet

EXHIBIT THREE

| RECORD OF:   VISIT   __CONFERENCE__ or TELEPHONE | TIME:11:03 AM | DATE: February |
|---|---|---|

| NAME(s) OF PERSON (s) CONTACTED OR CONFERENCE & LOCATION | ROUTING | |
|---|---|---|
| | SYMBOL | INITIALS |
| Richard Contatore, Operations Supervisor, Greg Morgan, ATCS, Roy Awana, NATCA | | |
| | | |
| | | |
| SUBJECT:  Weingarten meeting for requested overtime on 2-16-2005 | | |

**DIGEST:** On 2-22-2005 a Weingarten meeting was conducted with Greg Morgan, Roy Awana, NATCA and Richard Contatore, Operations supervisor. I told Mr. Morgan the subject of the meeting was to investigate his signing for overtime 0n 2-16-2005. I asked the following questions:

1. Why did you change your sign-out time?
Mr. Morgan's response- Because I did not sign out.

2. When did you make the change?
Mr. Morgan's response- When I came back for the Mid shift.

3. Why did you sign up for OT?
Mr. Morgan's response- Because I had a work related mandate.

4. Who approved the overtime?
Mr. Morgan's Response- I do not know yet.

5. Why did you not sign out at the end of your shift?
Mr. Morgan's response- Because I didn't know how long it would take to do this.

6. Did anyone give you duty time for this?
Mr. Morgan's response- The FAA administrator.

7. When did you talk to her?
Mr. Morgan's response- she spoke to me through her orders.

Mr. Morgan was also issued a letter of proposed discipline from a separate incident.

**CONCLUSION, ACTION TAKEN, OR REQUIRED:**

| DATE: 02/22/05 11:03 AM | TITLE:     Operations Supervisor | SIGNATURE:   Richard Contatore |
|---|---|---|

FAA Form 1360-33 (4/1/94) FORMERLY F A A   FORM 1522

EXHIBIT FOUR

## Checklist for Possible Disciplinary Action

This document will become part of the discipline record and may later be released to the employee or union upon request.

| THE INFRACTION |
| --- |
| Facility:  High Desert TRACON |
| Date of Infraction: 02/16/2005    Date Management made aware of Infraction: 02/17/2005 |
| Name of Employee:  Greg Morgan |
| Employee's Position or Title:  Air Traffic Control Specialist |
| Describe what happened:  ⟨  On February 16, 2005 your shift ended at 1345 local.  You did not sign out on the FAA Form 7230.4-2 as required so the supervisor signed out on your behalf at the end of your shift.  When you returned to duty that night at approximately 2230 local for the mid-shift, you gathered the forms and received the relief briefing.  At that time the sign out time still indicated 1345 local.<br><br>The next morning the logs were collected by the office and when payroll was entered it was noted that 45 minutes overtime was indicated on the log for you.  No overtime was assigned or worked. |
| Where did it happen? High Desert TRACON, Edwards Air Force Base, California |
| Who were the witnesses?  Rich Contatore, Operations Supervisor |
| Employee's preliminary explanation for the infraction (if any) [prior to holding an investigatory examination (Weingarten meeting)]  None |
| Why is the employee's preliminary explanation not acceptable?  N/A |

| THE INVESTIGATION |
| --- |
| Date of Weingarten Meeting:  February 22, 2005 |
| Time of Weingarten Meeting:  11 a.m. |
| Place of Weingarten Meeting:  High Desert TRACON, Edwards AFB, CA |
| Was employee given his rights under the contract (if applicable)?<br>(NATCA Article 6, Section 1 or NAATS Article 65, Section 1 or NAGE Article 2, Section 4)<br>☒ Yes          ☐ No |
| Was a union representative offered?  ☒ Yes                ●No |
| The employee          ☒ Accepted          ☐ Declined |
| Name of union representative present: Roy Awana |

EXHIBIT FIVE

Name of management person conducting meeting:  Rich Contatore, Operations Supervisor

Name/Title of other persons present:

Record of conversation attached      ☒ Yes      ☐ No – explanation:

Employee's explanation/rebuttal:  When asked why you signed up for overtime you stated "because I had a work related mandate".  When you were asked who approved your overtime you stated "I don't know yet".  When asked who gave you duty time for this mandate you stated "The FAA Administrator".  When asked when you spoke with the administrator you replied "She spoke through her orders".

