**Greg Morgan**
**920 Foxon Road #466**
**East Haven, CT  06513**
**Telephone: (203) 671-3858**
**Fax: (661) 952-1902**
**Email: greg@morganclan.mobi**
**Pro Se**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREG MORGAN,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**FEDERAL AVIATION ADMINISTRATION, et al.,**<br><br>        **Defendants.** | **Case No.:** 07-1748 (RMU)<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

_____

**I.    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT  PLAINTIFFS'**

**MOTION TO FILE AND AMENDED COMPLAINT; OTHERWISE FOR LEAVE TO**

**FILE A FIRST AMENDED COMPLAINT**

Plaintiff moves to amend his complaint on the grounds that an intervening decision, this Court's granting of Defendant's Motion To Amend Answer, supports the removal of certain issues which may have a collateral estoppel effect, thus preempting a decision upon the merits of Plaintiff's complaint. For this and other reasons, Plaintiff seeks to amend his complaint.

1

## II. RELEVANT PROCEDURAL HISTORY

On or about:

| | | |
|---|---|---|
| 09/28/2007 | | Plaintiff, Greg Morgan filed his original complaint and summons in the instant action naming the defendant parties as the Federal Aviation Administration and as an individual, one Susan Marmet; |
| 03/28/2008 | | The named Defendants, the Federal Aviation Administration and Susan Marmet filed late their collective answer; |
| 01/26/2009 | | Plaintiff, Greg Morgan moved the Court for an order for Judgment on the Pleadings; |
| 02/09/2009 | | A ***non-party*** to this action filed a single page memorandum in opposition to the motion for Judgment on the Pleadings titled: "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS" asking the Court to take notice of and "SEE DOCKET ENTRY # 8."; |
| 02/14/2009 | | Plaintiff, Greg Morgan submitted his Reply to an unopposed Motion for Judgment on the Pleadings; |
| 02/19/2009 | | Plaintiff, Greg Morgan submitted an unopposed Motion for Extension of Time to Respond to Defendant's Motion to dismiss alternatively for Summary Judgment, Granted; |
| 03/05/2009 | | Defendants filed a Motion for Leave to File an Amended Answer seeking to correct the many admitted rule violation; |
| 03/17/2009 | | Plaintiff files his opposition to Defendant's Motion for Leave to File an Amended Answer; |
| 03/23/2009 | | Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Opposition to Defendant's Motion for Leave to File an Amended Answer; |

| | | |
|---|---|---|
| 1 | 04/06/2009 | Defendants filed their Reply to Plaintiff's Opposition to Defendants' |
| 2 | | Motion for Leave to File an Amended Answer, seeking to correct the |
| 3 | | many more admitted rule violation, specifically asking the court to alter its |
| 4 | | adjudication sequence, e.g., decide their motion to amend first then decide |
| 5 | | their Motion to Dismiss/Summary Judgment first while ignoring |
| 6 | | Plaintiff's unopposed or unanswered Motion for Judgment on the |
| 7 | | Pleadings; |
| 8 | 05/07/2009 | Plaintiff files this, his opposition to Defendant's Motion to |
| 9 | | Dismiss/Summary Judgment; |
| 10 | 05/20/2009 | Defendants filed a Motion to Extend Time to respond to Plaintiff's |
| 11 | | Opposition to Defendant's Motion to Dismiss/Summary Judgment; |
| 12 | 05/22/2009 | The Court conditionally grants Defendant's Motion to Extend Time |
| 13 | | respond to Plaintiff's Opposition to Defendant's Motion to |
| 14 | | Dismiss/Summary Judgment; |
| 15 | 06/05/2009 | Defendants filed their Reply to Plaintiff's Opposition to Defendant's |
| 16 | | Motion to Dismiss/Summary Judgment; |
| 17 | 08/25/2009 | The Court grants Defendants' Motion for Leave to File an Amended |
| 18 | | Answer; |
| 19 | 09/03/2009 | Plaintiff files the instant motion. |

