# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **GREG A. MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1748 (RMU)** |
| | ) | |
| **FEDERAL AVIATION** | ) | |
| **ADMINISTRATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

**DEFENDANTS' MOTION TO RENEW THEIR DISPOSITIVE MOTION [Docket Entry # 8] BASED ON *RES JUDICATA/COLLATERAL ESTOPPEL* AND DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants move to renew their dispositive motion filed on February 9, 2009 [Docket Entry # 8]. Said motion is filed subsequent to this Court's order granting Defendants leave to file an amended Answer adding the defense of *res judicata/collateral estoppel* to their affirmative defenses. Attached is Defendants' memorandum of points and authorities in support of this motion and in opposition to Plaintiff's Motion for Leave to Amend his Complaint. The opposition is based on the futility of the amended complaint to the resolution of this case. A proposed order is also attached.

Respectfully submitted,

____/s/_____
CHANNING D. PHILLIPS , D.C. Bar # 415793
Acting United States Attorney

____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                       )
**GREG A. MORGAN,**                    )
                                       )
                **Plaintiff,**         )
                                       )
**v.**                                 )        **Civil Action No. 07-1748 (RMU)**
                                       )
**FEDERAL AVIATION**                   )
**ADMINISTRATION, <u>et al.</u>,**     )
                                       )
                **Defendants.**        )
_____)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THEIR MOTION TO RENEW THE DISPOSITIVE MOTION**
**FILED ON FEBRUARY 9, 2009  [Docket Entry # 8] AND IN OPPOSITION**
**<u>TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT</u>**

### I. <u>PRELIMINARY STATEMENT</u>

Defendants herein move to renew their Motion to Dismiss or, In the Alternative, for

Summary Judgment [Docket Entry # 8], which is presently fully briefed.  <u>See</u> Docket Entries ##

8, 18, 22.  Defendant makes only two modifications:  that the U.S. Attorney be changed from

Jeffrey Taylor to Acting U.S. Attorney Channing D. Phillips; and, that the relief sought be a

Judgment on the Pleadings (F.R.C.P. 12(c)) or Summary Judgment, instead of a Dismissal

(F.R.C.P. 12(b)) or Summary Judgment.  Defendants file this motion to renew because the Court

granted Defendants' Motion for Leave to Amend their Answer to include the affirmative

defenses of _res judicata_ and _collateral estoppel_ which were argued in the previously filed

dispositive motion.  <u>See</u> <u>id.</u> and Docket Entries ## 23 and 24 (Court Order and Memorandum

Opinion, dated August 25, 2009).  Defendants' counsel has discussed this motion with Plaintiff

who indicates that he is not prepared to agree to rely on his previous opposition and may want to file a new one in light of his request to amend his complaint.  As more fully set forth herein, Defendants do not believe the amendments described by Plaintiff undercut the legal authority and rationale for dismissal in  Defendants' motion.

## II.  <u>DISCUSSION</u>

### A.  **Defendants Urge this Court to Enter Judgment in their** <br> **Favor based on *Res Judicata/Collateral Estoppel* Grounds**

Defendants filed a Motion to Dismiss or, In the Alternative, for Summary Judgment on February 9, 2009, arguing that Plaintiff's complaint should be dismissed based on *res judicata/ collateral estoppel* grounds as he pursued the same claims and issues, without success, in Merit Systems Protection Board and Federal Circuit proceedings.  For a more detailed statement of Defendants' argument, <u>see</u> Docket Entry # 8.  Plaintiff, in response, argued, *inter alia*, that in the absence of these affirmative defenses in Defendants' Answer, Defendants waived the opportunity to rely on them.

On March 5, 2009, Defendants moved to amend their Answer, and lodged an Amended Answer requesting that *res judicata* and *collateral estoppel* be included in their Answer as affirmative defenses in this case.  Docket Entry # 12.  By Memorandum Opinion and Order, dated August 25, 2009, this Court granted Defendants' Motion for Leave to File an Amended Answer which added these defenses to Defendants' Answer.  <u>See</u> Docket Entry ## 23 and 24; <u>see</u> <u>also</u> Docket Entry # 25 at p. 2.  The Amended Answer was filed by the Court on that same day.  <u>See</u> Docket Entry # 25.

