**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GREG MORGAN,                              :
                                          :
            Plaintiff,                    :       Civil Action No.:      07-1748 (RMU)
                                          :
            v.                            :       Re Document Nos.:      7, 8, 26
                                          :
FEDERAL AVIATION                          :
ADMINISTRATION *et al.*,                  :
                                          :
            Defendants.                   :

**<u>MEMORANDUM OPINION</u>**

**Granting the Defendants' Motion for Summary Judgment; Denying the
Plaintiff's Motion for Leave to File an Amended Complaint; Denying as Moot
the Plaintiff's Motion for Judgment on the Pleadings**

## I. INTRODUCTION

        This matter is before the court on the defendants' motion to dismiss, or, in the alternative,

for summary judgment.  The *pro se* plaintiff is a former employee of the Federal Aviation

Administration ("FAA"), an agency housed within the Department of Transportation ("DOT").

He has brought suit against the FAA and Susan Marmet, his former coworker.  The plaintiff

invokes the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the California Fair

Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 *et seq.*, alleging

nonpayment of overtime, unlawful discharge and retaliation.  The defendants move to dismiss, or

for summary judgment, on the grounds of res judicata and collateral estoppel.  Because the

defendants filed this motion post-answer, the court treats it as one for summary judgment rather

than a motion to dismiss.  And because there is no genuine issue of material fact as to whether

res judicata bars this action, the court concludes that the defendants are entitled to judgment as a

matter of law.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The facts giving rise to the plaintiff's claim have been set forth in detail in the court's memorandum opinion of August 25, 2009.  *See* Mem. Op. (Aug. 25, 2009).  In short, on September 30, 2005, the FAA terminated the plaintiff's employment as an air traffic control specialist.  *See* Compl., Ex. 6 ("Morgan Decl.") ¶ 8.  The plaintiff has brought three separate actions in three distinct venues challenging his termination.  In the first action, brought on October 31, 2005, the Merit Systems Protection Board (MSPB) determined that the DOT[1] "proved by preponderant evidence that on February 16, 2005 the [plaintiff] worked beyond the scheduled end of his shift without authorization, and then claimed 45 minutes overtime." *Morgan v. Dep't of Transp.*, 105 M.S.P.R. 647 (2007) (unpublished table decision); No. SF-0752-06-0090-I-1 at 21-22, slip op. (M.S.P.B. July 14, 2006).  The administrative judge also determined that the plaintiff's termination was not in retaliation for whistleblowing, *id.* at 27, and that his termination was proper given findings that he claimed unauthorized overtime and threatened a co-worker, *id.* at 32.  The Federal Circuit upheld the MSPB decision.  *See generally Morgan v. Dep't of Transp.*, 300 F. App'x 923 (Fed. Cir. 2008).

On September 28, 2007, the plaintiff then brought the instant action contesting his termination.  *See generally* Compl.  In this action, the plaintiff seeks compensation under the FLSA for the forty-five minutes he spent obtaining information for his medical clearance on

---

[1]    Both this court and the Federal Circuit determined that there is no practical difference between the DOT and the FAA with respect to litigation regarding the plaintiff's employment, which accounts for the difference in party name between the defendant in this action (FAA) and the respondent in the MSPB action (DOT).  *See* Mem. Op. (Aug. 25, 2009) at 9 n.5; *see also Morgan v. Dep't of Transp.*, 300 F. App'x 923, 928 n.1 (Fed. Cir. 2008).  For this reason, the plaintiff's argument that preclusion cannot apply because of different party names between the action brought to the MSPB and the instant action fails.  *See* Pl.'s Opp'n at 19.

February 16, 2005.  *See id.* ¶ 18.  His second claim under the FLSA alleges that he was

terminated in retaliation for bringing or threatening to bring an FLSA action.  *See id.* ¶ 26.

Lastly, the plaintiff challenges his termination under California law, claiming that Marmet

violated the FEHA by "discharging and/or discriminating [against] and or harass[ing]" the

plaintiff.  *See id.* ¶ 34.

The third action commenced by the plaintiff, alleging similar FLSA claims and involving

fifty-two other air traffic control specialists, was brought in the Court of Federal Claims on

October 1, 2007.  *See Whalen v. United States*, No. 07-707C, slip op. (Fed. Cl. Mar. 12, 2008).

On March 12, 2008, the Court of Federal Claims dismissed the plaintiff from the case due to the

pendency of the instant action.  *See id.* at 5-7.

The defendants filed the instant motion on February 9, 2009.  *See generally* Defs.' Mot.

The motion sought to dismiss the plaintiff's complaint on the grounds of res judicata, *id.* at 3-5;

but because those defenses were not included in the defendants' original answer, the defendants

amended their answer to include them, Mem. Op. (Aug. 25, 2009); *see also Harris v. Sec'y, U.S.