What did the witnesses say?

Is the employee's rebuttal acceptable? (If not, why not?)  A review of your answers and the other facts show that no overtime was assigned or worked for this activity.

Summary of Investigation:  See above

## EMPLOYEE BACKGROUND

Is this a probationary employee? ☐ Yes   ☒ No

If yes, when is the end of the probationary period?

| EOD FAA: 2/26/85 | Number of Years Federal Service:  23 |
| --- | --- |

EOD Current Facility:  8/30/98

History of discipline (both formal and informal):  Proposed 5 day suspension; pending response of employee. Written admonishments, Coaching & Counseling sessions.

## PROPOSED DISCIPLINARY ACTION

What action do you wish to take?  Removal

For what infraction?  Falsifying  Fovernment Documents or records for your own financial gain.

What Douglas Factors have you considered?  [See attached list.]  See attached.

What did AWP-16 indicate was the typical discipline for similar situations?  No Response

How has your facility dealt with similar infractions in the past?  This facility has had no prior similar infractions.

2

EXHIBIT FIVE

01/30/2005  11:24    6612775476        HIGH DESERT TRACON                    PAGE  07



U.S. Department
Of Transportation

**Federal Aviation
Administration**

### Aerospace Medicine Division

Los Angeles Medical Field Office
2555 East Avenue P
Palmdale, CA  93550

PHONE: (661) 265-8222
FAX: (661) 272-4960

**DATE:** January 20, 2005

**SUBJECT:** ATC Medical Clearance

**FROM:** Flight Surgeon, AWP-302

**TO:** Facility Manager, HIGH DESERT TRACON (A)

**EMPLOYEE NAME: Greg Alan Morgan**

**ACTION DATE: 01/20/2005     CLEARANCE TERMINATES: 02/20/2005**

**CLEARANCE DETERMINATION:**
  **X**  Qualified with Special Consideration

**LIMITATION:**
  **X**  Must wear corrective lens for distant vision while performing ATC duties

**REASON FOR MEDICAL STATUS DETERMINATION:**
  **X**  Special Consideration for medical condition and/or medication

**DATE OF EXAM: 11/22/2004     NEXT EXAM: 11/2005     NEXT ECG: On or after 11/11/2005**

**COMMENTS:**
Requested information due on or before clearance expiration date.

**PREPARED BY:** Lauretta B. Hill, R.N.

**AUTHORIZING OFFICIAL:** Gerald A. Volkman, M.D.

**NOTE:** During the year, refer to FAA Order 7210.3S, Change 1, Facility Operation and Administration, Chapter 2, Section 8, paragraphs 2-8-5 and 2-8-6, with reference to what types of restricted drugs you cannot take while performing ATCS duties.  Report use of any drugs to your supervisor, facility manager, medical officer or his/her representative.  During the interval of the annual ATCS medical examination, you shall adhere to FAA Order 3930.3A, ATCS Health Program, page 6, paragraphs 9d(2) and (3), and report any health problems, or the use of any drugs to the FAA Flight Surgeon, or his representative, and Change 1, Appendix 1, Retention Requirements, paragraphs (1) and (2).