### III. POINTS OF LAW, AUTHORITY

Pursuant to this Court's MEMORANDUM OPINION, Granting the Defendants' Motion for Leave to File an Amended Answer outlined, the standard for granting or denying amendments was well stated and thus Plaintiff cites it here (with a minor editorial change to comport to the circumstance of this motion):

"Rule 15(a) governs the amendment of pleadings, stating generously that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). Courts shall "determine the propriety of amendment on a case by case basis." *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997). Whether to grant or deny leave to amend rests in the district court's sound discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Such discretion is not unlimited, however, for it is an "abuse of discretion" when a district court denies leave to amend without a "justifying" or sufficient reason. Id. at 181-82; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Reasons that justify a denial of leave to amend include undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998).

Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game of skill in which one misstep by counsel may be decisive to the outcome." *Foman*, 371 U.S. at 181-82 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). To further the goal of deciding cases on their merits and avoiding adjudication by technicality, ["Rule 15(a), which, as we have observed, allows "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir 2006) (quoting *United States v. Hicks*, 350 U.S. App. D.C. 279, 283 F.3d 380, 387 (2002) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1471, 505-06 (2d ed. 1990))")]. Under Rule 15(a), the nonmovant generally carries the burden in persuading the court to deny leave to amend. *Cf. Dussouyv. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981) (endorsing exceptions to the general rule that the burden of persuasion rests with the non-movant in the Rule 15(a) context); *see also Gudavich v. District of Columbia*,

4

22 F. App'x 17, 18 (D.C. Cir. 2001) (noting that the non-movant "failed to show prejudice from the district court's action in allowing the [movant's] motion to amend") (unpublished decision)." *Id* at pages 6-7.

## IV.  ARGUMENT IN SUPPORT OF MOTION FOR 30 DAY EXTENSION

### A.  An Event That Occurred After Plaintiff Filed His Complaint Supports Granting Plaintiff Leave To Amend His Complaint

Shortly, the Federal Rules of Civil Procedure will undergo an Amendment of Rule 15. The change is described as "the right to amend once as a matter of course is no longer terminated by service of a responsive pleading." The rational for the amendment is stated in the committee notes where the "responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise." The rational applied to the forthcoming rule change applies here.

The Court in its MEMORANDUM OPINION, Granting the Defendants' Motion for Leave to File an Amended Answer, pointed out some issues in Plaintiff's Complaint which may give a luster of claim and issue preclusion. In *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir 2006) this Court's review Court said that "Rule 15(a), which, as we have observed, allows "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." (quoting *United States v. Hicks*, 350 U.S. App. D.C. 279, 283 F.3d 380, 387 (2002) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1471, 505-06 (2d ed. 1990))" Such is the purpose of the changes as to the new rule, a discussion on the merits and the motivating factor here, as several issues that were not present in the original answer now are present.

None of the reasons that would justify a denial of leave to amend are apparent as applied to Plaintiff and as well to the proposed amended complaint. See Exhibit 1. The reasons which might justify a denial of leave to amend include undue delay, bad faith, repeated failure to cure a

pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998).

Moreover, it should be no surprise to Defendant's that Plaintiff has now moved to amend his compliant. In his Motion for Judgment on the Pleadings (now moot), Plaintiff informed them as much. Additionally, on or about August 27, 2009, via email, Plaintiff and Defendant's counsel discussed the matter of amending the original Complaint. Accordingly, because of an intervening decision, this Court's granting of Defendant's Motion To Amend Answer, supports the supports the present motion so as to not cause a preempting of a decision upon the merits of Plaintiff's complaint.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff's request for leave to file an amended complaint should be granted.

Dated: September 3, 2009

                                      Respectfully submitted,

                                      By: __/s/_____

                                          s/Greg Morgan
                                          Pro Se