The alleged impediment to ruling on Defendants' motion [Docket Entry # 8] has been removed, Defendants request that their dispositive motion filed on February 9, 2009, be renewed

2

with two  modifications:  Instead of seeking dismissal under Fed. R. Civ. P. 12(b) or summary

judgment, Defendants seek judgment on the pleadings under Fed. R. Civ. P. 12(c) or summary

judgment; and, Acting U.S. Attorney Channing D. Phillips should be substituted for Jeffrey

Taylor.  See Fed. R. Civ. P. 25(d).  As these modifications are incidental to the arguments made

in Defendants' dispositive motion, Defendants assert that the matter is already fully briefed [see

Docket Entries ## 8 (disposive motion, filed 2/9/09), 18 (opposition, filed 5/15/09), 22 (reply,

filed 6/5/09)].  Since only the name of the United States Attorney and the relief sought have

changed, it appears that the most judicially economical course of action in this case is to proceed

to consider the fully briefed motions in lieu of new filings.[1]   However, should the Court require

a new motion, Defendants will promptly file one with the Court.

### B.  Plaintiff's Request to Amend his Complaint is Futile and, therefore, Should be Denied.

#### 1.  Substitution of Parties.

Plaintiff has moved for leave to amend his complaint to change Defendant "Federal

Aviation Administration" to "Administrator, Federal Aviation Administration"

("Administrator").  Because the proper party to this litigation is the U.S. Department of

Transportation, Plaintiff's motion should be denied as futile.

Pursuant to Fed. R. Civ. P.15(a), after an answer is filed, a plaintiff may amend its

complaint "only with the opposing party's written consent or the court's leave.  The court should

freely give leave when justice so requires."  See Fed. R. Civ. 15(a)(2).   In deciding whether to

---

[1] This would include Plaintiff's Motion for Judgment on the Pleadings on January 26,
2009, which is fully briefed as well.  See Docket Entries ## 7, 9, 10.

grant leave to amend under Rule 15, the court may consider the following direction by the

Supreme Court:

> In the absence of any apparent or declared reason--such as undue delay, bad faith,
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of the amendment, etc. -- the leave
> sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178,182 (1962); see also Caribbean Broadcasting System, Ltd. v.

Cable & Wireless, PLC, 148 F.3d 1080, 1083 (D.C. Cir. 1998); Atchinson v. District of

Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996) (citation omitted); 3 Moore, Federal Practice (2d

ed. 1948).  In this case, Plaintiff's amendment is futile because (1) it does nothing to cure the

claim and issue preclusion problems of the original complaint, and (2) it names parties shielded

from liability by qualified immunity.

A motion to amend a pleading is futile "where the proposed pleading would not survive a

motion to dismiss."  Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C.

Cir. 2004).  In order to survive Defendants' motion for judgment on the pleadings or summary

judgment, Plaintiff's proposed amended complaint must not suffer the same problems as the

original complaint–namely, *res judicata* (claim preclusion) and *collateral estoppel* (issue

preclusion).  Merely changing the defendant from "Federal Aviation Administration" to

"Administrator, Federal Aviation Administration" does nothing to address these problems, and

would therefore be futile.

Claim preclusion applies where there was prior litigation (1) involving the same claims

or cause of action, (2) between the same parties or their privies, (3) resolved by a final judgment

on the merits by (4) a court with competent jurisdiction.  NRDC v. EPA, 513 F.3d 257, 260

4

(D.C. Cir. 2008).  The only conceivable effect changing the defendant might have is to defeat the second element.[2]  Thus, the only question is whether the Administrator, FAA, is the same party as, or privy of, the Department of Transportation (the named defendant in the prior action).