Dep't of Veterans Affairs*, 126 F.3d 339, 345 (D.C. Cir. 1997) (holding that "a party must first

raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive

motion," but remanding to the trial court to allow the defendant to amend its answer to include

affirmative defenses and then renew its dispositive motion).  The court now turns to the

defendants' motion for summary judgment.

3

### III.  ANALYSIS

### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v.*

4

*Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir.

1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338

(D.C. Cir. 2006).  Indeed, for the court to accept anything less "would defeat the central purpose

of the summary judgment device, which is to weed out those cases insufficiently meritorious to

warrant the expense of a jury trial."  *Greene*, 164 F.3d at 675.

### B.  Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of

action or the same issues."  *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944,

946 (D.C. Cir. 1983).  Res judicata has two distinct aspects – claim preclusion and issue

preclusion (commonly known as collateral estoppel) – that apply in different circumstances and

with different consequences to the litigants.  *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns

Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C.

Cir. 1983).  Under claim preclusion, "a final judgment on the merits of an action precludes the

parties or their privies from relitigating issues that were or could have been raised in that action."

*Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449

U.S. 90, 94 (1980)).  Under issue preclusion or collateral estoppel, "once a court has decided an

issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

in a suit on a different cause of action involving a party to the first case."  *Yamaha Corp. of Am.

v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94).  In short,

"claim preclusion forecloses all that which might have been litigated previously," while issue

preclusion "prevents the relitigation of any issue that was raised and decided in a prior action."

*I.A.M. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309.  In this way, res judicata

helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

Because "res judicata belongs to courts as well as to litigants," a court may invoke res judicata *sua sponte*. *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997); *see also Tinsley v. Equifax Credit Info. Servs., Inc.*, 1999 WL 506720, at *1 (D.C. Cir. June 2, 1999) (per curiam) (noting that a district court may apply res judicata upon taking judicial notice of the parties' previous case).

### C.  The Court Grants the Defendants' Motion for Summary Judgment

The defendants argue that the Federal Circuit decision, and the MSPB decision from which it was appealed, preclude the instant suit because in the Federal Circuit action, the plaintiff "litigated the same issues, claims and facts" that he seeks to litigate in this court.  Defs.' Mot. for Summ. J. ("Defs.' Mot.") at 3.  Those decisions, the defendants assert, preclude both the plaintiff's FLSA claims and his FEHA claim.  *Id.* at 4-5.  They bar the FLSA claims, the defendants argue, because the Federal Circuit determined that the plaintiff's "claimed overtime was unauthorized for February 16, 2005."  *Id.* at 4.  Therefore, the defendants urge the court not to allow the plaintiff to relitigate the issue of whether his overtime was authorized, which underlies the question of whether he is entitled to compensation under the FLSA.  *Id.*  Similarly, the defendants argue that the MSPB decision bars the FEHA claim because the plaintiff could have, but did not, assert harassment by Marmet as a defense to his termination.  *Id.* at 4-5.  Finally, the defendants assert that the fact that the plaintiff seeks relief under a different legal

theory in the instant action than he did in the MSPB matter does not diminish the applicability of the affirmative defense of res judicata in this case. *Id.* at 5.

The plaintiff responds to the defendants' motion with a barrage of arguments, many of which the court has already rejected. First, the plaintiff argues that the defendants should not be allowed to assert res judicata and collateral estoppel because of the defendants' delay in raising those defenses. *Id.* at 7-8. Second, the plaintiff argues that summary judgment is inappropriate because there exist genuine issues of material fact. *Id.* at 12-14. Specifically, the plaintiff argues that an issue of material fact exists because the defendants, in their answer, admitted that they "advised [the plaintiff] to obtain medical information in order to maintain his medical clearance," *id.* at 13, whereas the Federal Circuit determined that "Marmet stated that she did not authorize [the plaintiff] to obtain his medical documents and, in fact, was not even at work on the day in question," *id.*[2] Third, the plaintiff argues that because the Federal Circuit issued a "decision" as opposed to a "judgment," res judicata does not apply.[3] *Id.* at 17. Fourth, the plaintiff argues that the issues and relief sought in the MSPB action differ from those in the instant action. *Id.* at 22-