Revised 09/16/2002

EXHIBIT SIX

01/30/2006  11:24  6612775476
Feb 18 05 03:17p



U.S. Department
Of Transportation

**Federal Aviation**
**Administration**

**Aerospace Medicine Division**

Los Angeles Medical Field Office
2555 East Avenue P
Palmdale, CA  93550

PHONE: (661) 265-8222
FAX: (661) 272-4960

**DATE:** February 18, 2005

**SUBJECT:** ATC Medical Clearance

**FROM:** Flight Surgeon, AWP-302

**TO:** Facility Manager, HIGH DESERT TRACON (A)

**EMPLOYEE NAME:** Greg Alan Morgan

**ACTION DATE: 02/18/2005     CLEARANCE TERMINATES: 02/22/2005**

**CLEARANCE DETERMINATION:**
X   Qualified with Special Consideration

**LIMITATION:**
X   Must wear corrective lens for distant vision while performing ATC duties

**REASON FOR MEDICAL STATUS DETERMINATION:**
X   Special Consideration for medical condition and/or medication

**DATE OF EXAM: 11/22/2004     NEXT EXAM: 11/2005     NEXT ECG: On or after 11/11/2005**

**COMMENTS:**

**PREPARED BY:** Lauretta B. Hill, R.N.

**AUTHORIZING OFFICIAL:** Gerald A. Volkman, M.D.

NOTE: During the year, refer to FAA Order 7210.3S, Change 1, Facility Operation and Administration, Chapter 2, Section 8, paragraphs 2-8-5 and 2-8-6, with reference to what types of restricted drugs you cannot take while performing ATCS duties.  Report use of any drugs to your supervisor, facility manager, medical officer or his/her representative.  During the interval of the annual ATCS medical examination, you shall adhere to FAA Order 3930.3A, ATCS Health Program, page 6, paragraphs 5c(2) and (3), and report any health problems, or the use of any drugs to the FAA Flight Surgeon, or his representative, and Change 1, Appendix 1, Retention Requirements, paragraphs (1) and (2).

Revised 09/16/2002

EXHIBIT SEVEN

01/30/2005   11:24   6612775475                HIGH DESERT TRACON                    PAGE  09

U.S. Department
Of Transportation

**Federal Aviation
Administration**

**Aerospace Medicine Division**

Los Angeles Medical Field Office
2555 East Avenue P
Palmdale, CA  93550

PHONE: (661) 265-8222
FAX: (661) 272-4960

**DATE:** February 23, 2005

**SUBJECT:** ATC Medical Clearance

**FROM:** Flight Surgeon, AWP-302

**TO:** Facility Manager, HIGH DESERT TRACON (A)

**EMPLOYEE NAME:  Greg Alan Morgan**

**ACTION DATE: 02/23/2005      CLEARANCE TERMINATES: 11/30/2005**

**CLEARANCE DETERMINATION:**
   X    Qualified with Special Consideration

**LIMITATION:**
   X    Must wear corrective lens for distant vision while performing ATC duties

**REASON FOR MEDICAL STATUS DETERMINATION:**
   X    Special Consideration for medical condition and/or medication

**DATE OF EXAM: 11/22/2004      NEXT EXAM: 11/2005      NEXT ECG: On or after 11/11/2005**

**COMMENTS:**
Requested information due on or before clearance termination.

**PREPARED BY:**  Lauretta B. Hill, R.N.

**AUTHORIZING OFFICIAL:**  Gerald A. Volkman, M.D.

NOTE: During the year, refer to FAA Order 7210.3S, Change 1, Facility Operation and Administration, Chapter 2, Section 8, paragraphs 2-8-5 and 2-8-6, with reference to what types of restricted drugs you cannot take while performing ATCS duties.  Report use of any drugs to your supervisor, facility manager, medical officer or his/her representative.  During the interval of the annual ATCS medical examination, you shall adhere to FAA Order 3930.3A, ATCS Health Program, page 6, paragraphs 9d(2) and (3), and report any health problems, or the use of any drugs to the FAA Flight Surgeon, or his representative, and Change 1, Appendix 1, Retention Requirements, paragraphs (1) and (2).