Apotex, Inc. v. FDA, 393 F.3d 210 (D.C. Cir. 2004) strongly suggests that the parties are, in fact, the same.  In that case, the plaintiff filed its original suit against Tommy Thompson, then Secretary of Health and Human Services.  Id. at 211; see also Purepac Pharmaceutical Co. v. Thompson, 238 F. Supp. 2d 191 (D.D.C. 2002); TorPharm, Inc. v. Thompson, 354 F. Supp. 2d 69 (D.D.C. 2003).  The plaintiff filed a subsequent action against the Food and Drug Administration.  The Circuit Court upheld the district court's conclusion that *res judicata* barred the new action, finding no fault with the district court's conclusion that the parties were the same.  Id. at 212.  The conclusion to be drawn is that, for purposes of determining whether a claim is precluded, it makes no difference whether the plaintiff names as the defendant a federal agency or an official in charge of that agency.  Thus, Plaintiff cannot save his complaint by amending it to name the FAA Administrator, rather than the FAA or the Department of Transportation.[3]

In any event, the name change does not undermine, in any way, the defense of *issue preclusion*.  *Issue preclusion* applies where (1) the issue to be determined has been litigated before, (2) that issue was determined by a court of competent jurisdiction, and (3) there would be

_____

[2] For the reasons set forth in Defendants' dispositive motion [Docket Entry # 8], the present case involves the same "nucleus of facts" as the prior litigation, and thus the claim is the same.

[3] It is true that the FAA Administrator does not head the Department of Transportation, as the Secretary of Health and Human Services ultimately heads the FDA.  But the FAA Administrator certainly heads the FAA, the only agency within the Department of Transportation whose conduct is at issue in this case.

no unfairness in precluding the issue from being re-litigated.  <u>Siwa v. Office of Pers. Mgmt.</u>, 533 F. Supp. 2d 81, 84 (D.D.C. 2008) (citing <u>Otherson v. Dep't of Justice</u>, 711 F.2d 267, 273 (D.C. Cir. 1983)).  Because the administrative judge and the Federal Circuit have already adjudicated the issues raised by Plaintiff, those issues may not be raised here–regardless of whether the defendant is the FAA or the Administrator thereof.

In granting Defendants leave to file an amended answer putting forth the defenses of issue and claim preclusion, this Court rejected Plaintiff's arguments that the proposed amendment would be futile.  The inclusion of a defense of issue preclusion was not futile "because the factual determination[s] underlying the administrative judge's ruling affirming the DOT's removal of the plaintiff are identical to those implicated by the plaintiff's FLSA claims." <u>Morgan v. FAA</u>, 07-cv-01748 (Dkt. 24), 10 (Aug. 25, 2009).  That is, "the court would need to determine if the overtime was authorized to assess whether it was compensable, or whether the FAA violated the FLSA."  <u>Id.</u>  The fact that defendant in the prior action was the Department of Transportation, rather than the FAA, did not matter.  Likewise, changing the party from the FAA to the Administrator, FAA, does not change any of the questions of fact at issue.  There is no basis for concluding that the determination of whether the Administrator of the FAA violated the FLSA involves different questions of fact than the determination of whether the FAA violated the FLSA.  Hence, the proposed amended complaint raises no issue not precluded by the prior litigation.

In brief, Plaintiff's proposed amended complaint would be futile because it would not survive the Defendants' motion for judgment on the pleadings or summary judgment arguing that the Plaintiff's suit is barred by *res judicata* and *collateral estoppel*.

6

### 2. <u>Qualified Immunity</u>.

The amendment Plaintiff seeks is a change in form rather than substance.  Plaintiff substitutes the Administrator as a party defendant and continues to sue Susan Marmet, Deputy Air Traffic Manager at the High Desert TRACON, in her individual capacity.  Yet, these federal officials are entitled to qualified immunity.[4]  Qualified immunity is generally granted when federal officials exercise policy judgment, which is a discretionary function.  See <u>Wilson v. Layne</u>, 526 US 603, 614 (US 1999)(affirming the principle that federal officials are entitled to qualified immunity when they exercise a discretionary function by making a policy judgment).

It is undisputed that Plaintiff was an air traffic control specialist.  FAA air traffic control specialists, who direct, control and separate live air traffic, are required to undergo periodic medical certification examinations.  <u>See</u> Article 66 of the National Air Traffic Controllers Associations ("NATCA") collective bargaining agreement ("CBA") with the FAA (September 3, 2006).  Exhibit 1, hereto.  The Administrator chose to delegate responsibility for creation of the overtime compensation policy related to medical certification examinations.  The managers in the High Desert TRACON, including Ms. Marmet, chose to interpret Plaintiff's request for overtime on February 16, 2005, as a request under Section 9 of Article 66 of the NATCA CBA with the FAA.  Ms. Marmet made a policy judgment and is therefore entitled to qualified immunity.  <u>See e.g.</u> <u>U.S. v. Varig Airlines</u>, 467 U.S. 797, 815 (1984) (finding that the Federal Aviation Administration's actions in formulating and implementing a "spot-check" plan for