---

[2] The plaintiff also argues that this discrepancy constitutes "evidence showing [] fraud." Pl.'s Opp'n at 31-33. This argument lacks merit because the statements are not contradictory. Admitting that the defendants advised the plaintiff to obtain medical information in order to maintain his medical clearance does not necessarily mean that Marmet gave him authorization to obtain that information on February 16th as the plaintiff claims. The defendants' admission was limited to advising the plaintiff "to obtain medical information in order to maintain his medical clearance." *See* Answer ¶ 15. Nor would a discrepancy between the pleadings in this case and the determinations made by another court automatically constitute a genuine issue of material fact. Rather, the plaintiff must show that there exists a genuine issue of material fact regarding the applicability of res judicata, not regarding the merits of his FLSA claims and FEHA claim. Indeed, to adopt the plaintiff's view would undermine the purposes of res judicata of "conserv[ing] judicial resources, and [] preventing inconsistent decisions." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[3] The court rejects this argument because Federal Circuit "decisions" are entitled to preclusive effect. *See, e.g., Marshburn v. Runyan*, 1994 WL 114676, at *2 n.5 (D.D.C. Mar. 22, 1994) (affording claim preclusive effect to a Federal Circuit "decision").

23.  Fifth, the plaintiff argues that because he could not have raised the FLSA claims in the MSPB action due to the MSPB's limited jurisdiction, res judicata does not apply.  *Id.* at 23-24. Sixth, the plaintiff argues that because he did not have the same procedural protections in the MSPB action as he would in this court, res judicata does not apply.[4]  *Id.* at 25-26.  Seventh, the plaintiff argues that because Congress authorized multiple forums to hear claims contesting adverse employment actions, res judicata must not apply.[5]  *Id.* at 26-27.

Next, the plaintiff argues that even if issue and claim preclusion apply here, the defendants should not be allowed to assert those defenses because the defendants failed to raise them in the Court of Federal Claims matter.[6]  *Id.* at 27-29.  Finally, the plaintiff makes the following five assertions, which he contends are material facts in dispute: the FAA and Marmet are not "the same" as the DOT; the Federal Circuit opinion does not preclude this action; the Federal Circuit cannot make factual findings; the facts in this lawsuit are not the same as those in the MSPB matter; and Marmet was not acting in the scope of her employment with respect to the

---

[4]    The plaintiff argues that he was denied procedural protections in the MSPB action and, consequently, that the MSPB decision should not be given preclusive effect.  Pl.'s Opp'n at 24-26.  But it was the plaintiff himself who waived a hearing in front of the MSPB.  *See* 105 M.S.P.R. at 1.  Additionally, this circuit's recognition of the preclusive effect of MSPB actions serves as an assessment of the procedural validity of those proceedings.  *See generally Ivey v. Paulson*, 296 F. App'x 94 (D.C. Cir. 2008).

[5]    The court rejects this argument.  The plaintiff may indeed choose the forum in which to bring a FLSA claim, *see* 29 U.S.C. § 216(b) (providing that a plaintiff may bring a FLSA claim in state or federal court); but he may not bring his claim in as many forums as he chooses until he obtains a favorable judgment.

[6]    The court addressed this argument in its memorandum opinion granting the defendants' motion for leave to file an amended answer.  Mem. Op. (Aug. 25, 2009) at 9-12.  Because res judicata "belongs to courts as well as to litigants," merely because a party failed to raise the defense does not prevent the court from addressing it.  *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) (holding that the court can raise res judicata *sua sponte*, even on appeal).  Further, the matter in the Court of Federal Claims was not in a procedural posture for the defendants to raise that issue: the motion to dismiss the plaintiff was granted before the defendants answered the complaint.  *See* Defs.' Reply at 8.

8

plaintiff's FEHA claim. *See* Pl.'s Statement of Genuine Issues. But because these "facts" amount to legal arguments, the court is not required to accept them as true in ruling on the defendants' motion for summary judgment. *See Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007) (noting that the court need not "accept inferences that are unsupported by the facts set out in the complaint, nor . . . accept legal conclusions cast in the form of factual allegations"). Indeed, the court determines that these arguments lack merit, as discussed in note 1, *supra* and page 11, *infra*.

A decision to grant summary judgment in this instance requires a determination of whether there is a genuine issue of fact as to whether a prior judgment exists and precludes this action. The plaintiff's prior claim was "actually litigated" because the administrative judge made factual findings based on the documents that the plaintiff and the DOT submitted after the plaintiff waived a hearing before the MSPB. *See* 105 M.S.P.R. at 1; *see also Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (holding that a claim is "actually litigated" if it is "contested by the parties and submitted for determination by the court"). Additionally, issues crucial to the determination of this action were "actually and necessarily determined by a court of competent jurisdiction" in the prior action. *See id.* at 273 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). The MSPB entered a decision against the plaintiff, which the Federal Circuit affirmed, *see Morgan v. Dep't of Transp.*, 300 F. App'x at 928, and this court recognizes the preclusive effect of MSPB decisions, *see, e.g.*, *Perry v. U.S. Postal Serv.*, 2008 WL 1776478, at *1 (D.D.C. Apr. 16, 2008) (holding that the plaintiff's claims regarding his removal from the United States Postal Service were barred by res judicata because they were or could have been litigated before the MSPB); *Ward v. Kennard*, 133 F. Supp. 2d 54, 60 (D.D.C. 2000) (noting that