Revised 09/16/2002

EXHIBIT EIGHT

**DECLARATION OF GREG MORGAN**

I, Greg Morgan declare:

1. I have personal knowledge of the facts contained in this declaration as well as the facts contained in my "**FIRST AMENDED COMPLAINT**" filed by me in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA and those facts stated therein and herein being true, if called as a witness I am competent to testify thereto;

2. In addition to the facts stated in my "**FIRST AMENDED COMPLAINT**" filed by me in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, the following background facts pertaining to my then work schedule are:

   a. As an Air Traffic Control Specialist, it was required of me to maintain a specific medical standard with periodic medical examination usually given annually and given usually during the employee's month of birth. Because my birth month was November, my last periodic medical examination occurred during November 2004. At no time during my periodic medical examination was I informed that additional medical information was needed to continue my medical clearance. At no time after the periodic medical examination and before February 16, 2005, was I informed that my mandatory medical clearance was in jeopardy of rescission, suspension and/or termination and that medical information and/or documentation from my treating physician was required to continue my medical clearance.

   b. As an Air Traffic Control Specialist, it was required of me to work rotating shifts with rotating days off. My work schedule for the week of February 16, 2005, consisted of 5 work days per week starting with Sunday as my first day of the

week and ending with Friday and Saturday as my days off. Accordingly, the last day of my workweek was a Thursday. However, my last workday of my workweek, Thursday, was a 'quick turn' midnight shift, meaning on the second to the last workday of my workweek, Wednesday, I was scheduled to work an 8 hour shift starting at 5:45am and then upon completion of that shift, return 8 hours later for my Thursday, 'quick turn' midnight shift (working alone) starting on Wednesday at 10:00pm and finishing on Thursday at 6:00am. After my days off, I would start the next workweek on a Sunday at approximately 3:00pm on February 20, 2005;

c.   While an Air Traffic Control Specialist at High Desert TRACON, premium pay of 10 percent was paid for the hours of a shift occurring between 6:00pm through 6:00am and Sunday work was paid at a premium of 25 percent;

d.   On or about February 16, 2005, at approximately 10:30am, while at the place of employment, "a call from medical"[1] was received for which I was to obtain some Medical records from my doctor in order to continue the ATC medical certification;

e.   I was to submit the medical information obtained upon arriving to my Thursday, 'quick turn' midnight shift;

f.    I then informed the supervisor on duty and requested that I be allowed to leave an hour early from the present shift (approximately 12:45 rather than 13:45) to fulfill the medical mandate. The supervisor determined that he could not afford me to

_____

[1] I am not in this declaration and in my First Amended Complaint in any form implicating and intending to implicate Susan Marmet as the issue has been decided on the basis that she was not scheduled to work on February 16, 2005.

leave early "due to staffing." When he did finally let me leave near the end of my shift, I went straightaway to Kaiser Medical, and retrieved the medical information and/or documentation demanded;

    g.  Later that evening I returned to my evening shift, and presented the documents as instructed (sealed in envelope);

    h.  The hour worked by me during the week of February 16, 2005, was a total amount of 40 hours and 45 minutes;

3.  Recently, I filed an IRA action pertaining to Whistle Blower reprisal pursuant to 5 U.S.C. § 1221 relating to other matters. Thereafter the FAA sought to settle the matter and the Administrative Law Judge who was facilitating the settlement was also the same Administrative Law Judge who decided M.S.P.B. No. SF-0752-06-0090-I-1. During settlement discussions, that Administrative Law Judge confirmed that the MSPB did not have jurisdiction to decide any FLSA matter and with particularly, does not have jurisdiction to decide any aspect of "to suffer or permit to work". He also stated that in the aforementioned action, he did not and would not have adjudicated any matter relating "to suffer or permit to work" because of the lack of jurisdiction;

4.  The documents attached hereto as "EXHIBIT ONE" through "EXHIBIT FIVE" are true and exact copies of the original documents given to me by the FAA and maintained by me at my residence;

5.  The documents attached hereto as "EXHIBIT SIX" through "EXHIBIT EIGHT" are true and exact copies of the original documents given to me by the FAA and maintained by me at my residence. I had never seen nor was I ever given "EXHIBIT SIX" through

"EXHIBIT EIGHT" until well after September 30, 2005, the date I was discharged from employment.

6.   The document attached hereto as "EXHIBIT NINE" is true and exact copy of the original document (FAAO 3930.3A) maintained by the FAA at High Desert TRACON.

Pursuant to 28 U.S.C. § 1746 (2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2009, at East Haven, Connecticut.


By:

___/s/_____
Greg Morgan, Declarant.