---

[4] Furthermore, a personal capacity damages suit (<u>e.g.</u>, a <u>Bivens</u> suit) is inappropriate here because special factors counsel against the creation of such a remedy because the Civil Service Reform Act provides a comprehensive remedial scheme for employment disputes concerning federal employees.  <u>Bush v. Lucas</u>, 462 U.S. 367 (1983).  This is true even if the CSRA does not provide a particular plaintiff complete relief.  <u>See</u> <u>id</u>. at 388-390.

airplane inspection were protected by the discretionary function exception because of the agency's authority to establish safety standards for airplanes.)

To overcome qualified immunity, Plaintiff must show a clear violation of statutory rights. In this case, no such violation exists. Neither Ms. Marmet or any other managers in High Desert TRACON assigned or authorized Plaintiff to undergo a medical examination on February 16, 2005. Rather, Plaintiff was explicitly told by his manager not to undertake the activity during duty time. These facts are not disputed. In fact, Defendants enforced this direction not to undertake a medical examination on February 16, 2005, during duty time by initiating disciplinary action against Plaintiff when he attempted to change his time records to receive overtime. As a result, Defendants took reasonable steps to prevent unauthorized overtime from occurring, so they did not violate FLSA. See Chao v. Gotham Registry, Inc, 514 F.3d 280, 291 (2nd Cir 2008) (finding that the hospital had failed to make every effort to prevent unauthorized overtime, because no adverse consequences or penalties were imposed on employees who failed to follow policies concerning when overtime would be authorized; therefore, the hospital was liable to compensate employees for work in excess of 40 hours per week that was suffered or permitted). In contrast, Plaintiff unilaterally decided not to follow direct orders, and his unilateral actions are insufficient to establish an entitlement to overtime. Under these circumstances, Ms. Marmet and the other managers at High Desert TRACON are "shielded from liability for civil damages, insofar as their conduct does not violate clearly statutory … rights of which a reasonable person would have known." See e.g. Krieger v. Department of Justice, 529 F. Supp.2d, 29, 57 (D.D.C. 2008) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), for this proposition).

The sole effect of Plaintiff's amendment is to try to make federal officials personally

liable for civil damages for decisions made in their official capacity.[5]   The substitution of parties

in no way alters Plaintiff's litigation history.  Accordingly the amendment is futile because

plaintiff's suit should still be barred by the *collateral estoppel* and *res judicata* doctrines.  <u>See</u>

<u>Simons v. U.S</u>, 75 Fed.Cl. 506, 509 (Fed.Cl., 2007)(denying Plaintiffs' Motion to Amend

Pleadings as futile, because it sought to relitigate a Motion for Summary Judgment filed by the

Government in prior litigation in another federal forum).

### III. <u>CONCLUSION</u>

For the reasons set forth herein it is respectfully requested that Defendants' dispositive

motion of February 9, 2009, as modified to a motion for judgment on the pleadings  [Docket

Entry # 8], be granted.  In addition, Defendants request that Plaintiff's Motion to Amend his

Complaint be denied as futile.  A proposed order is attached.

Respectfully submitted,


_____/s/_____
CHANNING D. PHILLIPS , D.C. Bar # 415793
Acting United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

---

[5]  Given the Administrator's lack of direct, personal involvement in the actions which gave rise to the complaint, we believe from the style of the complaint that Plaintiff attempts to sue the Administrator in his/her official capacity. Yet, as noted that in paragraphs 45 and 50 of the complaint with regard to the state court discrimination complaint, Plaintiff states that "the management personnel at all times relevant to this count were not acting within the course and/or scope of their employment." Therefore, in the event our understanding of Plaintiff's intent is not correct, the same arguments which apply to Ms. Marmet also apply to the Administrator. Moreover, the Administrator's lack of direct, personal involvement would also shield him from personal liability because such liability cannot be premised on a theory of respondent superior. <u>See</u> e.g., <u>Aschroft v. Iqbal</u> 129 S.Ct. 1937, 1949 (2009).

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 2053
(202) 514-7137