9

if the plaintiff were seeking to relitigate "claims that the MSPB dismissed and that the Court of

Appeals affirmed . . . then the doctrine of res judicata would preclude his efforts").  Lastly,

applying collateral estoppel would not be unfair to the plaintiff because he had ample incentive to

litigate these claims in the MSPB as his employment was at stake in that proceeding.  *See* 105

M.S.P.R. at 27; *see also Otherson*, 711 F.2d at 276 (noting that the stakes in a proceeding where

one's employment was in question were higher than those in criminal proceeding where the

defendant faced six months' incarceration, and affording claim preclusive effect to the latter).

Therefore, the three elements of issue preclusion are satisfied.  Additionally, despite the

plaintiff's claim to the contrary, issue preclusion is appropriate even though the plaintiff seeks

different relief in this action than in the MSPB action.  *See, e.g.*, *Baker v. Gen. Motors Corp.*,

522 U.S. 222, 234 (1998) (remarking that there is "no reason why the preclusive effects of an

adjudication . . . should differ depending solely upon the type of relief sought in a civil action").

Moreover, the doctrine of issue preclusion renders meritless the plaintiff's argument that

he should be allowed to litigate his FLSA claim here because he could not have asserted this

claim in the MSPB action, Pl.'s Opp'n at 23-24, because the MSPB already decided the issues of

fact necessary to determine the outcome here, *see* 105 M.S.P.R. at 21-22.  More specifically, the

MSPB determined that the plaintiff was not authorized to work overtime on the day in question,

a determination that defeats his FLSA claims.  *See id.*  Therefore, despite the jurisdictional bar

preventing the plaintiff from bringing his FLSA claim in the MSPB action, the court declines to

allow the plaintiff to relitigate the facts necessary to decide his FLSA claims.

Finally, the court turns to the plaintiff's FEHA claim.  The instant action and the MSPB

action arose from a common "nucleus of facts," *i.e.*, the plaintiff's termination from his

employment.  *Drake*, 291 F.3d at 66 (holding that claim preclusion did not apply where the second case involved events that occurred after the first case was initiated, and therefore the issues could have been raised in the first case).  And the plaintiff could have raised retaliation and harassment as defenses to his termination in his MSPB action.  *See id*.  In addition, the plaintiff has failed to challenge the defendants' assertion that he pursued an identical action through the MSPB.  *See generally* Pl.'s Opp'n; Pl.'s Statement of Genuine Issues.  Therefore, the court holds that claim preclusion bars the plaintiff's FEHA claim.[7]

### D.  The Court Denies the Plaintiff's Motion to File an Amended Complaint

Finally, the plaintiff requests leave to file an amended complaint.  *See generally* Pl.'s Mot. to Amend.  The proposed amended complaint supplements the allegations in the original complaint and substitutes the Administrator of the FAA for Marmet.  *Compare* Compl. *with* Proposed Am. Compl.  The defendants oppose the motion, asserting that amendment would be futile.  *See* Defs.' Opp'n to Pl.'s Mot. to Amend at 3-8.

Once a responsive pleading has been served, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party.  FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The grant or denial of leave lies in the sound discretion of the district court, which must heed Rule 15's mandate that leave is to be "freely given when justice so requires."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).  The court may, however, deny leave to amend if the proposed claim would not survive a motion to dismiss,

---

[7]      In any event, the court would decline to exercise jurisdiction over the plaintiff's FEHA claim under 28 U.S.C. § 1367(c)(3) because "district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  That provision would apply here given that collateral estoppel bars the plaintiff's two federal claims.

*see James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996), or if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled or fails to state a legal theory, *see Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 FED. PRAC. 3d § 15.15[3]); *see also Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that the plaintiff would succeed on his claim).

Although the proposed amended complaint makes additions and alterations to the original complaint, it does not substantively alter the allegations in the complaint. In short, the proposed amended complaint would be subject to dismissal for the same reasons the court has concluded the original complaint is properly dismissed. Therefore, the court concludes that amendment would be futile and denies the plaintiff's motion to file an amended complaint. *See James Madison Ltd.*, 82 F.3d at 1099.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment[8] and denies the plaintiff's motion for leave to file an amended complaint. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of September, 2009.

RICARDO M. URBINA
United States District Judge

---

[8]     As a result, the court denies as moot the plaintiff's motion for judgment on the pleadings.